UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGGA, et al.,<br><br>                                    Plaintiffs,<br>v.<br>BUMBLE BEE FOODS, LLC,<br><br>                                    Defendant. | Case No.: 25-cv-0583-MMA-DEB<br><br>**ORDER DENYING WILLIAM S. DODGE'S MOTION FOR LEAVE TO FILE A BRIEF OF AMICUS CURIAE**<br><br>Doc. No. 25 |

On July 31, 2025, Professor William S. Dodge ("Professor Dodge") filed a motion, *ex parte*, for leave to file a brief of *amicus curiae* in support of Plaintiffs Akhmad, Muhammad Shrudin, Muhammad Syafi'i, and Angga's (collectively "Plaintiffs")[1] opposition to Defendant Bumble Bee Foods, LLC's ("Defendant") motion to dismiss. Doc. No. 25. Attached to the *ex parte* motion is Professor Dodge's proposed *amicus* brief. Doc. No. 25-1. For the reasons below, the Court **DENIES** Professor Dodge's *ex parte* motion.

---

[1] Due to the case's international nature, the Court infers that the individual plaintiffs listed with only one name are identified as such due to different naming traditions or conventions, rather than Plaintiffs' error or omission in drafting. In the event the case proceeds past Defendant Bumble Bee Foods, LLC's motion to dismiss, Plaintiffs should clarify this matter.

## I. BACKGROUND

This case concerns Plaintiffs' allegations that Defendant's "'trusted network' of longline fishing vessels," from which it sources albacore tuna, "ensnared" Plaintiffs into "debt bondage, which meant they would owe money if they quit their jobs." Doc. No. 1 ("Compl.") ¶¶ 4–5. In this bondage, they were allegedly "subjected to physical abuse and violence, deprived of adequate food, and denied medical care (and put back to work) even when seriously injured." *Id.* ¶ 5. Plaintiffs further allege that this pattern of abuse in the longline fishing industry is well-known and widely reported. *Id.* ¶¶ 36–95. Nonetheless, in their telling:

> Defendant . . . knowingly benefitted or attempted to benefit from participation in a venture which engaged in the providing or obtaining of labor or services by the means described . . . though it knew, should have known, or was in reckless disregard of the fact that the venture has engaged in the providing or obtaining of labor or services by any of such means.

*Id.* ¶ 255. Accordingly, Plaintiffs bring claims: (1) for violation of the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. §§ 1589, 1595; and (2) negligence under California Civil Code § 1714. *Id.* ¶¶ 252–270.

Defendant filed a motion to dismiss Plaintiffs' complaint on June 6, 2025, consistent with the special briefing schedule issued at the parties' request. Doc. Nos. 14, 22. Professor Dodge now seeks to file an *amicus* brief in support of Plaintiffs' opposition to Defendant's pending motion. Doc. No. 25 at 4.

## II. LEGAL STANDARD

"The district court has broad discretion to appoint *amici curiae*." *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982) *overruled in part and on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995). *Amicus* participation is generally most appropriate when: (1) proposed *amici* provide unique information or perspective that would assist the Court in determining the matter before it; (2) they have interest in another, similar case that may be affected by the instant outcome; or (3) a party is unrepresented or not competently

represented. *See Barnes-Wallace v. Boy Scouts of Am.*, No. 00CV1726-J (AJB), 2004 WL 7334945 *1 (S.D. Cal. Mar. 23, 2004); *Gabriel Techs. Corp. v. Qualcomm Inc.*, No. 08CV1992 AJB MDD, 2012 WL 849167 *4 (S.D. Cal. Mar. 13, 2012); *see also ForestKeeper v. Elliott*, 50 F. Supp. 3d 1371, 1380 (E.D. Cal. 2014); *Jones v. Becerra*, No. 3:19-CV-01226-L-AHG, 2020 WL 8920621 *1 (S.D. Cal. Jan. 14, 2020). However, beyond a requirement that their participation be useful or desirable to the Court, "[t]here are no strict prerequisites that must be established prior to qualifying for *amicus* status." *WildEarth Guardians v. Haaland*, 561 F. Supp. 3d 890, 905 (C.D. Cal. 2021) (quoting *In re Roxford Foods Litig.*, 790 F. Supp. 987, 997 (E.D. Cal. 1991)).

Additionally, "there is no rule that *amici* must be totally disinterested." *Funbus Sys., Inc. v. State of Cal. Pub. Utilities Comm'n.*, 801 F.2d 1120, 1125 (9th Cir. 1986). However, "the classic role of *amic[i] curiae*" is to "assist[] in a case of general public interest, supplement[] the efforts of counsel, and draw[] the [C]ourt's attention to law that escaped consideration." *Miller-Wohl Co. v. Comm'r of Lab. & Indus. State of Mont.*, 694 F.2d 203, 204 (9th Cir. 1982). Thus, the Court must consider whether the proposed *amici* and their briefs will aid the Court in its decisionmaking , or whether they seek to use parties as "mere strawmen to confer standing so that [they] could litigate [their] views." *Hoptowit*, 682 F.2d at 1260; *Feld Ent., Inc. v. Arena Grp. 2000, LP*, No. 06CV1077 J (WMC), 2006 WL 8455518 *2 (S.D. Cal. June 2, 2006).

