**HOGAN LOVELLS US LLP**
VASSI ILIADIS (Bar No. 296382)
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 785-4640
Facsimile: (310) 785-4601
vassi.iliadis@hoganlovells.com

CRAIG A. HOOVER (Bar No. 113965)
DAVID M. FOSTER (admitted pro hac vice) (D.C. Bar No. 497981)
DANIELLE DESAULNIERS STEMPEL (admitted pro hac vice)
   (D.C. Bar No. 1658137)
DANA A. RAPHAEL (admitted pro hac vice) (D.C. Bar No. 1741559)
555 Thirteenth Street, N.W.
Washington, D.C. 20004
Telephone: (202) 637-5694
Facsimile: (202) 637-5910
craig.hoover@hoganlovells.com
david.foster@hoganlovells.com
danielle.stempel@hoganlovells.com
dana.raphael@hoganlovells.com

*Counsel for Defendant*
Bumble Bee Foods, LLC

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AKHMAD; ANGGA; MUHAMMAD SAHRUDIN; and MUHAMMAD SYAFI'I, | Case No. 3:25-cv-00583-MMA-DEB |
| Plaintiffs, | Action Filed: March 12, 2025 |
| | The Honorable Michael M. Anello |
| v. | **REPLY BRIEF IN SUPPORT OF DEFENDANT BUMBLE BEE FOODS, LLC'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT** |
| BUMBLE BEE FOODS, LLC, | |
| Defendant. | |
| | NO ORAL ARGUMENT PURSUANT TO LOCAL RULE |
| | Date: September 5, 2025 |
| | Judge: Hon. Michael M. Anello |
| | Courtroom: 3C |

1

## **TABLE OF CONTENTS**

2
Page

3

TABLE OF AUTHORITIES .............................................................................. ii

4

INTRODUCTION .......................................................................................... 1

5

ARGUMENT .................................................................................................. 2

6

I.      Plaintiffs Fail To State A Claim Under The TVPRA ......................... 2

7

      A.      The Complaint does not plausibly allege knowledge ........................ 2

8

      B.      The Complaint does not plausibly allege participation

9

                 in a venture ...................................................................... 3

10

II.     Plaintiffs' TVPRA Claim Is Impermissibly Extraterritorial .............. 5

11

III.    Plaintiffs Lack Standing To Seek Equitable Relief .......................... 8

12

IV.    Plaintiffs' California Negligence Claim Should Be Dismissed ........ 9

13

CONCLUSION ............................................................................................. 10

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Hogan Lovells US
LLP
Attorneys At Law
Los Angeles

- i -

REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS
Case No. 3:25-cv-00583-MMA-DEB

# TABLE OF AUTHORITIES

Page(s)

CASES:

*Adhikari v. Kellogg Brown & Root, Inc.*,
  845 F.3d 184 (5th Cir. 2017) ................................................................. 7

*Adhikari v. Kellogg Brown & Root, Inc.*,
  No. 4:16-CV-02478, 2017 WL 4237923 (S.D. Tex. Sept. 25, 2017) ............... 10

*Aguero v. Esnoz*,
  No. 1:22-CV-01237, 2024 WL 519786 (E.D. Cal. Feb. 9, 2024)........................ 2

*Aguilera v. Aegis Commc'ns Grp., LLC*,
  72 F. Supp. 3d 975 (W.D. Mo. 2014)...................................................... 6

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ......................................................................... 4

*Atlantica Holdings v. Sovereign Wealth Fund Samruk-Kazyna JSC*,
  813 F.3d 98 (2d Cir. 2016) ................................................................. 8

*Barenborg v. Sigma Alpha Epsilon Fraternity*,
  244 Cal. Rptr. 3d 680 (Cal. Ct. App. 2019) ....................................... 10

*Brown v. USA Taekwondo*,
  253 Cal. Rptr. 3d 708 (Cal. Ct. App. 2019) ....................................... 10

*Brown v. USA Taekwondo*,
  483 P.3d 159 (Cal. 2021)............................................................... 9, 10

*Camacho v. United States*,
  No. 3:12-CV-00956, 2014 WL 12026060 (S.D. Cal. Oct. 29, 2014) ................. 9

*Doe v. Choice Hotels*,
  No. 6:23-CV-01012, 2024 WL 2955728 (M.D. Fla. June 12, 2024)................... 3

*Doe v. Wyndham Hotels & Resorts*,
  No. 2:23-CV-01676, 2024 WL 3088722 (E.D. Cal. June 20, 2024) ................. 2

