**HOGAN LOVELLS US LLP**
VASSI ILIADIS (Bar No. 296382)
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 785-4640
Facsimile: (310) 785-4601
vassi.iliadis@hoganlovells.com

CRAIG A. HOOVER (Bar No. 113965)
DAVID M. FOSTER (admitted pro hac vice) (D.C. Bar No. 497981)
DANIELLE DESAULNIERS STEMPEL (admitted pro hac vice)
    (D.C. Bar No. 1658137)
DANA A. RAPHAEL (admitted pro hac vice) (D.C. Bar No. 1741559)
555 Thirteenth Street, N.W.
Washington, D.C. 20004
Telephone: (202) 637-5694
Facsimile: (202) 637-5910
craig.hoover@hoganlovells.com
david.foster@hoganlovells.com
danielle.stempel@hoganlovells.com
dana.raphael@hoganlovells.com

*Counsel for Defendant*
Bumble Bee Foods, LLC

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AKHMAD; ANGGA; MUHAMMAD SAHRUDIN; and MUHAMMAD SYAFI'I, | Case No. 3:25-cv-00583-BAS-DEB |
| Plaintiffs, | Action Filed: March 12, 2025 |
| v. | The Honorable Cynthia Bashant |
| BUMBLE BEE FOODS, LLC, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT BUMBLE BEE FOODS, LLC'S MOTION FOR RECONSIDERATION OR, ALTERNATIVELY, FOR CERTIFICATION OF INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b)** |
| Defendant. | NO ORAL ARGUMENT UNLESS ORDERED BY THE COURT |
| | Date: February 13, 2026 |

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES .......................................................................................ii

INTRODUCTION ................................................................................................... 1

BACKGROUND .................................................................................................... 2

ARGUMENT........................................................................................................ 4

I.    The Court Should Reconsider Its Decision Denying Bumble Bee's Motion To Dismiss, Which Is Clearly Erroneous And Manifestly Unjust ...................................................................... 4

    A.    Reconsideration Is Warranted To Address The Court's Erroneous Conclusion That The Ninth Circuit Has Held The TVPRA Applies Extraterritorially ............................................ 5

    B.    Reconsideration Is Warranted To Correct The Court's Erroneous Ruling Applying The Civil Negligence Knowledge Standard, Rather Than Criminal Recklessness ................ 7

    C.    Reconsideration Is Warranted To Address The Court's Decision To Retain Supplemental Jurisdiction Over The Negligence Claim.................................................................. 12

II.    Alternatively, The Court Should Certify The Extraterritoriality And Knowledge Issues For Interlocutory Review Under 28 U.S.C. § 1292(b) .................................................................. 13

CONCLUSION.................................................................................................... 17

# TABLE OF AUTHORITIES

Page(s)

**CASES:**

*Acevedo v. eXp Realty, LLC,*
713 F. Supp. 3d 740 (C.D. Cal. 2024).............................................................. 10

*Advanced Analogic Techs., Inc. v. Linear Tech. Corp.,*
No. 3:06-cv-00735, 2006 WL 2850017 (N.D. Cal. Oct. 4, 2006) ................ 17

*Appel v. Concierge Auctions, LLC,*
No. 3:17-cv-02263, 2018 WL 4700472 (S.D. Cal. Oct. 1, 2018)............. 2, 16

*Atlantic States Legal Found., Inc. v. Karg Bros.,*
841 F. Supp. 51 (N.D.N.Y. 1993) ..................................................................... 9

*B.M. v. Wyndham Hotels & Resorts, Inc.,*
No. 5:20-cv-00656, 2020 WL 4368214 (N.D. Cal. July 30, 2020) .......... 9, 10

*Cal Pure Pistachios, Inc. v. Primex Farms, LLC,*
No. 2:09-cv-07874, 2010 WL 11523707 (C.D. Cal. Apr. 29, 2010)...... 15, 17

*Cal. Dep't of Toxic Substances Control v. Hearthside Residential Corp.,*
No. 8:06-cv-00987, 2008 WL 8050005 (C.D. Cal. Dec. 8, 2008),
*aff'd and remanded,* 613 F.3d 910 (9th Cir. 2010) ........................................ 15

*C.C. v. Rashid,*
No. 2:23-cv-02056, 2025 WL 1785273 (D. Nev. June 26, 2025) ................. 8

*Cline v. Dan-Bunkering (Am.), Inc.,*
No. 3:24-cv-02081, 2025 WL 28459 (S.D. Cal. Jan. 3, 2025) ....................... 4

*Cooper v. Tokyo Elec. Power Co., Inc.,*
166 F. Supp. 3d 1103 (S.D. Cal. 2015),
*aff'd,* 860 F.3d 1193 (9th Cir. 2017) ........................................................ 16, 17

*Dalie v. Pulte Home Corp.,*
636 F. Supp. 2d 1025 (E.D. Cal. 2009)........................................................... 14

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
LOS ANGELES

- ii -
MEMO. OF POINTS AND AUTHORITIES I/S/O MOT. FOR RECONSIDERATION OR CERTIFICATION
Case No. 3:25-cv-00583-BAS-DEB

# TABLE OF AUTHORITIES—Continued

Page(s)

*Deutsche Bank Nat. Tr. Co. v. FDIC*,
      854 F. Supp. 2d 756 (C.D. Cal. 2011),
      *aff'd*, 744 F.3d 1124 (9th Cir. 2014) ....................................................... 15, 16

*Doe I v. Apple Inc.*,
      No. 1:19-cv-03737, 2021 WL 5774224 (D.D.C. Nov. 2, 2021),
      *aff'd on other grounds*, 96 F.4th 403 (D.C. Cir. 2024)................................. 15

*Doe v. WebGroup Czech Republic, a.s.*,
      No. 2:21-cv-02428, 2024 WL 3533426 (C.D. Cal. July 24, 2024) ............... 6

*Downs v. McDonough*,
      No. 3:20-cv-01090, 2022 WL 411845 (M.D. Tenn. Feb. 9, 2022).............. 12

*EEOC v. St. Francis Xavier Parochial Sch.*,
      20 F. Supp. 2d 66 (D.D.C. 1998) ...................................................... 9

*Farmer v. Brennan*,
      511 U.S. 825 (1994) ...................................................... 12

*F.C. v. Jacobs Sols. Inc.*,
      790 F. Supp. 3d 1158 (D. Colo. 2025)................................................ 8, 10, 11

*Fleites v. MindGeek S.A.R.L.*,
      No. 2:21-cv-04920, 2025 WL 2902301 (C.D. Cal. Sept. 26, 2025)............. 10

