**HOGAN LOVELLS US LLP**
VASSI ILIADIS (Bar No. 296382)
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 785-4640
Facsimile: (310) 785-4601
vassi.iliadis@hoganlovells.com

CRAIG A. HOOVER (Bar No. 113965)
DAVID M. FOSTER (admitted pro hac vice) (D.C. Bar No. 497981)
DANIELLE DESAULNIERS STEMPEL (admitted pro hac vice)
    (D.C. Bar No. 1658137)
CHRISTINE A. SIFFERMAN (admitted pro hac vice) (D.C. Bar No. 1613936)
DANA A. RAPHAEL (admitted pro hac vice) (D.C. Bar No. 1741559)
555 Thirteenth Street, N.W.
Washington, D.C. 20004
Telephone: (202) 637-5694
Facsimile: (202) 637-5910
craig.hoover@hoganlovells.com
david.foster@hoganlovells.com
danielle.stempel@hoganlovells.com
christine.sifferman@hoganlovells.com
dana.raphael@hoganlovells.com

*Counsel for Defendant*
Bumble Bee Foods, LLC

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AKHMAD; ANGGA; MUHAMMAD SAHRUDIN; and MUHAMMAD SYAFI'I,<br><br>Plaintiffs,<br><br>v.<br><br>BUMBLE BEE FOODS, LLC,<br><br>Defendant. | Case No. 3:25-cv-00583-BAS-DEB<br><br>Action Filed: March 12, 2025<br><br>The Honorable Cynthia Bashant<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT BUMBLE BEE FOODS, LLC'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**<br><br>Date: January 23, 2026<br><br>NO ORAL ARGUMENT UNLESS ORDERED BY THE COURT |

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ........................................................................................ ii

INTRODUCTION ....................................................................................................... 1

BACKGROUND ......................................................................................................... 1

LEGAL STANDARD .................................................................................................. 3

ARGUMENT ............................................................................................................... 4

I.  Plaintiffs Have Not Alleged That Damages Would Be Insufficient To Compensate Them .......................................................... 4

II.  Plaintiffs Lack Standing To Seek Injunctive Relief ................................ 5

A.  Plaintiffs' Injury Is Too Speculative To Grant Standing ................. 6

1.  Plaintiffs' asserted injury is too vague and speculative ............. 7

2.  Plaintiffs' future injury relies on a highly attenuated chain of future events .......................................................... 8

3.  Plaintiffs' alternative theory of injury fails for similar reasons .................................................................... 11

B.  Plaintiffs Cannot Demonstrate Causation .................................... 12

C.  Plaintiffs Cannot Demonstrate Redressability ............................. 14

CONCLUSION .......................................................................................................... 15

# TABLE OF AUTHORITIES

Page(s)

CASES:

*Alexandre v. Amazon.com, Inc.*,
    No. 3:22-cv-01459, 2024 WL 2445705 (S.D. Cal. May 23, 2024) .............. 11

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ....................................................................................... 3

*Bakay v. Apple Inc.*,
    No. 24-5314, 2025 WL 3012822 (9th Cir. Oct. 28, 2025)........................... 14

*Birch v. Family First Life, LLC*,
    No. 3:22-cv-00815, 2023 WL 2940020 (S.D. Cal. Apr. 13, 2023) ............... 3

*Clark v. City of Lakewood*,
    259 F.3d 996 (9th Cir. 2001).......................................................................... 6

*Clapper v. Amnesty Int'l USA*,
    568 U.S. 398 (2013) ............................................................................. 6, 9, 11

*Cline v. Dan-Bunkering (Am.), Inc.*,
    No. 3:24-cv-02081, 2025 WL 28459 (S.D. Cal. Jan. 3, 2025) ...................... 3

*City of Los Angeles v. Lyons*,
    461 U.S. 95 (1983) ...................................................................................... 6, 7

*de Cristo Cano v. Biden*,
    598 F. Supp. 3d 921 (S.D. Cal. 2022) ......................................................... 14

*Doe I v. Apple Inc.*,
    96 F.4th 403 (D.C. Cir. 2024) ....................................................................... 8

*Glanton ex rel. ALCOA Prescription Drug Plan v. AdvancePCS Inc.*,
    465 F.3d 1123 (9th Cir. 2006)................................................................ 14, 15

*Guthrie v. Transamerica Life Ins. Co.*,
    561 F. Supp. 3d 869 (N.D. Cal. 2021) ....................................................... 4, 5

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
LOS ANGELES

- ii -

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
Case No. 3:25-cv-00583-BAS-DEB

# TABLE OF AUTHORITIES–CONTINUED

Page(s)

*Hangarter v. Provident Life & Acc. Ins. Co.*,
  373 F.3d 998 (9th Cir. 2004)......................................................................6-8

*International Partners for Ethical Care Inc. v. Ferguson*,
  146 F.4th 841 (9th Cir. 2025)...................................................................9, 11

*Koehler v. Litehouse, Inc.*,
  No. 3:12-cv-04055, 2012 WL 6217635 (N.D. Cal. Dec. 13, 2012) ...............9

