Agnieszka M. Fryszman [DC Bar No. 459208]
*pro hac vice*
Nicholas J. Jacques [DC Bar No. 1673121]
*pro hac vice*
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Ave. NW, Suite 800
Washington, DC 20005
202-408-4600

Paul L. Hoffman [CA Bar No. 071244]
**SCHONBRUN SEPLOW HARRIS
HOFFMAN & ZELDES, LLP**
200 Pier Ave., Suite 226
Hermosa Beach, CA 90254
424-297-0114

*Attorneys for Plaintiffs*

*[Additional Counsel Continued on Next Page]*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Akhmad; Angga; Muhammad Sahrudin; and Muhammad Syafi'i,<br><br>Plaintiff,<br><br>v.<br><br>BUMBLE BEE FOODS, LLC<br>280 10th Avenue,<br>San Diego, CA 92101<br><br>Defendant. | Case No.: 3:25-cv-00583-BAS-DEB<br><br>**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**<br><br>*[NO ORAL ARGUMENT UNLESS ORDERED BY THE COURT]*<br><br>Judge: The Honorable Cynthia Bashant<br><br>Action Filed: March 12, 2025 |

1

*[Additional Counsel Cont. from previous page]*

2   Helen I. Zeldes [CA Bar No. 220051]
    **SCHONBRUN SEPLOW HARRIS**
3   **HOFFMAN & ZELDES, LLP**
    501 W. Broadway, Suite 800
4   San Diego, CA 92101
    619-400-4990
5

6   Marco Simons [CA Bar No. 237314]
    Asia Arminio |DC Bar No. 996077|
    *pro hac vice*
7   **GREENPEACE, INC.**
    1300 Eye Street NW, Suite 1100
8   Washington, DC 20005
    202-462-1177
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# <u>TABLE OF CONTENTS</u>

LEGAL STANDARD ......................................................................................................2

BACKGROUND ............................................................................................................2

ARGUMENT .................................................................................................................5

I.     PLAINTIFFS HAVE STANDING TO SEEK INJUNCTIVE RELIEF ........5

      A.     The First Amended Complaint remedies the narrow defect identified by the Court ........5

      B.     Plaintiffs allege an ongoing injury in fact...........................................8

            1.     Plaintiffs suffer from an ongoing loss of economic opportunity........8

            2.     Plaintiffs need not risk revictimization to demonstrate their ongoing economic injury........11

      C.     As the Court has already found, Plaintiffs alleged a causal link between Bumble Bee's negligence and their harm............................13

      D.     Plaintiffs adequately allege that their injury is redressable ...............15

II.     PLAINTIFFS ADEQUATELY ALLEGE THE PREREQUISITES FOR INJUNCTIVE RELIEF ........17

      A.     Bumble Bee's arguments are not properly addressed on a Rule 12(b)(6) motion ........17

      B.     Plaintiffs allege ongoing harms that might not be fully redressable through money damages ........18

CONCLUSION ............................................................................................................20

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allergan Inc. v. Cayman Chem. Co*,
    No. 07-cv-1316, 2009 WL 8591844 (C.D. Cal. Apr. 9, 2009)...........................19

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)...........................................................................................2

*Aviara Parkway Farms, Inc. v. Agropecuaria La Finca, S.P.R. de R.L.*,
    No. 08-cv-2301, 2009 WL 249790 (S.D. Cal. Feb. 2, 2009) ...........................19

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007).............................................................................................2

*Blumenthal Distrib., Inc. v. Comoch Inc.*,
    652 F. Supp. 3d 1117 (C.D. Cal. 2023) ............................................................19

*Bodnar v. Cnty. of Riverside*,
    No. 17-cv-1463, 2019 WL 1877602 (C.D. Cal. Mar. 28, 2019) .......................17

*Century 21 Real Estate Corp. v. Sandlin*,
    846 F.2d 1175 (9th Cir. 1988) ..........................................................................19

*City of L.A. v. Lyons*,
    461 U.S. 95 (1983)..............................................................................................10

*Clapper v. Amnesty International USA*,
    568 U.S. 398 (2013)...............................................................................11, 12, 13

*Clark v. City of Lakewood*,
    259 F.3d 996 (9th Cir. 2001) ...................................................................*passim*

*Davidson v. Kimberly-Clark Corp.*,
    889 F.3d 956 (9th Cir. 2018) ..................................................................11, 12, 13

*Doe 1 v. Apple Inc.*,
    96 F.4th 403 (D.C. Cir. 2024)..............................................................................8

*Elias v. Navasartian*,
    No. 115-cv-1567, 2017 WL 1013122 (E.D. Cal. Feb. 17, 2017) .......................17

*Eminence Cap., LLC v. Aspeon, Inc.*,
  316 F.3d 1048 (9th Cir. 2003) .................................................................19

*Franklin v. Scribner*,
  No. 09-cv-1067, 2011 WL 1311743 (S.D. Cal. Apr. 4, 2011) ...........................17

*Fratus v. Mazyck*,
  No. 2:16-cv-76, 2017 WL 531842 (E.D. Cal. Feb. 7, 2017)...............................17

*Friends of Frederick Seig Grove # 94 v. Sonoma Cnty. Water Agency*, 124
  F.Supp.2d 1161, 1172 (N.D. Cal. 2000)............................................................17

*Fussell v. Sun Vista RV Resort LLC*,
  No. 24-cv-03414, 2025 WL 2161491 (D. Ariz. July 29, 2025) .........................17

*Guthrie v. Transamerica Life Ins. Co.*,
  561 F. Supp. 3d 869 (N.D. Cal. 2021)...............................................................18

*Huynh v. Northbay Med. Ctr.*,
  No. 2:17-cv-2039, 2018 WL 4583393 (E.D. Cal. Sept. 25, 2018).....................17

*International Partners for Ethical Care Inc. v. Ferguson*,
  146 F.4th 841 (9th Cir. 2025) .....................................................................11, 12

*Janvey v. Alguire*,
  647 F.3d 585 (5th Cir. 2011) ..............................................................................18

*Johnson-Jack v. Health-Ade LLC*,
  587 F. Supp. 3d 957 (N.D. Cal. 2022)...............................................................19

*Larez v. L.A.*,
  946 F.2d 630 (9th Cir. 1991) ................................................................................7

*Maya v. Centex Corp.*,
  658 F.3d 1060 (9th Cir. 2011) ..............................................................................2

*Mendia v. Garcia*,
  768 F.3d 1009 (9th Cir. 2014) .....................................................................13, 14

*Mont. Shooting Sports Ass'n v. Holder*,
  727 F.3d 975 (9th Cir. 2013) .........................................................................9, 15

