Agnieszka M. Fryszman [DC Bar No. 459208]
*pro hac vice*
Nicholas J. Jacques [DC Bar No. 1673121]
*pro hac vice*
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Ave. NW, Suite 800
Washington, DC 20005
202-408-4600

Paul L. Hoffman [CA Bar No. 071244]
**SCHONBRUN SEPLOW HARRIS
HOFFMAN & ZELDES, LLP**
200 Pier Ave., Suite 226
Hermosa Beach, CA 90254
424-297-0114

*Attorneys for Plaintiffs*

*[Additional Counsel Continued on Next Page]*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Akhmad; Angga; Muhammad Sahrudin; and Muhammad Syafi'i,<br><br>                                Plaintiff,<br><br>v.<br><br>BUMBLE BEE FOODS, LLC<br>280 10th Avenue,<br>San Diego, CA 92101<br><br>                                Defendant. | Case No.:  3:25-cv-00583-BAS-DEB<br><br>**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO RECONSIDER THIS COURTS ORDER OR FOR CERTIFICATION FOR INTERLOCUTORY APPEAL**<br><br>*[NO ORAL ARGUMENT UNLESS ORDERED BY THE COURT]*<br><br>Judge: The Honorable Cynthia Bashant<br><br>Action Filed: March 12, 2025 |

*[Additional Counsel Cont. from previous page]*

Helen I. Zeldes [CA Bar No. 220051]
**SCHONBRUN SEPLOW HARRIS
HOFFMAN & ZELDES, LLP**
501 W. Broadway, Suite 800
San Diego, CA 92101
619-400-4990

Marco Simons [CA Bar No. 237314
Asia Arminio |DC Bar No. 996077|
*pro hac vice*
**GREENPEACE, INC.**
1300 Eye Street NW, Suite 1100
Washington, DC 20005
202-462-1177

# TABLE OF CONTENTS

I.    LEGAL STANDARD ...................................................................................1

II.   BACKGROUND ........................................................................................2

III.  ARGUMENT..............................................................................................3

    A.    Bumble Bee Does Not Meet the Standard for Reconsideration ....................3

        1.    This Court's decision on extraterritoriality is not "clear error"............3

        2.    This Court's decision on *mens rea* is not "clear error" .......................5

            a.    Regardless, Plaintiffs plead and meet the "reckless" standard.................................................................8

    B.    This Court Has Diversity Jurisdiction over Plaintiffs' Negligence Claims..................................................................................................11

    C.    Bumble Bee Does Not Meet the Standard for Certification for Interlocutory Appeal......................................................................................11

        1.    Bumble Bee cannot satisfy the third factor.........................................12

        2.    Bumble Bee cannot satisfy the second factor .....................................13

            a.    There is no substantial ground for disagreement on extraterritoriality .................................................................13

            b.    There is no substantial ground for disagreement on mens rea...................................................................................14

        3.    Bumble Bee cannot satisfy the first factor..........................................15

            a.    Bumble Bee improperly seeks to certify a question that the Court did not reach, conceding its primary question is not controlling..................................................................15

            b.    The mens rea standard is not controlling...................................16

IV.   CONCLUSION.........................................................................................17

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A.B. v. Marriott Int'l*,
   455 F. Supp. 3d 171 (E.D. Pa. 2020) ................................................................. 6

*Abafita v. Aldukhan*,
   No. 1:16-cv-06072, 2019 WL 6735148 (S.D.N.Y Apr. 4, 2019) ......................... 4

*Abernathy v. Carlyle Grp.*,
   No. 22-3603, 2024 WL 5331993 (D.D.C. Sept. 27, 2024) ................................. 4

*Adhikari v. Kellogg Brown & Root, Inc.*,
   845 F.3d 184 (5th Cir. 2017) ...................................................................... 3, 13

*Appel v. Concierge Auctions*,
   No. 17-cv-2263, 2018 WL 4700472 (S.D. Cal. Oct. 1, 2018) ............................ 2

*ArchitectureArt LLC v. City of San Diego*,
   No. 15-cv-01592, 2017 WL 1346899 (S.D. Cal. Apr. 4, 2017) .......................... 1

*B.M. v. Wyndham Hotels & Resorts, Inc.*,
   No. 20-cv-00656, 2020 WL 4368214 (N.D. Cal. July 30, 2020) ........................ 6

*Ballesteros v. Al-Ali*,
   No. 11-cv-152, 2012 WL 13047582 (D.R.I. Dec. 26, 2012) ............................. 11

*In re Bank of Am. Cal. Unemployment Benefits Litig.*,
   2025 WL 2617075 (S.D. Cal. Sept. 10, 2025) ................................................. 12

*C.C. v. Rashid*,
   No. 2:23-cv-02056, 2025 WL 1785273 (D. Nev. June 6, 2025) ......................... 6

*In re Cement Antitrust Litig.*,
   673 F.2d 1020 (9th Cir. 1982) .......................................................................... 2

*Copart, Inc. v. Sparta Consulting, Inc.*,
   No. 2:14-cv-00046, 2018 WL 1014617 (E.D. Cal. Feb. 21, 2018) ..................... 1

*Couch v. Telescope Inc.*,
   611 F.3d 629 (9th Cir. 2010) .................................................................. *passim*

*DeFries v. Union Pac. R.R. Co.*,
    104 F.4th 1091 (9th Cir. 2024) .......................................................................... 15

*Doe #1 v. Red Roof Inns*,
    21 F.4th 714 (11th Cir. 2021) ............................................................................. 6

*Doe I v. Apple Inc.*,
    No. 1:19-cv-03737, 2021 WL 5774224 (D.D.C. Nov. 2, 2021) ...................... 14

*Doe v. Mindgeek USA Inc.*,
    558 F. Supp. 3d 828 (C.D. Cal 2021) ................................................................ 6

*Doe v. Twitter*,
    555 F. Supp. 3d 889 (N.D. Cal 2021) ........................................................... 6, 14

*Does 1-6 v. Reddit*,
    51 F.4th 1137 (9th Cir. 2022) ............................................................................ 5

