**HOGAN LOVELLS US LLP**
VASSI ILIADIS (Bar No. 296382)
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 785-4640
Facsimile: (310) 785-4601
vassi.iliadis@hoganlovells.com

CRAIG A. HOOVER (Bar No. 113965)
DAVID M. FOSTER (admitted pro hac vice) (D.C. Bar No. 497981)
DANIELLE DESAULNIERS STEMPEL (admitted pro hac vice)
   (D.C. Bar No. 1658137)
CHRISTINE A. SIFFERMAN (admitted pro hac vice) (D.C. Bar No. 1613936)
DANA A. RAPHAEL (admitted pro hac vice) (D.C. Bar No. 1741559)
555 Thirteenth Street, N.W.
Washington, D.C. 20004
Telephone: (202) 637-5694
Facsimile: (202) 637-5910
craig.hoover@hoganlovells.com
david.foster@hoganlovells.com
danielle.stempel@hoganlovells.com
christine.sifferman@hoganlovells.com
dana.raphael@hoganlovells.com

*Counsel for Defendant*
Bumble Bee Foods, LLC

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AKHMAD; ANGGA; MUHAMMAD SAHRUDIN; and MUHAMMAD SYAFI'I,<br><br>Plaintiffs,<br><br>v.<br><br>BUMBLE BEE FOODS, LLC,<br><br>Defendant. | Case No. 3:25-cv-00583-BAS-DEB<br><br>Action Filed: March 12, 2025<br><br>The Honorable Cynthia Bashant<br><br>**REPLY BRIEF IN SUPPORT OF DEFENDANT BUMBLE BEE FOODS, LLC'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**<br><br>Hearing Date: January 23, 2026<br><br>NO ORAL ARGUMENT UNLESS ORDERED BY THE COURT |

HOGAN LOVELLS US LLP
ATTORNEYS AT LAW
LOS ANGELES

REPLY BRIEF IN SUPPORT OF DEFENDANT BUMBLE BEE FOODS, LLC'S MOTION TO DISMISS
PLAINTIFFS' AMENDED COMPLAINT
Case No. 3:25-cv-00583-BAS-DEB

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................... ii

INTRODUCTION ..................................................................................................... 1

ARGUMENT ............................................................................................................. 1

    I.    Plaintiffs Have Not Alleged That Damages Are Inadequate ..................... 1

    II.   Plaintiffs Lack Standing To Seek Injunctive Relief ................................. 3

        A.    Plaintiffs Cannot Demonstrate Imminent Future Injury ................. 3

        B.    Plaintiffs Cannot Demonstrate Causation ....................................... 7

        C.    Plaintiffs Cannot Demonstrate Redressability ................................ 9

CONCLUSION ........................................................................................................ 10

# TABLE OF AUTHORITIES

Page(s)

**CASES:**

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) ................................................................................... 3

*Bassam v. Bank of Am.*,
 No. 2:15-cv-00587, 2015 WL 12697873 (C.D. Cal. Nov. 3, 2015) ............... 2

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007) ................................................................................... 3

*Clark v. American Honda Motor Co.*,
 528 F. Supp. 3d 1108 (C.D. Cal. 2021) ...................................................... 1

*Clark v. City of Lakewood*,
 259 F.3d 996 (9th Cir. 2001) ...................................................................... 4

*Clapper v. Amnesty Int'l USA*,
 568 U.S. 398 (2013) ................................................................................ 4-6

*Davidson v. Kimberly-Clark Corp.*,
 889 F.3d 956 (9th Cir. 2018) ...................................................................... 6

*Doe I v. Apple Inc.*,
 96 F.4th 403 (D.C. Cir. 2024) ................................................................... 10

*Fussell v. Sun Vista RV Resort LLC*,
 No. 2:24-cv-03414, 2025 WL 2161491 (D. Ariz. July 29, 2025) ................. 1

*Glanton ex rel. ALCOA Prescription Drug Plan v. AdvancePCS Inc.*,
 465 F.3d 1123 (9th Cir. 2006) .................................................................. 10

*Greenstein v. Noblr Reciprocal Exch.*,
 No. 22-17023, 2024 WL 3886977 (9th Cir. Aug. 21, 2024) ........................ 5

*Hendon v. Witcher*,
 308 F. App'x 43 (9th Cir. 2008) .................................................................. 2