### III. DISCUSSION

Professor Dodge represents that he is "the Lobingier Professor of Comparative Law and Jurisprudence at the George Washington University Law School and Martin Luther King, Jr. Professor *Emeritus* at the UC Davis School of Law[]" whose expertise and authorship lay in extraterritorial statutory application. Doc. No. 25 at 2.[2] His proposed brief asserts "that Plaintiffs' claims do not require extraterritorial application of the TVPRA . . , that the TVPRA has extraterritorial effect[,]" and that "accepting

---

[2] All citations to electronically filed documents refer to the pagination assigned by the CM/ECF system.

Defendant's legal arguments could lead to the conclusion that victims of international trafficking are left without a remedy." *Id.* at 3.

As a preliminary matter, Professor Dodge represents that Plaintiffs consent to his participation as *amicus*, and that "Defendant also consented . . . on the condition that Plaintiffs agreed not to oppose Defendant's request for an extension of up to five pages for Defendant's reply. . . ." *Id.* at 2. Though the Court is not bound by the parties' agreements here, their consent to Professor Dodge's participation weighs in favor of the Court's granting him leave to do so. *Cf. Barnes-Wallace*, 2004 WL 7334945 at *1 (citing *Strasser v. Doorley*, 432 F.2d 567, 569 (1st Cir. 1970)).

Turning to the considerations articulated above, Plaintiffs are represented by a total of six attorneys of record from two law firms and one non-profit organization. *See* Doc. Nos. 1, 3–6, 9–10. Defendant is represented by five attorneys from a single law firm. Doc. Nos. 15–21. Each legal team includes at least one member admitted in this District and several appearing *pro hac vice*. Doc. Nos. 1, 3–6, 9–10, 15–21. The Court is confident that, between the nearly one-dozen attorneys, the parties are well-represented.

As to Professor Dodge's interest in the case, he argues that he "has a substantial interest in the proper application of the presumption against extraterritoriality to federal statutes in general and to the TVPRA in particular." Doc. No. 25 at 2–3; Doc. No. 25-1 at 3. First, the Court finds that a generalized interest in proper administration of law is insufficient to support *amicus* participation. Were the Court to employ so loose a standard, any person could assert an interest sufficient to submit briefs on any topic. Second, as he is not a party in any case which this decision may implicate, he does not fall within the scope of interests district courts generally consider sufficient to support *amicus* participation. *See Barnes-Wallace*, 2004 WL 7334945 at *1; *Gabriel Techs. Corp.*, 2012 WL 849167 at *4.

However, though Professor Dodge's interests are largely professional and academic, this does not necessarily conflict with the Court's analysis of potential *amici*: Professor Dodge has considerable expertise in the field, is knowledgeable about its

doctrinal impacts and implications, and seeks to provide information about the law's history and status, alongside proposed interpretation. *See Feld Ent., Inc.*, 2006 WL 8455518 at *1–2 (citing *Tiara Corp. v. Ullenberg Corp.*, No. 87 C 405, 1987 WL 16612, *1-2 (N.D. Ill. Sept. 1, 1987)). Though he takes a position favoring Plaintiffs' arguments, he does not seek to present any "partisan" retelling or position as to the facts. *See Funbus Sys., Inc.*, 801 F.2d at 1124–25. Thus, while he does not have a particularly strong interest in this case—as would, for example, a party to a case considering the same issue—Professor Dodge has some minimal interest in the matter.[3]

Finally, as to the perspective and information Professor Dodge provides, his proposed *amicus* brief contains essentially the same arguments as Plaintiffs' response in opposition to Defendant's motion to dismiss, citing to many of the same cases, statutes, and legislative evidence in support. *Compare* Doc. No. 23 at 24–30 *with* Doc. No. 25-1. Though there are some minor differences in details, the arguments are nearly identical. *Id.* It therefore appears that Professor Dodge's brief would merely retread Plaintiffs' arguments and provide no unique assistance in resolving Defendant's motion.

### IV. CONCLUSION

Though the parties consent to Professor Dodge's participation, the parties are well-represented by counsel, Professor Dodge has only minimal interest in the case, and his brief contains no new material. Thus, the Court determines Professor Dodge's participation would be of little assistance and **DENIES** his *ex parte* motion.

**IT IS SO ORDERED.**

Dated: August 13, 2025

HON. MICHAEL M. ANELLO
United States District Judge

---

[3] The Court notes some tension between the general preference for neutral *amici* and an inquiry into whether a potential *amicus* has some particular interest in the case.