HOGAN LOVELLS US LLP
ATTORNEYS AT LAW
LOS ANGELES

## <u>TABLE OF AUTHORITIES—Continued</u>

<u>Page(s)</u>

*Doe v. Wyndham Hotels & Resorts*,

    No. 2:23-CV-01676, 2025 WL 85831 (E.D. Cal. Jan. 7, 2025) .......................... 2

*Doe v. Wyndham Hotels & Resorts*,

    No. 2:24-CV-04895, 2025 WL 1119736 (C.D. Cal. Mar. 5, 2025) .................... 5

*Doe v. Wyndham Hotels & Resorts*,

    No. 3:24-CV-00217, 2025 WL 824369 (S.D. Cal. Mar. 14, 2025) ..................... 4

*Doe I v. Apple Inc.*,

    No. 1:19-CV-03737, 2021 WL 5774224 (D.D.C. Nov. 2, 2021) ....................... 6

*Doe 1 v. Apple Inc.*,

    96 F.4th 403 (D.C. Cir. 2024) .................................................................... 4, 6, 8

*Doe 1 v. Deutsche Bank Aktiengesellschaft*,

    671 F. Supp. 3d 387 (S.D.N.Y. 2023) ..................................................................... 3

*Doe (L.M.) v. 42 Hotel Raleigh, LLC*,

    No. 5:23-CV-00235, 2024 WL 4204906 (E.D.N.C. Sept. 16, 2024) ................. 3

*Doe (S.A.S.) v. ESA P Portfolio LLC*,

    No. 3:23-CV-06038, 2024 WL 3276417 (W.D. Wash. July 2, 2024) ................ 2

*Farmer v. Brennan*,

    511 U.S. 825 (1994) ............................................................................................. 2

*F.C. v. Jacobs Sols. Inc.*,

    No. 1:23-CV-02660, __ F. Supp. 3d __, 2025 WL 1766069

    (D. Colo. June 26, 2025) .................................................................................. 3, 6

*Fellowship of Christian Athletes v. San Jose Unified Sch. Dist. Bd. of Educ.*,

    82 F.4th 664 (9th Cir. 2023) ................................................................................. 9

*G.G. v. Salesforce.com, Inc.*,

    76 F.4th 544 (7th Cir. 2023) ................................................................................. 5

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
LOS ANGELES

- iii -

REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS
Case No. 3:25-cv-00583-MMA-DEB

## <u>TABLE OF AUTHORITIES—Continued</u>

Page(s)

*Lamar, Archer & Cofrin, LLP v. Appling*,
584 U.S. 709 (2018) .......................................................................... 7

*Lesnik v. Eisenmann SE*,
374 F. Supp. 3d 923 (N.D. Cal. 2019)............................................... 5

*Lugtu v. Cal. Highway Patrol*,
28 P.3d 249 (Cal. 2001)................................................................... 10

*Maslic v. ISM Vuzem d.o.o.*,
No. 5:21-CV-02556, 2021 WL 5415261 (N.D. Cal. Nov. 19, 2021) .................. 5

*Mia v. Kimberly-Clark Corp.*,
No. 1:22-CV-02353, 2025 WL 752564 (D.D.C. Mar. 10, 2025)....................... 6

*Morrison v. Nat'l Austl. Bank Ltd.*,
561 U.S. 247 (2010) ...................................................................... 7, 8

*Muchira v. Al-Rawaf*,
850 F.3d 605 (4th Cir. 2017)............................................................. 8

*Murtha v. N.Y. State Gaming Comm'n*,
No. 7:17-CV-10040, 2022 WL 784756 (S.D.N.Y. Mar. 15, 2022) .................... 9

*Murthy v. Missouri*,
603 U.S. 43 (2024) ........................................................................... 9

*OBB Personenverkehr AG v. Sachs*,
577 U.S. 27 (2015) ........................................................................... 7

*Pahl v. Ribero*,
193 Cal. App. 2d 154 (Cal. 1961) ..................................................... 9

*Ratha v. Phatthana Seafood Co.*,
35 F.4th 1159 (9th Cir. 2022)............................................................ 2

*Richardson v. Kier*,
37 Cal. 263 (Cal. 1869) .................................................................... 9

HOGAN LOVELLS US LLP
ATTORNEYS AT LAW
LOS ANGELES

1

## <u>TABLE OF AUTHORITIES—Continued</u>

2

Page(s)

3    *RJR Nabisco v. Eur. Cmty.*,

4        579 U.S. 325 (2016) ..................................................................... 6, 7

5    *Rodriguez v. Pan Am. Health Org.*,

6        29 F.4th 706 (D.C. Cir. 2022) ............................................................ 7

7    *Roe v. Howard*,

8        917 F.3d 229 (4th Cir. 2019) ......................................................... 6, 7