*G.G. v. Salesforce.com, Inc.*,
      76 F.4th 544 (7th Cir. 2023)................................................ 10

*Gini v. Las Vegas Metro. Police Dep't*,
      40 F.3d 1041 (9th Cir. 1994)........................................ 13

*In re Cement Antitrust Litig.*,
      673 F.2d 1020 (9th Cir. 1982)........................................ 14

*Jusino v. Fed'n of Cath. Tchrs., Inc.*,
      54 F.4th 95 (2d Cir. 2022)............................................ 13

HOGAN LOVELLS US LLP
ATTORNEYS AT LAW
LOS ANGELES

- iii -

MEMO. OF POINTS AND AUTHORITIES I/S/O MOT. FOR RECONSIDERATION OR CERTIFICATION
Case No. 3:25-cv-00583-BAS-DEB

# <u>TABLE OF AUTHORITIES—Continued</u>

<u>Page(s)</u>

*Mia v. Kimberly-Clark Corp.*,
    No. 1:22-cv-02353, 2025 WL 752564 (D.D.C. Mar. 10, 2025) .............. 8, 15

*Martínez-Rodríguez v. Giles*,
    31 F.4th 1139 (9th Cir. 2022) .................................................... 9, 11

*Murtha v. N.Y. State Gaming Comm'n*,
    No. 7:17-cv-10040, 2022 WL 784756 (S.D.N.Y. Mar. 15, 2022) ............... 12

*Myers v. Comm'r of IRS*,
    928 F.3d 1025 (D.C. Cir. 2019) ...................................................... 11

*Nestlé USA, Inc. v. Doe*,
    593 U.S. 628 (2021) ........................................................................ 6

*Oto v. Metro. Life Ins. Co.*,
    224 F.3d 601 (7th Cir. 2000) ........................................................... 7

*Otto v. Emp. Ret. Income Plan-Hourly W.*,
    2:14-cv-05426, 2015 WL 13333509 (C.D. Cal. June 5, 2015) ...................... 7

*Pakootas v. Teck Cominco Metals, Ltd.*,
    452 F.3d 1066 (9th Cir. 2006) ........................................................ 14

*Pitts v. Dep't of Hous. & Urb. Dev.*,
    546 F. App'x 118 (4th Cir. 2013) ................................................... 13

*Ratha v. Phatthana Seafood Co.*,
    35 F.4th 1159 (9th Cir. 2022) ............................................ 1, 3, 5- 9

*Reese v. BP Expl. (Alaska) Inc.*,
    643 F.3d 681 (9th Cir. 2011) .................................................... 2, 15

*Rogers v. Consol. Rail Corp.*,
    948 F.2d 858 (2d Cir. 1991) .......................................................... 14

*Roe v. Howard*,
    917 F.3d 229 (4th Cir. 2019) ................................................... 15, 16

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
LOS ANGELES

MEMO. OF POINTS AND AUTHORITIES I/S/O MOT. FOR RECONSIDERATION OR CERTIFICATION
Case No. 3:25-cv-00583-BAS-DEB

# <u>TABLE OF AUTHORITIES—Continued</u>

Page(s)

*Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*,
   5 F.3d 1255 (9th Cir. 1993)..............................................................................4

*SEC v. Balina*,
   No. 1:22-cv-00950, 2024 WL 4607048 (W.D. Tex. Aug. 16, 2024)
   *permission to appeal granted and case voluntarily dismissed*,
   No. 24-50726, 2025 WL 2672553 (5th Cir. May 5, 2025).....................14, 16

*Shelley v. Leisure Hotel Grp., LLC*,
   No. 4:23-cv-02007, 2024 WL 235218 (N.D. Cal. Jan. 22, 2024)................13

*Smith v. Clark Cnty. Sch. Dist.*,
   727 F.3d 950 (9th Cir. 2013)........................................................................4, 7

*Strojnik v. Vill. 1107 Coronado, Inc.*,
   No. 3:19-cv-02210, 2021 WL 6064198 (S.D. Cal. Dec. 21, 2021) ...............4

*U.S. ex rel. Hawkins v. ManTech Int'l Corp.*,
   752 F. Supp. 3d 118 (D.D.C. 2024) .............................................................16

*United States v. Banker*,
   876 F.3d 530 (4th Cir. 2017).........................................................................12

*United States v. Groce*,
   891 F.3d 260 (7th Cir. 2018).........................................................................12

*United States v. Paulson*,
   68 F.4th 528 (9th Cir. 2023).........................................................................11

*United States v. U.S. Gypsum Co.*,
   333 U.S. 364 (1948) ........................................................................................4

*United States v. Woodbury*,
   263 F.2d 784 (9th Cir. 1959).........................................................................14

*Williams v. City of Chicago*,
   No. 1:10-cv-02423, 2011 WL 2637238 (N.D. Ill. July 6, 2011) .................13

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
LOS ANGELES

- v -
MEMO. OF POINTS AND AUTHORITIES I/S/O MOT. FOR RECONSIDERATION OR CERTIFICATION
Case No. 3:25-cv-00583-BAS-DEB

# TABLE OF AUTHORITIES—Continued

Page(s)

*Williams v. Walsh,*
    619 F. Supp. 3d 48 (D.D.C. 2022) .................................................................. 9

**STATUTES:**

18 U.S.C. § 1589(a) ......................................................................................... 7, 11

18 U.S.C. § 1589(b) .............................................................................................. 7

18 U.S.C. § 1595(a) ......................................................................................... 7, 11

18 U.S.C. § 1596(a) .............................................................................................. 8

28 U.S.C. § 1292(b) ...................................................................................... 14, 16

**OTHER AUTHORITY:**

6 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*
    § 1476 (3d ed. 2013) ......................................................................................... 4

# **INTRODUCTION**

This is the rare and exceptional case that warrants reconsideration and/or certification under 28 U.S.C. § 1292(b) on two grounds.

*First*, the Court should reconsider its ruling that the Trafficking Victims Protection Reauthorization Act's (TVPRA) civil cause of action, 18 U.S.C. § 1595, plainly applies to conduct committed abroad.  This Court's ruling was predicated on its conclusion that "the Ninth Circuit held: '§ 1595 permits a private cause of action for extraterritorial violations of the substantive provisions listed in § 1596 so long as § 1596's other requirements are satisfied.' "  ECF No. 29 at 7 (quoting *Ratha v. Phatthana Seafood Co.*, 35 F.4th 1159, 1168 (9th Cir. 2022)).  But as the full quote makes clear in context, the Ninth Circuit in fact *declined* to resolve that question: "*[W]e assume without deciding* that Plaintiffs are correct and that § 1595 permits a private cause of action for extraterritorial violations of the substantive provisions listed in § 1596 so long as § 1596's other requirements are satisfied." *Ratha*, 35 F.4th at 1168 (emphasis added).  This Court should reconsider its decision accordingly and hold that § 1595 does not apply extraterritorially, for the reasons explained in Bumble Bee Foods, LLC's (Bumble Bee) motion and reply.