*Los Angeles Press Club v. City of Los Angeles*,
  No. 2:25-cv-05423, 2025 WL 2640421 (C.D. Cal. Sep. 10, 2025) .............. 11

*Mayfield v. United States*,
  599 F.3d 964 (9th Cir. 2010)..........................................................................7

*Munns v. Kerry*,
  782 F.3d 402 (9th Cir. 2015)....................................................................10-12

*Munning v. Gap, Inc.*,
  238 F. Supp. 3d 1195 (N.D. Cal. 2017) .........................................................5

*Murthy v. Missouri*,
  603 U.S. 43 (2024) ...................................................................................5, 14

*Nasco Petroleum, L.L.C. v. City of Los Angeles*,
  No. 2:23-cv-00884, 2023 WL 8937614 (C.D. Cal. Nov. 8, 2023) ......... 12, 13

*Nguyen v. Simpson Strong-Tie Co., Inc.*,
  No. 19-cv-07901, 2020 WL 5232563 (N.D. Cal. Sep. 2, 2020) .....................9

*Quidel Corp. v. Siemens Med. Sols. USA, Inc.*,
  No. 16-cv-3059, 2020 WL 4747724 (S.D. Cal. Aug. 17, 2020).....................4

*Scheibe v. Livwell Prods., LLC*,
  No. 3:23-cv-00216, 2023 WL 4414580 (S.D. Cal. July 7, 2023)...............4, 5

*Schroeder v. United States*,
  569 F.3d 956 (9th Cir. 2009).........................................................................4

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
LOS ANGELES

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
Case No. 3:25-cv-00583-BAS-DEB

# TABLE OF AUTHORITIES–Continued

Page(s)

*Spokeo, Inc. v. Robins*,
  578 U.S. 330 (2016) ................................................................ 3

*Summers v. Earth Island Inst.*,
  555 U.S. 488 (2009) ................................................................ 9

*Tinoco v. San Diego Gas & Electric Co.*,
  327 F.R.D. 651 (S.D. Cal. 2018) ............................................ 8

*Twitter, Inc. v. Paxton*,
  56 F.4th 1170 (9th Cir. 2022) ................................................ 12

*Walcoff v. Innofoods USA, Inc.*,
  No. 3:22-cv-01485, 2023 WL 3262940 (S.D. Cal. May 4, 2023) .............. 3, 8

*Winsor v. Sequoia Benefits & Ins. Servs., Inc.*,
  62 F.4th 517 (9th Cir. 2023) ............................................ 12, 14

*Wright v. Service Emps. Int'l Union Loc. 503*,
  48 F.4th 1112 (9th Cir. 2022) ............................................ 10

**STATUTE:**

18 U.S.C. § 1595(a) .................................................................. 6

**RULES:**

Fed. R. Civ. P. 12(b)(1) ........................................................ 3, 4

Fed. R. Civ. P. 12(b)(6) ........................................................ 3, 4

**OTHER AUTHORITIES:**

6 Wright & Miller's Federal Practice and Procedure
  § 1476 (3d ed. 2013) ............................................................ 3

Bumble Bee Seafood Company, *Supplier Code of Conduct*
  (July 1, 2025), https://perma.cc/E8ZX-2TVS ............................... 15

Greenpeace, *Fake My Catch* (Sep. 2022),
  https://perma.cc/63GH-6HBV ................................................. 15

# TABLE OF AUTHORITIES–Continued

Page(s)

Sui-Lee Wee & Muktita Suhartono, *Indonesian Fishermen Sue U.S.*

    *Canned Tuna Giant Over Claims of Forced Labor*,

    N.Y. Times (Mar. 13, 2025), https://perma.cc/8WSH-7LGW ....................... 8

**INTRODUCTION**

Plaintiffs' Amended Complaint does not fix the core problems with their injunctive relief claim: Plaintiffs have failed to allege—let alone plausibly—that they lack an adequate remedy at law. And Plaintiffs continue to lack Article III standing for the broad forward-looking injunctive relief they seek against Defendant, Bumble Bee Foods, LLC (Bumble Bee). Either defect, standing alone, requires dismissal.

*First*, injunctive relief is available only when alternative remedies are inadequate. Plaintiffs seek damages, and they have failed to plead that such damages would be insufficient in the event that they prevail in this case (which they should not). That alone bars Plaintiffs' claim for injunctive relief.

*Second*, Plaintiffs' hypothetical future "injury" is too speculative to confer standing for multiple reasons. Plaintiffs have pleaded themselves out of the case by admitting that, if the Court does not grant their requested relief, Plaintiffs will not be injured. Plaintiffs impermissibly rely on a chain of attenuated, uncertain events. Plaintiffs cannot demonstrate that any supposed injury would be caused by Bumble Bee, as opposed to one of the numerous other entities in the causal chain. And Plaintiffs have failed to show that injunctive relief would actually redress any such injury.

The Court should dismiss Plaintiffs' injunctive relief claim for lack of standing, as it did with Defendant's initial motion to dismiss.