*Munns v. Kerry*,
  782 F.3d 402 (9th Cir. 2015) ..............................................................................12

*Nat'l Audubon Soc'y, Inc. v. Davis*,
307 F.3d 835 (9th Cir), *amended in other respects*, 312 F.3d 416 (9th Cir.
2002) ..................................................................................................*passim*

*Peace Ranch, LLC v. Bonta*,
93 F.4th 482 (9th Cir. 2024) ................................................................2, 6, 7, 8

*Quidel Corp. v. Siemens Med. Sols. USA, Inc.*,
No. 16-cv-3059, 2020 WL 4747724 (S.D. Cal. Aug. 17, 2020) (Bashant,
J.)......................................................................................................................18

*Scheibe v. Livwell Products, LLC*,
No. 3:23-cv-00216, 2023 WL 4414580 (S.D. Cal. July 7, 2023) ...............18, 19

*Schroeder v. United States*,
569 F.3d 956 (9th Cir. 2009) ............................................................................18

*Skyline Wesleyan Church v. Cal. Dep't of Managed Health Care*,
968 F.3d 738 (9th Cir. 2020) .....................................................................*passim*

*Twitter, Inc. v. Paxton*,
56 F.4th 1170 (9th Cir. 2022) ............................................................................12

*U.S. v. King County*,
122 F.4th 740 (9th Cir. 2024) .....................................................................13, 14

*Villa v. Maricopa County*,
865 F.3d 1224 (9th Cir. 2017) .............................................................................5

*Walcoff v. Innofoods USA, Inc.*,
No. 22-cv-1485, 2023 WL 3262940 (S.D. Cal. May 4, 2023).............................2

*Whiteside v. Chosen Foods, LLC*,
796 F. Supp. 3d 667 (S.D. Cal. 2025)..................................................................7

*Zepeda v. Tate*,
No. 1:07-cv-0982, 2010 WL 4977596 (E.D. Cal. Dec. 2, 2010) ......................17

**Other Authorities**

11A Mary Kay Kane & Alexandra D. Lahav, Federal Practice and Procedure
(Wright & Miller) § 2944 & n.17 (3d ed. 2025 update)....................................19

Sui-Lee Wee & Muktita Suhartono, *Indonesian Fishermen Sue U.S. Canned Tuna Giant Over Claims of Forced Labor,* N.Y ...................................................7

1
2
3
4
5
6
7
8
9
10
11
12
13

In its November 12, 2025, Order, the Court identified a narrow defect in Plaintiffs' original complaint that precluded the Court from exercising subject-matter jurisdiction over Plaintiffs' request for injunctive relief. The Court held that because "Plaintiffs have not 'specifically allege[d] they would seek similar jobs in the future if Bumble Bee [changed its] policies,'" they failed to support their allegation that Defendants' negligence continues to cause them harm. ECF No. 29, Order Granting in Part, Denying in Part Def.'s Mot. to Dismiss, at 5:2-7 (alterations in original) (quoting ECF No. 23 at 30:26–27, 27 at 14:20–21). Plaintiffs' First Amended Complaint directly addresses the lone defect the Court identified. Plaintiffs now allege that they would "work again in distant-water fishing if Bumble Bee was ordered to" adopt certain specified measures that would bring their policies and practices in line with international industry standards. ECF No. 33, 1st Am. Compl., at ¶ 261. Plaintiffs support this allegation with additional factual details about local conditions and Bumble Bee's impact on the local fishing industry. *Id.* ¶¶ 252-59.

14
15
16
17
18
19
20
21

Bumble Bee largely ignores the narrowness of the Court's Order and that Plaintiffs' new allegations respond directly to the Court's Order. Instead, Bumble Bee argues that Plaintiffs must put themselves in harm's way and at risk of being trapped yet again in forced labor at sea in order to seek redress for their ongoing economic injuries. This is not the law. To the contrary, ample caselaw demonstrates that a plaintiff who foregoes economic activity to avoid future harm has standing to seek injunctive relief. That Plaintiffs have already once suffered the harm they currently seek to avoid suffering again reinforces that they have standing to seek injunctive relief.

22
23
24
25
26

Bumble Bee's separate argument under Federal Rule 12(b)(6) that Plaintiffs have an adequate remedy at law is both premature and incorrect. Absent injunctive relief, Plaintiffs would require compensation for lost future income for the remainder of their working lives. Where, as here, future damages could prove too difficult to measure to fully compensate the plaintiff's loss, injunctive relief is an appropriate remedy.

27
28

## LEGAL STANDARD

On a Rule 12(b)(1) motion that asserts a lack of standing, the court limits its analysis to the allegations in the complaint, which it accepts as true. *Peace Ranch, LLC v. Bonta*, 93 F.4th 482, 487-88 (9th Cir. 2024). Although a plaintiff may not rely on a "bare legal conclusion," to survive a Rule 12(b)(1) motion to dismiss, standing allegations need not meet the plausibility standards established for Rule 12(b)(6) motions in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *Maya v. Centex Corp.*, 658 F.3d 1060, 1068 (9th Cir. 2011). "[G]eneral factual allegations of injury resulting from the defendant's conduct may suffice." *Id.* (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. at 561).

Bumble Bee asserts that a facial attack on standing "is governed by the same basic plausibility standard as a Rule 12(b)(6) motion." ECF No. 39-1, Mem. of Points & Auth. in Support of Bumble Bee's Mot. to Dismiss Pls.' Am. Compl., at 3. The Ninth Circuit held precisely the opposite in *Maya. See* 658 F.3d at 1067-68 ("*Twombly* and *Iqbal* are ill-suited to application in the constitutional standing context. . . ."). The sole district court case Bumble Bee cites does not hold otherwise, nor could it overturn *Maya. See Walcoff v. Innofoods USA, Inc.*, No. 22-cv-1485, 2023 WL 3262940, at *2 (S.D. Cal. May 4, 2023) (explaining that a court assesses a facial attack on standing by "[a]ccepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor").

On a Rule 12(b)(6) motion, a complaint need only contain enough facts to state a claim that is plausible on its face. *Twombly*, 550 U.S. at 570 (2007). In deciding a Rule 12(b)(6) motion to dismiss, a court must accept plaintiffs' factual allegations as true and draw all reasonable inferences in plaintiffs' favor. *Iqbal*, 556 U.S. at 678.