*F.C. v. Jacobs Sols.*,
    790 F. Supp. 3d 1158 (D. Colo. 2025) ........................................................ 10, 11

*Farmer v. Brennan*,
    511 U.S. 825 (1994) ........................................................................................... 8

*Fleites v. Mindgeek*,
    No. 2:21-cv-04920, 2025 WL 2902301 (C.D. Cal. Sept. 26, 2025) ................. 6

*G.G. v. Salesforce.com*,
    76 F.4th 544 (7th Cir. 2023) .............................................................................. 7

*Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*,
    599 F.3d 1102 (9th Cir. 2010) .......................................................................... 11

*U.S. ex rel. Hawkins v. ManTech Int'l Corp.*,
    752 F. Supp. 3d 118 (D.D.C. 2024) ................................................................... 4

*J.B. v. G6 Hospitality*,
    No. 19-cv-07848, 2020 WL 4901196 (N.D. Cal. 2020) .................................... 6

*J.C. v. Choice Hotels Int'l, Inc.*,
    No. 20-cv-00155, 2020 WL 3035794 (N.D. Cal. 2020) .................................... 6

*Knuth v. Cap Patrol*,
    No. 23-cv-1676, 2025 WL 3295127 (S.D. Cal. Nov. 25, 2025) ........................ 1

iii

*Lesnik v. Eisenmann SE*,
  374 F. Supp. 3d 923, 953 (N.D. Cal. 2019)......................................................5

*Marks v. Crunch San Diego*,
  No. 14-cv-348, 2014 WL 6632810 (S.D. Cal. Nov. 20, 2014) ...........................1

*Martinez-Rodriguez v. Giles*,
  31 F.4th 1139 (9th Cir. 2022) ............................................................................6

*McCurley v. Royal Seas Cruises, Inc.*,
  No. 17-CV-986, 2023 WL 2450142 (S.D. Cal. Jan. 20, 2023) ...........................2

*McFall v. Perrigo Co.*,
  No. 2:20-cv-007752, 2021 WL 3185083 (C.D. Cal. June 15, 2021) ................12

*Mia v. Kimberly-Clark Corp*,
  No. 25-07046 (D.C. Cir. Apr. 8, 2025)..............................................................14

*Nuñag-Tanedo v. E. Baton Rouge Par. Sch. Bd.*,
  No. SACV 10-1172, 2011 WL 13153190 (C.D. Cal. May 12, 2011)..................5

*Obesity Rsch. Inst. v. Fiber Rsch. Int'l*,
  No. 15-cv-00595, 2018 WL 1791611 (S.D. Cal. Apr. 16, 2018).......1, 13, 14, 15

*Pichler v. UNITE*,
  542 F.3d 380 (3d Cir. 2008) ...............................................................................7

*Ratha v. Phatthana*,
  No. CV 16-4271, 2016 WL 11020222 (C.D. Cal. Nov. 9, 2016) ......................13

*Ratha v Phatthana Seafood*,
  35 F.4th 1159 (9th Cir. 2022) .........................................................................4, 5

*Reese v. BP Expl. (Alaska) Inc.*,
  643 F.3d 681 (9th Cir. 2011) ............................................................................14

*RJR Nabisco v. Eur. Cmty.*,
  579 U.S. 325 (2016)............................................................................................3

*Rodriguez v. Pan Am. Health Org.*,
  29 F.4th 706 (D.C. Cir. 2022)...........................................................................16

*Roe v. Howard*,
  917 F.3d 229 (4th Cir. 2019) ........................................................................3, 13

*Ruelas v. County of Alameda*,
  519 F. Supp. 3d 636 (N.D. Cal 2021) ..................................................5

*Stiner v. Brookdale Senior Living, Inc.*,
  383 F. Supp. 3d 949 (N.D. Cal. 2019) ..............................................12

*U.S. ex rel. Technica, LLC v. Carolina Cas. Ins. Co.*,
  No. 08cv1673, 2011 WL 1121276 (S.D. Cal. Mar. 21, 2011) ...........1

*Trans World Airlines, Inc. v. Thurston*,
  469 U.S. 111 (1985) ...........................................................................7

*TRW Inc. v. Andrews*,
  534 U.S. 19 (2001) .............................................................................7

*Voisine v. U.S.*,
  579 U.S. 688 (2016) ...........................................................................8

*Wang v. Gold Mantis Constr. Decoration*,
  705 F. Supp. 3d 1190 (D. N. Mar. I. 2021) .......................................5

*In re Wells Fargo Bank, N.A.*,
  No. 18-cv-2617, 2019 WL 2223934 (S.D. Cal. May 22, 2019) ..........2

**Statutes**

18 U.S.C. §§ 1589, 1591, 1593 ..............................................................7

28 U.S.C. § 1292(b) ...............................................................................1

Defendant's motion is without merit. Defendants cannot meet the standards for reconsideration or for certification for interlocutory review. This Court's rulings are correct. Not only do this Court's ruling reflect the overwhelming majority view on the issues decided, but no court within this jurisdiction has taken a contrary position.

Bumble Bee's motion should be denied.

## I.    LEGAL STANDARD

Reconsideration is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Marks v. Crunch San Diego*, No. 14-cv-348, 2014 WL 6632810, at *1 (S.D. Cal. Nov. 20, 2014) (quoting *Kona Enters., Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir.2000)). Reconsideration may be granted if a court "committed clear error." *Knuth v. Cap Patrol*, No. 23-cv-1676, 2025 WL 3295127, at *1 (S.D. Cal. Nov. 25, 2025) (quoting *Caroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003)). But a split of authority is not "clear error." *See Copart, Inc. v. Sparta Consulting, Inc.*, No. 2:14-cv-00046, 2018 WL 1014617, at *3 (E.D. Cal. Feb. 21, 2018) ("a 'split of authority' on a 'debatable' question" is not clear error) (quoting *In re Licores*, 2013 WL 6834609, at *8 (C.D. Cal. Dec. 20, 2013)); *U.S. ex rel. Technica, LLC v. Carolina Cas. Ins. Co.*, No. 08-cv-1673, 2011 WL 1121276, at *3 (S.D. Cal. Mar. 21, 2011) ("differing interpretations of fact and law do not amount to 'clear error' but are a normal byproduct of legal advocacy."); *see also ArchitectureArt LLC v. City of San Diego*, No. 15-cv-01592, 2017 WL 1346899, at *1 (S.D. Cal. Apr. 4, 2017) (where a party "essentially argues the Court was wrong in its decision," the standard is not met).