**TABLE OF AUTHORITIES–CONTINUED**

Page(s)

*Int'l Partners for Ethical Care Inc. v. Ferguson*,
  146 F.4th 841 (9th Cir. 2025) ................................................................. 5

*Kunkel v. Lopez*,
  No. 1:11-cv-01026, 2014 WL 12540516 (E.D. Cal. Jan. 24, 2014) ............... 2

*Leite v. Crane Co.*,
  749 F.3d 1117 (9th Cir. 2014) ................................................................ 3

*Mendia v. Garcia*,
  768 F.3d 1009 (9th Cir. 2014) ............................................................. 7, 8

*Montana Shooting Sports Ass'n v. Holder*,
  727 F.3d 975 (9th Cir. 2013) ............................................................... 4, 5

*Munns v. Kerry*,
  782 F.3d 402 (9th Cir. 2015) ............................................................... 5, 6

*Nat'l Audubon Soc'y, Inc. v. Davis*,
  307 F.3d 835 (9th Cir. 2002) ................................................................. 4

*Oreg. Prescription Drug Monitoring Program v. DEA*,
  860 F.3d 1228 (9th Cir. 2017) ............................................................... 6

*Scheibe v. Livwell Prods.*,
  No. 3:23-cv-00216, 2023 WL 4414580 (S.D. Cal. July 7, 2023) ............... 1, 2

*Shay v. Apple Inc.*,
  512 F. Supp. 3d 1066 (S.D. Cal. 2021) ................................................ 1, 2

*Skyline Wesleyan Church v. Cal. Dep't of Managed Health Care*,
  968 F.3d 738 (9th Cir. 2020) ................................................................. 7

*Sonner v. Premier Nutrition Corp.*,
  971 F.3d 834 (9th Cir. 2020) ................................................................. 1

*Twitter, Inc. v. Paxton*,
  56 F.4th 1170 (9th Cir. 2022) ................................................................. 5

HOGAN LOVELLS US LLP
ATTORNEYS AT LAW
LOS ANGELES

- iii -
REPLY IN SUPPORT OF MOTION TO DISMISS
Case No. 3:25-cv-00583-BAS-DEB

# TABLE OF AUTHORITIES–Continued

Page(s)

*United States v. King County*,
    122 F.4th 740 (9th Cir. 2024) ............................................................. 7, 8

*Watkins v. MGA Ent., Inc.*,
    550 F. Supp. 3d 815 (N.D. Cal. 2021) ................................................ 1, 2

*Winsor v. Sequoia Benefits & Ins. Servs., Inc.*,
    62 F.4th 517 (9th Cir. 2023) .................................................................. 9

*YZ Prods., Inc. v. Redbubble, Inc.*,
    545 F. Supp. 3d 756 (N.D. Cal. 2021) ................................................... 2

**RULES:**

Fed. R. Civ. P. 12(b)(1) .................................................................................. 1

Fed. R. Civ. P. 12(b)(6) ............................................................................. 1-3

**OTHER AUTHORITY:**

Sui-Lee Wee & Muktita Suhartono, *Indonesian Fishermen Sue U.S. Canned Tuna Giant Over Claims of Forced Labor*, N.Y. Times (Mar. 13, 2025), https://perma.cc/8WSH-7LGW ................................................................ 3, 4

## INTRODUCTION

Plaintiffs' Opposition (ECF No. 40, "Opp.") only serves to underscore their failure to plead the inadequacy of a damages remedy, which is fatal to their injunctive relief claim under Rule 12(b)(6), and their lack of standing to seek injunctive relief, which is fatal under Rule 12(b)(1). Plaintiffs misstate Ninth Circuit law and mischaracterize their Amended Complaint (ECF No. 33, "Am. Compl."), Defendant's Renewed Motion to Dismiss (ECF No. 39-1, "Mot."), and the Court's ruling (ECF No. 29) on Bumble Bee's original Motion to Dismiss. The Court should dismiss Plaintiffs' injunctive relief claim once more and deny leave to further amend.