9    *Starr v. Baca*,

10        652 F.3d 1202 (9th Cir. 2011) ............................................................ 4

11    *United States v. Baston*,

12        818 F.3d 651 (11th Cir. 2016) ............................................................ 5

13    *United States v. Hussain*,

14        972 F.3d 1138 (9th Cir. 2020) ............................................................ 8

15    *United States ex rel. Fadlalla v. DynCorp Int'l LLC*,

16        402 F. Supp. 3d 162 (D. Md. 2019) ................................................... 5

17    *WesternGeco LLC v. ION Geophysical Corp.*,

18        585 U.S. 407 (2018) .......................................................................... 8

19    STATUTES:

20    18 U.S.C. § 1589............................................................................ 1, 2, 7, 8

21    18 U.S.C. § 1589(a) ................................................................................ 1, 8

22    18 U.S.C. § 1589(b) ...................................................................... 1, 2, 7, 8

23    Pub. L. No. 117-347, § 102, 136 Stat. 6200 (2023) ................................ 7

24    OTHER AUTHORITY:

25    Sui-Lee Wee and Muktita Suhartono, *Indonesian Fishermen Sue U.S. Canned*

26        *Tuna Giant Over Claims of Forced Labor*, New York Times (Mar. 13,

27        2025), https://tinyurl.com/ye2yun9s....................................................... 9

28

# **INTRODUCTION**

Unable to state the claims they actually attempted to plead, Plaintiffs now say they pleaded a § 1589**(b)** violation even though the Complaint did not mention that subsection once.  Section 1589(a) prohibits providing or obtaining labor by force; subsection (b) prohibits knowingly benefitting "from participating in a venture" engaged in forced labor, "knowing or in reckless disregard" of that fact.  Section 1595 creates a cause of action against a TVPRA "perpetrator" or one who "knowingly benefits" "from participation in a venture [they] knew or should have known" was engaged in a TVPRA violation.  Thus, a plaintiff can seek to hold a defendant civilly liable as a *direct* perpetrator of a § 1589**(b)** violation or as an *indirect* perpetrator of a § 1589**(a)** violation.  But Plaintiffs proceeding via § 1589(b) must prove recklessness, rather than negligence.

Plaintiffs cannot meet that burden.  Plaintiffs do not dispute that they failed to plead Bumble Bee knew of forced labor on the vessels where Plaintiffs worked.  They instead fight the standard, but Plaintiffs cannot even meet their own test.  Nor have Plaintiffs pleaded participation in a venture; they tacitly admit as much in attempting to reframe the Complaint, which alleged "*a* venture," as pleading multiple ventures.

Plaintiffs' TVPRA claim also is impermissibly extraterritorial.  Plaintiffs ignore the Supreme Court's instruction that the presumption against extraterritoriality is at its apex for civil claims and the absurd policy consequences of their approach.  Regardless, because § 1589's focus is forced labor, that defeats any § 1589(b) claim.

Plaintiffs' California negligence claim also fails.  Injunctive relief is not an available remedy for that claim, but even so, Plaintiffs failed to plausibly allege the required risk of future injury.  On the merits, Plaintiffs again reframe their Complaint as alleging Bumble Bee committed an affirmative act of misfeasance, but their examples involve actions by FCF.  And Plaintiffs do not seriously contest that Bumble Bee lacked direct control over the vessels' day-to-day labor practices.

The Complaint should be dismissed in its entirety, and the Court should

Hogan Lovells US LLP
Attorneys At Law
Los Angeles

1  instruct Plaintiffs not to amend unless they can cure these serious defects.

2  <u>**ARGUMENT**</u>

3  **I.    Plaintiffs Fail To State A Claim Under The TVPRA.**

4      **A.    The Complaint does not plausibly allege knowledge.**

5        Courts routinely reject TVPRA claims on motions to dismiss for failure to

6  plausibly allege knowledge. *E.g.*, *Doe v. Wyndham Hotels & Resorts*, No. 2:23-CV-

7  01676, 2024 WL 3088722, at *6 (E.D. Cal. June 20, 2024); Mot. 11. This Court

8  should do the same. Plaintiffs proceed on a § 1589(b) direct-perpetrator theory,

9  Opp'n 4, which requires the defendant to "know[]" or "reckless[ly] disregard" that

10  "the venture" was engaged in forced labor. Section 1589 is a criminal statute, so the

11  criminal recklessness standard applies, *contra* Opp'n 5 n.1—meaning the defendant

12  must "disregard[] a risk of harm of which he is aware," *Farmer v. Brennan*, 511 U.S.