*Second*, the Court should reconsider its decision that a plaintiff seeking relief under § 1595 against the perpetrator of an underlying § 1589(b) violation need only plead civil negligence, rather than criminal recklessness.  By the TVPRA's plain text, the "should have known" standard applies only to a beneficiary claim under § 1595.  But Plaintiffs intentionally chose to proceed on a § 1589(b) perpetrator theory, perhaps because they could not satisfy *Ratha*'s extraterritoriality criteria for a § 1595 beneficiary claim.  Because this Court's decision misapplies the plain text and misunderstands the statutory scheme—and impermissibly lowers the relevant *mens rea* requirement in the process—reconsideration is warranted on this basis, too.

These aspects of the Court's decision meet the standard for reconsideration and § 1292(b) certification, as they are clearly erroneous and result in manifest

injustice.  These findings are also deeply consequential.  If this Court were to grant Bumble Bee's motion as to either extraterritoriality or knowledge, that would dispose of this case across the board.  Correctly applying governing Ninth Circuit precedent leaves the Court free to analyze the extraterritoriality issue for itself—and to hold that Congress did not silently grant civil plaintiffs more power to interfere with foreign sovereigns' authority than the U.S. Assistant Attorney General.  *See* ECF No. 27 at 7; ECF No. 22-1 at 18-19.  Moreover, Plaintiffs have not argued that they satisfy § 1589(b)'s criminal recklessness requirement.  Reconsidering either of these issues should therefore result in the dismissal of Plaintiffs' TVPRA claim.  And because Plaintiffs forfeited any claim to supplemental jurisdiction over their state negligence claim, the Court should decline jurisdiction over that claim, ending this case in full.

For these same reasons, the Court should certify the extraterritorial and knowledge aspects of its Order (or any amended Order) for interlocutory appeal under § 1292(b).  Although Bumble Bee believes its legal analysis is correct, this Court's opinion demonstrates that these are questions "over which reasonable judges might differ."  *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011) (citation omitted).  Resolution of those issues could materially affect this litigation by substantially narrowing the scope of the case or the evidence required, or ending it entirely.  As a result, certification would also " 'avoid protracted and expensive litigation,' saving both the court and the parties 'unnecessary trouble and expense.' " *Appel v. Concierge Auctions, LLC*, No. 3:17-cv-02263, 2018 WL 4700472, at *4 (S.D. Cal. Oct. 1, 2018) (Bashant, J.) (citations omitted).  In short, it makes eminent sense to obtain the Ninth Circuit's guidance now, rather than learning years later that the Court of Appeals views these controlling questions of law differently.

## BACKGROUND

This suit arises from Plaintiffs' allegations about mistreatment they experienced at the hands of vessel captains and crew on distant-water fishing vessels owned by two Chinese companies, operating in international waters, that supplied

albacore tuna to FCF, which in turn supplied it to Bumble Bee.  Plaintiffs seek to hold Bumble Bee liable under the TVPRA and California negligence law for alleged forced labor committed abroad by these third parties.  Bumble Bee moved to dismiss on various grounds, including because the TVPRA's civil cause of action does not apply extraterritorially, the Complaint fails to plausibly allege that Bumble Bee had the requisite knowledge, and the Court should decline supplemental jurisdiction over the state-law claim.

On November 12, the Court denied Bumble Bee's motion to dismiss in substantial part.  Order Granting In Part, Denying In Part Defendant's Motion To Dismiss, ECF No. 29 (Nov. 12, 2025).  As to extraterritoriality, the Court concluded "the Ninth Circuit held" that "§ 1595 permits a private cause of action for extraterritorial violations of the substantive provisions listed in § 1596 so long as § 1596's other requirements are satisfied." *Id.* at 7 (quoting *Ratha*, 35 F.4th at 1168). The Court thus determined that, so long as § 1596's U.S.-presence requirement was satisfied, Plaintiffs' suit could proceed.  *Id.*  The Court concluded that requirement was met because Bumble Bee "is incorporated in Delaware and its principal place of business is San Diego, California."  *Id.*  The Court accordingly did not "reach the second *[R]JR Nabisco* step," which looks to the statute's focus.  *Id.* at 8-9.

Turning to the TVPRA's knowledge requirement, the Court "adopted a civil negligence standard"—meaning "Plaintiffs are required to prove that Defendant 'knew or should have known' about the forced labor practices violating the TVPRA at the vessels on which Plaintiffs worked."  *Id.* at 15.  Relying on public reports about forced labor on other vessels, the Court found that Plaintiffs had plausibly alleged sufficient facts to clear that bar.  *Id.* at 16-19.  The Court also held Plaintiffs plausibly alleged the remaining requirements to plead a claim under § 1595.  *Id.* at 10-15.

Having denied Bumble Bee's motion to dismiss Plaintiffs' TVPRA claim, the Court elected to "exercise supplemental jurisdiction" over the California negligence claim, even though "Plaintiffs have not explicitly raised a claim for it," and denied

Bumble Bee's motion to dismiss that claim. *Id.* at 19-24.

The Court granted Bumble Bee's motion as to Plaintiffs' injunctive-relief claim but granted Plaintiffs leave to file an amended complaint, *id.* at 4-5, 25, which they did on December 3, 2025, ECF No. 33.[1]

## **ARGUMENT**

**I.    The Court Should Reconsider Its Decision Denying Bumble Bee's Motion To Dismiss, Which Is Clearly Erroneous And Manifestly Unjust.**

A district court has the inherent power to reconsider and amend its prior decisions to correct a "clear error" or a decision that "was manifestly unjust." *E.g.*, *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see Strojnik v. Vill. 1107 Coronado, Inc.*, No. 3:19-cv-02210, 2021 WL 6064198, at *6 (S.D. Cal. Dec. 21, 2021) (Bashant, J.) ("Whether to grant or deny a motion for reconsideration is in the 'sound discretion' of the district court.") (citation omitted). "Clear error occurs when 'the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed.' " *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

Although reconsideration is granted sparingly and only in exceptional cases, with respect, reconsideration is warranted here to address two clear errors in the

---

[1] Bumble Bee's renewed motion to dismiss the amended complaint's injunctive-relief claim is forthcoming. Because the portions of the amended complaint relevant to this motion are identical to the original complaint, Bumble Bee respectfully requests the Court construe its prior ruling denying Bumble Bee's motion to dismiss as applying to the amended complaint. *Cline v. Dan-Bunkering (Am.), Inc.*, No. 3:24-cv-02081, 2025 WL 28459, at *1 (S.D. Cal. Jan. 3, 2025) ("If the new pleading contains some of the same defects raised in the original motion, a court has discretion to consider the motion as being addressed to the amended pleading rather than moot the motion."); 6 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1476 (3d ed. 2013). Should the Court deem it necessary for Bumble Bee to also move to dismiss the amended complaint on the grounds discussed herein, Bumble Bee is happy to do so on the Court's order.