**BACKGROUND**

Plaintiffs sued Bumble Bee, alleging that they experienced mistreatment at the hands of vessel captains and crew on distant-water fishing vessels owned by two Chinese companies that supplied albacore tuna to FCF, which in turn supplied it to Bumble Bee. *See* ECF No. 1 ¶¶ 5, 100, 116-118, 127, 138, 199-201, 224; ECF No. 33 (same). Plaintiffs seek to hold Bumble Bee liable under the Trafficking Victims Protection Reauthorization Act (TVPRA) and California negligence law for alleged

HOGAN LOVELLS US LLP
ATTORNEYS AT LAW
LOS ANGELES

forced labor committed abroad by these third parties, and they seek injunctive relief in addition to damages.  *See* ECF No. 1 ¶¶ 252-280; ECF No. 33 ¶¶ 262-290.

Bumble Bee moved to dismiss on various grounds, including because Plaintiffs lack standing to pursue injunctive relief, the TVPRA's civil cause of action does not apply extraterritorially, the Complaint fails to plausibly allege that Bumble Bee had the requisite knowledge, and the Court should decline supplemental jurisdiction over the state law claim.  ECF No. 22.  The Court granted Bumble Bee's motion to dismiss with respect to Plaintiffs' injunctive relief claim, finding that Plaintiffs did not have standing to pursue injunctive relief because Plaintiffs had not alleged a likelihood of future harm, and that allegations that Plaintiffs "continued to suffer harm" were insufficient for standing purposes.  ECF No. 29 at 4-5.  The Court denied Bumble Bee's motion with respect to the other claims and granted Plaintiffs leave to file an amended complaint as to injunctive relief.  *Id.* at 4-5, 25.

The Amended Complaint adds only ten paragraphs on injunctive relief.  ECF No. 33 ("Am. Compl.") ¶¶ 252-261.  It alleges that Plaintiffs would seek to work in the commercial fishing industry again, but worry that if they did, they would suffer the same injuries again and be trapped in forced labor.  *Id.* ¶¶ 254, 257.  Plaintiffs allege that, if the Court were to grant the requested injunctive relief, Plaintiffs would return to fishing in the Pacific Ocean, thousands of miles outside the territorial jurisdiction of the United States, on ships that are not alleged to be owned nor controlled by Bumble Bee or any other party subject to this Court's jurisdiction.  *Id.* ¶¶ 259, 261.

This renewed motion to dismiss follows.  Bumble Bee has also separately moved for reconsideration of the Court's Order denying in part the motion to dismiss.  ECF No. 36.[1]

---

[1] As Bumble Bee explained in its reconsideration motion, ECF No. 36-1 at 4 n.1, because all other portions of the Amended Complaint are identical to the original

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and quotation marks omitted). Labels, conclusions, blanket assertions, and "[t]hreadbare recitals" of the legal elements are not "facts," and courts do not accept them as true for purposes of a motion to dismiss. *Id.* at 678-679; *see* Fed. R. Civ. P. 12(b)(6).

Parties may also move to dismiss under Rule 12(b)(1) for lack of subject-matter jurisdiction. "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Birch v. Family First Life, LLC*, No. 3:22-cv-00815, 2023 WL 2940020, at *8 (S.D. Cal. Apr. 13, 2023) (citation omitted). "[T]he burden of establishing" standing "rests upon the party asserting jurisdiction." *Walcoff v. Innofoods USA, Inc.*, No. 3:22-cv-01485, 2023 WL 3262940, at *2 (S.D. Cal. May 4, 2023) (citation omitted). "Where, as here, a case is at the pleading stage, the plaintiff must clearly allege facts demonstrating each element" of Article III standing. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (cleaned up). A "facial attack" on standing "accepts the truth of the plaintiff's allegations but asserts that they are insufficient on their face to invoke federal jurisdiction." *Walcoff*, 2023 WL 3262940, at *2 (quotation marks omitted). A facial attack is governed by the same basic plausibility standard as a Rule 12(b)(6) motion. *Id.*

---

Complaint, Bumble Bee respectfully requests the Court construe its prior ruling denying Bumble Bee's motion to dismiss as applying to the Amended Complaint. *Cline v. Dan-Bunkering (Am.), Inc.*, No. 3:24-cv-02081, 2025 WL 28459, at *1 (S.D. Cal. Jan. 3, 2025) ("If the new pleading contains some of the same defects raised in the original motion, a court has discretion to consider the motion as being addressed to the amended pleading rather than moot the motion."); 6 Wright & Miller's Federal Practice and Procedure § 1476 (3d ed. 2013) (Westlaw updated Sep. 2025). Should the Court deem it necessary for Bumble Bee to also move to dismiss the Amended Complaint on the grounds discussed in the reconsideration motion, Bumble Bee is happy to do so on the Court's order.

## <u>ARGUMENT</u>

Plaintiffs' Amended Complaint does not cure the defects in their original Complaint.  First, Plaintiffs have failed to allege that monetary damages would be insufficient to compensate them, and their injunctive relief claim should be dismissed under Rule 12(b)(6) as a result.  Second, Plaintiffs still lack standing to seek injunctive relief; that claim should therefore be dismissed under Rule 12(b)(1) because Plaintiffs' future "injury" is speculative and hypothetical, any such injury would be caused by third parties not before this Court, and the injunctive relief that Plaintiffs seek cannot redress their alleged future injury.  Both of these defects are independently fatal to Plaintiffs' renewed claim for injunctive relief.