## BACKGROUND

Plaintiffs are four Indonesian men who allege they were forced to labor on vessels supplying Bumble Bee with albacore tuna for sale in the United States. ECF No. 33 at ¶¶ 96-146, 198-238. Plaintiffs filed their initial complaint on March 12, 2025, asserting claims against Bumble Bee under the Trafficking Victims Protection Reauthorization Act,

18 U.S.C. §§ 1589(b) and 1955, and California common-law negligence because Bumble Bee knowingly benefitted from participation in a venture with the vessel owners and because Bumble Bee's policies and practices created the risk that Plaintiffs would be abused on vessels in its supply fleet. *See generally* ECF No. 1, Compl., ¶¶ 252-290.

As a remedy for their negligence claim, Plaintiffs seek injunctive relief requiring Bumble Bee to adopt certain specified reforms to reduce the risk that Plaintiffs will be reinjured if they again seek employment on a vessel in Bumble Bee's supply fleet. ECF No. 33 ¶ 288. For example, Plaintiffs seek an order requiring Bumble to "implement, monitor (reporting the result), and enforce effective policies that . . . [e]nsure all workers are paid in full at last monthly," "[e]nsure its venture partners provide that vessels return to port every three months," and "[e]nsure its venture partners provide fishers ten minimum rest hours in any 24-hour period." *Id.*

Bumble Bee moved to dismiss Plaintiffs' original complaint in full. As relevant here, Bumble Bee argued that the Court lacked subject-matter jurisdiction under Article III to hear Plaintiffs' claims for injunctive relief because they failed to allege ongoing harm. ECF No. 22-1, Mem. Of Points & Auths. in Support of Bumble Bee's Mot. to Dismiss Pls.' Comp., at 8:12-10:14. In response, Plaintiffs pointed to allegations that they are from rural Indonesia where economic opportunity is limited, which drove them to take the jobs on Bumble Bee's supply vessels in the first place. ECF No. 23 at 21:22-28. Plaintiffs acknowledged that they had not "specifically allege[d] that they would seek similar jobs in the future" if Bumble Bee were required to change its policies but stated that they could and would add such an allegation if necessary. *Id.* at 21:24-28.

On November 12, 2025, the Court denied Bumble Bee's motion to dismiss almost in its entirety, though it dismissed Plaintiffs' requests for injunctive relief for lack of standing. ECF No. 29, Order Granting in Part, Denying in Part Def.'s Mot. to Dismiss, at 24:26-25:4. In doing so, the Court agreed with Bumble Bee that Plaintiffs had not sufficiently alleged a continuing harm, specifically quoting Plaintiffs' concession that they had failed to plead they would seek employment as fishermen in the future if Bumble Bee

changed its policies. Specifically, the Court held:

> As Defendant points out, Plaintiffs have not "specifically allege[d] they would seek similar jobs in the future if Bumble Bee [changed its] policies." Thus, without more, the statement that Plaintiffs "continue to suffer harm" is precisely the type of bare assertion and conclusory statement that the Supreme Court has held insufficient to survive a motion to dismiss.

*Id.* at 5:2-7 (first quoting ECF No. 23, Pls.' Mem. In Opp, to Def.'s Mot. to Dismiss, at 30:26-27; then quoting ECF No. 1, Compl., at ¶ 262) (citation modified). The Court granted Plaintiffs leave to amend their request for injunctive relief by December 3, 2025. ECF No. 29 at 25:2-4.

On December 3, 2025, Plaintiffs filed a First Amended Complaint specifically addressing the narrow defect the Court identified in their claim for injunctive relief. Plaintiffs added the exact allegation that the Court found to be missing from Plaintiffs' initial complaint: "Plaintiffs would [] work again in distant-water fishing if Bumble Bee was ordered to" adopt specified reforms to reduce the risk of forced labor on its supply vessels. ECF No. 33 ¶ 261. Plaintiffs also added additional allegations demonstrating that Bumble Bee's negligence was causing them to suffer ongoing harm. Plaintiffs allege that for men with less than a high school education in Plaintiffs' regions of Indonesia, "work in the commercial fishing industry is one of the few avenues that can provide wages sufficient to support a family." *Id.* ¶ 253. Plaintiffs allege that they would each "seek to take advantage of these opportunities again but each one fears that if he signed up to work in commercial fishing again he would suffer the same injuries and be trapped in forced labor." *Id.* ¶ 254. Plaintiffs also allege that given their experience on longline vessels, if they sought commercial fishing work again, they would "most likely be placed by recruiting agents on longline vessels in the Chinese or Taiwanese fleet." *Id.* ¶ 255. Given Bumble Bee's size and influence in the industry, Plaintiffs allege this would almost certainly put them back on a vessel in Bumble Bee's supply chain. *Id.* ¶ 256. Accordingly, Plaintiffs allege that they have forgone employment because Bumble Bee's practices cause an

1    intolerable risk that they will be revictimized, though they would seek employment in

2    commercial fishing if Bumble Bee reformed its practices. *Id.* ¶¶ 257-61.

3                                      **ARGUMENT**

4    **I.    PLAINTIFFS HAVE STANDING TO SEEK INJUNCTIVE RELIEF**

5            To establish Article III standing, "a plaintiff must show he has suffered an injury in

6    fact, that the injury is traceable to the challenged action of the defendant and that the injury

7    can be redressed by a favorable decision." *Clark v. City of Lakewood*, 259 F.3d 996, 1006

8    (9th Cir. 2001). A plaintiff seeking injunctive relief may establish standing by alleging one

9    of two alternatives: "either 'continuing, present adverse effects' due to her exposure to

10   Defendants' past illegal conduct, or 'a sufficient likelihood that [s]he will again be wronged

11   in a similar way.'" *Villa v. Maricopa County*, 865 F.3d 1224, 1229 (9th Cir. 2017)

12   (citations omitted) (alteration in original) (first quoting *O'Shea v. Littleton*, 414 U.S. 488,

13   495–96, (1974), then quoting *City of L.A. v. Lyons*, 461 U.S. 95, 111 (1983)).

14           The First Amended Complaint establishes Plaintiffs' standing to seek injunctive

15   relief because Plaintiffs are suffering an ongoing injury in fact that is traceable to Bumble

16   Bee's practices and redressable by the injunctive relief Plaintiffs request. Plaintiffs allege

17   that as a result of Bumble Bee's policies and practices, they must choose between the

18   substantial risk they will be revictimized or foregoing potentially lucrative employment

19   that they would engage in absent the risk. Their loss of economic opportunity is an ongoing

20   adverse effect of Bumble Bee's conduct. Plaintiffs have foregone employment due to

21   Bumble Bee's practices and will reasonably continue to forego such employment until

22   Bumble Bee makes (or is ordered to make) adequate reforms. Their loss of economic

23   opportunity is a sufficient injury. *See, e.g.*, *Nat'l Audubon Soc'y, Inc. v. Davis*, 307 F.3d

24   835, 855 (9th Cir), *amended in other respects*, 312 F.3d 416 (9th Cir. 2002).