28 U.S.C. § 1292(b) permits a district court to certify an order for immediate appeal if the order involves a controlling question of law as to which there is substantial ground for difference of opinion and an immediate appeal will materially advance the termination of the litigation. 28 U.S.C. § 1292(b); *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010); *Obesity Rsch. Inst. v. Fiber Rsch. Int'l*, No. 15-cv-00595, 2018 WL 1791611, at *1 (S.D. Cal. Apr. 16, 2018). "Even when these certification requirements of section 1292(b) are met, the district court retains discretion to deny a motion to certify."

*McCurley v. Royal Seas Cruises, Inc.*, No. 17-cv-986, 2023 WL 2450142, at *2 (S.D. Cal. Jan. 20, 2023). The standard for 1292(b) certification is "construed narrowly" and certification should be made "only in exceptional situations." *Appel v. Concierge Auctions*, No. 17-cv-2263, 2018 WL 4700472, at *4 (S.D. Cal. Oct. 1, 2018) (quoting *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002) and *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982)).

As the movant, Bumble Bee bears the burden of showing the requirements of both reconsideration and § 1292(b) certification are met. *Couch*, 611 F.3d at 633; *In re Wells Fargo Bank, N.A.*, No. 18-cv-2617, 2019 WL 2223934, at *2 (S.D. Cal. May 22, 2019).

## II.    BACKGROUND

Bumble Bee does not dispute that the Plaintiffs adequately alleged that they were victims of forced labor. Instead, it moved to dismiss Plaintiffs' Trafficking Victims Protection Reauthorization Act ("TVPRA") claims on the grounds that, Bumble Bee contended, Plaintiffs failed to plead that Bumble Bee participated in a venture with Plaintiffs' abusers, Plaintiffs failed to plead Bumble Bee possessed the requisite *mens rea* as to its venture partners' conduct, and that the TVPRA does not apply to the conduct alleged because Plaintiffs' forced labor took place overseas. ECF No. 36-1, Mem. of Points & Auths. in Support of Bumble Bee's Mot. for Reconsideration or Alternatively for Certification of Interlocutory Appeal at 11-22. Bumble Bee also moved to dismiss Plaintiffs' common-law negligence claims and Plaintiffs' requests for injunctive relief. *Id.* at 8-10, 23-25.

The Court rejected each of Bumble Bee's arguments, except that it dismissed Plaintiffs' claims for injunctive relief with leave to amend. *See* ECF No. 29, Order Granting in Part, Denying in Part Def.'s Mot. to Dismiss. As to Plaintiffs' TVPRA claims, the Court ruled that Plaintiffs adequately alleged Bumble Bee participated in a venture with the owners of the boats on which Plaintiffs were forced to labor, that Plaintiffs adequately alleged that Bumble "knew or should have known" its venture partners were engaged in forced labor (as the TVPRA requires for civil claims), and that the TVPRA applies

extraterritorially to the conduct Plaintiffs alleged. *Id.* at 5-19. The Court also ruled that Plaintiffs adequately alleged Bumble Bee owed them a duty of care under California common law. *Id.* at 19-24.

Bumble Bee now moves for reconsideration of some, but not all, of the Court's rulings. *See* ECF No. 36-1, Def.'s Reconsideration Mem. Bumble Bee does not challenge the Court's ruling that it participated in a venture with Plaintiffs' abusers or that it owed Plaintiffs a duty. Bumble Bee instead argues that the Court erred by agreeing with the majority of courts in holding that the TVPRA applies extraterritorially and by applying the TVPRA's civil "should have known" *mens rea* instead of the recklessness *mens rea* applicable in criminal cases. *See id.* at 4-13. Alternatively, Bumble Bee argues that the Court should certify these questions for interlocutory review under 28 U.S.C. § 1292(b). *See id.* at 13-17.

## III.    ARGUMENT

### A.  Bumble Bee Does Not Meet the Standard for Reconsideration

#### 1.  <u>This Court's decision on extraterritoriality is not "clear error"</u>

This Court found that Plaintiffs' TVPRA claims against Defendant overcome the presumption against extraterritoriality. ECF No. 29, Order at 8. The Court's ruling was based on an evaluation of the statute's text and Plaintiffs' allegations. *Id*. The Court's decision is not only correct, but it is consistent with the vast majority of courts, including every Court of Appeals, to have considered the question of whether the TVPRA civil remedy extends to extraterritorial conduct. *See, e.g*., *Roe v. Howard*, 917 F.3d 229, 241-242 (4th Cir. 2019) ("Applying the first step of the *RJR Nabisco* inquiry, we are satisfied that § 1595 of the TVPA evinces a 'clear indication of extraterritorial effect' …. Of crucial importance, § 1595 directly incorporates predicate offenses that govern foreign conduct, providing strong textual evidence of its extraterritorial effect when applied to those predicates.") (quoting *RJR Nabisco v. Eur. Cmty.*, 579 U.S. 325, 340 (2016)); *Adhikari v. Kellogg Brown & Root, Inc*., 845 F.3d 184, 204 (5th Cir. 2017) ("[B]y conferring 'extraterritorial jurisdiction over any offense … under' the TVPRA, § 1596 permits private

parties to pursue a civil remedy under the TVPRA for extraterritorial violations"); *U.S. ex rel. Hawkins v. ManTech Int'l Corp.*, 752 F. Supp. 3d 118, 131-35 (D.D.C. 2024); *Abernathy v. Carlyle Grp.*, No. 22-3603, 2024 WL 5331993, at *10-14 (D.D.C. Sept. 27, 2024); *Abafita v. Aldukhan*, No. 1:16-cv-06072, 2019 WL 6735148, at *5 (S.D.N.Y Apr. 4, 2019). *No* in-Circuit authority conflicts with this Court's holding.