## ARGUMENT

### I. Plaintiffs Have Not Alleged That Damages Are Inadequate.

Plaintiffs do not dispute that they have not pled that the other remedies they seek are inadequate to compensate them for their alleged injuries. Opp. 18-19. Rather, they ask the Court to ignore this defect as "premature." Opp. 17. This gambit fails based on controlling Ninth Circuit law, which requires Plaintiffs to plead specifically that they lack adequate remedies at law if seeking injunctive relief. *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020) (affirming order dismissing claim for equitable relief due to plaintiff's failure to plead she lacked an adequate legal remedy). Following *Sonner*, courts routinely dismiss claims for injunctive relief where, as here, plaintiffs fail to allege that they "lack an adequate remedy at law." *Clark v. Am. Honda Motor Co.*, 528 F. Supp. 3d 1108, 1121-1122 (C.D. Cal. 2021); *see Scheibe v. Livwell Prods., LLC*, No. 3:23-cv-00216, 2023 WL 4414580, at *9 (S.D. Cal. July 7, 2023); *Watkins v. MGA Ent., Inc.*, 550 F. Supp. 3d 815, 837-838 (N.D. Cal. 2021); *Shay v. Apple Inc.*, 512 F. Supp. 3d 1066, 1077-78 (S.D. Cal. 2021). Plaintiffs' cases all predate *Sonner*, save one unpublished, out-of-state opinion citing only pre-*Sonner* decisions. *Fussell v. Sun Vista RV Resort LLC*, No. 2:24-cv-03414, 2025 WL 2161491, at *15 (D. Ariz. July 29, 2025); *see* Opp. 17-18. The Court should disregard them accordingly.

1   Plaintiffs cannot remedy their flawed Complaint by saying in their *Opposition* that the other remedies they seek will be inadequate.  Opp. 18-19.  "In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss."  *YZ Prods., Inc. v. Redbubble, Inc.*, 545 F. Supp. 3d 756, 764-765 (N.D. Cal. 2021); *see Bassam v. Bank of Am.*, No. 2:15-cv-00587, 2015 WL 12697873, at *10 n.54 (C.D. Cal. Nov. 3, 2015) (plaintiffs "cannot supplement their pleading by asserting new facts in their opposition to a motion to dismiss").  *Scheibe* does not say otherwise.  Plaintiffs note that *Scheibe* says they must "plead or *otherwise explain*" why a remedy at law is inadequate, but *Schiebe* specifically said the *complaint* failed to meet that mark.  Opp. 19 n.6 (quoting 2023 WL 4414580 at *9).  Nothing in *Scheibe* suggests that arguing "above the line" in a opposition brief, *id.*, satisfies the requirement to explain in the Complaint why "an adequate remedy at law is unavailable," 2023 WL 4414580, at *9.

Backpedaling, Plaintiffs say parties may "pursue remedies in the alternative."  Opp. 19.  But as Plaintiffs appear to concede, the Complaint does not actually plead as much.  *See id.* 19 & n.6; Am. Compl. ¶¶ 281-290.  And even if they *had* sought injunctive relief as an alternative, Plaintiffs must still "allege [they] lack[] an adequate legal remedy."  *Shay*, 512 F. Supp. 3d at 1077-78; *see Watkins*, 550 F. Supp. 3d at 838 (dismissing claim for equitable relief pleaded in the alternative because plaintiffs failed to allege "their remedies at law are inadequate").  They have not.

As a last resort, Plaintiffs seek permission to amend again to fix this defect.  Opp. 19.  The Court should reject that request.  Plaintiffs were on notice of this defect from the original Motion to Dismiss, ECF No. 22-1 at 10 n.6, but did not try to fix it.  Leave to amend should be denied.  *See, e.g.*, *Hendon v. Witcher*, 308 F. App'x 43, 44-45 (9th Cir. 2008) (affirming denial of leave to amend where plaintiff "was previously notified of the deficiencies in his claims but did not cure them"); *Kunkel v. Lopez*, No. 1:11-cv-01026, 2014 WL 12540516, at *4 (E.D. Cal. Jan. 24, 2014)

(denying amendment in similar situation).