13  825, 837 (1994). "[A]llegations of 'red flag' signs that should have put a defendant

14  on notice" do not suffice. *Doe v. Wyndham Hotels & Resorts*, No. 2:23-CV-01676,

15  2025 WL 85831, at *13 (E.D. Cal. Jan. 7, 2025).

16        Plaintiffs do not say they pleaded that Bumble Bee knew or recklessly

17  disregarded (1) forced labor on the vessels where Plaintiffs worked or (2) Plaintiffs'

18  own forced labor.[1] They instead say the standard is whether Bumble Bee knew "the

19  venture had engaged in prohibited conduct." Opp'n 9. But *Ratha v. Phatthana*

20  *Seafood Co.* establishes that the defendant must have knowledge "of the alleged labor

21  abuses at" the place where the plaintiff worked. 35 F.4th 1159, 1177 (9th Cir. 2022).

22  The evidence needed to meet that test changes at summary judgment; the test itself

23  does not, as Plaintiffs' cases show. *See, e.g.*, *Aguero v. Esnoz*, No. 1:22-CV-01237,

24  2024 WL 519786, at *4 (E.D. Cal. Feb. 9, 2024) (applying *Ratha* on motion to

25  dismiss; finding constructive knowledge of forced labor where plaintiff worked); *see*

26

---

27  [1] Several of Plaintiffs' cases applied the specific-victim standard. *E.g.*, *Doe (S.A.S.)*

28  *v. ESA P Portfolio LLC*, No. 3:23-CV-06038, 2024 WL 3276417, at *8 (W.D. Wash. July 2, 2024) ("knew or should have known [plaintiff] was being trafficked").

Hogan Lovells US LLP
Attorneys At Law
Los Angeles

*also, e.g.*, *Doe (L.M.) v. 42 Hotel Raleigh, LLC*, No. 5:23-CV-00235, 2024 WL 4204906, at *2, 6 (E.D.N.C. Sept. 16, 2024) (rejecting specific-victim standard; finding constructive knowledge of forced labor where plaintiffs worked).

Plaintiffs also cannot meet their own test.  Plaintiffs defined the venture as between Bumble Bee, FCF, Rongcheng City, and Rongcheng Ocean.  Compl. ¶ 253.  Plaintiffs offer nothing that shows criminal recklessness or knowledge about alleged forced labor violations by that "particular . . . venture."  *Doe 1 v. Deutsche Bank Aktiengesellschaft*, 671 F. Supp. 3d 387, 406 (S.D.N.Y. 2023).  Reports about other vessels that allegedly supplied Bumble Bee (via FCF), forced labor in the industry, transshipment-related risks, or the like, Opp'n 6, say nothing about Bumble Bee's knowledge of whether the particular venture engaged in forced labor.  *Cf., e.g.*, *Doe v. Choice Hotels*, No. 6:23-CV-01012, 2024 WL 2955728, at *5 (M.D. Fla. June 12, 2024) (defendant monitored and controlled hotel where plaintiff was trafficked).  And the *FIP's* Self-Evaluations said they were unsure whether forced labor had occurred.  Compl. ¶¶ 250-251.  That is not enough to show *Bumble Bee* knew of or disregarded a known risk that the specific venture engaged in forced labor.  Nor can Plaintiffs evade these shortcomings by redefining the venture to include every vessel in the so-called " 'trusted network.' "  Opp'n 7.

Plaintiffs' remaining cases are inapposite.  Many do not involve the TVPRA.  Their few cases involving a direct-perpetrator theory confirm their allegations fall short of the heightened knowledge requirement.  *See, e.g.*, *F.C. v. Jacobs Sols. Inc.*, No. 1:23-CV-02660, __ F. Supp. 3d __, 2025 WL 1766069, at *20-21 (D. Colo. June 26, 2025) (labor abuses reported at "specific stadiums" where plaintiffs worked; defendants specifically assumed responsibility over contractors' labor practices).

**B.    The Complaint does not plausibly allege participation in a venture.**

Plaintiffs say they alleged "multiple ventures," including one based on the FIPs, and "separate" "sub-ventures" for the two vessel owners.  Opp'n 11-14.  In fact, the Complaint alleged a single venture between FCF, Bumble Bee, Rongcheng City,

Hogan Lovells US LLP
Attorneys At Law
Los Angeles

and Rongcheng Ocean.  Compl. ¶ 253.  Because Plaintiffs alleged Rongcheng City and Rongcheng Ocean are in "a venture," *id.*, Plaintiffs must plausibly allege those entities "shared profits and risk," as Plaintiffs admit, Opp'n 1, 10.  The Complaint does not allege that to be the case, defeating the claimed venture.[2]