Hogan Lovells US LLP
Attorneys At Law
Los Angeles

- 4 -

Court's analysis: (A) its conclusion that the TVPRA's civil remedy applies extraterritorially, which rests on a misreading of Ninth Circuit precedent; and (B) its application of the civil-negligence should-have-known knowledge standard rather than the criminal recklessness standard, which is contrary to the plain text of the statute and also misreads the relevant caselaw.  In addition, if the Court dismisses Plaintiffs' TVPRA claim, it should also reconsider its decision to retain supplemental jurisdiction over their California negligence claim.

### A.    Reconsideration Is Warranted To Address The Court's Erroneous Conclusion That The Ninth Circuit Has Held The TVPRA Applies Extraterritorially.

The Court should reconsider its extraterritoriality ruling, which rests on a clearly erroneous interpretation of the Ninth Circuit's decision in *Ratha*.  The Court found § 1595 satisfied the first step of the extraterritoriality test because "*the Ninth Circuit held*: '§ 1595 permits a private cause of action for extraterritorial violations of the substantive provisions listed in § 1596 so long as § 1596's other requirements are satisfied.' " ECF No. 29 at 7 (quoting *Ratha*, 35 F.4th at 1168) (emphasis added).

In fact, *Ratha* expressly declined to resolve that question.  *Ratha* explained that, "[v]iewed in isolation, § 1595 is silent as to its extraterritorial application," but Plaintiffs argued "that § 1595 applies extraterritorially because it incorporates the TVPRA's substantive provisions made extraterritorial by § 1596." 35 F.4th at 1167.  As the court acknowledged, "[u]nder that argument, § 1595's extraterritoriality depends on § 1596's elements being satisfied." *Id.*  "In response, Defendants" maintained that § 1595 does not apply extraterritorially and § 1596 "by its terms only applies to criminal prosecutions." *Id.* at 1168-69.  But the Ninth Circuit declined to decide that issue because Plaintiffs could not satisfy § 1596's requirements. *Id.* at 1168; *see id.* at 1169-75.  As the Ninth Circuit explained, "[w]e need not resolve this dispute to decide this case.  Instead, *we assume without deciding* that Plaintiffs are correct and that § 1595 permits a private cause of action for extraterritorial violations

of the substantive provisions listed in § 1596 so long as § 1596's other requirements are satisfied." *Id.* at 1168 (emphasis added).

Lest there be any doubt, the Ninth Circuit reiterated the limited scope of its holding four times:

- "*We assume without deciding that § 1595 may apply extraterritorially* and conclude that Plaintiffs did not present a triable issue on the requirements for such application or on the merits of their claims." *Id.* at 1164 (emphasis added).

- "*We therefore decline to decide whether § 1595 applies to foreign conduct* because whether it does or not, we are left with the same result . . . ." *Id.* at 1168 (emphasis added).

- "*We will assume in this case that § 1595 applies extraterritorially* and leave for another day the question of whether that assumption is correct." *Id.* (emphasis added).

- "*[W]e assume Plaintiffs are correct* that § 1596 contains 'a clear, affirmative indication' that the TVPRA's civil remedy provision applies to foreign conduct . . . ." *Id.* at 1168 n.5 (emphasis added) (quoting *Nestlé USA, Inc. v. Doe*, 593 U.S. 628, 632 (2021)).

Thus, what this Court said the Ninth Circuit "held," ECF No. 29 at 7, the Ninth Circuit in fact "assume[d] without deciding," *Ratha*, 35 F.4th at 1164, 1168.[2] That renders this Court's holding that § 1595 applies to conduct abroad clearly erroneous. *See, e.g.*, *Smith*, 727 F.3d at 955 (encouraging trial courts to "reconsider and reach a

---

[2] The Court also cited *Doe v. WebGroup Czech Republic, a.s.*, No. 2:21-cv-02428, 2024 WL 3533426, at *10 (C.D. Cal. July 24, 2024), for the proposition that "courts within the Ninth Circuit have consistently held" "§ 1595 can apply extraterritorially" if plaintiffs "fulfill the criteria in *Ratha* and § 1596." ECF No. 29 at 7. *Doe*, like *Ratha*, concluded that "the Court does not need to decide in this case whether Section 1595 applies extra-territorially" because plaintiffs failed to satisfy § 1596's domestic-presence requirement. *Doe*, 2024 WL 3533426, at *10.

[contrary] conclusion" when the court fails to consider controlling "legal standards"); *Otto v. Emp. Ret. Income Plan-Hourly W.*, No. 2:14-cv-05426, 2015 WL 13333509, at *6 (C.D. Cal. June 5, 2015) (explaining reconsideration is appropriate where the court " 'disregard[ed], misappli[ed], or fail[ed] to recognize controlling precedent' " (quoting *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)). The Court should therefore grant Bumble Bee's motion to reconsider and hold that § 1595 does not apply extraterritorially. ECF No. 22-1 at 16-22; ECF No. 27 at 5-8.

**B.    Reconsideration Is Warranted To Correct The Court's Erroneous Ruling Applying The Civil Negligence Knowledge Standard, Rather Than Criminal Recklessness.**

The Court should also reconsider its clearly erroneous decision that a plaintiff seeking relief under § 1595 for a violation of § 1589**(b)** need only prove the defendant " 'knew or should have known' about perpetrators' practice of forced labor." ECF No. 29 at 10 (brackets omitted) (quoting *Ratha*, 35 F.4th at 1177).