## I.    Plaintiffs Have Not Alleged That Damages Would Be Insufficient To Compensate Them.

As an initial matter, the injunctive relief that Plaintiffs seek is not available because Plaintiffs have failed to plead that the other remedies they seek are inadequate to compensate them for their alleged injuries.

A party seeking injunctive relief must show the absence of an adequate remedy at law.  *Scheibe v. Livwell Prods., LLC*, No. 3:23-cv-00216, 2023 WL 4414580, at *9 (S.D. Cal. July 7, 2023); *Quidel Corp. v. Siemens Med. Sols. USA, Inc.*, No. 16-cv-3059, 2020 WL 4747724, at *11 (S.D. Cal. Aug. 17, 2020) (Bashant, J.) (plaintiffs must establish that "remedies available at law, such as monetary damages, are inadequate to compensate for that injury") (citation omitted); *Schroeder v. United States*, 569 F.3d 956, 963 (9th Cir. 2009) ("[E]quitable relief is not appropriate where an adequate remedy exists at law.") (citation omitted).  Although a plaintiff "may plead claims for equitable relief in the alternative at the pleading stage," *Scheibe*, 2023 WL 4414580, at *9, a plaintiff must, "at a minimum, *plead* that [he] lacks adequate remedies at law if [he] seeks equitable relief," *Guthrie v. Transamerica Life Ins. Co.*, 561 F. Supp. 3d 869, 875 (N.D. Cal. 2021).

Here, Plaintiffs seek monetary relief, injunctive relief, and other forms of relief

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
LOS ANGELES

equally, not even pleading that they seek injunctive relief in the alternative. Am. Compl. ¶¶ 281-290 (asking the Court to enter each requested form of relief and not stating claim for injunctive relief in the alternative). And crucially, Plaintiffs have "fail[ed] to plead or otherwise explain" why the monetary relief they seek would be inadequate. *Scheibe*, 2023 WL 4414580, at *9. But despite being on notice about this flaw in their claims, *see* ECF No. 22-1 at 10 n.6, the Amended Complaint does not plead that monetary relief would be inadequate. This dooms Plaintiffs' injunctive relief claim.

Plaintiffs may attempt to argue—as they did before—that a jury could deem damages for "future lost income for the remainder of Plaintiffs' working lives" too speculative. ECF No. 23 at 23.[2] But the Amended Complaint alleges no such thing. And more to the point, Plaintiffs seek a host of other monetary relief, including emotional and mental damages and punitive damages. Am. Compl. ¶¶ 285-287. Although Bumble Bee maintains that none of these damages would be appropriate or warranted, for present purposes, what matters is that Plaintiffs have failed to allege that those damages would be "inadequate," should they prevail on the merits. That alone warrants dismissal. *Guthrie*, 561 F. Supp. 3d at 875.

## II. Plaintiffs Lack Standing To Seek Injunctive Relief.

"To obtain forward-looking relief," Plaintiffs must allege (1) "a substantial risk of future injury," (2) "that is traceable to the [] defendants," and (3) that is "likely to be redressed by an injunction against them." *Murthy v. Missouri*, 603 U.S. 43, 69 (2024); *see also* ECF No. 29 at 4 (explaining that Plaintiffs must demonstrate Article

---

[2] It is immaterial that this Court could eventually decide that the monetary damages Plaintiffs seek are improper. It does not matter if "a plaintiff may have no remedy if [his] other claims fail"—rather, "[w]here the claims pleaded by a plaintiff *may* entitle [him] to an adequate remedy at law, equitable relief is unavailable." *Munning v. Gap, Inc.*, 238 F. Supp. 3d 1195, 1203 (N.D. Cal. 2017) (citations omitted). The other relief that Plaintiffs seek "may entitle [them] to an adequate remedy at law," *id.*, and therefore the injunctive relief they seek is unavailable at the pleading stage.

III standing to pursue their California negligence claim in federal court).  Plaintiffs have failed to plausibly allege all three of these required elements.[3]

## A.    Plaintiffs' Injury Is Too Speculative To Grant Standing.

To demonstrate Article III standing for injunctive relief, Plaintiffs must show "*a real or immediate threat* of an irreparable injury." *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1021 (9th Cir. 2004) (citing *Clark v. City of Lakewood*, 259 F.3d 996, 1007 (9th Cir. 2001)).  This threat must be "actual and imminent, not conjectural or hypothetical." *Id.*  " '[A]llegations of possible future injury' are not sufficient."  *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (citation omitted).

Plaintiffs' Amended Complaint fails on this threshold requirement.  As with their original Complaint, Plaintiffs contend they engaged in "months of hard labor" on fishing vessels where they "were subjected to physical abuse and violence, deprived of adequate food, and denied medical care."  Am. Compl. ¶ 5.  It is black-letter law that "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief," *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983), as this Court already explained, *see* ECF No. 29 at 4-5.