25           A.  The First Amended Complaint remedies the narrow defect identified by the

26               Court

27           The Court previously assessed Plaintiffs' standing to seek injunctive relief as

28   pleaded in their initial complaint and identified a single, narrow gap in their pleadings:

Plaintiffs had failed support their allegations that Bumble Bee's practices were causing them ongoing harm because they did not specifically allege that they would seek future employment as fishermen if Bumble Bee changed their practices. The First Amended Complaint adds exactly the allegation the Court found to be missing. Plaintiffs now allege that they each "would [] work again in distant-water fishing if Bumble Bee was ordered to" adopt the measures Plaintiffs propose. ECF No. 33 ¶ 261.[1]

Although Plaintiffs' failure to include such an allegation in their initial complaint was the Court's sole basis for dismissing Plaintiffs' claims for injunctive relief, Bumble Bee glosses over the Court's reasoning. Bumble Bee instead argues that to show standing, Plaintiffs must either be currently subjected to forced labor or have concrete plans to work as fishermen *regardless* of whether Bumble Bee changed its policies. ECF No. 39-1 at 7. As discussed below, Plaintiffs need not heedlessly expose themselves to such physical harm to establish standing. But in any event, Bumble Bee ignores the Court's order, which directed Plaintiffs to allege "they would seek similar jobs in the future ***if Bumble Bee [changed its] policies***." ECF No. 29 at 5:3-4 (emphasis added) (alteration in original) (quoting ECF No. 23 at 30:26–27). Bumble Bee does not so much as acknowledge the language in the Court's order, never mind ask the Court to reconsider its order or explain why it believes the Court erred.

Improperly citing a news article, Bumble Bee argues that the Court should simply decline to credit Plaintiffs' allegations because, it says, one of the Plaintiffs indicated a reluctance to work on a ship "ever again." ECF No. 39-1 at 8. Where, as here, a defendant challenges subject-matter jurisdiction based on the sufficiency of the allegations in the complaint, the court is limited to reviewing the four corners of the complaint. *See Peace Ranch*, 93 F.4th at 488. Bumble Bee asserts in a footnote that the court can consider matters subject to judicial notice and documents attached to or incorporated into the complaint, but

---

[1] Plaintiffs also added supporting factual allegations regarding local economic conditions and Bumble Bee's size and influence in the local commercial fishing industry. *Id.* ¶¶ 252-261.

it does not explain how the news article it cites fits within any of those categories. [2]

Regardless, Bumble Bee twists the single Plaintiff's reported statement out of context. A newspaper quoted Plaintiff Muhammad Syafi'i stating that, at the time of the interview, he did not "have the desire to work on a ship." Mr. Syafi'i did not say in the interview what he would do if Bumble Bee were ordered to change its practices, and he said nothing of the other Plaintiffs' present desires or future intentions. *See* Sui-Lee Wee & Muktita Suhartono, *Indonesian Fishermen Sue U.S. Canned Tuna Giant Over Claims of Forced Labor,* N.Y. Times (Mar. 13, 2025).[3] To the extent there is a factual dispute, the Court must resolve it in Plaintiffs' favor. *Peace Ranch*, 93 F.4th at 487-88. Moreover, Mr. Syafi'i's statement is consistent with Plaintiffs' allegations: each Plaintiff fears that if he worked in commercial fishing again he would again be trapped in forced labor. Plaintiffs alleged that they do not believe they can safely return to sea because Bumble Bee's size and influence in the tuna market means that its policies and practices have widespread impact on the East Asian fleets; the vast majority of Indonesian fishers work on Chinese vessels, where Plaintiffs would most likely be placed; those vessels supply Bumble Bee and follow Bumble Bee's policies; and Bumble Bee refuses to changes its policies and continues to rely on practices that contribute to forced labor. ECF No. 33 ¶¶ 254-261.

---

[2] While a court *might* "take judicial notice of the existence of news articles" – for example, where notice of its contents is at issue – Bumble Bee offers the article for the truth of the quotation, and "[c]ourts . . . do not take judicial notice of newspaper articles for the truth of the contents of the articles." *Whiteside v. Chosen Foods, LLC*, 796 F. Supp. 3d 667, 673 (S.D. Cal. 2025) (citation modified). Not only is such an article not subject to judicial notice such that the Court can consider it without converting Bumble Bee's motion to summary judgment, quotations within it would not even be admissible at the proof stage. *See, e.g.*, *Larez v. L.A.*, 946 F.2d 630, 642-44 (9th Cir. 1991) (news reporters' quotation of the statement of an opposing party "involve a serious hearsay problem," such that quotations in articles were inadmissible without "testimony from the reporters themselves").

[3] *Available at* https://www.nytimes.com/2025/03/13/world/asia/bumble-bee-tuna-forced-labor.html
[https://web.archive.org/web/20250408073033/https://www.nytimes.com/2025/03/13/world/asia/bumble-bee-tuna-forced-labor.html] .

Plaintiffs alleged that they would work again in distant water fishing if Bumble Bee was ordered to take the steps outlined in Paragraphs 261 and 288 of the Amended Complaint, steps Bumble Bee refuses to take. In any event, Mr. Syafi'i's reported comments would not affect the other three Plaintiffs' standing.

Likewise, Bumble Bee improperly asks the Court to infer that the Plaintiffs are incapable of future employment in commercial fishing because of the physical injuries they sustained on Bumble Bee's supply vessels. The First Amended Complaint does not allege that these injuries prevent Plaintiffs from working in the commercial fishing industry in the future. At this stage, the Court must credit their allegations that Plaintiffs would work in the commercial fishing industry if their requested reforms were made. *Peace Ranch*, 93 F.4th at 487-88. *Doe 1 v. Apple Inc.*, 96 F.4th 403 (D.C. Cir. 2024), is not to the contrary. Unlike the First Amended Complaint here, the plaintiffs there failed to allege anything about whether they would continue to work as miners. *See id.* at 413. The court mentioned their permanent injuries to highlight their silence on the matter, but it did not draw an inference against the plaintiffs, as Bumble Bee improperly urges the Court to do here. *Id.* at 413 & n.3.

Accordingly, in accordance with its prior order, the Court should find Plaintiffs have adequately established standing because the First Amended Complaint adds the exact language the Court previously found to be missing. But even putting the Court's prior order aside, the First Amendment Complaint adequately establishes standing for the reasons discussed below.