Bumble Bee argues that this Court reached a "clearly erroneous interpretation" of *Ratha v Phatthana Seafood*, 35 F.4th 1159 (9th Cir. 2022). ECF No. 36-1, Def.'s Reconsideration Mem. at 5. But this Court's ruling on extraterritoriality follows and is entirely consistent with *Ratha*. Bumble Bee mischaracterizes this Court's discussion of *Ratha* to imply that this Court misread *Ratha* as having decided that the TVPRA was extraterritorial in all cases rather than setting out the criteria for extraterritorial application in future cases. This Court did not misread or misunderstand the Ninth Circuit, and it properly applied the appropriate criteria.

This Court considered Bumble Bee's arguments that the claims were barred by the presumption against extraterritoriality (which would have been unnecessary if the question was decided by *Ratha*). ECF No. 29, Order at 8. The Court considered the contrary authority raised by Bumble Bee – primarily two out-of-jurisdiction cases decided by the same judge – but rejected it, expressly noting that "[t]hough courts in other circuits have questioned whether § 1595 can apply extraterritorially, courts within the Ninth Circuit have consistently held they can if they fulfill the criteria in *Ratha* and § 1596." ECF No. 29, Order at 7. The Court analyzed the text of the TVPRA, including its interlocking predicate act structure. *Id.* After doing so, the Court concluded that Plaintiffs' claims overcame the presumption of extraterritoriality. *Id.* There is no error in the Court's reasoning or its holding. Moreover, this Courts' decision is in accord with vast majority of decisions nationwide.

Because the Court's holding is not "clear error" and indeed there is no error at all in the Court's reasoning or in its holding, there is no basis for reconsideration.

2.  <u>This Court's decision on *mens rea* is not "clear error"</u>

This Court held that the civil negligence standard – "should have known" – applies in TVPRA civil cases. ECF No. 29, Order at 15. The Court's decision is not "clear error." To the contrary, it is consistent with the vast majority of courts to have considered this question and accurately reflects Congress' intent.

The TVRPA imposes a criminal penalty on benefitting from participation in a venture engaged in commercial sex acts (in § 1591(a)(2)) or forced labor (in § 1589(b)). In § 1595, the TVPRA also provides victims with a civil remedy for violations of its criminal provisions, including §§1591(a)(2) and 1589(b). Congress specified a "reckless disregard" *mens rea* for the criminal provisions, but a "should have known" *mens rea* for civil suits under the beneficiary provisions. Many courts have considered whether civil plaintiffs must plead the criminal reckless standard or the "should have known" standard specified in the civil remedy when pursuing claims against a beneficiary defendant. In both § 1589(b) and § 1591(a)(2) contexts, most courts have concluded that Congress intended that the "should have known" standard applies in civil cases.

In *Ratha,* 35 F.4th at 1175, the Ninth Circuit applied the "should have known" standard in a civil suit alleging, as here, participation in a venture where a co-venturer outside the United States engaged in forced labor. Other courts have likewise held that the "should have known" standard applies to civil claims based on violations of § 1589(b). *See Ruelas v. County of Alameda*, 519 F. Supp. 3d 636, 649 (N.D. Cal 2021) *overturned on other grounds* (treating "should have known" and "reckless disregard" as interchangeable and applying "should have known" to § 1589(b)); *Wang v. Gold Mantis Constr. Decoration*, 705 F. Supp. 3d 1190, 1203 (D. N. Mar. I. 2021) (same); *Lesnik v. Eisenmann SE*, 374 F. Supp. 3d 923, 953 (N.D. Cal. 2019) (same); *Nuñag-Tanedo v. E. Baton Rouge Par. Sch. Bd.*, No. SACV 10-1172, 2011 WL 13153190, at *11 (C.D. Cal. May 12, 2011)).

Likewise, in *Does 1-6 v. Reddit*, 51 F.4th 1137, 1141 (9th Cir. 2022), the Ninth Circuit explained that § 1595 permits victims to sue anyone who knowingly benefits from

participation in a venture which that person "knew or should have known" was engaged in sex trafficking in a civil suit and distinguished the § 1591(a)(2) "reckless" standard for criminal liability. The vast majority of courts to decide whether a plaintiffs must plead "reckless" or "should have known" have concluded that "should have known" applies in civil cases alleging violations of § 1591(a)(2). *See e.g., Doe #1 v. Red Roof Inns*, 21 F.4th 714 (11th Cir. 2021)*; Doe v. Mindgeek USA Inc.*, 558 F. Supp. 3d 828, 836 (C.D. Cal 2021) (in a civil suit, plaintiff need only to allege facts to meet the more lenient requirements of § 1595); *Doe v. Twitter*, 555 F. Supp. 3d 889, 918 (N.D. Cal 2021) *overturned on other grounds* (where a plaintiff seeks to impose civil liability under § 1595 based on a violation of  § 1591(a)(2), the "should have known" language applies); *B.M. v. Wyndham Hotels & Resorts, Inc.*, No. 20-cv-00656, 2020 WL 4368214 at *5 (N.D. Cal. July 30, 2020); *A.B. v. Marriott Int'l*, 455 F. Supp. 3d 171, 189 (E.D. Pa. 2020) ("[w]e cannot read out the language of section 1595" by ignoring language Congress specifically included to permit claims against those who should have known). Indeed, courts have declined to import other § 1591 requirements into § 1595 when those requirements are inconsistent with the "should have known" standard. *E.g.*, *Fleites v. Mindgeek*, No. 2:21-cv-04920, 2025 WL 2902301 at *12 (C.D. Cal. Sept. 26, 2025) (declining to carry over provision from § 1591 that would impose a heightened *mens rea* standard inconsistent with § 1595);  *J.B. v. G6 Hospitality*, No. 19-cv-07848, 2020 WL 4901196 at *8 (N.D. Cal. 2020) (same); *J.C. v. Choice Hotels Int'l, Inc.*, No. 20-cv-00155, 2020 WL 3035794 at *1, n.1 (N.D. Cal. 2020) (same).