## II. Plaintiffs Lack Standing To Seek Injunctive Relief.

### A. Plaintiffs Cannot Demonstrate Imminent Future Injury.

Plaintiffs' Amended Complaint still fails to demonstrate Article III injury.[1]  To begin, Plaintiffs mischaracterize the Court's decision dismissing their injunctive relief claim, mistaking what was *necessary* for what is *sufficient*.  The Court found that Plaintiffs had not sufficiently alleged an injury and ended its analysis there, holding that Plaintiffs lacked standing to seek injunctive relief.  ECF No. 29 at 4-5.  The Court criticized Plaintiffs' statements that they "continue to suffer harm" as conclusory and inadequate, including because Plaintiffs had not alleged they would return to commercial fishing.  *Id.* at 5.  The Court held that "without more, the statement that Plaintiffs 'continue to suffer harm' is precisely the type of bare assertion and conclusory statement that the Supreme Court has held insufficient to survive a motion to dismiss."  *Id.*  But the Court did not say that merely adding an allegation that Plaintiffs "would work again in distant-water fishing if Bumble Bee was ordered to adopt the measures Plaintiffs propose," Opp. 8 (cleaned up), would be sufficient to save Plaintiffs' claim.[2]  Plaintiffs' characterization of this defect as a "single, narrow gap in their pleadings" and the "sole basis for dismissing Plaintiffs' claims for injunctive relief," Opp. 5-6, misstates the Court's decision, particularly when the Court did not analyze the remainder of Plaintiffs' injunctive relief claim.[3]

---

[1] Plaintiffs' assertions that facial attacks on standing are not resolved the same way as a Rule 12(b)(6) motion are misplaced.  *See* Opp. 2.  As the Ninth Circuit has explained, for standing purposes, Plaintiffs must "allege facts, not mere legal conclusions," in compliance with the pleading standards in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and a district court "resolves a facial attack [on standing] as it would a motion to dismiss under Rule 12(b)(6)."  *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).

[2] Plaintiffs also fail to allege that they *would be employed* as commercial fishers, despite Plaintiffs' alleged physical injuries.  *See* Mot. 8.

[3] Plaintiffs do not dispute that Plaintiff Syafi'i stated: "I no longer have the desire to

      Nor does the Amended Complaint fix the other flaws in Plaintiffs' theory of standing. Plaintiffs do not allege there is "a sufficient likelihood that [they] will again be wronged in a similar way." Opp. 5 (citation omitted). They instead assert "continuing, present adverse effects" of "loss of economic opportunity" from "forgone employment." *Id.* But Plaintiffs concede that standing is absent where "the plaintiffs incurred purely voluntary injuries trying to avoid hypothetical harms that could only come to pass as a result of an attenuated string of uncertain events." Opp. 12. That is exactly the situation here.

      Plaintiffs dispute that their injury is too hypothetical and speculative, Opp. 8-10, citing a series of cases holding that "[e]conomic injury caused by a proscriptive statute is sufficient for standing to challenge that statute." *Montana Shooting Sports Ass'n v. Holder*, 727 F.3d 975, 979 (9th Cir. 2013); *see also Nat'l Audubon Soc'y, Inc. v. Davis*, 307 F.3d 835, 856 (9th Cir.), *amended on denial of reh'g*, 312 F.3d 416 (9th Cir. 2002) ("the trappers' economic injury is directly traceable to the fact that Proposition 4 explicitly forbids the trapping they would otherwise do"); *Clark v. City of Lakewood*, 259 F.3d 996, 1007 (9th Cir. 2001), *as amended* (Aug. 15, 2001) (plaintiff's "decrease in gross revenue . . . directly resulted from complying with the Ordinance's restrictions"). But Bumble Bee is not the government and there is no "proscriptive statute" here that prevents Plaintiffs from seeking employment as commercial fishers. According to Plaintiffs, all that is in their way are their own subjective fears that they may be subjected to forced labor. But that is precisely what courts have repeatedly admonished does not suffice: Plaintiffs cannot establish standing by claiming to suffer "economic . . . costs and burdens" "as a reasonable reaction to [avoiding] a risk of harm." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398,

---

work on a ship, ever again, even if they offer me a huge amount of money." Sui-Lee Wee & Muktita Suhartono, *Indonesian Fishermen Sue U.S. Canned Tuna Giant Over Claims of Forced Labor,* N.Y. Times (Mar. 13, 2025), https://perma.cc/8WSH-7LGW. They instead ask the Court to ignore this unequivocal admission. Opp. 6-8.