Plaintiffs do not say otherwise.  They instead suggest that discovery might "reveal" the owners gained a competitive advantage from participating in the alleged venture.  Opp'n 15.  The Complaint does not say that—let alone plead particularized facts in support.  The opposite:  The Complaint alleges Rongcheng Ocean and Rongcheng City operated separate vessels, with separate staff, and were members of separate FIPs, Compl. ¶¶ 199-201, 233, 236, which "each" had "[t]he goal" of gaining a "competitive advantage," Opp'n 12.  The "sheer possibility," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), that these two entities may have shared profits and risks is insufficient to warrant subjecting Bumble Bee "to the expense of discovery and continued litigation," *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

Plaintiffs object that enforcing this requirement would lead to absurd results.  Opp'n 15 n.3.  But nothing prevents plaintiffs from pleading multiple ventures in one Complaint.  *Cf., e.g.*, *Doe v. Wyndham Hotels & Resorts*, No. 3:24-CV-00217, 2025 WL 824369, at *6 (S.D. Cal. Mar. 14, 2025) ("Plaintiff proffers two distinct 'ventures' ").  Plaintiffs simply failed to do so here.

Plaintiffs also failed to plausibly allege Bumble Bee "directly controlled" the vessel owners or went beyond "ordinary buyer-seller transaction[s]."  *Doe 1 v. Apple Inc.*, 96 F.4th 403, 414-415 (D.C. Cir. 2024).  Plaintiffs say Bumble Bee "provided targeted, direct support to the vessel owners," Opp'n 11, but the cited Complaint paragraphs are wholly conclusory, devoid of particularized facts, *e.g.*, Compl. ¶¶ 161, 192, 193, or reveal that FCF actually filled that role, *e.g.*, *id.* ¶¶ 154, 168-169, 175, 183-191 (FCF provides services to and sources tuna from its "trusted network"); *id.*

---

[2] Plaintiffs admit they do not allege the manning agencies are in the venture.  Opp'n 14.  Claims predicated on those entities' actions should be dismissed.  Mot. 14-15.

¶¶ 176-179 (FCF coordinates transshipment); *id.* ¶¶ 229-231 (FCF audits vessels and tracks crew). Plaintiffs protest that Bumble Bee need not have "a direct relationship" with the vessels. Opp'n 15. But TVPRA plaintiffs must "connect the dots" by adequately linking the defendant to either the perpetrator or an intermediary over which the defendant has "oversight and control." *Doe v. Wyndham Hotels & Resorts*, No. 2:24-CV-04895, 2025 WL 1119736, at *4 (C.D. Cal. Mar. 5, 2025). Plaintiffs do not allege Bumble Bee controlled FCF, its parent entity. Plaintiffs' contrary "authority" does not say otherwise. In *Lesnik v. Eisenmann SE*, 374 F. Supp. 3d 923 (N.D. Cal. 2019), and *Maslic v. ISM Vuzem d.o.o.*, No. 5:21-CV-02556, 2021 WL 5415261 (N.D. Cal. Nov. 19, 2021), the defendants did not argue the plaintiffs failed to plausibly allege participation in a venture. And in *G.G. v. Salesforce.com, Inc.*, the plaintiff alleged the defendant "had a direct and long-term contractual relationship with [the] trafficker." 76 F.4th 544, 562 (7th Cir. 2023) (distinguishing case where alleged venture failed because defendants were "one step removed from the sex traffickers (i.e., street-level trafficker – > hotel – > hotel franchisor)").

## II. Plaintiffs' TVPRA Claim Is Impermissibly Extraterritorial.

**1.** Plaintiffs do not dispute that § 1595 does not create a civil cause of action for conduct abroad. But just because Congress *can* confer extraterritorial jurisdiction in a jurisdictional provision, Opp'n 19, does not mean it *did* in § 1596, for § 1595.[3]

Bumble Bee already explained that most of Plaintiffs' cases "holding" § 1595 applies extraterritorially, Opp'n 16-17 & n.6, are drive-by rulings or plainly wrong, Mot. 19-21 & n.7. Plaintiffs' other citations do not show otherwise. *United States v. Baston*, 818 F.3d 651, 660 (11th Cir. 2016), ordered restitution in a criminal case. *United States ex rel. Fadlalla v. DynCorp International LLC*, 402 F. Supp. 3d 162,

---

[3] Plaintiffs say it would be illogical to include § 1595 in § 1596 because "§1595 does not define a criminal offense." Opp'n 19. Exactly. Congress cabined § 1596's grant of extraterritorial jurisdiction to criminal offenses. The fact that it "makes no sense" to include § 1595 in that list, *id.*, strongly cuts against assuming Congress silently extended the civil cause of action extraterritorially via § 1596.