Section 1589 provides two ways to hold a defendant criminally liable: by "knowingly" providing or obtaining "the labor or services of a person" by force or other prohibited means, 18 U.S.C. § 1589(a); or by benefitting "from participation in a venture" engaged in such a violation, "knowing or in reckless disregard of th[at] fact," *id.* § 1589(b). Section 1595, meanwhile, provides a civil cause of action against either "the perpetrator" of a TVPRA violation or one who benefits "from participation in a venture which that person knew or should have known" violated the TVPRA. *Id.* § 1595(a); *see Ratha*, 35 F.4th at 1165 (distinguishing between alleged perpetrators and alleged beneficiaries under § 1595).

There are thus three[3] possible formulations for a § 1595 claim based on an underlying § 1589 violation, each of which carries a different knowledge standard:

(1) A direct "perpetrator" of a **§ 1589(a)** violation, which requires knowingly

---

[3] Bumble Bee previously highlighted the distinction between only the second and third formulations. *See* ECF No. 27 at 1. To more clearly explain the statutory scheme, Bumble Bee has added the first formulation here.

Hogan Lovells US
LLP
Attorneys At Law
Los Angeles

- 7 -
MEMO. OF POINTS AND AUTHORITIES I/S/O MOT. FOR RECONSIDERATION OR CERTIFICATION
Case No. 3:25-cv-00583-BAS-DEB

providing or obtaining labor by force;

(2) A direct "perpetrator" of a **§ 1589(b)** violation, which requires knowledge or "reckless disregard" that the venture obtained labor by force; or

(3) An indirect civil perpetrator—i.e., beneficiary—claim under **§ 1595** for a violation of **§ 1589(a)**, which requires the defendant "knew or should have known" the venture obtained labor by force.  *See, e.g.*, *C.C. v. Rashid*, No. 2:23-cv-02056, 2025 WL 1785273, at *7 (D. Nev. June 26, 2025) (outlining same "routes to civil liability").

Plaintiffs' opposition unequivocally and repeatedly proclaimed that they "bring a claim under 18 U.S.C. § 1589(b)." ECF No. 23 at 1, 4-5, 9, 15, 20; *see* ECF No. 29 at 10 (recognizing same).  That means the second formulation applies, and Plaintiffs were required to plausibly allege that Bumble Bee knew or recklessly disregarded that the alleged venture had engaged in forced labor. ECF No. 27 at 1-2.[4]  The Court correctly recognized that the TVPRA differentiates between civil claims against "the perpetrator" and "others who benefitted in specified ways from the violation." ECF No. 29 at 9 (quoting *Martínez-Rodríguez v. Giles*, 31 F.4th 1139,

---

[4] This distinction also has important implications for the extraterritoriality analysis. Under § 1596(a), the "offender"—the entity that violated the underlying substantive prohibition—must be present in the United States. 18 U.S.C. § 1596(a); *see Ratha*, 35 F.4th at 1165; *F.C. v. Jacobs Sols. Inc.*, 790 F. Supp. 3d 1158, 1183 (D. Colo. 2025).  Even assuming § 1595 applies to conduct abroad, plaintiffs proceeding under the first or second formulation must show the direct-perpetrator defendant is present in the U.S.; plaintiffs proceeding under the third formulation must show the third-party perpetrator is present in the U.S.  *See Mia v. Kimberly-Clark Corp.*, No. 1:22-cv-02353, 2025 WL 752564, at *8 (D.D.C. Mar. 10, 2025), *appeal pending*, No. 25-7046 (D.C. Cir.) (explaining § 1595 indirect beneficiary claim does not allege "defendants committed any affirmative" wrongdoing, only that they benefitted from others' wrongdoing).  Had Plaintiffs proceeded under the third formulation, they could not satisfy that requirement because all the parties that allegedly obtained Plaintiffs' labor by force are located abroad. *See* ECF No. 22-1 at 22; *Ratha*, 35 F.4th at 1175 (holding plaintiffs' claims against direct-perpetrator non-U.S. defendants impermissibly extraterritorial).

Hogan Lovells US
LLP
ATTORNEYS AT LAW
LOS ANGELES

1    1149 (9th Cir. 2022)).  And the Court rightly stated that a direct-perpetrator claim

2    under § 1589**(b)** requires "knowledge or . . . reckless disregard."  *Id.* at 10.  Yet this

3    Court applied the lesser "knew or should have known" standard applicable to a

4    § 1589**(a)** beneficiary claim—the third formulation.  *Id.* at 10, 15-19.  That

5    fundamentally misunderstands the statutory scheme, warranting reconsideration.

6    *See, e.g.*, *Williams v. Walsh*, 619 F. Supp. 3d 48, 57-58 (D.D.C. 2022) (granting

7    reconsideration of ruling based on a misunderstanding of a regulatory scheme);

8    *Atlantic States Legal Found., Inc. v. Karg Bros.*, 841 F. Supp. 51, 55 (N.D.N.Y. 1993)

9    (same); *EEOC v. St. Francis Xavier Parochial Sch.*, 20 F. Supp. 2d 66, 68 (D.D.C.

10   1998) (granting reconsideration of ruling based on mistaken statutory interpretation).

11       The Court's decision also rests on a misreading of the applicable precedent.  In

12   support of its decision to apply the lesser knowledge standard, the Court stated that

13   "courts have generally accepted that" a plaintiff bringing "a cause of action for civil

14   damages under § 1595(a) against a viable beneficiary per § 1589(b)" must show only

15   that the defendant " 'kn[e]w or should have known' about perpetrators' practice of

16   forced labor."  ECF No. 29 at 10 (quoting *Ratha*, 35 F.4th at 1177, and citing *B.M.*

17   *v. Wyndham Hotels & Resorts, Inc.*, No. 5:20-cv-00656, 2020 WL 4368214, at *4-6

18   (N.D. Cal. July 30, 2020)); *accord id.* at 15 ("Because § 1595 is a civil remedy,

19   courts—including the Ninth Circuit—have adopted a civil negligence standard to

20   plead a cause of action.").