Nor have Plaintiffs alleged a sufficient threat of future injury.  Their main theory of injury—that they are suffering "ongoing harm" due to a risk of continued forced labor aboard fishing vessels, Am. Compl. ¶ 252—is both too speculative and also rests on a highly attenuated chain of future events.  Plaintiffs' secondary theory of injury based on their decision to forgo certain "employment opportunities," *id.*, fails for the same reasons.

---

[3] As this Court has held, Plaintiffs cannot seek injunctive relief under the TVPRA, which provides only for "damages and reasonable attorneys fees."  18 U.S.C. § 1595(a); ECF No. 29 at 4.  Plaintiffs therefore can only seek injunctive relief based on their California negligence claim.

1

### 1. *Plaintiffs' asserted injury is too vague and speculative.*

"Once a plaintiff has been wronged, he is entitled to injunctive relief only if he can show that he faces a 'real or immediate threat . . . that he will again be wronged in a similar way.' " *Mayfield v. United States*, 599 F.3d 964, 970 (9th Cir. 2010) (quoting *Lyons*, 461 U.S. at 111). Plaintiffs allege that third parties forced them to engage in labor against their will while working at sea and seek equitable relief to prevent that injury from recurring. But Plaintiffs do not allege that they are currently seeking work as distant-water fishers or that they necessarily will do so in the future. Plaintiffs instead allege that, *if* the Court were to enter injunctive relief against Bumble Bee, *then* Plaintiffs would seek to return to commercial fishing. Am. Compl. ¶¶ 254, 257, 259, 261.

That theory collapses for multiple reasons. To show standing for injunctive relief, Plaintiffs must allege that they face a real and immediate risk of suffering the same injuries again from their continued work as fishers. *Hangarter*, 373 F.3d at 1021; *Mayfield*, 599 F.3d at 970. That necessarily requires alleging that Plaintiffs are currently working under those same conditions that could lead to those harms, or that they have concrete, actual plans to do so in the future. But Plaintiffs instead allege that they will seek out work in this industry only if the Court first grants the requested relief. Thus, without the injunction, Plaintiffs will not work as distant-water fishers again.

At best, that renders Plaintiffs' alleged future injury purely hypothetical. At worst, Plaintiffs' framing of their future plans means that there is no risk that Plaintiffs "will again be wronged in a similar way" absent the requested relief. *Mayfield*, 599 F.3d at 970. Either way, this framing warrants dismissing Plaintiffs' injunctive relief claim. Under Plaintiffs' alleged framework, Plaintiffs will not suffer the alleged injury—being subject to forced labor—if the Court does not grant their requested relief, since Plaintiffs will then not return to fishing. This does not demonstrate the "immediate threat of an irreparable injury" that is required.

*Hangarter*, 373 F.3d at 1021 (emphasis omitted).  Rather, it shows that their alleged injury is purely "conjectural or hypothetical."  *Walcoff*, 2023 WL 3262940, at *6.

Even setting that aside, this theory of injury is not well-pleaded.  Plaintiffs assert that they "would . . . work again in distant-water fishing if" the Court instructs Bumble Bee to engage in certain conduct.  Am. Compl. ¶ 261.  But at least one Plaintiff has publicly stated that he does not ever plan to go back to commercial fishing: Plaintiff Syafi'i stated he "no longer ha[s] the desire to work on a ship, ever again."  Sui-Lee Wee & Muktita Suhartono, *Indonesian Fishermen Sue U.S. Canned Tuna Giant Over Claims of Forced Labor*, N.Y. Times (Mar. 13, 2025), https://perma.cc/8WSH-7LGW.[4]  Given the allegations in the Complaint and the unlikelihood that the requested injunctive relief will address Plaintiffs' concerns, as stated below in Section II.C., this is understandable.  But this belies Plaintiffs' new allegations that they would work as commercial fishers again.  Additionally, Plaintiffs' "permanent" "physical injuries," which they allege require ongoing and "future" treatment, leave their capacity for commercial fishers' "physically demanding" work unclear.  Am. Compl. ¶¶ 11, 101-102, 144, 285.  And Plaintiffs have not alleged that they could in fact continue this work despite these injuries.  *See Doe I v. Apple Inc.*, 96 F.4th 403, 413 & n.3 (D.C. Cir. 2024) (no standing for injunctive relief where complaint does not say whether plaintiffs could continue work despite injuries).

### 2. *Plaintiffs' future injury relies on a highly attenuated chain of future events.*

Plaintiffs' future injury theory is also unduly speculative in another respect: it rests on a highly attenuated chain of hypothetical future events.  Relying on an

---

[4] Courts consider "matters of judicial notice," as well as documents attached to or incorporated by reference in the complaint, without converting the motion to dismiss into a motion for summary judgment. *Tinoco v. San Diego Gas & Electric Co.*, 327 F.R.D. 651, 655 n.1 (S.D. Cal. 2018) (Bashant, J.) (citation omitted).