B. Plaintiffs allege an ongoing injury in fact

    1. Plaintiffs suffer from an ongoing loss of economic opportunity

Bumble Bee appears to argue that Plaintiffs do not allege an injury-in-fact because they will not seek future employment in the commercial fishing industry unless Bumble Bee is ordered to reform its practices. But Plaintiffs are already suffering an ongoing injury: the loss of one of the few economic opportunities available to them that can provide wages sufficient to support a family. ECF No. 31 ¶¶ 253-54. Ongoing loss of economic

opportunity for fear of harm is a sufficient injury in fact for injunctive standing. *See, e.g.*, *Mont. Shooting Sports Ass'n v. Holder*, 727 F.3d 975, 979 (9th Cir. 2013) ("Economic injury caused by a proscriptive statute is sufficient for standing to challenge that statute."); *Davis*, 307 F.3d at 855 ("[T]he core of the trappers' injuries is not a hypothetical risk of prosecution but rather actual, ongoing economic harm resulting from their cessation of trapping"); *Clark*, 259 F.3d at 1008 ("The claimed inability to operate his business (or continued daily losses if he reopened his business) is an injury in fact.").

   *Clark* is instructive here. In that case, the plaintiff closed an adult business he owned because new municipal regulations made it difficult for him to operate the business at a profit. *Clark*, 259 F.3d at 1003. The defendant moved to dismiss the plaintiff's request for injunctive relief on the grounds that the defendant had voluntarily closed the business, so he was no longer subject to the regulations. *Id.* at 1008. The Ninth Circuit concluded the plaintiff had standing because he had expressed an intent to reopen his business if the regulations were enjoined. *Id.* The Court reasoned that because a regulation directly requiring the defendant to close his business would be an injury in fact, the regulations' "*indirect* forced closing of [the defendant's] business by allegedly rendering it unprofitable" was equally an injury in fact. *Id.*

   Here, like in *Clark*, Plaintiffs have suffered an economic harm as a result of Bumble Bee's practices. Plaintiffs have chosen to forego employment as fishermen because of the risks to their safety and liberty and to the profitability of their work that Bumble Bee's practices create. As in *Clark*, Bumble Bee cannot defeat standing by claiming it has not *directly* prevented Plaintiffs from seeking employment as fishermen; it is enough that Bumble Bee's practices have led Plaintiffs to rationally elect not to seek future employment as fishermen unless and until Bumble Bee is ordered to reform its practices.

   For this same reason, Bumble Bee's arguments that Plaintiffs are not certain to be revictimized if they again sought employment in the commercial fishing industry is beside the point. In *Davis*, the Ninth Circuit clarified that the ongoing economic harm a plaintiff suffers when forced to cease economic activity is an injury in and of itself, regardless of

whether the harm the plaintiff fears is sufficiently certain to support standing on its own. 307 F.3d at 855. In that case, a group of commercial fur trappers sued to enjoin regulations that would have affected their trapping businesses. *Id.* at 845. The district court held the trappers lacked standing because they could not show a genuine threat of imminent prosecution under the regulations. *Id.* at 855. Reversing, the Ninth Circuit held that the "hypothetical risk of prosecution" was irrelevant to the question of injury in fact. *Id.* Rather, the injury in fact was the "actual, ongoing economic harm resulting from their cessation of trapping." *Id.* The court considered the threat of prosecution instead as part of the traceability analysis. *See id.* at 855. And under its traceability analysis, the court held that the trappers' economic injury was traceable to the challenged regulations because the plaintiffs' decision to refrain from trapping was "reasonable" based on an "expectation that [the regulations] might be enforced against them." *Id.*[4]

Here, as in *Davis*, the Plaintiffs' injury in fact is their "actual, ongoing economic harm resulting from their cessation of" employment in commercial fishing, not the threat that they will be revictimized if they worked in the industry again. *Id.* Accordingly, Plaintiffs need not show a likelihood that they will be imminently forced to work on a fishing vessel again. And as addressed further below, Plaintiffs' economic injury is traceable to Bumble Bee because they have reasonably refrained from work in commercial fishing based on their past experiences and expectation that, absent changes, they "might be" victimized again. *Id.*[5]

---

[4] Although not squarely stated, *Clark* is in accord. There, the Ninth Circuit did not require the defendant to prove that it would have been impossible for him to operate his business at a profit. It was enough that the regulations sufficiently harmed his profitability that he reasonably elected to close his business. *See Clark*, 259 F.3d at 1008.

[5] For the same reason, *City of Los Angeles v. Lyons*, 461 U.S. 95 (1983), has no bearing on the analysis. Plaintiffs do not premise their injury in fact solely on their past injuries, so they do not need to show "a sufficient likelihood that [they] will again be wronged in a similar way." *Id.* at 111.

2.  <u>Plaintiffs need not risk revictimization to demonstrate their ongoing economic injury</u>

Bumble Bee is also incorrect to suggest that Plaintiffs' economic harm is not injury in fact merely because Plaintiffs have chosen not to risk again suffering the horrific abuses that serve as the basis for this lawsuit. In this regard, Plaintiffs stand in the same position as the plaintiffs in *Clark*, *Davis*, and *Montana Shooting Sports*, who chose not to engage in economic activity out of a well-founded fear of harm if they did so. Similarly, in the consumer context, the Ninth Circuit has held that a consumer suffers an ongoing injury in fact if past false advertising makes the consumer reluctant to purchase the product again, "although she would like to." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 969-70 (9th Cir. 2018).

The cases Bumble Bee cites stand only for the proposition that "[p]urely 'self-inflicted injuries'" do not give rise to standing. *Skyline Wesleyan Church v. Cal. Dep't of Managed Health Care*, 968 F.3d 738, 748 (9th Cir. 2020). These cases are inapposite. In *Clapper v. Amnesty International USA*, 568 U.S. 398, 418 (2013), the Supreme Court held that a plaintiff cannot manufacture standing by choosing to incur costs in response to a "subjective fear." There, the plaintiffs argued that they suffered an injury because they took certain measures to avoid being surveilled under § 1881a of the Foreign Intelligence Surveillance Act of 1978, although they could not show that they had ever been, or would ever actually be, subject to surveillance under § 1881a. The Second Circuit had held that the plaintiffs' voluntary actions based on fear of surveillance could be an injury in fact, "so long as that fear is not 'fanciful, paranoid, or otherwise unreasonable.'" *Id.* at 416. The Supreme Court reversed, holding that the Second Circuit's "not 'fanciful, paranoid, or otherwise unreasonable'" standard "improperly water[ed] down" Article III's requirements by making it too easy for organizations to manufacture standing by incurring small costs. *Id.* That is not the case here. The allegations in the first amended complaint show that Plaintiffs' fear is objectively reasonable. ECF No. 33 at ¶¶ 96-146.