Bumble Bee cites no relevant in-jurisdiction authority in support of its argument. For example, Bumble Bee cites *Martinez-Rodriguez v. Giles*, 31 F.4th 1139, 1149 (9th Cir. 2022), but *Martinez-Rodriguez* does not speak to the interplay between the beneficiary *mens rea* Congress specified for a civil cause of action and the *mens rea* in the criminal prohibitions. Likewise, Bumble Bee's three formulations, ECF No. 36-1, Def.'s Reconsideration Mem. at 7-8, skip over the overlap between § 1589(b) and the

PLS.' MEM. IN OPP'N TO DEF.'S MOT. TO RECONSIDER OR FOR CERTIFICATION
Case No.: 3:25-cv-00583-BAS-DEB

1    beneficiary clause in § 1595(a).[1]

2    Bumble Bee discusses the use of parentheticals but does not grapple with a more

3    relevant "cardinal principle of statutory construction": that a statute ought to be construed

4    so no clause is "superfluous, void, or insignificant." *TRW Inc. v. Andrews*, 534 U.S. 19, 31

5    (2001) (quoting *Duncan v. Walker*, 533 U.S. 167, 174 (2001)). The criminal prohibitions

6    of the TVPRA prohibit benefitting from forced labor, sex trafficking, peonage and the other

7    TVPRA violations, and all contain the "reckless disregard" standard. *See* 18 U.S.C.

8    §§ 1589(b), 1591(a)(2), 1593A. If, as Bumble Bee contends, the criminal *mens rea* carried

9    over to the civil remedy, then the "should have known" clause in the civil provision,

10   § 1595, would appear to be superfluous and void because the criminal "reckless" standard

11   would always apply.

12   A logical reading is that Congress intended the civil "should have known" standard

13   to apply in civil cases. Congress has repeatedly enacted statutes with two tiers of liability.

14   *E.g.*, *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 128 (1985); *Pichler v. UNITE*,

15   542 F.3d 380, 397 (3d Cir. 2008) (statutes implement different standards of fault for

16   criminal and civil liability).

17   This is a civil suit. Bumble Bee cites no authority from within this jurisdiction in

18   support of applying a criminal reckless standard in this case and cited no such authority in

19   its motion to dismiss or in the current motion. As such, Bumble Bee cannot meet the

20

21   [1] Bumble Bee relies on *C.C. v. Rashid*, No. 2:23-cv-02056, 2025 WL 1785273 (D.
22   Nev. June 6, 2025) for its "three formulations" approach. Bumble Bee's effort to
     pigeonhole the many cases that conflict with its reading of the statutory construction, Br.
23   at 10, fn 5, into this idiosyncratic "three formulations" approach is unavailing. Courts
24   have varied in their approaches to interlocking predicate act structure of the TVPRA, but
     have largely consistently concluded that "should have known" applies to civil cases. *E.g.*,
25   *G.G. v. Salesforce.com*, 76 F.4th 544, 553-554 & 559 (7th Cir. 2023) (finding "Backpage
     violated Sections 1591(a)(1) and (a)(2)," applying "should have known" standard, and
26   holding it safe to assume that Congress intended the civil remedy to be less demanding of
27   the plaintiff than a criminal prosecution is of the government). Although the cases are not
     unanimous, some disagreement is not "clear error." *Supra* Part I

28

standard for reconsideration. *Supra* Part I.

a.  <u>Regardless, Plaintiffs plead and meet the "reckless" standard</u>

Regardless, contrary to Bumble Bee's assertion that Plaintiffs failed to allege "recklessness," Br. at 12, Plaintiffs plead and meet the standard for "reckless disregard." *See, e.g.,* ECF No. 33, First Am. Compl. for Damages FAC ¶265 (Bumble Bee in "reckless disregard" of forced labor).

Bumble Bee concedes that the civil standard for "reckless" is acting or failing to act "in the face of an unjustifiably high risk of harm that is either known or so obvious it should be known." Br. at 11-12 (citing *Farmer v. Brennan*, 511 U.S. 825, 836 (1994). This not meaningfully different than the negligence standard and, as this Court has already found, Plaintiffs' allegations plainly meet it. ECF No. 29, Order at 15-19; *see also infra* pp.8-11. *Farmer v. Brennan* also explains that "recklessness is not self-defining" and for criminal law purposes, reckless is "when a person disregards a risk of harm of which he is aware." 511 U.S. at 837; *see also Voisine v. U.S.*, 579 U.S. 688, 691 (2016) (the "dominant formulation" of reckless is to consciously disregard a substantial risk that the conduct will cause harm to another) (citing Model Penal Code). Plaintiffs' allegations easily meet these standards. Notably, the TVPRA does not require knowledge that a venture has used prohibited means even in the criminal provision. Section 1589(b) requires "knowing **or** reckless disregard" of the fact that force, threats of force, threats of serious harm, abuse of law or other means have been used to obtain labor.