416 (2013); *see also Munns v. Kerry*, 782 F.3d 402, 411 (9th Cir. 2015) (plaintiff's "theory of injury"—"uncertainty [that] deters him from seeking employment"—"fails"). "Such injuries are self-inflicted because they are the result of 'voluntary' actions that Plaintiffs have taken," "not because of any actual requirement . . . impose[d]." *Int'l Partners for Ethical Care Inc v. Ferguson*, 146 F.4th 841, 849 (9th Cir. 2025); *see also Twitter, Inc. v. Paxton*, 56 F.4th 1170, 1176 (9th Cir. 2022) (plaintiff's incurred "financial costs" were voluntary).

Plaintiffs insist that because they suffer an "ongoing economic harm," they "need not show a likelihood that they will be imminently forced to work on a fishing vessel again." Opp. 10. But Plaintiffs "cannot manufacture standing merely by inflicting harm on themselves based on their fears of hypothetical future harm that is not certainly impending." *Clapper*, 568 U.S. at 416. The *only* way economic injury from forgone employment could be cognizable would be if Plaintiffs demonstrated that "the harm [they] seek to avoid"—forced labor on vessels that supply to Bumble Bee—*is* "certainly impending." *Id.*; *see also Greenstein v. Noblr Reciprocal Exch.*, No. 22-17023, 2024 WL 3886977, at *3 (9th Cir. Aug. 21, 2024) ("Only when the risk of future harm is not speculative can the cost of mitigation efforts form a basis for standing."). Plaintiffs' argument that they "need not" demonstrate a likelihood of future forced labor on vessels that supply to Bumble Bee is a concession that they cannot make that showing. Indeed, Plaintiffs do not dispute the long, attenuated causal chain—made up of numerous independent actors—that would be required for them to suffer forced labor on such vessels in the future. Mot. 10-11. And without any "threat that they will be revictimized if they worked in the industry again," Opp. 10, the decision to continue to forego those economic opportunities is too speculative and self-inflicted to show a "very significant possibility of future harm" traceable to Bumble Bee. *Montana Shooting Sports*, 727 F.3d at 979.

Plaintiffs' plea that their fears are "objectively reasonable," Opp. 11, is both irrelevant and contrary to binding precedent. *Clapper* held that a plaintiff's

"reasonable reaction to a risk of harm is unavailing" where the harm the plaintiff "seek[s] to avoid is not certainly impending." 568 U.S. at 416. The Ninth Circuit, recognizing it is "bound by *Clapper*," has accordingly held that "serious[]," "not unreasonable" fears are insufficient for standing. *Oreg. Prescription Drug Monitoring Program v. DEA*, 860 F.3d 1228, 1235 (9th Cir. 2017). Were it otherwise, a plaintiff could decide to forego certain activities indefinitely based on a purely hypothetical risk of future wrongs and claim standing accordingly. For example, the plaintiff in *Lyons* would have had standing because he was unable to travel to work out of fear that he would be stopped for a traffic violation and subjected to an illegal chokehold. *City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983). And the *Munns* plaintiff would have had standing on the theory that he had to forever forego work as a security contractor because, if the challenged order was reinstated and he was hired for that position, he would be harmed. *Munns*, 782 F.3d at 409-410. The law says no: "It is the *reality* of the threat of repeated injury that is relevant to the standing inquiry, not the plaintiff's subjective apprehensions," and "[t]he emotional consequences of a prior act simply are not a sufficient basis for an injunction absent a real and immediate threat of future injury by the defendant." *Lyons*, 461 U.S. at 107 n.8.

Plaintiffs' only other cited cases are even further afield. *See* Opp. 11-13. *Davidson v. Kimberly-Clark Corp.* was a false representation case that involved a single step between the defendant's conduct (prior false advertising) and the plaintiff's injury (hesitance to repurchase the products as a result). 889 F.3d 956, 968-969 (9th Cir. 2018). Even if *Davidson* applied beyond the false-advertising context, here, by contrast, there is a long, attenuated causal chain made up of numerous independent actors, rendering the alleged injury too speculative and attenuated. Mot. 8-11. Plus, *Davidson* acknowledged that "a plaintiff must show 'a sufficient likelihood that he will again be wronged in a similar way,' " 889 F.3d at 967 (citation omitted), which Plaintiffs have not done here. Plaintiffs' citation to

*Skyline Wesleyan Church v. Cal. Dep't of Managed Health Care* is similarly inapposite; it involved a "postenforcement challenge" to a government directive *requiring* insurers "to immediately change their coverage, and all of them (including [the plaintiff's] insurer) [had] already complied." 968 F.3d 738, 748 (9th Cir. 2020). Again, Plaintiffs do not allege that anyone is requiring them to do anything.