HOGAN LOVELLS US LLP
ATTORNEYS AT LAW
LOS ANGELES

198-199 (D. Md. 2019), relied on the same government-contractor provision as *Roe v. Howard*, 917 F.3d 229 (4th Cir. 2019). *Aguilera v. Aegis Communications Group, LLC*, 72 F. Supp. 3d 975, 979 (W.D. Mo. 2014), involved a plaintiff trafficked from the U.S. to India. And *F.C.*, 2025 WL 1766069, at *9-12, rests on the same flawed reasoning as Plaintiffs' other cases. Only *Mia* and the case on which it relied provide a comprehensive, persuasive analysis. *Mia v. Kimberly-Clark Corp.*, No. 1:22-CV-02353, 2025 WL 752564, at *6-8 (D.D.C. Mar. 10, 2025), *appeal pending,* No. 25-7046 (D.C. Cir.); *Doe I v. Apple Inc.*, No. 1:19-CV-03737, 2021 WL 5774224, at *14-16 (D.D.C. Nov. 2, 2021), *aff'd on other grounds*, 96 F.4th 403 (D.C. Cir. 2024).

Plaintiffs say § 1595 is akin to 18 U.S.C. § 1962, which criminalizes patterns of underlying violations. Opp'n 17-20. Given the foreign policy implications of "providing a private civil remedy for foreign conduct," courts "separately apply the presumption against extraterritoriality to" civil causes of action and substantive prohibitions. *RJR Nabisco v. Eur. Cmty.*, 579 U.S. 325, 346-347 (2016). A criminal bar that relies on extraterritorial predicates may be "the rare statute" to overcome the presumption absent "an express statement." *Id.* at 340. But the presumption "militates against recognizing foreign-injury claims" in civil actions "without clear direction," so "[i]t is not enough to say that a private right of action must reach abroad because the underlying law" does. *Id.* at 348-350; *Mia*, 2025 WL 752564, at *7.

Plaintiffs protest that *RJR*'s discussion of RICO's civil-liability provision is inapplicable because § 1964 contains "textual limit[s]" absent from § 1595. Opp'n 19-20. That was *sufficient* to find the presumption not overcome as to § 1964; the Court never said such limits were *necessary* to bar a civil cause of action from applying abroad. After all, the presumption is against extraterritorial application. If expressly referring to foreign commerce in a civil statute cannot defeat it, surely the failure to include specific textual limits does not. *See RJR Nabisco*, 579 U.S. at 353.

Plaintiffs also contend that § 1595 applies abroad because Congress is "aware" of cases holding as much and has not amended it. Opp'n 20. An amicus brief from

Hogan Lovells US LLP
Attorneys At Law
Los Angeles

1   9 Senators and 12 Representatives and a "technical and clarifying update" to § 1595,

2   Pub. L. No. 117-347, § 102, 136 Stat. 6200 (2023), hardly prove as much.  A handful

3   of unpublished cases; a Fifth Circuit case that did not confront the issue, *see Adhikari*

4   *v. Kellogg Brown & Root, Inc.*, 845 F.3d 184, 200 (5th Cir. 2017) (parties did "not

5   dispute that" § 1595 applies abroad); and a Fourth Circuit case contingent on distinct

6   facts, *see Howard*, 917 F.3d 229, do not show the required "longstanding judicial"

7   consensus, *Lamar, Archer & Cofrin, LLP v. Appling*, 584 U.S. 709, 722 (2018).

8       The consequences of Plaintiffs' regime are significant: civil TVPRA plaintiffs

9   would have more power to interfere with foreign sovereigns' authority than a U.S.

10  Attorney or Assistant U.S. Attorney General.  *See* Mot. 18-19.  Plaintiffs cannot offer

11  a single reason why Congress would implicitly authorize such a backwards result,

12  because there is none.  The Court should hold § 1595 does not apply extraterritorially.

13      **2.**  Plaintiffs do not dispute that they did not experience any injuries in the U.S.

14  Mot. 21-22.  Because § 1589's focus is where the forced labor occurred, Plaintiffs'

15  § 1589(b) direct-perpetrator claim is impermissibly extraterritorial.

16      Plaintiffs' two-sentence counterargument rests on *Rodriguez v. Pan American

17  Health Org.*, 29 F.4th 706 (D.C. Cir. 2022),[4] a non-binding decision on the Foreign

18  Sovereign Immunities Act's commercial-activities exception, which looks to the

19  action's "gravamen"—the claim's core.  *Id.* at 716 (§ 1589(b)'s gravamen is where

20  "illegal financial activity" occurred).[5]  But the presumption against extraterritoriality

21  looks to the statute's *focus*—"the object[] of [its] solicitude."  *Morrison v. Nat'l

22  Austl. Bank Ltd.*, 561 U.S. 247, 267 (2010).  If a statute reaches certain conduct "only

23  in connection with" an underlying act, that underlying act is the focus.  *Id.* at 273.