21       Neither of the cited cases stands for that proposition.  *Ratha* involved two sets

22   of defendants: direct perpetrators (Phatthana and S.S. Frozen) and indirect

23   beneficiaries (Rubicon and Wales).  *Ratha*, 35 F.4th at 1165 ("Plaintiffs further

24   alleged that [Phatthana and S.S. Frozen] perpetrated these offenses, and that

25   [Rubicon and Wales] knowingly benefitted from Phatthana's and S.S. Frozen's

26   unlawful conduct.").  But the Ninth Circuit's "should have known" analysis pertained

27   only to the latter—the alleged beneficiaries.  *Id.* at 1175.  As that court explained,

28   "[n]either Rubicon nor Wales are alleged to have perpetrated any TVPRA violations

Hogan Lovells US
LLP
Attorneys At Law
Los Angeles

- 9 -
MEMO. OF POINTS AND AUTHORITIES I/S/O MOT. FOR RECONSIDERATION OR CERTIFICATION
Case No. 3:25-cv-00583-BAS-DEB

against Plaintiffs," so "Plaintiffs needed to present evidence creating a triable issue
on whether Rubicon or Wales . . . participat[ed] in a venture . . . which they knew or
should have known was engaged in conduct that violated the TVPRA." *Id.  B.M.*
likewise explained that, "[t]o state a claim under a section 1595(a) beneficiary
theory," the plaintiff must allege the defendant "participat[ed] in a venture . . . they
knew or should have known has engaged in" a TVPRA violation.  2020 WL 4368214,
at *4 (quotation marks omitted).  In other words, both *Ratha* and *B.M.* involved the
third formulation identified above, which requires only civil negligence.[5]  Plaintiffs
here purposefully invoked the second formulation, however, which carries the more
stringent criminal recklessness requirement, as the only other Court to directly
confront this question has held.  *F.C.*, 790 F. Supp. 3d at 1185-86 (explaining the
"knew or recklessly disregarded" standard applies to a "perpetrator liability" claim
"under § 1595(a) for a violation of 18 U.S.C. § 1589(b)").

      Insofar as the Court concluded that § 1595's *mens rea* standard somehow
replaces § 1589(b)'s recklessness requirement, that too misreads the statutory text.
*See* ECF No. 29 at 15-16 (suggesting that the "civil negligence standard" applies
"[b]ecause § 1595 is a civil remedy").  Section 1595 plainly incorporates the
underlying *mens rea* standard from the substantive offense when the plaintiff

---

[5] Other cases the Court cited in applying the "should have known" standard are in
accord.  ECF No. 29 at 16, 18; *see G.G. v. Salesforce.com, Inc.*, 76 F.4th 544, 553-
554 (7th Cir. 2023) (explaining that plaintiffs sued Salesforce under a § 1595
beneficiary theory, which carries the "knew or should have known" standard, not a
§ 1595 "perpetrator" theory); *Acevedo v. eXp Realty, LLC*, 713 F. Supp. 3d 740, 764-
765, 775 (C.D. Cal. 2024) (explaining a defendant can be a "perpetrator" for purposes
of § 1595 under either § 1591(a)(1)'s "direct violator" provision or § 1591(a)(2)'s
"participant" provision, "but both require actual knowledge," whereas § 1595's
beneficiary provision has the "knew or should have known" standard); *B.M.*, 2020
WL 4368214, at *4 (identifying standard "[t]o state a claim under a section 1595(a)
beneficiary theory" as "knew or should have known"); *see also Fleites v. MindGeek
S.A.R.L.*, No. 2:21-cv-04920, 2025 WL 2902301, at *12-13 (C.D. Cal. Sept. 26,
2025) (construing alleged violation of § 1591(a)(2) as a § 1595 beneficiary claim and
applying "knew or should have known" standard).

Hogan Lovells US
LLP
Attorneys At Law
Los Angeles

- 10 -

MEMO. OF POINTS AND AUTHORITIES I/S/O MOT. FOR RECONSIDERATION OR CERTIFICATION
Case No. 3:25-cv-00583-BAS-DEB

proceeds on a "perpetrator" theory.  As explained, § 1595(a) sets forth two distinct types of claims: those against a "perpetrator (*or* whoever knowingly benefits . . . from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter)."  18 U.S.C. § 1595(a) (emphasis added).  By specifying a separate knowledge standard in a parenthetical clause set off by the conjunction "or," Congress made clear that the "should have known" standard does not apply to a "perpetrator" theory.  When two clauses are "set off from each other by a comma and the conjunction 'or,' " the first clause "stands independent of the language that follows," and a "limiting phrase" in the second clause does not modify the first clause.  *United States v. Paulson*, 68 F.4th 528, 537 (9th Cir. 2023) (citation omitted).  That conclusion applies equally here where Congress used parentheses, rather than commas.  *See Myers v. Comm'r of IRS*, 928 F.3d 1025, 1035 (D.C. Cir. 2019) (phrase "separated from the rest of the provision by being put in parentheses and introduced by the word 'and' " is "a new independent clause").

*Martínez-Rodríguez*, which the Court cited, ECF No. 29 at 9, provides a useful comparison:  Plaintiffs there brought civil claims under § 1595 against the alleged "perpetrator" of a § 1589(a) violation.  31 F.4th at 1149.  The Court explained that § 1589(a) "imposes criminal punishment" on those who "*knowingly* provide[] or obtain[]" labor by force or abuse of the law.  *Id.* (quoting 18 U.S.C. § 1589(a)) (emphasis added).  Thus, the question was whether plaintiffs presented "sufficient evidence" that "the defendant acted with the requisite *mens rea—i.e.*, 'knowingly,' " for their § 1595 claim to proceed.  *Id.* at 1149-50.  Applying that same logic, when a plaintiff alleges the defendant is a perpetrator of a § 1589(b) violation, § 1589(b)'s *mens rea* standard applies.  *See F.C.*, 790 F. Supp. 3d at 1192.

Nor can the Court fall back on a conclusion that § 1589(b)'s recklessness standard is equivalent to the civil "knew or should have known" standard.  *Contra* ECF No. 23 at 5 n.1.  Section 1589(b) is a criminal statute.  "The civil law generally calls a person reckless who acts or . . . fails to act in the face of an unjustifiably high

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
LOS ANGELES

- 11 -
MEMO. OF POINTS AND AUTHORITIES I/S/O MOT. FOR RECONSIDERATION OR CERTIFICATION
Case No. 3:25-cv-00583-BAS-DEB

risk of harm that is either known or so obvious that it should be known." *Farmer v. Brennan*, 511 U.S. 825, 836 (1994). But "criminal law . . . generally permits a finding of recklessness only when a person disregards a risk of harm of which he is aware." *Id.* at 836-837. Thus, as the Seventh Circuit acknowledged in discussing § 1591(a), "criminal recklessness . . . requires actual awareness of a substantial risk and conscious disregard of it," and imposes a higher bar than "mere negligence." *United States v. Groce*, 891 F.3d 260, 268-269 (7th Cir. 2018); *see also, e.g.*, *United States v. Banker*, 876 F.3d 530, 541 n.10 (4th Cir. 2017).