Hogan Lovells US LLP
Attorneys At Law
Los Angeles

unnamed "industry expert,"[5] Plaintiffs say that manning agencies generally place Indonesian workers on Chinese or Taiwanese vessels, and "[a]pproximately half of the Bumble Bee FIP vessels are Chinese and half are Taiwanese." Am. Compl. ¶¶ 255-256. Plaintiffs do not allege that the FIPs themselves are representative of Bumble Bee's entire supply chain. Yet they nevertheless conclude that this means Bumble Bee necessarily purchases "the vast majority of albacore tuna" from Chinese and Taiwanese ships, and therefore Plaintiffs are statistically likely to work on vessels that supply Bumble Bee "at some point" in time. *Id.*

The Supreme Court and Ninth Circuit have repeatedly rejected similar standing theories. *See, e.g.*, *Summers v. Earth Island Inst.*, 555 U.S. 488, 497-500 (2009) (refusing to confer standing based on "statistical probability" and emphasizing the requirement of "imminent harm" rather than "a realistic threat that reoccurrence of the challenged activity would cause [the plaintiff] harm in the reasonably near future") (quotation marks omitted). A "threatened injury must be *certainly impending* to constitute injury in fact"—"allegations of *possible* future injury" based on a "highly attenuated chain of possibilities" are not sufficient. *Clapper*, 568 U.S. at 409-410 (finding that a mere "objectively reasonable likelihood" of injury is insufficient to confer standing); *see also, e.g.*, *International Partners for Ethical Care Inc. v. Ferguson*, 146 F.4th 841, 850-851 (9th Cir. 2025)

---

[5] Plaintiffs cannot rely on conclusory allegations from unnamed "industry expert[s]" that nearly all longliner fishing vessels eventually will catch tuna for Bumble Bee. Am. Compl. ¶ 256; *see Koehler v. Litehouse, Inc.*, No. 3:12-cv-04055, 2012 WL 6217635, at *3 (N.D. Cal. Dec. 13, 2012) (finding that allegations about what an expert "opined," "stated," or "conclude[d]" were conclusory "expert opinion[s]," rather than "statements of fact," and therefore striking those opinions from the complaint). Expert opinions referenced in a complaint are not afforded special deference at the motion to dismiss stage, and courts will dismiss those expert opinions if they are conclusory. *Nguyen v. Simpson Strong-Tie Co., Inc.*, No. 19-cv-07901, 2020 WL 5232563, at *5 (N.D. Cal. Sep. 2, 2020). Plaintiffs provide no facts to support these conclusions, nor even any information about who these unknown experts are. The Court should disregard these opinions accordingly.

Hogan Lovells US LLP
Attorneys At Law
Los Angeles

(rejecting argument that the plaintiffs had "standing to sue based on their likelihood of being injured in the future" and requiring a future injury that is "imminent" or "*certainly* impending"); *Wright v. Service Emps. Int'l Union Loc. 503*, 48 F.4th 1112, 1120 (9th Cir. 2022) (finding that plaintiff could not establish standing because her alleged injury "rests on a 'highly attenuated chain' of inferences in which independent actors must act in a certain manner" in order to injure her); *Munns v. Kerry*, 782 F.3d 402, 409-411 (9th Cir. 2015) (finding that "the chain of events that must occur for [plaintiff] to be injured … is on its face much too attenuated for the threatened injury to be certainly impending or to present a substantial risk of its occurrence").

For example, in *Munns*, the Ninth Circuit found that a former security services contractor lacked standing to seek prospective relief based on his fear of future injury if he were to obtain future private security work in Iraq.  782 F.3d at 409-411.  The Ninth Circuit noted a long, attenuated chain of events that would need to happen in order for the plaintiff to be injured: he would have to be hired as a security contractor, sent to Iraq to perform security services again, the State Department would have to reinstate a certain policy, and that policy would have to motivate someone to kidnap or otherwise harm the plaintiff.  *Id.* at 409-410.  The Court found that this chain of events was "much too attenuated for the threatened injury to be certainly impending" and the plaintiff therefore lacked standing to pursue this prospective relief.  *Id.* at 410-411.

Plaintiffs' allegations here are just as attenuated as in *Munns*.  Plaintiffs' "injury" depends on each of the following uncertain events taking place: (1) Plaintiffs must decide to work again as commercial fishers, despite their injuries and expressed aversion to doing so; (2) Plaintiffs will pursue that work through a third-party recruiting agency; (3) the recruiting agency will place Plaintiffs on longline vessels run by Chinese or Taiwanese companies, which Plaintiffs describe as the "most likely" (but not the only possible) placement, Am. Compl. ¶ 255; (4) the vessels that

1  Plaintiffs are placed on will supply tuna to FCF "at some point," rather than other

2  companies, *id.* ¶ 256; (5) those vessels will supply to FCF at a point in time when

3  Plaintiffs are employed on those vessels, instead of "at some point" in the past or

4  future when Plaintiffs are *not* working on the vessels, *id.*; and (6) FCF will supply

5  this tuna to Bumble Bee, even though Plaintiffs elsewhere admit that Bumble Bee

6  does not source all of its tuna from FCF, *id.* ¶¶ 83, 151, and do not allege that FCF

7  sells its tuna only to Bumble Bee.

8      Any "alleged danger" to Plaintiffs in this speculative framework "is not

9  imminent because an unpredictable chain of hypothetical events stands in the way."

10  *Alexandre v. Amazon.com, Inc.*, No. 3:22- cv-01459, 2024 WL 2445705, at *5 (S.D.