In *International Partners for Ethical Care Inc. v. Ferguson*, 146 F.4th 841 (9th Cir.

2025), none of the plaintiffs in that case were affected by the laws they challenged. *Id.* at 846-47. Rather, they voluntarily changed their behavior in ways the challenged laws did not mandate based on their subjective fear that a convoluted series of events could ensue and make them subject to the challenged regulations. Similarly, in *Munns v. Kerry*, 782 F.3d 402 (9th Cir. 2015), the plaintiff allegedly changed his behavior based on a subjective fear that the State Department could reinstate a past policy, which might then motivate Iraqi terrorists to retaliate by kidnapping American security contractors. *Id.* at 409-410.

International Partners* and *Munns* both involve straightforward applications of *Clapper*: the plaintiffs incurred purely voluntary injuries trying to avoid hypothetical harms that could only come to pass as a result of an attenuated string of uncertain events. *Twitter, Inc. v. Paxton*, 56 F.4th 1170 (9th Cir. 2022) is even further afield. There, because the challenged civil investigative demand was not self-enforcing and could have been safely ignored absent an enforcement action, which the defendant had yet to take, the plaintiff's alleged injury was entirely self-inflicted. *Id.* at 1176. In none of these cases did the plaintiffs act to avoid repetition of a serious harm to their physical safety that they had previously experienced, and in none of these cases did the Ninth Circuit did purport to abrogate *Clark*, *Davis*, *Montana Shooting Sports*, or *Davidson*.

Plaintiffs' injuries here are not "purely self-inflicted." *Skyline Wesleyan Church*, 968 F.3d at 748. They align with the actionable injuries in *Clark*, *Davis*, and *Montana Shooting Sports*. Plaintiffs' reluctance to seek work as commercial fishers absent their requested reforms is not based on speculative or hypothetical fear; it is based the very real abuses they suffered last time they worked in commercial fishing and the high likelihood they would be abused again. Over periods of months or more, each Plaintiff was subject to horrific physical abuse and violence, deprived of adequate food and medical care, forced to work for up to 124 hours per week, and were left with little to no pay for all their labor and suffering. ECF No. 33 ¶¶ 96-146. For example, Plaintiffs Angga and Syafi'i allege that they were so underfed they had to resort to eating the fish bait as food. *Id.* ¶ 115. Each Plaintiff was trapped and unable to escape from the forced labor. *Id.* ¶¶ 105, 117, 129, 142.

Plaintiffs allege that their ordeals were not aberrational. Rather, similar abuses of Indonesian fishers have long been documented, especially on the Chinese longliners that Bumble Bee heavily relies on to meet its demand for albacore tuna, which in turn rely heavily on Indonesian migrant labor. *Id.* ¶¶ 40-93, 255.

Plaintiffs' reluctance to risk repeating their experiences is not the sort of "subjective fear" discussed in *Clapper*. *Clapper* held that a fear that simply rises to the level of "[non]paranoid" or "[non]fanciful" fear is insufficient. Plaintiffs' fear is much more than that: *no* reasonable person in Plaintiffs' shoes would seek work again as fishers unless Bumble Bee were ordered to reform its practices, just like no reasonable person would operate a business at a loss (as in *Clark*) or take actions that could subject them to prosecution (as in *Davis* and *Montana Sport Shooting*). Bumble Bee itself concedes that "Plaintiffs allege horrible mistreatment." ECF No. 22-1 at 1. It is absurd to now assert that Plaintiffs must subject themselves again to the same treatment to establish standing for their ongoing economic injury. *See Davidson*, 889 F.3d at 969-70; *see also Skyline Wesleyan Church*, 968 F.3d at 748-49 ("It can hardly be said that Skyline caused its own injury when it has shown that, if it were to pursue any of the alternatives floated by the DMHC, it would remain worse off than it had been before the DMHC issued the Letters.").

Accordingly, under Ninth Circuit precedent, Plaintiffs' economic injury from their inability to safely seek work as fishers constitutes injury in fact.

C. <u>As the Court has already found, Plaintiffs alleged a causal link between Bumble Bee's negligence and their harm</u>

That Plaintiffs were directly abused by third parties does not, as Bumble Bee asserts, defeat traceability. To the contrary, "[t]raceability 'may be found even if there are multiple links in the chain connecting the defendant's unlawful conduct to the plaintiff's injury, and there's no requirement that the defendant's conduct comprise the last link in the chain.'" *U.S. v. King County*, 122 F.4th 740, 751 (9th Cir. 2024) (quoting *Mendia v. Garcia*, 768 F.3d 1009, 1012 (9th Cir. 2014)). "[W]hat matters is not the 'length of the chain of causation,' but rather the 'plausibility of the links that comprise the chain.'" *Mendia*,

768 F.3d at 1012-13 (quoting *Davis*, 307 F.3d at 849). When a third party directly caused a plaintiff's injury, the plaintiff need only show that the defendant's conduct "is at least a substantial factor motivating the third parties' actions." *Id.* at 1013 (quoting *Tozzi v. U.S. Dep't of Health & Human Servs.*, 271 F.3d 301, 308 (D.C. Cir. 2001)); *accord, e.g.*, *King County*, 122 F.4th at 751.

In previously finding that Bumble Bee owed Plaintiffs a duty of care, the Court has already concluded that Plaintiffs adequately alleged Bumble Bee controls the vessels in its supply chain. The Court concluded Plaintiffs adequately pleaded that Bumble Bee has a special relationship with Plaintiffs' direct abusers because it has an "ability to control [the abusers] such that 'if exercised, [it] would meaningfully reduce the risk of the harm.'" ECF No. 29 at 20:21-18-19, 21:18-19 (second alteration in original) (quoting *Brown v. USA Taekwondo*, 253 Cal. Rptr. 3d 708, 723 (2019)). In other words, the Court has already concluded Plaintiffs have adequately alleged that (1) Bumble Bee owed Plaintiffs an affirmative duty to protect them from abuses on its supply vessels; and (2) that Bumble Bee could have reduced the risk to Plaintiffs; but (3) Bumble Bee failed to reasonably exercise its control over the vessels to reduce that risk. It thus follows *a fortiori*, that Bumble Bee's negligent failure to reduce the risk to fishers on these vessels is a substantial motivating factor of Plaintiffs' injury. And as discussed above, Plaintiffs' fear of being abused if they worked in commercial fishing is well founded and their decision to forego such employment is the only reasonable option currently available to them, thus completing the chain of traceability under *Davis*. *See* 307 F.3d at 855.