Plaintiffs expressly pled that Bumble Bee knew or recklessly disregarded that its FIP venture relied on force, threats of force, serious harm, threats of serious harm, abuse of legal process and other means prohibited by § 1589(a) to obtain labor or services. ECF No. 33, FAC ¶265. Plaintiffs' allegations are plausible. Order at 16-19. For example, this Court noted that U.S. Customs and Border Patrol issued a withhold release order against tuna harvested by a Bumble Bee supplier. *Id*. at 17. In the withhold release order, CBP cited forced labor, physical violence, and debt bondage on the vessel supplying Bumble Bee. ECF No. 33, FAC ¶ 52. CBP followed up on the order with a formal finding, concluding

that the vessel in Bumble Bee's supply chain utilized forced labor. *Id.* ¶ 87. Bumble Bee was aware of these U.S. government enforcement actions involving its own supply chain. *Id.* ¶¶ 86, 88. In addition to the allegations discussed in the Court's prior order, Plaintiffs alleged that widespread problems of forced labor on East Asian longliners were specifically known – and disregarded – by Bumble Bee. For example, in 2016, Greenpeace USA emailed Bumble Bee's then-CEO a link to a report finding endemic forced labor on distant-water fishing vessels. ECF No. 33 ¶ 63. Bumble Bee's CEO dismissed the report, writing to Greenpeace USA that the report was "not high on [his] priority list." *Id.* ¶ 64. In 2017, Bumble Bee's COO resigned because he had become disillusioned with the tuna industry, in part because of its reliance on forced labor. *Id.* ¶ 246. In 2020, Greenpeace published reports that included findings that forced labor was occurring on vessels that supplied FCF and recommendations that Bumble Bee cease using transshipment were sent to Bumble Bee, which acknowledged receipt of the reports. *Id.* ¶¶ 82-84. In 2021, Greenpeace delivered a petition with 27,000 signatures calling on Bumble Bee to change its policies to protect fishers from abuse to Bumble Bee's headquarters. *Id.* ¶ 89.

Bumble Bee and its parent company have repeatedly acknowledged their awareness of forced labor in distant-water fishing. In fact, in its motion to dismiss Bumble Bee acknowledged that "[f]orced labor in the distant-water fishing industry is a decades-old problem." ECF No. 22-1, Mem. of Points & Auths. in Support of Bumble Bee's Mot. to Dismiss Pls.' Compl. at 4; *see also, e.g.*, ECF No. 33, FAC at 247 (Bumble Bee parent company published acknowledgement that audits found recruitment fees and repatriation deposits were being charged, describing the practices as "a widespread industry issue"), 249 (Bumble Bee agreed to stop marketing its tuna as produced through a "fair and safe supply chain" and with "fair and responsible working conditions" to settle lawsuit alleging trafficking and forced labor in its supply chain), 250-51 (Bumble Bee self-evaluation unable to confirm that FIP has not had instances of forced labor, child labor or human trafficking within past four years). Accordingly, it is indisputable at this stage that Bumble Bee was aware of the risk its suppliers posed to distant-water fishers like Plaintiffs.

Nevertheless, Bumble Bee has repeatedly disregarded this risk – failing to take basic steps its competitors have adopted to combat forced-labor in their supply chain while enjoying revenues exceeding $1 billion annually.

At the motion to dismiss stage, Plaintiffs' allegations show Bumble Bee was actually aware of a substantial risk and consciously disregarded it, easily clearing even Bumble Bee's proposed criminal recklessness test. *See* ECF No. 36-1, Def.'s Reconsideration Mem. at 12.

Bumble Bee relies on one out of jurisdiction case that purported to apply a reckless standard. That case also found, contrary to Bumble Bee's argument in this motion, that the TVPRA civil remedy reaches extraterritorial conduct. *F.C. v. Jacobs Sols.*, 790 F. Supp. 3d 1158, 1180 (D. Colo. 2025). *F.C.* likewise does not support Bumble Bee on the knowledge analysis. *F.C.* found that § 1589(b) "mostly aligns" with § 1595(a). *Id.* at 1184. As to the "reckless" standard, *F.C.* found knowledge can be alleged generally, that allegations of general labor abuses "inform" the knowledge analysis and give rise to plausible inferences, need not relate to a particular plaintiff, and that knowledge issues are fact issues "to be fleshed out through discovery." *Id.* at 1193-94. *F.C.* relied primarily on news reports regarding labor abuses in World Cup stadium construction to show that defendants knew or recklessly disregarded TVPRA violations by the Qatari contractors. *Id.* *F.C.* also noted that the defendant's oversight responsibilities, which, the court inferred, "would include some knowledge of the Contractors' labor practices." *Id.* This analysis parallels the analysis conducted by this Court. Indeed, Plaintiffs here pled far more than what *F.C.* found sufficient for "reckless disregard."

This Court found that the Complaint identified "public reports and legal actions against Defendant and Defendants' parent company during the same time Plaintiffs allege experiencing forced labor." ECF No. 29, Order at 18. These reports included, for example, a report about a fisher on a vessel supplying FCF, Defendant's parent company and primary supplier; a U.S. Customs Border Protection withhold release order finding forced labor on a vessel supplying Defendants; a report summarizing complaints indicative of forced labor

10

by Indonesian migrant workers, including workers on Defendants' supply vessels; and a lawsuit against Defendant regarding allegations of forced labor. ECF No. 29, Order at 17. The Court also found that the Complaint alleged Defendant had been an "active participant" in social responsibility programs that set crew recruitment, wages, and other procedures, and worked directly with the vessels to review their operations including on issues relating to crew health safety and livelihood. ECF No. 29, Order at 18-19. Because Defendant has not identified any meaningful difference in the analysis conducted by any court (including *F.C.*) on this issue, reconsideration is not warranted.

**B. This Court Has Diversity Jurisdiction over Plaintiffs' Negligence Claims**

This Court has diversity jurisdiction over Plaintiffs' negligence claims. ECF No. 33, FAC ¶15 (citing 18 U.S.C. § 1332). Section 1332 grants subject matter jurisdiction over civil actions between "citizens of a State and citizens or subjects of a foreign state" in which the amount in controversy exceeds $75,000. Plaintiffs have alleged that they are each citizens of a foreign state, while Bumble Bee is a citizen of California, and that they seek damages exceeding $75,000. Where a plaintiff alleges the amount in controversy exceeds $75,000, the court must accept the plaintiff's allegation unless it "appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount." *Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010). Plaintiffs easily clear the legal certainty tests: forced-labor plaintiffs have been awarded up to $10,000 *per day* of forced labor. *See Ballesteros v. Al-Ali*, No. 11-cv-152, 2012 WL 13047582, at *2 (D.R.I. Dec. 26, 2012). Each Plaintiff alleges he was subject to forced labor for about a year or more, entitling them each to well over $75,000. Because this Court has both diversity and supplemental jurisdiction over Plaintiffs' claims, Defendant's argument that the Court should decline supplemental jurisdiction is superfluous.