### B. Plaintiffs Cannot Demonstrate Causation.

Plaintiffs' Opposition cannot get around their inability to establish that Bumble Bee, rather than an independent third-party actor, caused Plaintiffs' purported injury.

*First*, Plaintiffs wrongly assert that they need only show that Bumble Bee's conduct "is at least a substantial factor motivating the third parties' actions" to establish causation. Opp. 14 (citing *Mendia v. Garcia*, 768 F.3d 1009, 1012 (9th Cir. 2014)). But *Mendia* was a damages case for part harm, not for prospective injunctive relief. And even if a "substantial factor" test applied, more is required of Plaintiffs. In *Mendia*, the Ninth Circuit noted that "when a plaintiff alleges that government action caused injury by influencing the conduct of third parties," it required "more particular facts . . . to show standing," because "the third parties may well have engaged in their injury-inflicting actions even in the absence of the government's challenged conduct." 768 F.3d at 1013-1014 (citations omitted); *accord United States v. King County*, 122 F.4th 740, 751-752 (9th Cir. 2024) (finding the government action was the "overriding factor" influencing the third parties' conduct). Even under the "significant factor" test, *Mendia* cautions that a plaintiff must offer these "more particular facts" without "relying on 'speculation' or 'guesswork' about the third parties' motivations." 768 F.3d at 1013. Plaintiffs have not alleged the "more particular facts" needed to overcome the assumption that third party recruitment agencies and vessel captains "may well have engaged in their injury-inflicting actions even in the absence of" Bumble Bee's conduct. *Id.*

Further, Plaintiffs' cited cases involved a clear-cut and significantly shorter causal chain—the government action directly prompted a single third party to injure

the plaintiff in the past. *See Mendia*, 768 F.3d at 1013 (immigration detainer functionally declared plaintiff a flight risk, causing bail bondsmen to refuse to assist plaintiff in making bail); *King County*, 122 F.4th at 751 (order prohibiting flight company from servicing ICE charter flights directly precluded company from servicing such flights). The causal chain here for an alleged *future* injury is far more attenuated and involves multiple independent third parties. *See* Mot. 10-11. Plaintiffs assert that "what matters is not the length of the chain of causation, but rather the plausibility of the links," Opp. 13, but have no response to Bumble Bee's arguments about why those links are, in fact, implausible and uncertain. Mot. 10-11.

*Second*, Plaintiffs contend the Court has already found they have sufficiently alleged a causal link between Bumble Bee's conduct and Plaintiffs' alleged harm. Opp. 20-22. That is not the case, and it says nothing about whether Plaintiffs established an imminent *future* injury traceable to Bumble Bee. The Court's finding was (a) specific to whether Plaintiffs sufficiently alleged that Bumble Bee owed Plaintiffs a *duty*, rather than whether Bumble Bee had *caused* Plaintiffs injury; (b) limited to Plaintiffs' past exposure to forced labor and physical injuries, rather than the speculative "ongoing loss of economic opportunities" injury Plaintiffs now plead; and (c) that any such duty or "special relationship" was "between Defendant and the Rongcheng vessels on which Plaintiffs experienced abuse." ECF No. 29 at 21-22. The Court did not find a "special relationship" for every vessel in Bumble Bee's supply chain, or even every vessel participating in an FIP. *See id.*; *cf.* Opp. 13-15. The Court's "control" conclusion was similarly limited to the specific Rongcheng vessels at issue in this case, ECF No. 29 at 21-22—not every vessel in Bumble Bee's supply chain, as Plaintiffs contend. *See* Opp. 14.

Importantly, Plaintiffs have not alleged that if they return to fishing, they will be placed on the Rongcheng vessels again, or even that they will be placed on FIP vessels. Am. Compl. ¶¶ 255 (noting Plaintiffs' belief that they would "most likely be placed by recruiting agents on longline vessels in the Chinese or Taiwanese

fleet"); *see* Mot. 10-11. Under Plaintiffs' own allegations, even if they return to commercial fishing, they may never again work on vessels that supply Bumble Bee—let alone on those vessels to which the Court's negligence analysis applied.