---

[4] Plaintiffs' other cases involved U.S.-based forced labor or did not discuss § 1589's focus because its application abroad in civil suits was not disputed.  *See* Opp'n 21.

[5] *Rodriguez* permits the exact "artful pleading" *OBB Personenverkehr AG v. Sachs*, 577 U.S. 27, 36 (2015), rejected.  "[W]ithout the existence of the [forced labor], there would have been nothing" for Bumble Bee to allegedly benefit from; however Plaintiffs frame this suit, forced labor "remains at its foundation."  *Id.* at 35-36.

1    Thus, the focus of a statute prohibiting deceptive conduct only "in connection with
2    the purchase or sale of any security" is the "purchase-and-sale transactions." *Id.* at
3    266-267 (citation omitted). The gravamen is where the deception occurred. *Atlantica*
4    *Holdings v. Sovereign Wealth Fund Samruk-Kazyna JSC*, 813 F.3d 98, 108 (2d Cir.
5    2016); *see United States v. Hussain*, 972 F.3d 1138, 1143-44 (9th Cir. 2020) (wire
6    fraud statute's focus is "misuse of the wires"; "gravamen" is "scheme to defraud").

7        Section 1589(b) prohibits knowingly benefitting from "receiving anything of
8    value" standing alone only when the benefit derives from a venture "engaged in the
9    providing or obtaining of labor or services" in violation of § 1589(a). *WesternGeco*
10   *LLC v. ION Geophysical Corp.*, 585 U.S. 407, 414 (2018) (provisions that "work[]
11   in tandem . . . must be assessed in concert"). That tracks the statute's context and
12   purpose. Section 1589, titled "[f]orced labor," served to "implement the Thirteenth
13   Amendment against slavery or involuntary servitude." *Muchira v. Al-Rawaf*, 850
14   F.3d 605, 617 (4th Cir. 2017) (citations omitted). Forced labor is what "the statute
15   seeks to regulate" and it is "parties" subject to that forced labor "that the statute seeks
16   to protect." *Morrison*, 561 U.S. at 267 (citations, quotation marks, brackets omitted).

17   **III.    Plaintiffs Lack Standing To Seek Equitable Relief.**

18       Plaintiffs do not dispute that injunctive relief is unavailable under the TVPRA
19   or that allegations of past forced labor do not establish standing for prospective relief.
20   *See* Mot. 9-10. And Plaintiffs admittedly did not "specifically allege" they seek to
21   work again as fishers. Opp'n 21. That is fatal to this state-law injunctive relief claim.
22   Plaintiffs say they could fix this by amending, but at least one Plaintiff "no longer
23   ha[s] the desire to work on a ship, ever again." Sui-Lee Wee and Muktita Suhartono,
24   *Indonesian Fishermen Sue U.S. Canned Tuna Giant Over Claims of Forced Labor*,
25   New York Times (Mar. 13, 2025), https://tinyurl.com/ye2yun9s. Plaintiffs'
26   "permanent," "physical injuries" requiring ongoing and "future" treatment also leave
27   their capacity for fishers' "physically demanding" work unclear. Compl. ¶¶ 11, 101-
28   102, 144, 275; *Apple*, 96 F.4th at 413 & n.3 (no standing for injunctive relief where

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
LOS ANGELES

- 8 -
REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS
Case No. 3:25-cv-00583-MMA-DEB

1  complaint does not say whether plaintiffs could continue work despite injuries).

2      Even if Plaintiffs had alleged an intent to work again as fishers, the causal

3  chain is too attenuated.  Plaintiffs invoke cases finding standing for injunctive relief

4  where past harm is "directly traceable to a written policy," *Fellowship of Christian*

5  *Athletes v. San Jose Unified Sch. Dist. Bd. of Educ.*, 82 F.4th 664, 681 (9th Cir. 2023),

6  without identifying any "written policy" Bumble Bee allegedly maintained that

7  "directly" injured Plaintiffs.  Nor have Plaintiffs demonstrated that this unidentified

8  written policy "would be applied" *to them*, creating "a 'real and immediate threat'

9  that [they] would suffer the same injury in the future." *Camacho v. United States*,

10  No. 3:12-CV-00956, 2014 WL 12026060, at *3 (S.D. Cal. Oct. 29, 2014).  Plaintiffs

11  have not alleged "a substantial risk of future injury" traceable to Bumble Bee and