For all these reasons, the Court should reconsider its decision erroneously applying the civil negligence standard rather than the criminal recklessness standard. And because Plaintiffs did not allege—much less plausibly—that they can satisfy that heightened standard, the Court should dismiss their TVPRA claim. ECF No. 27 at 2-3; *see* ECF No. 23 at 5 n.1 (arguing Plaintiffs satisfy a "civil" recklessness standard, but not that they can meet § 1589(b)'s criminal recklessness standard).

## C.    Reconsideration Is Warranted To Address The Court's Decision To Retain Supplemental Jurisdiction Over The Negligence Claim.

Finally, this Court should also reconsider its decision to retain supplemental jurisdiction over Plaintiffs' California negligence claim. Plaintiffs did not dispute that, if the Court dismisses their TVPRA claim, it should also dismiss their negligence claim. *See* ECF No. 22-1 at 23; ECF No. 27 at 9. Plaintiffs thus forfeited any argument for supplemental jurisdiction. *See, e.g.*, *Murtha v. N.Y. State Gaming Comm'n*, No. 7:17-cv-10040, 2022 WL 784756, at *7 n.7 (S.D.N.Y. Mar. 15, 2022); *Downs v. McDonough*, No. 3:20-cv-01090, 2022 WL 411845, at *4 (M.D. Tenn. Feb. 9, 2022); *Shelley v. Leisure Hotel Grp., LLC*, No. 4:23-cv-02007, 2024 WL 235218, at *8 (N.D. Cal. Jan. 22, 2024); *see also, e.g.*, *Jusino v. Fed'n of Cath. Tchrs., Inc.*, 54 F.4th 95, 107 (2d Cir. 2022); *Pitts v. Dep't of Hous. & Urb. Dev.*, 546 F. App'x 118, 121 (4th Cir. 2013). Should this Court grant Bumble Bee's motion for reconsideration and dismiss Plaintiffs' TVPRA claim, it should decline supplemental

jurisdiction over the California claim accordingly. *See Gini v. Las Vegas Metro. Police Dept.*, 40 F.3d 1041, 1046 (9th Cir. 1994) (when federal-law claims are eliminated before trial, the court should generally decline jurisdiction over state-law claims); *Williams v. City of Chicago*, No. 1:10-cv-02423, 2011 WL 2637238, at *5 (N.D. Ill. July 6, 2011) (granting Rule 60(b) motion to reconsider, dismissing federal-law claim, and declining supplemental jurisdiction over state-law claim).

## II.  Alternatively, The Court Should Certify The Extraterritoriality And Knowledge Issues For Interlocutory Review Under 28 U.S.C. § 1292(b).

The Court has the authority to certify an order for immediate interlocutory appeal under 28 U.S.C. § 1292(b) where (1) the decision "involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." The Order's extraterritoriality and knowledge rulings readily satisfy each requirement. Specifically, the Court should certify the following questions: (A) Whether the Trafficking Victims Protection Reauthorization Act's civil liability provision, 18 U.S.C. § 1595, creates a private cause of action for conduct that occurred extraterritorially and, if not, where the focus is of a civil suit alleging a violation of 18 U.S.C. § 1589(b); and (B) Whether the *mens rea* for a civil cause of action under 18 U.S.C. § 1595(a) that seeks to hold a defendant liable as a direct "perpetrator" of an 18 U.S.C. § 1589(b) violation is criminal recklessness or civil negligence.

Both questions meet all three criteria for interlocutory review. *First*, each question is "controlling." 28 U.S.C. § 1292(b). "[A]ll that must be shown in order for a question to be 'controlling' is that resolution of the issue on appeal *could* materially affect the outcome of litigation in the district court." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982) (emphasis added). "The issue need not be 'dispositive of the lawsuit in order to be regarded as controlling,' but it cannot be collateral to the basic issues of the case." *Dalie v. Pulte Home Corp.*, 636

Hogan Lovells US
LLP
Attorneys At Law
Los Angeles

- 13 -
MEMO. OF POINTS AND AUTHORITIES I/S/O MOT. FOR RECONSIDERATION OR CERTIFICATION
Case No. 3:25-cv-00583-BAS-DEB

F. Supp. 2d 1025, 1028 (E.D. Cal. 2009) (quoting *United States v. Woodbury*, 263
F.2d 784, 787 (9th Cir. 1959)).

Here, a ruling in Bumble Bee's favor on either question would bar Plaintiffs
from proceeding with their TVPRA claim. Plaintiffs do not dispute that all of the
alleged forced labor at issue in this case occurred abroad. Thus, if the Ninth Circuit
holds that § 1595 does not apply to conduct abroad and/or that the focus of Plaintiffs'
§ 1589(b) claim is where the forced labor occurred, Plaintiffs TVPRA claim cannot
proceed. Indeed, district courts often certify—and courts of appeals often accept—
similar arguments for interlocutory appeal. *See, e.g.*, *Pakootas v. Teck Cominco
Metals, Ltd.*, 452 F.3d 1066, 1071-78 (9th Cir. 2006) (accepting certified question of
whether "the suit involved an impermissible extraterritorial application of" the
Comprehensive Environmental Response, Compensation, and Liability Act); *Rogers
v. Consol. Rail Corp.*, 948 F.2d 858 (2d Cir. 1991) (same, for whether the Federal
Employers' Liability Act applies extraterritorially); *see also SEC v. Balina*, No. 1:22-
cv-00950, 2024 WL 4607048, at *2 (W.D. Tex. Aug. 16, 2024) (certifying question
concerning extraterritorial reach of Securities Act claim "because the determination
of whether Defendant's conduct was domestic will effectively resolve the
litigation"), *permission to appeal granted and case voluntarily dismissed*, No. 24-
50726, 2025 WL 2672553 (5th Cir. May 5, 2025).