11  Cal. May 23, 2024).  If just one of the highly speculative items in this chain does not

12  happen in the exact right way, the house of cards making up Plaintiffs' future "injury"

13  from Bumble Bee's conduct falls apart.  *Cf. Los Angeles Press Club v. City of Los

14  Angeles*, No. 2:25-cv-05423, 2025 WL 2640421, at *10 (C.D. Cal. Sep. 10, 2025)

15  (finding standing where future injury did not turn on a "string of contingencies")

16  (citation omitted).  This falls well short of the required test for establishing standing.

17  *Munns*, 782 F.3d at 411.

18      **3.    Plaintiffs' alternative theory of injury fails for similar reasons.**

19      Plaintiffs also gesture at a second possible theory of injury: their choice to

20  forgo employment out of fear they will be subjected to forced labor again.  *See* Am.

21  Compl. ¶¶ 257-258.  To the extent this is a separate theory, it rests on the same

22  speculative chain of hypothetical future possibilities and thus fails for the same

23  reason—plus one more: the Supreme Court and Ninth Circuit have repeatedly

24  rejected plaintiffs' attempts to "manufacture standing merely by inflicting harm on

25  themselves based on their fears of hypothetical future harm that is not certainly

26  impending."  *International Partners for Ethical Care Inc.*, 146 F.4th at 850-851

27  (citations omitted); *see, e.g.*, *Clapper*, 568 U.S. at 416 (rejecting alternative theory

28  of ongoing injuries consisting of plaintiffs resorting to preventative measures to

protect themselves from future harm); *Twitter, Inc. v. Paxton*, 56 F.4th 1170, 1176 (9th Cir. 2022) (finding that plaintiff lacked standing because the injuries it suffered were voluntarily "taken in response to" the challenged action); *Munns*, 782 F.3d at 409-411 (rejecting plaintiff's "alternative theory of injury" that he was deterred from seeking future employment because of prior injury as "too speculative to confer standing").

Plaintiffs vaguely and conclusorily allege that they "do not believe they are able to safely return to sea," and have therefore chosen to forgo "employment as a result of Bumble Bee's conduct."  Am. Compl. ¶¶ 257-258; *see* ECF No. 29 at 4-5 (rejecting similarly vague and conclusory allegation that Bumble Bee's actions were "prevent[ing] Plaintiffs from earning a safe and adequate living as distant-water fishermen" as insufficient to show Article III injury).  But even if that allegation were well-pleaded, Plaintiffs' voluntary actions do not constitute an injury for standing purposes.  Were it otherwise, plaintiffs in cases of all stripes could manufacture standing to seek injunctive relief simply by declining to take certain actions, and then blaming defendants for those decisions.  Article III does not stretch so far.

### B.    Plaintiffs Cannot Demonstrate Causation.

Plaintiffs further lack standing for the independent reason that they cannot demonstrate that any potential injury would be caused by Bumble Bee, rather than by third parties.  To show causation, Plaintiffs must allege that their injuries are "fairly traceable" to Defendant's conduct and "not the result of the independent action of some third party not before the court."  *Winsor v. Sequoia Benefits & Ins. Servs., Inc.*, 62 F.4th 517, 525 (9th Cir. 2023) (citations omitted).  For that reason, "where a chain of causation involves numerous third parties whose independent decisions collectively have a significant effect on plaintiffs' injuries, the Supreme Court and [the Ninth Circuit] have found the causal chain too weak to support standing at the pleading stage."  *Nasco Petroleum, L.L.C. v. City of Los Angeles*, No.

2:23-cv-00884, 2023 WL 8937614, at *10 (C.D. Cal. Nov. 8, 2023) (citation omitted).

So too here.  Plaintiffs allege that they will be subjected to forced labor and physically harmed if they return to commercial fishing.  Am. Compl. ¶¶ 254, 257.  But *Bumble Bee* is not the cause of that alleged injury.  According to the Amended Complaint, the forced labor and bodily injury that Plaintiffs allege occurred at the hands of the vessel captains, *see, e.g., id.* ¶¶ 5, 8-11, 100-106, 116-118, 127-130, 138-143, and the recruitment agencies that placed Plaintiffs on those vessels, *see, e.g., id.* ¶¶ 97, 107-111, 122-124, 132-133.  These third parties' "independent decisions collectively have a significant effect on plaintiffs' injuries" and the "causal chain [is therefore] too weak to support standing."  *Nasco Petroleum*, 2023 WL 8937614, at *10.