Bumble Bee argues that the Plaintiffs' ongoing economic harm is not traceable to its conduct because Plaintiffs "have not alleged that there is no work in other sectors that they could perform." ECF 39-1 at 13:20-21. Bumble Bee is wrong both about what plaintiffs alleged and about the law. Bumble Bee cites no authority for its assertion that a plaintiff alleging ongoing economic injury must show he cannot earn a similar living performing other work, and *Clark*, *Davis*, and *Montana Shooting Sports* demonstrate the contrary. As discussed, in each of those cases the plaintiffs alleged they were denied an economic

opportunity. In each, the Ninth Circuit found standing without requiring the plaintiffs to show an absence of other, equivalent economic activities. *See Mont. Shooting Sports*, 727 F.3d at 989-81; *Davis*, 307 F.3d at 855-56; *Clark*, 259 F.3d at 1008.

And regardless, Plaintiffs alleged that commercial fishing is an important sector of the economy that provides employment opportunities for men in the regions of Indonesia where Plaintiffs reside. ECF No. 33 ¶ 253. Plaintiffs alleged even more specifically that "for men with less than a high school education," like Plaintiffs, "work in the commercial fishing industry is one of the few avenues that can provide wages sufficient to support a family." *Id.* It is reasonable to infer that, as experienced fishers, losing the ability to work in commercial fishing has financially harmed Plaintiffs and that other options are not equivalent.

### D. Plaintiffs adequately allege that their injury is redressable

To satisfy Article III's redressability requirement, a plaintiff need not "show 'a guarantee that [the plaintiff's] injuries will be redressed.'" *Skyline Wesleyan Church*, 968 F.3d at 749 (alteration in original) (quoting *Renee v. Duncan*, 686 F.3d 1002, 1013 (9th Cir. 2012)). The plaintiff instead need only "show that 'it is likely, as opposed to merely speculative, that [its] injury will be redressed by a favorable decision." *Id.* (alteration in original) (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 181 (2000)).

Bumble Bee's redressability argument mimics its traceability argument, and it fails for the same reason. Bumble Bee argues that Plaintiffs' injuries are not redressable because an injunction against it would not apply to Plaintiffs' direct abusers. But an injunction need not reach all third parties responsible for the plaintiff's injury to redress the injury. *See Skyline Wesleyan Church*, 968 F.3d at 749-50. Bumble Bee again ignores the Court's prior conclusion that Bumble Bee exercised sufficient control over these entities "such that 'if exercised, [it] would meaningfully reduce the risk of the harm that actually occurred.'" EF No. 29 at 20 (quoting *Brown*, 253 Cal.Rptr.3d at 723). As the Court found, Plaintiffs have adequately alleged that Bumble Bee (1) "set[] policies and procedures for the vessels in its

fleet through the FCF 'Social Responsibility Program,'" (2) "set and enforced policies and procedures that each vessel in its FIPs were required to follow"; (3) "sets out 'crew recruitment, wage and benefits, and health and safety policies and procedures' via its 'social responsibility program'"; (4) has "worked directly with the fleets and vessels that supply [Defendant] to review their operations and assist with capacity building"; and (5) "financed and implemented policies for Rongcheng vessels to obtain MSC certification via its FIPs." *Id.* at 21:19-22:1. The Court additionally concluded that Bumble Bee "can refuse to do business with" or "take other disciplinary actions against" the vessels in its supply fleet. *Id.* at 22:1-3.

At this stage of the proceedings, the reasonable inference is that at least a critical mass of vessels would choose to comply with the standards Bumble Bee is ordered to set instead of severing business ties with Bumble Bee. Plaintiffs alleged that "Bumble Bee's size and influence in the tuna market means that its policies and practices, including the standards it requires of its suppliers have widespread impact on East Asia's longliner fleets." ECF No. 33 at ¶ 256; *see also id.* ¶¶ 13, 147 (Bumble Bee's revenues exceed $1 billion and its tuna sales comprise 41% of the U.S. market share). Moreover, Plaintiffs have alleged that Bumble Bee's primary competitors have already taken many of the measures Plaintiffs urge here, meaning that vessels unwilling improve their human-rights standards would find themselves with little to no market for their catch.

Accordingly, at this stage it is reasonable to infer that an injunction requiring Bumble Bee to adopt Plaintiffs' requested policies would improve conditions on East Asia's longliner fleets such that Plaintiffs could seek gainful employment as commercial fishermen again. It is thus likely, and not speculative, that Plaintiffs' requested injunction would redress their ongoing injuries. *See Skyline Wesleyan Church*, 968 F.3d at 749-50 (finding it likely that if regulatory agency lifted challenged restrictions, third-party insurers would offer plaintiffs' desired health plan).

## II.    PLAINTIFFS ADEQUATELY ALLEGE THE PREREQUISITES FOR INJUNCTIVE RELIEF

Bumble Bee also moves to dismiss Plaintiffs' request for injunctive relief on the merits under Rule 12(b)(6). But a request for injunctive relief is not properly addressed in a Rule 12(b)(6) motion. In any event, Plaintiffs' allegations demonstrate their entitlement to injunctive relief.

### A. Bumble Bee's arguments are not properly addressed on a Rule 12(b)(6) motion

Bumble Bee's motion to dismiss Plaintiffs' request for injunctive relief on the merits is premature. Courts in the Ninth Circuit have found it inappropriate to address the merits of a request for injunctive relief at the motion to dismiss stage when the plaintiff does not move for a preliminary injunction or temporary restraining order. *See, e.g.*, *Fussell v. Sun Vista RV Resort LLC*, No. 24-cv-03414, 2025 WL 2161491, at *15 (D. Ariz. July 29, 2025); *Fratus v. Mazyck*, No. 2:16-cv-76, 2017 WL 531842, at *4 (E.D. Cal. Feb. 7, 2017); *Franklin v. Scribner*, No. 09-cv-1067, 2011 WL 1311743, at *10 (S.D. Cal. Apr. 4, 2011); *Zepeda v. Tate*, No. 1:07-cv-0982, 2010 WL 4977596, at *5 (E.D. Cal. Dec. 2, 2010); *Friends of Frederick Seig Grove # 94 v. Sonoma Cnty. Water Agency*, 124 F.Supp.2d 1161, 1172 (N.D. Cal. 2000). This is because "[i]njunctive relief is a remedy, and not an independent claim in itself." *Bodnar v. Cnty. of Riverside*, No. 17-cv-1463, 2019 WL 1877602, at *7 (C.D. Cal. Mar. 28, 2019); *see also, e.g.*, *Elias v. Navasartian*, No. 115-cv-1567, 2017 WL 1013122, at *4 (E.D. Cal. Feb. 17, 2017), *report and recommendation adopted*, 2017 WL 977793 (E.D. Cal. Mar. 13, 2017) ("[A] prayer for relief is a remedy and not a claim, a Rule 12(b)(6) motion to dismiss for failure to state a claim is not a proper vehicle to challenge a plaintiff's prayer for punitive damages, because Rule 12(b)(6) only countenances dismissal for failure to state a claim."). If Plaintiffs prevail on their negligence claims, "the court will then determine the appropriate remedy," but it "need not determine at this time what remedies should be available to [Plaintiffs] should [they] succeed." *Huynh v. Northbay Med. Ctr.*, No. 2:17-cv-2039, 2018 WL 4583393, at *4 (E.D. Cal. Sept. 25, 2018).