**C. Bumble Bee Does Not Meet the Standard for Certification for Interlocutory Appeal**

Bumble Bee seeks certification for interlocutory review of two questions (one with a subpart) related to Plaintiffs' TVPRA claims. ECF No. 36-1, Def.'s

Reconsideration Mem. at 13. Because Bumble Bee has not and cannot show that the requirements of 1292(b) are met for any question, certification is not appropriate here.

Certification for interlocutory review "requires the district court to expressly find in writing that all three § 1292(b) requirements are met": 1) the order "involves a controlling question of law"; 2) there is "substantial ground for difference of opinion"; and 3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Couch*, 611 F.3d at 633; *supra* pp.1-2. Certification should be made only in exceptional situations. *Supra* Part I. Accordingly, courts deny certification when a party has failed to satisfy even one of the requirements. *E.g.*, *McFall v. Perrigo Co.*, No. 2:20-cv-007752, 2021 WL 3185083, at *3 (C.D. Cal. June 15, 2021); *See also Stiner v. Brookdale Senior Living, Inc.*, 383 F. Supp. 3d 949 (N.D. Cal. 2019) (denying motion to certify its order for interlocutory appeal because the party had not satisfied the second and third requirement); *In re Bank of Am. Cal. Unemployment Benefits Litig.,* 2025 WL 2617075 (S.D. Cal. Sept. 10, 2025) (denying motion to certify because party failed to satisfy first and third requirement).

### 1. Bumble Bee cannot satisfy the third factor

Because the third factor is clearly not met, and this failure easily disposes of both of Bumble Bee's requests for interlocutory review, Plaintiffs discuss it first. Bumble Bee's argument overlooks the existence of diversity jurisdiction over Plaintiffs' negligence claim, which dooms its argument that the litigation will be terminated in the unlikely event this Court's TVPRA decisions are overturned.

This Court has diversity jurisdiction over Plaintiffs' negligence claim. *Supra* Part III.B. This Court denied Bumble Bee's motion to dismiss the negligence claim. ECF No. 29, Order at 24. As a result, litigation will continue under diversity jurisdiction over Plaintiffs' negligence claims and is not dependent on supplemental jurisdiction. Bumble Bee's motion fails to account for this fact, which is fatal to its request for certification.

The proceedings, including the nature and scope of discovery, will be substantially similar for both claims. *Compare* ECF No. 33, FAC ¶275 (describing negligence claim)

1  *with* ¶¶ 264, 266 (describing TVPRA claim). As a result, interlocutory review over the

2  TVPRA claim will not materially advance the termination of this litigation.

3          2.  <u>Bumble Bee cannot satisfy the second factor</u>

4          Courts find a substantial ground for difference of opinion where "the circuits are in

5  disagreement and the court of appeals in which the district court sits has not decided the

6  issue, the issue involves complicated questions of foreign law, or the issue is a novel and

7  difficult one of first impression." *Obesity Rsch. Inst*., 2018 WL 1791611, at *1 (internal

8  citation omitted); *see also Couch* 611 F.3d at 633. But just because a court is the first to

9  rule on a question or a party relies on one precedent rather than another does not mean a

10  difference of opinion is "substantial." *Couch*, 611 F.3d at 633 (9th Cir. 2010).

11          Bumble Bee cannot satisfy the second factor for either question because there are

12  no substantial grounds for disagreement on either issue. To the contrary, not only do this

13  Court's ruling reflect the majority view on the issues decided, but Plaintiffs not aware of

14  any court within this jurisdiction that has taken a contrary position.

15          a.  <u>There is no substantial ground for disagreement on</u>

16              <u>extraterritoriality</u>

17          There is no substantial ground for disagreement on extraterritoriality. To the

18  contrary, there is near unanimity among the courts. The Circuits are not in disagreement.

19  *Obesity Rsch. Inst*., 2018 WL 1791611, at *1 ("substantial ground" if Circuits are split).

20  Every Circuit to reach this question has determined that the TVPRA civil remedy reaches

21  extraterritorial conduct. *Supra* Part III.A.1; *see also Roe*, 917 F.3d at 241-242; *Adhikari*,

22  845 F.3d at 204. No Circuit has reached a contrary conclusion. And no district court

23  within this Circuit has reached a contrary conclusion. *See Ratha v. Phatthana*, No. CV

24  16-4271, 2016 WL 11020222, at *6 (C.D. Cal. Nov. 9, 2016) (the "argument that

25  TVPRA's extraterritorial jurisdiction does not extend to civil actions has been

26  overwhelmingly rejected by the courts"). The issue does not involve complicated

27  questions of foreign law. *Obesity Rsch. Inst*., 2018 WL 1791611, at *1 (complicated

28  foreign law question may constitute "substantial ground"). Whether Congress intended

the civil remedy to extend to extraterritorial conduct is not a novel and difficult question of first impression. *See id.* (novel and difficult issues may constitute "substantial ground").[2] Indeed, Bumble Bee concedes that "numerous courts have considered these issues" although it wrongly disparages the multiple rulings contrary to its position as "drive by" rulings. ECF No. 36-1, Def.'s Reconsideration Mem. at 15. Bumble Bee cites as support two decisions by the same out-of-jurisdiction judge. In one of those cases, the Court of Appeals declined to uphold the lower court's extraterritoriality ruling and the other is currently on appeal. *See Doe I v. Apple Inc.*, No. 1:19-cv-03737, 2021 WL 5774224, at *14-16 (D.D.C. Nov. 2, 2021)*, aff'd, Doe 1 v. Apple Inc.*, 96 F.4th 403 (D.C. Cir. 2024) (affirming without reaching the extraterritoriality issue); *Mia v. Kimberly-Clark Corp*, No. 25-07046, (D.C. Cir. Apr. 8, 2025). This court's holding is consistent with the vast majority of courts to reach this question. That Bumble Bee prefers an outlier out-of-jurisdiction decision does not constitute substantial grounds for disagreement. *Couch*, 611 F.3d at 633. Because there are no substantial grounds for disagreement on extraterritoriality, the second factor (as well as the first) is not satisfied.