*Third*, because they rely entirely on this Court's negligence analysis, Plaintiffs do not attempt to independently explain how their "ongoing loss of economic opportunity" is fairly traceable to Bumble Bee's conduct, rather than "the result of the independent action" of themselves or other entities "not before the court." *Winsor v. Sequoia Benefits & Ins. Servs., Inc.*, 62 F.4th 517, 525 (9th Cir. 2023); Mot 18-20. That is fatal to their injunctive relief claims.

*Finally*, despite Plaintiffs' assertion that their "decision to forego such employment [in commercial fishing] is the only reasonable option currently available to them," Opp. 14, their Amended Complaint asserts otherwise when describing commercial fishing as one of multiple opportunities available to them. Am. Compl. ¶¶ 253; Mot. 13-14. One Plaintiff is a cook rather than an "experienced fisher," *compare* Am. Compl. ¶¶ 132-146 with Opp. 15, and has not explained why he cannot continue his work as a cook outside commercial fishing. Other Plaintiffs describe prior construction and farming experience, Am. Compl. ¶¶ 96, 120, and do not explain why they cannot return to their pre-fishing industries.

### C.     Plaintiffs Cannot Demonstrate Redressability.

Plaintiffs' arguments on redressability fail. Plaintiffs cite the Court's findings about a "special relationship" between Bumble Bee and the Rongcheng vessels to argue that Bumble Bee controls *every* Chinese and Taiwanese commercial fishing vessel, such that an injunction would improve conditions on *all* East Asian longliner vessels. Opp. 15-16. But the Complaint provides no factual basis for that implausible allegation. And in the next breath, Plaintiffs admit that "Bumble Bee's primary competitors have already taken many of the measures Plaintiffs urge here." Opp. 16; *see* Am. Compl. ¶ 260. If recruitment agencies and vessel captains and crew have ignored these other companies' policies, it is unclear why a court order instructing

Bumble Bee to adopt such standards would change things. That is particularly so given that Bumble Bee has already adopted many of these policies through its Supplier Code of Conduct, *see* Mot. 15—a point Plaintiffs ignore. This fatally undermines Plaintiffs' argument that the policies they have asked this Court to impose on a private business will necessarily impact third parties in the supply chain.

Plaintiffs assert that Bumble Bee's "size and influence" in the industry can fill this gap. Opp. 16. But as the D.C. Circuit explained, allegations that a defendant maintains "substantial market power" are insufficient to plead control over independent entities "far down the [defendants'] supply chain," particularly where those entities have other potential buyers, such that it is "impossible to say whether [defendants'] subsidiaries will change their labor practices at the behest of [defendants] or whether they will continue operations and sell . . . to other buyers." *Doe I v. Apple Inc.*, 96 F.4th 403, 413-414 (D.C. Cir. 2024). That describes this case. Plaintiffs say Bumble Bee is one of at least 30 major international seafood corporations. Am. Compl. ¶ 239. Yet Plaintiffs no support for the inference that overseas third-party vessels and recruitment agencies would change their practices in the hopes of selling to a single tuna distributor in a one country, when the global tuna market spans far beyond Bumble Bee and the United States. These third parties may well decide to continue to instead sell to the many other tuna suppliers worldwide.

Courts are appropriately skeptical that injunctive relief will redress the alleged injury where "any prospective benefits depend on an independent actor who retains 'broad and legitimate discretion the courts cannot presume either to control or to predict.'" *Glanton ex rel. ALCOA Prescription Drug Plan v. AdvancePCS Inc.*, 465 F.3d 1123, 1125 (9th Cir. 2006). This Court should be too. The injunctive relief that Plaintiffs seek is highly unlikely to make third parties in the supply chain change their behavior, and Plaintiffs' injury is therefore unlikely to be redressed.

## CONCLUSION

The Court should dismiss Plaintiffs' injunctive relief claim once again.

Respectfully submitted,

Dated: January 16, 2026

HOGAN LOVELLS US LLP

By: */s/ Vassi Iliadis*
Vassi Iliadis

*Counsel for Defendant*
Bumble Bee Foods, LLC