12  redressable by enjoining Bumble Bee. *Murthy v. Missouri*, 603 U.S. 43, 69 (2024).[6]

13  **IV.    Plaintiffs' California Negligence Claim Should Be Dismissed.**

14      Plaintiffs do not dispute that, if the Court dismisses their TVPRA claim, it

15  should also dismiss their negligence claim, Mot. 23, thus forfeiting any argument for

16  supplemental jurisdiction, *e.g.*, *Murtha v. N.Y. State Gaming Comm'n*, No. 7:17-CV-

17  10040, 2022 WL 784756, at *7 n.7 (S.D.N.Y. Mar. 15, 2022).

18      Regardless, Plaintiffs fail to state a negligence claim.  Plaintiffs say they allege

19  "misfeasance," Opp'n 24, meaning the defendant "work[ed] positive injury" by

20  "creat[ing] a risk of harm to the plaintiff," *Brown v. USA Taekwondo*, 483 P.3d 159,

21  164-165 (Cal. 2021) (quotation marks and citations omitted), because Bumble Bee

22  collaborated with FCF to "operate supply and transshipment ships," Opp'n 24.  The

23  Complaint alleges *FCF* "arrange[s] transshipment[s]" and "employs" transhippers on

24  which vessels rely.  Compl. ¶¶ 172, 176-182, 256.  The Complaint alleges Bumble

25  Bee and FCF "worked together to operate . . . transshipment vessels," *id.* ¶ 161, but

26

27  [6] Injunctive relief is also not a remedy for negligence. *Richardson v. Kier*, 37 Cal.
263 (Cal. 1869), merely applied a specialized rule authorizing an injunction requiring

28  the defendant to abate an issue on his property creating "a nuisance as to his neighbor," *Pahl v. Ribero*, 193 Cal. App. 2d 154, 163-164 (Cal. 1961).

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
LOS ANGELES

does not plead any facts in support. As for Bumble Bee, the Complaint merely alleges it—like everyone in the industry—is aware that transshipment can increase the risk of forced labor but "has not taken" sufficient steps to "adopt specific measures" prohibiting transshipment. Compl. ¶¶ 29-31, 241-242. That sets this case apart from ones where the defendant affirmatively created the risk of harm. *E.g.*, *Deutsche Bank*, 671 F. Supp. at 397, 414 (defendants set sex-trafficking venture in motion by providing "essential" support); *Lugtu v. Cal. Highway Patrol*, 28 P.3d 249, 257 (Cal. 2001) (defendant directed plaintiff to place car in dangerous spot).

As Plaintiffs admit, Bumble Bee is not liable for " 'failure to act' " absent a duty to "control[] the vessels on which Plaintiffs were abused." Opp'n 23-24 (citation omitted). To prove control, Plaintiffs say Bumble Bee "set and enforced" sustainability-focused "fishing practices and strategies" through the FIPs. Compl. ¶ 226; *see* Opp'n 25. The ability to set general "goals, strategies, and procedures" concerning "sustainability," Compl. ¶¶ 221, 226, says nothing about the right to control a vessel's day-to-day labor practices, *see Barenborg v. Sigma Alpha Epsilon Fraternity*, 244 Cal. Rptr. 3d 680, 688-689 (Cal. Ct. App. 2019) ("general policies" concerning other issues do not show duty to control "day-to-day activities").[7]

Plaintiffs say Bumble Bee controlled vessels via *FCF's* Social Responsibility Program, Opp'n 25, but the Complaint has no information about that program or Bumble Bee's supposed role. A conclusory allegation about another company's program does not show *Bumble Bee*'s control. *Cf. Brown v. USA Taekwondo*, 253 Cal. Rptr. 3d 708, 725 (Cal. Ct. App. 2019) (recounting detailed policies, including penalty provisions, in finding control), *aff'd*, 483 P.3d 159 (Cal. 2021); *see* Mot. 25.

## **CONCLUSION**

Plaintiffs' Complaint should be dismissed.

---

[7] *Cf. Adhikari v. Kellogg Brown & Root, Inc.*, No. 4:16-CV-02478, 2017 WL 4237923, at *10 (S.D. Tex. Sept. 25, 2017) (reasonably foreseeable that a known "dangerous agent" in defendant's control would subject plaintiffs to forced labor).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

Dated:  September 5, 2025

HOGAN LOVELLS US LLP

By:    */s/ Vassi Iliadis*
Vassi Iliadis

*Counsel for Defendant*
Bumble Bee Foods, LLC

REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS
Case No. 3:25-cv-00583-MMA-DEB