With respect to the knowledge requirement, as explained *supra* pp. 7-12,
Plaintiffs have not attempted to plead facts sufficient to satisfy § 1589(b)'s criminal
recklessness standard; a decision holding that standard applies would also foreclose
their TVPRA claim. Moreover, if the Court or the Ninth Circuit rejects Plaintiffs'
TVPRA claim, the Court should likewise decline to allow the state-law negligence
claim to proceed in federal court. *Supra* pp. 12-13. A ruling on either certified
question could therefore "materially affect" this litigation by ending it entirely. *See
Cal Pure Pistachios, Inc. v. Primex Farms, LLC*, No. 2:09-cv-07874, 2010 WL
11523707, at *2 (C.D. Cal. Apr. 29, 2010) (finding this requirement satisfied where,

Hogan Lovells US
LLP
Attorneys At Law
Los Angeles

- 14 -
MEMO. OF POINTS AND AUTHORITIES I/S/O MOT. FOR RECONSIDERATION OR CERTIFICATION
Case No. 3:25-cv-00583-BAS-DEB

"[i]f the Court of Appeal were to disagree with this Court's conclusion," plaintiffs' federal-law claim, "which, in turn, provides the foundation for their [state-law claim,] could not go forward"). And even if the Ninth Circuit's decision does "not terminate the litigation," at minimum, resolution of these threshold questions could materially "impact the nature of evidence that would have to be presented in order to find [a] Defendant liable." *Cal. Dep't of Toxic Substances Control v. Hearthside Residential Corp.*, No. 8:06-cv-00987, 2008 WL 8050005, at *8 (C.D. Cal. Dec. 8, 2008), *aff'd and remanded*, 613 F.3d 910 (9th Cir. 2010).

*Second*, even if the Court does not agree with the arguments presented above, these are questions "over which reasonable judges might differ." *Reese*, 643 F.3d at 688 (citation omitted). As to extraterritoriality, numerous courts have considered these issues—albeit many only in passing. ECF No. 22-1 at 17-21 & nn.7-8; ECF No. 23 at 16-18, 20-21 & n.6; ECF No. 27 at 5-8. The drive-by nature of those rulings aside, the "number of conflicting and contradictory opinions," *Deutsche Bank Nat. Tr. Co. v. FDIC*, 854 F. Supp. 2d 756, 769 (C.D. Cal. 2011), *aff'd*, 744 F.3d 1124 (9th Cir. 2014), shows that "fair-minded jurists might reach contradictory conclusions" on this important issue, *Reese*, 643 F.3d at 688; *compare, e.g.*, *Doe I v. Apple Inc.*, No. 1:19-cv-03737, 2021 WL 5774224, at *14-16 (D.D.C. Nov. 2, 2021), *aff'd on other grounds*, 96 F.4th 403 (D.C. Cir. 2024), *and Mia*, 2025 WL 752564, at *6-8, *with Roe v. Howard*, 917 F.3d 229, 240-243 (4th Cir. 2019), *and U.S. ex rel. Hawkins v. ManTech Int'l Corp.*, 752 F. Supp. 3d 118, 131-135 (D.D.C. 2024).

As to knowledge, precedent and the TVPRA's text and structure support applying the *mens rea* standard from the underlying criminal offense—here, § 1589(b)'s criminal recklessness standard. *Supra* pp. 7-12. To the extent the Court believes otherwise, that shows "a substantial ground for difference of opinion." 28 U.S.C. § 1292(b); *cf. Deutsche Bank*, 854 F. Supp. 2d at 769 (explaining the court may "make an inquiry into the merits to determine whether there is substantial grounds for a difference of opinion") (quotation marks omitted). Neither Plaintiffs

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
LOS ANGELES

- 15 -
MEMO. OF POINTS AND AUTHORITIES I/S/O MOT. FOR RECONSIDERATION OR CERTIFICATION
Case No. 3:25-cv-00583-BAS-DEB

nor the Court cited—and Bumble Bee is not aware of—any other case applying the lesser civil negligence standard to a § 1589(b) direct-perpetrator claim.  That dearth of authority similarly suggests that "reasonable judges" might disagree with the Court's decision.  *Cf. Cal Pure Pistachios*, 2010 WL 11523707, at *2 (finding requirement satisfied where "[i]t is not inconceivable that the Ninth Circuit could conclude" court misread the statute, even though "the express language" seemed to support the court's interpretation).

*Third*, "[c]ertification materially advances the ultimate termination of the litigation when allowing an interlocutory appeal would avoid protracted and expensive litigation, saving both the court and the parties unnecessary trouble and expense."  *Appel*, 2018 WL 4700472, at *4 (quotation marks omitted); *accord Cooper v. Tokyo Elec. Power Co., Inc.*, 166 F. Supp. 3d 1103, 1142-43 (S.D. Cal. 2015), *aff'd*, 860 F.3d 1193 (9th Cir. 2017); *see also Balina*, 2024 WL 4607048, at *3 (finding criteria met where reversal on extraterritoriality ruling would "eliminate the need for trial").  This case involves foreign plaintiffs alleging misconduct by foreign actors that took place outside the United States.  Given the nature of the allegations, many of the relevant documents may be in other languages, and many of the key witnesses (including Plaintiffs) will be from outside this country.  A ruling from the Ninth Circuit in Bumble Bee's favor would save the Court and the parties from undergoing potentially unnecessary, protracted, and expensive additional litigation, including as related to discovery and summary-judgment briefing.  By contrast, "[i]f the lawsuit proceeded and then [Bumble Bee] successfully appealed this Court's" extraterritoriality and knowledge rulings, "much time and expense would be wasted by all of the parties, Plaintiffs included."  *Cooper*, 166 F. Supp. 3d at 1143 (certifying ruling denying motion to dismiss); *see, e.g.*, *Cal Pure Pistachios*, 2010 WL 11523707, at *3 (same, where reversal "would avoid the need for trial"); *Advanced Analogic Techs., Inc. v. Linear Tech. Corp.*, No. 3:06-cv-00735, 2006 WL 2850017, at *3 (N.D. Cal. Oct. 4, 2006) (same, where court would "greatly benefit"

Hogan Lovells US
LLP
Attorneys At Law
Los Angeles

- 16 -
MEMO. OF POINTS AND AUTHORITIES I/S/O MOT. FOR RECONSIDERATION OR CERTIFICATION
Case No. 3:25-cv-00583-BAS-DEB

1    from appellate decision "before embarking on potentially lengthy and costly
2    litigation").

3    ## <u>CONCLUSION</u>

4      The Court should grant Bumble Bee's motion for reconsideration and/or
5    certify the aforementioned issues for interlocutory review under 28 U.S.C. § 1292(b).

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
LOS ANGELES

- 17 -
MEMO. OF POINTS AND AUTHORITIES I/S/O MOT. FOR RECONSIDERATION OR CERTIFICATION
Case No. 3:25-cv-00583-BAS-DEB

Respectfully submitted,

Dated:  December 10, 2025

HOGAN LOVELLS US LLP

By:    */s/ Vassi Iliadis*
       Vassi Iliadis

       *Counsel for Defendant*
       Bumble Bee Foods, LLC

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
LOS ANGELES

MEMO. OF POINTS AND AUTHORITIES I/S/O MOT. FOR RECONSIDERATION OR CERTIFICATION
Case No. 3:25-cv-00583-BAS-DEB