As discussed above, Plaintiffs' other theory underlying their injunctive relief claim is that Bumble Bee's conduct continues to harm them by limiting their employment opportunities, and that they have "foregone employment as a result of Bumble Bee's conduct."  Am. Compl. ¶¶ 252, 258.  However, Plaintiffs do not allege that there is no work they can do in another industry.  They describe the commercial fishing industry in Indonesia as "an important and lucrative sector" of the economy and "one of the few avenues that can provide wages sufficient to support a family."  *Id.* ¶ 253.  But Plaintiffs have not alleged that there is no work in other sectors that they could perform.  They also have not alleged how or why Bumble Bee's conduct has created such limited job opportunities for them in their region, or how Bumble Bee in particular has limited their employment opportunities.  Nor can they.  There is no allegation that Bumble Bee has prevented Plaintiffs from seeking other work or prevented them from seeking work as commercial fishers.  And Plaintiffs further allege that other companies have taken steps they deem sufficient to prevent them from suffering similar harms in the future.  *See id.* ¶¶ 240, 243, 244, 260.  Plaintiffs have not alleged how their lack of economic opportunities is "fairly traceable" to

1   Defendant's conduct, nor could they.  Instead, this is "the result of the independent

2   action" of other entities "not before the court."  *Winsor*, 62 F.4th at 525.  The

3   Amended Complaint thus cannot support a finding of causation for standing

4   purposes.

5           **C.      Plaintiffs Cannot Demonstrate Redressability.**

6           For these same reasons, Plaintiffs have not sufficiently alleged that their injury

7   "would likely be redressed by judicial relief."  *Bakay v. Apple Inc.*, No. 24-5314,

8   2025 WL 3012822, at *1 (9th Cir. Oct. 28, 2025) (citation omitted).  Courts are

9   "reluctant to endorse standing theories that require guesswork as to how independent

10  decisionmakers not before the court will exercise their judgment."  *Id.*  Yet that is

11  precisely what Plaintiffs' claim relies on.  To prevent Plaintiffs from suffering similar

12  injuries on fishing vessels in the future, numerous third parties not before the Court

13  would have to change their conduct: the fishing vessel captains and crew that

14  Plaintiffs allege physically abused them, the recruitment agencies that Plaintiffs

15  contend are responsible for unfair contracts, the owners of the vessels on which

16  Plaintiffs worked, FCF, and other tuna companies in the market.  Each of these

17  entities stand between Bumble Bee and Plaintiffs' alleged injuries.  And none of these

18  entities are subject to the Court's jurisdiction or are parties to this case, and they

19  would therefore not be bound by the injunction Plaintiffs seek.  *See, e.g.*, *Murthy*,

20  603 U.S. at 73-74 (finding that the proposed injunctive relief could not redress

21  plaintiffs' injuries because the relevant entities were "not parties to the suit, and there

22  is no reason they should be obliged to honor an incidental legal determination the suit

23  produced"); *Glanton ex rel. ALCOA Prescription Drug Plan v. AdvancePCS Inc.*,

24  465 F.3d 1123, 1125 (9th Cir. 2006) ("There is no redressability, and thus no

25  standing, where (as is the case here) any prospective benefits depend on an

26  independent actor who retains 'broad and legitimate discretion the courts cannot

27  presume either to control or to predict.' ") (citation omitted); *de Cristo Cano v. Biden*,

28  598 F. Supp. 3d 921, 925 (S.D. Cal. 2022) (finding that plaintiffs lacked standing in

HOGAN LOVELLS US LLP
ATTORNEYS AT LAW
LOS ANGELES

1  a case involving loss of employment because the court could not obligate plaintiffs'

2  former employers, which were not named defendants, to rehire the plaintiffs).  Nor

3  would the injunctive relief reach any other facet of the multi-actor longliner fishing

4  industry, which Plaintiffs allege suffers from a longstanding "pattern of endemic

5  forced labor."  Am. Compl. ¶ 63.

6      In addition, there is no reason to believe that an injunction against *Bumble Bee*

7  would necessarily obligate these independent vessel owners and operators,

8  recruitment agencies, FCF, or other tuna companies in the market to alter their labor

9  practices.  Plaintiffs allege that banning certain practices on "vessels in [Bumble

10 Bee's] supply chain" would have a sufficient trickle-down effect.  *Id.* ¶ 261.  But

11 Bumble Bee already requires many of these actions through its existing supplier

12 policies, including that suppliers may not require workers to pay "recruitment fees";

13 that suppliers must comply with "all applicable minimum wage, maximum hours,

14 and overtime laws and regulations"; that suppliers may not provide Bumble Bee

15 "with any products that were obtained or produced with the use of forced labor."

16 Bumble Bee Seafood Company, *Supplier Code of Conduct* (July 1, 2025),

17 https://perma.cc/E8ZX-2TVS; *see also* Greenpeace, *Fake My Catch* 19 (Sep. 2022),

18 https://perma.cc/63GH-6HBV (cited at Am. Compl. ¶¶ 93, 241) (discussing similar

19 aspects of Bumble Bee's 2021 Supplier Code of Conduct).

20     For all these reasons, Plaintiffs have not demonstrated any likelihood that their

21 requested injunctive relief will redress their injuries, and thus they have no standing.

22 *See Glanton*, 465 F.3d at 1125.

23                          **CONCLUSION**

24     Plaintiffs' injunctive relief claim should again be dismissed.

25

26

27

28

1

2 Dated:  December 22, 2025

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

HOGAN LOVELLS US LLP

By:    */s/ Vassi Iliadis*
      Vassi Iliadis

      *Counsel for Defendant*
      Bumble Bee Foods, LLC

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
LOS ANGELES

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
Case No. 3:25-cv-00583-BAS-DEB