---

17

Plaintiffs flagged Bumble Bee's arguments about the merits of their injunctive relief request as premature in its first motion to dismiss, yet Bumble Bee again ignores the issue and cites no authority demonstrating that the court may consider its arguments at this stage. Of the four cases Bumble Bee cites, two addressed the plaintiff's entitlement to injunctive relief on summary judgment. *See Schroeder v. United States*, 569 F.3d 956, 963 (9th Cir. 2009); *Quidel Corp. v. Siemens Med. Sols. USA, Inc.*, No. 16-cv-3059, 2020 WL 4747724, at *11 (S.D. Cal. Aug. 17, 2020) (Bashant, J.). A third case addressed the plaintiffs' motion to remand based on the court's conceded inability to grant them equitable relief. *See Guthrie v. Transamerica Life Ins. Co.*, 561 F. Supp. 3d 869 (N.D. Cal. 2021). Only *Scheibe v. Livwell Products, LLC*, No. 3:23-cv-00216, 2023 WL 4414580 (S.D. Cal. July 7, 2023), addressed the merits of an injunctive relief request at the motion to dismiss stage. But there, the plaintiff did not appear to contest the court's ability to decide the issue at the motion-to-dismiss stage. *See generally* Pl.'s Opp. to Def.'s Mot. to Dismiss the Class Action Compl. at 9-11, *Scheibe*, No. 3:23-cv-00216 (S.D. Cal. Mar. 27, 2023), ECF No. 5. Nor did the court consider the issue *sua sponte*. *See Scheibe*, 2023 WL 4414580, at *9. Accordingly, *Scheibe*'s departure from the well-established rule in the Ninth Circuit that the availability of specific remedies is not properly addressed at the motion to dismiss stage is not persuasive authority, and the Court should not follow it.

B. Plaintiffs allege ongoing harms that might not be fully redressable through money damages

Even if the Court considers the issue, however, it should conclude that Plaintiffs have pleaded enough to show they may be entitled to injunctive relief if they ultimately prevail. Although Plaintiffs may be able to prove some damages for lost future income based on an inability to safely work in the commercial fishing industry, the jury may find the extent of Plaintiffs' future damages to be too uncertain to fully award.

"[T]he mere fact that economic damages may be available does not always mean that a remedy at law is 'adequate.'" *Janvey v. Alguire*, 647 F.3d 585, 600 (5th Cir. 2011). Injunctive relief is appropriate – and awarded in a variety of contexts – where uncertainties

about future damages threaten to limit the extent of Plaintiffs' remedies at law. *See, e.g.*, *Allergan Inc. v. Cayman Chem. Co,*, No. 07-cv-1316, 2009 WL 8591844, at *3 (C.D. Cal. Apr. 9, 2009); *Aviara Parkway Farms, Inc. v. Agropecuaria La Finca, S.P.R. de R.L.*, No. 08-cv-2301, 2009 WL 249790, at *3 (S.D. Cal. Feb. 2, 2009); 11A Mary Kay Kane & Alexandra D. Lahav, Wright & Miller's Federal Practice and Procedure § 2944 & n.17 (3d ed. 2025 update) (collecting cases). For example, although the harm caused by trademark infringement is fundamentally economic, injunctive relief is the "remedy of choice" because of the difficulty of crafting a legal remedy for continuing infringements. *Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1180 (9th Cir. 1988); *accord, e.g.*, *Blumenthal Distrib., Inc. v. Comoch Inc.*, 652 F. Supp. 3d 1117, 1135 (C.D. Cal. 2023).

Regardless, Plaintiffs may pursue remedies in the alternative. *See, e.g.*, *Johnson-Jack v. Health-Ade LLC*, 587 F. Supp. 3d 957, 976-77 (N.D. Cal. 2022) (collecting cases). If, after trial, the court is satisfied that the jury's award fully compensates Plaintiffs for their ongoing and future injuries, it may be appropriate to deny Plaintiffs' request for an injunction at that time. But if the jury's damages award appears limited by uncertainty about the extent of Plaintiffs' future injury, then injunctive relief would be appropriate. It is premature to make this determination, but it is at least possible that Plaintiffs will ultimately show injunctive relief is necessary and proper.[6]

---

[6] It is unclear if Bumble Bee's argument is simply that Plaintiffs are required to expressly plead on the face of their complaint that they lack an adequate remedy at law. If this is Bumble Bee's argument, it is not supported by Bumble Bee's own authority, which states a Plaintiff must "plead or *otherwise explain*" why a remedy at law is inadequate. *Scheibe*, 2023 WL 4414580, at *9. Plaintiffs have explained above the line why a remedy at law may be inadequate and will do so again at an appropriate time to actually consider the remedy for Bumble Bee's violations. Regardless, even if Bumble Bee were correct, any such deficiency could be corrected by a very minor additional amendment. Plaintiffs have cured the only deficiency the Court has identified. Accordingly, in the event the Court agrees with any of Defendant's arguments, leave to correct whatever further deficiencies the Court identifies would be appropriate. *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051-52 (9th Cir. 2003). Plaintiffs seek such leave to the extent necessary.

1

**CONCLUSION**

2      Plaintiffs respectfully request that the Court deny Bumble Bee's Motion to Dismiss

3   Plaintiffs' First Amended Complaint and hold that Plaintiffs may proceed with their

4   requests for injunctive relief.

5

6   Dated: January 7, 2026                    Respectfully submitted,

7

8                                  COHEN MILSTEIN SELLERS & TOLL PLLC
                                   By: */s/ Agnieszka M. Fryszman*

9

10                                 Agnieszka M. Fryszman

11                                 *Counsel for Plaintiffs*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLS' MEM. IN OPP. TO DEF'S MOT. TO DISMISS PLS.' AMENDED COMPLAINT
Case No.: 3:25-cv-00583-BAS-DEB