> ### b.  There is no substantial ground for disagreement on mens rea

As with extraterritoriality, the vast majority of courts hold, as this Court did, that the "should have known" standard applies to TVPRA civil claims, including beneficiary claims under §§ 1589(b) and 1591(a)(2). *Supra* Part III.A.2; *see also Doe v. Twitter, Inc.*, 555 F. Supp. 3d 889, 918 (N.D. Cal 2021) (where a plaintiff seeks to impose civil liability under § 1595 based on a violation of § 1591(a)(2), the "should have known" language applies). This Court's decision is consistent with the vast majority of judicial

---

[2] Bumble Bee relies on *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011), to argue that reasonable judges could disagree, but *Reese* did not rewrite the standard for what constitutes "substantial grounds for disagreement" but rather explained that for novel and complicated questions, "a novel issue may be certified for interlocutory appeal without first awaiting development of contradictory precedent."  This issue is not novel and the vast majority of precedent (and all of the in-Circuit precedent) is consistent with this Court's ruling.

analysis on this issue. Bumble Bee has not met its burden to show there is a substantial ground for disagreement, where there are multiple consistent rulings and only one, out-of-jurisdiction decision. *Couch*, 611 F.3d at 633. And even that decision conducted an analysis that paralleled the analysis this Court undertook and on far fewer facts found "recklessness." *Supra* Part III.A.2(a).

### 3. Bumble Bee cannot satisfy the first factor

A question of law is controlling if its resolution would materially affect the outcome of the case. *Obesity Rsch. Inst.*, 2018 WL 1791611, at *1 (citing *In Cement Antitrust Litigation*, 673 F.2d at 1026). Given that the other factors plainly are not met, the Court need not reach whether Bumble Bee's proposed questions are controlling, but neither is. Bumble Bee does not satisfy this requirement.

### a. Bumble Bee improperly seeks to certify a question that the Court did not reach, conceding its primary question is not controlling

Bumble Bee implicitly concedes that the question the court decided – that the civil remedy extends to certain extraterritorial conduct – is not controlling, as Bumble Bee asks for certification of a second, subsidiary question that the court did not decide. *Compare* ECF No. 36-1, Def.'s Reconsideration Mem. at 13 (seeking certification of question on second step of test) *with* ECF No. 29, Order at 8 (expressly declining to reach second step of extraterritoriality test where first step is satisfied).

A court of appeal is a court of "review, not first view." *DeFries v. Union Pac. R.R. Co.*, 104 F.4th 1091, 1109 (9th Cir. 2024), *cert. denied,* 145 S. Ct. 1426, 221 L. Ed. 2d 553 (2025) (quoting *Belaustegui v. Int'l Longshore & Warehouse Union*, 36 F.4th 919, 930 (9th Cir. 2022)). Bumble Bee's effort to certify for interlocutory review a question expressly not decided by this court emphasizes that the challenged ruling is not controlling and should not be certified for initial resolution by the court of appeals.

The first question is not controlling for a second, independent reason. Plaintiffs also argued, separately from the extraterritoriality question, that under § 1589(b), the act of benefiting is itself a violation of the TVPRA and here that violation occurred in the United

States. ECF No. 23, Pls.' Mem. in Opp'n to Def's Mot. to Dismiss at 20. When the benefit is obtained in the United States, the application of the statute is not extraterritorial at all. *See Rodriguez v. Pan Am. Health Org.* ("PAHO"), 29 F.4th 706, 716-17 (D.C. Cir. 2022) (violation of § 1589(b) occurred in the United States: "Apart from the wrongful conduct PAHO allegedly participated in abroad, the physicians also allege wrongful conduct that occurred entirely within the U.S"). Section 1589(b) moots the extraterritoriality question in cases such as this because the § 1589(b) violation (benefitting from forced labor) occurred in the United States. As a result, contrary to Bumble Bee's assertion, ECF No. 36-1, Def.'s Reconsideration Mem. at 14, a ruling in Bumble Bee's favor on the proposed question would ***not*** bar Plaintiffs from proceeding with their TVPRA claims and the question is not controlling. Certification is not appropriate.

### b.  The mens rea standard is not controlling

Defendant's second question, regarding the applicable *mens rea*, is also not controlling. Bumble Bee's argument rests on the mistaken assertion that Plaintiffs "have not attempted" to plead reckless disregard. Br. at 14. But as discussed above, in paragraph 265 of their Complaint, Plaintiffs expressly pled that Bumble Bee knew or recklessly disregarded that its FIP venture relied on force, threats of force, serious harm, threats of serious harm, abuse of legal process and other means prohibited by § 1589(a) to obtain labor or services. ECF No. 33, FAC ¶265. And the facts alleged by Plaintiffs are more than adequate to support that allegation. *Supra* Part III.A.2(a); see also ECF No. 29, Order at 16-19; ECF No. 33, FAC ¶¶ 51, 246 247, 249, 250. As Plaintiffs explained, Plaintiffs' *mens rea* allegations are far more robust than the allegations in the one out-of-jurisdiction case that Bumble Bee relies upon. *Supra* Part III.A.2(a). Because Plaintiffs can meet any applicable standard, a ruling on the second question would not bar Plaintiffs from proceeding on their TVPRA claim.

Finally, as a close look at the one case Bumble Bee relies upon reveals, the analysis under Bumble Bee's preferred standard and the analysis undertaken by this Court are effectively the same. *Supra* pp.9-10. Because Bumble Bee's preferred test would result in

the same outcome, this is not a controlling issue.

## IV.    CONCLUSION

For the above reasons, the Court should deny Bumble Bee's motion.


Dated: January 16, 2026            Respectfully submitted,


COHEN MILSTEIN SELLERS & TOLL PLLC

By: */s/ Agnieszka M. Fryszman*
Agnieszka M. Fryszman

*Counsel for Plaintiffs*