1  **HOGAN LOVELLS US LLP**
   VASSI ILIADIS (Bar No. 296382)
2  1999 Avenue of the Stars, Suite 1400
   Los Angeles, CA 90067
3  Telephone: (310) 785-4640
   Facsimile: (310) 785-4601
4  vassi.iliadis@hoganlovells.com

5  CRAIG A. HOOVER (Bar No. 113965)
6  DAVID M. FOSTER (admitted pro hac vice) (D.C. Bar No. 497981)
   DANIELLE DESAULNIERS STEMPEL (admitted pro hac vice)
7      (D.C. Bar No. 1658137)
   DANA A. RAPHAEL (admitted pro hac vice) (D.C. Bar No. 1741559)
8  555 Thirteenth Street, N.W.
   Washington, D.C. 20004
9  Telephone: (202) 637-5694
   Facsimile: (202) 637-5910
10 craig.hoover@hoganlovells.com
   david.foster@hoganlovells.com
11 danielle.stempel@hoganlovells.com
   dana.raphael@hoganlovells.com
12

13 *Counsel for Defendant*
   Bumble Bee Foods, LLC
14
                    **UNITED STATES DISTRICT COURT**
15
                   **SOUTHERN DISTRICT OF CALIFORNIA**
16

17
   AKHMAD; ANGGA; MUHAMMAD           Case No. 3:25-cv-00583-BAS-DEB
18 SAHRUDIN; and MUHAMMAD
   SYAFI'I,                          Action Filed: March 12, 2025
19
              Plaintiffs,            The Honorable Cynthia Bashant
20
   v.                               **REPLY BRIEF IN SUPPORT OF**
21                                   **DEFENDANT BUMBLE BEE**
   BUMBLE BEE FOODS, LLC,            **FOODS, LLC'S MOTION FOR**
22                                   **RECONSIDERATION OR,**
              Defendant.            **ALTERNATIVELY, FOR**
23                                   **CERTIFICATION OF**
                                    **INTERLOCUTORY APPEAL**
24                                   **UNDER 28 U.S.C. § 1292(b)**
25
                                    NO ORAL ARGUMENT UNLESS
26                                   ORDERED BY THE COURT
27
                                    Date: February 13, 2026
28

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
LOS ANGELES

REPLY BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION OR CERTIFICATION
Case No. 3:25-cv-00583-BAS-DEB

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ...................................................................................... ii

INTRODUCTION ................................................................................................... 1

ARGUMENT .......................................................................................................... 1

I.    The Court Should Reconsider Its Denial Of The Motion To Dismiss ........................................................................................... 1

    A.    Reconsideration Is Warranted As To Extraterritoriality ................. 1

    B.    Reconsideration Is Warranted As To The Court's *Mens Rea* Ruling ................................................................................ 2

        1.    The higher criminal recklessness standard applies .............. 2

        2.    Plaintiffs have not pled conduct akin to criminal recklessness ..................................................................... 5

    C.    Reconsideration Is Warranted As To Supplemental Jurisdiction ................................................................................. 6

II.    The Court Should Certify The Extraterritoriality And Knowledge Issues For Interlocutory Review ............................................... 7

CONCLUSION ...................................................................................................... 10

Hogan Lovells US LLP
Attorneys At Law
Los Angeles

# TABLE OF AUTHORITIES

Page(s)

**CASES:**

*A.B. v. Marriott Int'l,*
    455 F. Supp. 3d 171 (E.D. Pa. 2020) ................................................................ 3

*Abernathy v. Carlyle Grp., Inc.,*
    No. 1:22-cv-03603, 2024 WL 5331993 (D.D.C. Sept. 27, 2024) ................. 10

*Abafita v. Aldukhan,*
    No. 1:16-cv-06072, 2019 WL 6735148 (S.D.N.Y. Dec. 10, 2019) ............. 10

*Adhikari v. Kellogg Brown & Root, Inc.,*
    845 F.3d 184 (5th Cir. 2017) ...................................................................... 10

*American Vantage Cos., Inc. v. Table Mountain Rancheria,*
    292 F.3d 1091 (9th Cir. 2002) ...................................................................... 7

*Appel v. Concierge Auctions, LLC,*
    No. 3:17-cv-02263, 2018 WL 4700472 (S.D. Cal. Oct. 1, 2018) ................ 10

*B.M. v. Wyndham Hotels & Resorts, Inc.,*
    No. 5:20-cv-00656, 2020 WL 4368214 (N.D. Cal. July 30, 2020) ............... 3

*C.C. v. Rashid,*
    No. 2:23-cv-02056, 2025 WL 1785273 (D. Nev. June 26, 2025) ............. 3, 4

*Couch v. Telescope Inc.,*
    611 F.3d 629 (9th Cir. 2010) ........................................................................ 9

*D'Amico v. Compass Grp., USA, Inc.,*
    52 F. App'x 524 (1st Cir. 2002) ................................................................... 7

*Doe v. G6 Hosp. Prop., LLC,*
    No. 2:25-cv-00347, 2025 WL 3537626
    (W.D. Wash. Dec. 10, 2025) ..................................................................... 3, 4

*Doe v. Mindgeek USA Inc.,*
    558 F. Supp. 3d 828 (C.D. Cal. 2021) .......................................................... 3

## <u>TABLE OF AUTHORITIES—Continued</u>

<u>Page(s)</u>

*Doe v. Salesforce.com, Inc.*,

    No. 2:24-cv-00435, 2026 WL 183827 (W.D. Wash. Jan. 23, 2026) ............. 3

*Doe v. Twitter*,

    555 F. Supp. 3d 889 (N.D. Cal. 2021), *overruled on other grounds*,

    No. 22-15103, 2023 WL 3220912 (9th Cir. May 3, 2023) ........................... 3

*Doe I v. Apple Inc.*,

    No. 1:19-cv-03737, 2021 WL 5774224 (D.D.C. Nov. 2, 2021),

    *aff'd on other grounds*, 96 F.4th 403 (D.C. Cir. 2024) ............................. 9-10

*Doe #1 v. Red Roof Inns*,

    21 F.4th 714 (11th Cir. 2021) ........................................................................ 4

*Does 1–6 v. Reddit, Inc.*,

    51 F.4th 1137 (9th Cir. 2022) .................................................................... 3, 4

*F.C. v. Jacobs Sols., Inc.*,

    790 F. Supp. 3d 1158 (D. Colo. 2025) ....................................................... 4-6

*Farmer v. Brennan*,

    511 U.S. 825 (1994) ....................................................................................... 5

*Fleites v. MindGeek USA Inc.*,

    No. 2:21-cv-04920, 2025 WL 2902301 (C.D. Cal. Sept. 26, 2025) ............. 4

*Gearheart v. ClickSpeed Mktg., Inc.*,

    No. 2:13-cv-02160, 2013 WL 4482972 (D. Kan. Aug. 20, 2013) ................. 7

*Hunte v. Safeguard Props. Mgmt., LLC*,

    No. 1:16-cv-11198, 2017 WL 5891060 (N.D. Ill. Nov. 27, 2017) ................ 7

*In re Cement Antitrust Litig.*,

    673 F.2d 1020 (9th Cir. 1981) ....................................................................... 8

*J.B. v. G6 Hosp., LLC*,

    No. 4:19-cv-07848, 2020 WL 4901196 (N.D. Cal. 2020) ............................ 3

Hogan Lovells US LLP
Attorneys At Law
Los Angeles

1

## <u>TABLE OF AUTHORITIES—Continued</u>

2

Page(s)

3 *J.C. v. Choice Hotels Int'l, Inc.*,

4      No. 3:20-cv-00155, 2020 WL 3035794 (N.D. Cal. 2020) .............................3

5 *Konstantinova v. Garbuzov*,

6      No. 2:21-cv-12795, 2022 WL 2128799 (D.N.J. June 14, 2022)....................4

7 *Lesnik v. Eisenmann SE*,

8      374 F. Supp. 3d 923 (N.D. Cal. 2019) .............................................................4

9 *Lun v. Milwaukee Elec. Tool Corp.*,

10      No. 2:24-cv-0803, 2025 WL 3443536 (E.D. Wis. Dec. 1, 2025) ...................9

11 *Marx v. General Revenue Corp.*,

12      568 U.S. 371 (2013) ........................................................................................5

13 *Mia v. Kimberly-Clark Corp.*,

14      No. 1:22-cv-02353, 2025 WL 752564 (D.D.C. Mar. 10, 2025) .....................9

15 *NetworkIP, LLC v. FCC*,

16      548 F.3d 116 (D.C. Cir. 2008) ........................................................................7

17 *Nuñag-Tanedo v. East Baton Rouge Parish Sch. Bd.*,

18      No. 8:10-cv-01172, 2011 WL 13153190 (C.D. Cal. May 12, 2011).............4

19 *Parker v. County of Riverside*,

20      No. 5:21-cv-01280, 2022 WL 2204146 (C.D. Cal. May 5, 2022),

21      *certification accepted*, 78 F.4th 1109 (9th Cir. 2023)....................................9

22 *Ratha v. Phatthana Seafood Co.*,

23      35 F.4th 1159 (9th Cir. 2022)......................................................................1-3

24 *Ray v. California Dep't of Soc. Servs.*,

25      No. 2:17-cv-04239, 2017 WL 10436061 (C.D. Cal. Sept. 28, 2017),

26      *certifying appeal*, 2017 WL 10436062 (C.D. Cal. Nov. 30, 2017),

27      *certification accepted*, 935 F.3d 703 (9th Cir. 2019)....................................9

28

# TABLE OF AUTHORITIES—Continued

Page(s)

*Reese v. BP Expl. (Alaska) Inc.*,
    643 F.3d 681 (9th Cir. 2011)................................................................. 9

*Ricchio v. McLean*,
    853 F.3d 553 (1st Cir. 2017) ......................................................... 4, 5

*RJR Nabisco v. European Cmty.*,
    579 U.S. 325 (2016) ........................................................................ 2

*Rodriguez v. Pan Am. Health Org.*,
    29 F.4th 706 (D.C. Cir. 2022) ......................................................... 8

*Roe v. Howard*,
    917 F.3d 229 (4th Cir. 2019)......................................................... 10

*Rojas v. First Pick Farms, LLC*,
    No. 1:23-cv-00604, 2026 WL 18617 (W.D. Mich. Jan. 2, 2026)...............3-5

*Rollins v. Dignity Health*,
    No. 3:13-cv-01450, 2014 WL 6693891 (N.D. Cal. Nov. 26, 2014),
    *certification accepted*, 830 F.3d 900 (9th Cir. 2016)...................8-9

*Ruelas v. County of Alameda*,
    519 F. Supp. 3d 636 (N.D. Cal. 2021), *rev'd on other grounds*,
    108 F.4th 1208 (9th Cir. 2024)....................................................... 4

*Smolko v. Capital One, N.A.*,
    No. 3:16-cv-00278, 2016 WL 737446 (S.D. Cal. Feb. 25, 2016)................... 7

*U.S. ex rel. Hawkins v. ManTech Int'l Corp.*,
    752 F. Supp. 3d 118 (D.D.C. 2024) ............................................. 10

*United States v. Groce*,
    891 F.3d 260 (7th Cir. 2018)......................................................... 5

*United States v. Hussain*,
    972 F.3d 1138 (9th Cir. 2020)....................................................... 8

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
LOS ANGELES

- v -
REPLY BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION OR CERTIFICATION
Case No. 3:25-cv-00583-BAS-DEB

1

## <u>TABLE OF AUTHORITIES—Continued</u>

2

<u>Page(s)</u>

3    *Wang v. Gold Mantis Constr. Decoration*,

4        705 F. Supp. 3d 1190 (D.N. Mar. I. 2021) ........................................................ 4

5    *Zhang v. Chevron Corp.*,

6        No. 3:24-cv-08641, 2025 WL 1725006 (N.D. Cal. June 20, 2025) ................ 4

7    S<small>TATUTES</small>:

8    18 U.S.C. § 1589 ........................................................................................... 2, 5

9    18 U.S.C. § 1589(a) .................................................................................... 2, 3, 5

10    18 U.S.C. § 1589(b) ........................................................................... 2-5, 8, 10

11    18 U.S.C. § 1589(a)-(b) .................................................................................... 3

12    18 U.S.C. § 1591 ........................................................................................... 3, 4

13    18 U.S.C. § 1591(a)(2) ................................................................................. 4, 10

14    18 U.S.C. § 1595 ................................................................................. 1-5, 8-10

15    18 U.S.C. § 1595(a) ........................................................................................ 2-5

16    18 U.S.C. § 1596 ........................................................................................... 1, 2

17    18 U.S.C. § 1596(a) .......................................................................................... 3

18    28 U.S.C. § 1292(b) ..................................................................................... 7, 10

19    O<small>THER</small> A<small>UTHORITY</small>:

20    16 Wright & Miller, Fed. Prac. & Proc. § 3930 (3d ed.) .................................. 9

21

22

23

24

25

26

27

28

# INTRODUCTION

The Court's extraterritoriality and *mens rea* rulings warrant reconsideration. Plaintiffs do not meaningfully dispute that the Court misread Ninth Circuit precedent or that the Court's decision applying the "should have known" standard ignores the TVPRA's text and structure, as multiple recent decisions confirm. And Plaintiffs' alternative argument that they pleaded criminal recklessness is forfeited and wrong.

Indeed, Plaintiffs' Opposition confirms that certification is warranted. Plaintiffs protest that many cases have come out the other way, which proves there is substantial ground for disagreement on these important issues. Resolving these questions now, rather than years in the future, would conserve significant judicial resources. And these questions are dispositive; Plaintiffs' alternative argument hinges on the presence of diversity jurisdiction, but it is black-letter law that arguments in favor of jurisdiction can be forfeited, and Plaintiffs never invoked that theory in opposition to Bumble Bee's original motion to dismiss.

The Court should reconsider and/or certify its decision.

# ARGUMENT

## I.    The Court Should Reconsider Its Denial Of The Motion To Dismiss.

### A.    Reconsideration Is Warranted As To Extraterritoriality.

Plaintiffs do not dispute that the Court stated that "the Ninth Circuit held" § 1595 applies extraterritorially where § 1596's requirements are met. ECF No. 29 at 7. In fact, the Ninth Circuit declined to "resolve this dispute" and instead "assume[d] without deciding that" § 1595 applies abroad, "so long as § 1596's other requirements are satisfied." *Ratha v. Phatthana Seafood Co.*, 35 F.4th 1159, 1168 (9th Cir. 2022); ECF No. 36-1 ("Br.") at 5-6.

Plaintiffs maintain the Court considered this issue in its own right. ECF No. 41 ("Opp.") at 4. But the Court was clear that it viewed the Ninth Circuit as having resolved this question—hence why it did not meaningfully engage with Bumble Bee's arguments about the TVPRA's text, structure, and context. ECF No. 22-1

("MTD") at 16-21; ECF No. 27 ("MTD Reply") at 5-7.  Plaintiffs also contend the Court's decision is "is entirely consistent with *Ratha*" and other cases.  Opp. 4.  *Ratha* concluded it need not resolve "whether § 1595 applies to foreign conduct because, whether it does or not," plaintiffs could not satisfy § 1596's domestic presence requirement.  35 F.4th at 1168.  This Court reached the inverse conclusion:  Because the domestic presence requirement was satisfied, § 1595 applies to foreign conduct.  ECF No. 29 at 7-8.  In other words, whether Plaintiffs here "can fulfill the criteria in *Ratha* and § 1596" does not answer the predicate question of whether § 1595 applies abroad *at all*.  Opp. 4 (quoting ECF No. 29 at 7).  Bumble Bee already distinguished Plaintiffs' other citations.  Br. 6 n.2; MTD 19-21 & nn. 7-8; MTD Reply 6-7.

The presumption against extraterritoriality "is at its apex" where, as here, Plaintiffs allege that Congress created "a private civil remedy for foreign conduct." *RJR Nabisco v. European Cmty.*, 579 U.S. 325, 346-348 (2016).  The Court should grant Bumble Bee's motion and hold that § 1595 lacks the requisite clear, affirmative indication it applies extraterritorially, and that the focus of their claim is not domestic, for the reasons previously explained.  MTD 16-22; MTD Reply at 5-8.

## B.   Reconsideration Is Warranted As To The Court's *Mens Rea* Ruling.

### 1.   The higher criminal recklessness standard applies.

Plaintiffs also fail to support the Court's *mens rea* holding.  ECF No. 29 at 15. There are several ways to allege a § 1595 claim based on a § 1589 violation:

- **Section 1589(a) direct-perpetrator theory**: Alleging the defendant is "the perpetrator" of a § 1589(a) violation requires showing it "knowingly" obtained labor by force.

- **Section 1589(b) direct-perpetrator theory**: Alleging the defendant is "the perpetrator" of a § 1589(b) violation requires showing it acted in "knowing or reckless disregard of the fact that the venture" obtained labor by force.

- **Section 1595(a) beneficiary theory**: Alleging the defendant indirectly perpetrated a § 1589(a) violation by knowingly benefiting from

1    participating in a venture that violated § 1589(a) requires showing it "knew

2    or should have known" the venture obtained labor by force.[1]

3    18 U.S.C. §§ 1595(a), 1589(a)-(b), 1596(a); Br. 7-8.  Multiple courts have embraced

4    this typology.  *See Rojas v. First Pick Farms LLC*, No. 1:23-cv-604, 2026 WL 18617,

5    at *11-12, 15-16 (W.D. Mich. Jan. 2, 2026); *Doe v. Salesforce.com, Inc.*, No. 2:24-

6    cv-00435, 2026 WL 183827, at *1 (W.D. Wash. Jan. 23, 2026) (same, for § 1591);

7    *Doe v. G6 Hosp. Prop., LLC*, No. 2:25-cv-00347, 2025 WL 3537626, at *4, 8-10

8    (W.D. Wash. Dec. 10, 2025) (same); *C.C. v. Rashid*, No. 2:23-cv-02056, 2025 WL

9    1785273, at *7, 10 (D. Nev. June 26, 2025) (same).

10    Plaintiffs' citations (at 5-6) do not show otherwise.  Plaintiffs cite several

11    cases, including *Ratha*, involving a § 1595(a) beneficiary claim, hence why the

12    "should have known" standard applied.  35 F.4th at 1165, 1175.[2]  Those cases did

13    not discuss the standard for a § 1589(b) direct-perpetrator theory.  And Plaintiffs here

14    disclaimed a § 1595(a) beneficiary claim.  ECF No. 23 at 1.  As for *Does 1-6 v.*

15    *Reddit, Inc.*, 51 F.4th 1137 (9th Cir. 2022), that case concerned the Communications

16    Decency Act's immunity provision, which does not apply in a § 1595 suit if the

17    defendant's conduct violated § 1591.  *Id.* at 1139.  The Ninth Circuit quoted § 1595

---

19    [1]  Assuming § 1595 can apply abroad, the theory alleged also affects the
20    extraterritoriality analysis: The domestic-presence requirement applies to the
      "alleged offender," meaning the perpetrator of the underlying TVPRA violation.  18
21    U.S.C. § 1596(a).  For a § 1589(b) direct-perpetrator theory (as here), that means the
22    § 1589(b) perpetrator.  For a beneficiary theory, that means the § 1589(a) perpetrator.
      [2]  *See B.M. v. Wyndham Hotels & Resorts, Inc.*, No. 5:20-cv-00656, 2020 WL
23    4368214, at *4-5 (N.D. Cal. July 30, 2020) (stating "knew or should have known"
24    standard for "section 1595(a) beneficiary theory"); *accord Doe v. Mindgeek USA,*
      *Inc.*, 558 F. Supp. 3d 828, 836 (C.D. Cal. 2021); *Doe v. Twitter*, 555 F. Supp. 3d 889,
25    918 (N.D. Cal. 2021), *overruled on other grounds*, No. 22-15103, 2023 WL 3220912
      (9th Cir. May 3, 2023); *A.B. v. Marriott Int'l*, 455 F. Supp. 3d 171, 181, 189 (E.D.
26    Pa. 2020); *J.B. v. G6 Hosp.*, No. 4:19-cv-07848, 2020 WL 4901196, at *8 (N.D. Cal.
27    2020); *see also J.C. v. Choice Hotels Int'l, Inc.*, No. 3:20-cv-00155, 2020 WL
      3035794, at *1, n.1 (N.D. Cal. 2020) (declining to consider plaintiffs' "confused"
28    TVPRA theory).

1    and § 1591's *mens rea* standards but did not consider their interplay. *Id.* at 1140-41.

2    Plaintiffs also cite cases conflating knowledge standards without examining whether

3    they are interchangeable. For example, *Doe #1 v. Red Roof Inns* recited § 1595's

4    "knew or should have known" standard, but never asked whether § 1591(a)(2)'s

5    "reckless disregard" standard should apply, let alone whether plaintiffs alleged a

6    direct § 1591(a)(2) violation as opposed to a beneficiary claim. 21 F.4th 714, 723

7    (11th Cir. 2021).[3]

8         On the other hand, courts that analyze the interplay between § 1595 beneficiary

9    claims and § 1589(b) or § 1591(a)(2) perpetrator claims hold they require different

10   *mens rea*. *Rojas*, 2026 WL 18617, at *11-12, 15-16; *G6 Hosp.*, 2025 WL 3537626,

11   at *4, 8-10 & n.10; *C.C.*, 2025 WL 1785273, at *7, 10; *F.C. v. Jacobs Sols. Inc.*, 790

12   F. Supp. 3d 1158, 1193 (D. Colo. 2025). Many others correctly apply § 1589(b) and

13   § 1591(a)(2)'s standards without elaboration. *See, e.g.*, *Ricchio v. McLean*, 853 F.3d

14   553, 556 (1st Cir. 2017); *Zhang v. Chevron Corp.*, No. 3:24-cv-08641, 2025 WL

15   1725006, at *3 (N.D. Cal. June 20, 2025); *Konstantinova v. Garbuzov*, No. 2:21-CV-

16   12795, 2022 WL 2128799, at *4 (D.N.J. June 14, 2022).

17        Plaintiffs finally argue Bumble Bee's construction would render § 1595's

18   "should have known" language superfluous. Opp. 7. On the contrary, it is their

19   reading that "skip[s] over the overlap between § 1589(b) and" § 1595(a). *Id.* at 6-7.

20   "[I]f the Court were to give full effect to Congress's inclusion of the lesser knowledge

21

---

22   [3] *See Ruelas v. County of Alameda*, 519 F. Supp. 3d 636, 645, 649-650 (N.D. Cal.

     2021) (conflating § 1589(b)'s "knowing or in reckless disregard" standard and

23   § 1595(a)'s "knew or should have known" standard without analysis or discussion),

24   *rev'd on other grounds*, 108 F.4th 1208 (9th Cir. 2024); *Wang v. Gold Mantis Constr.*

     *Decoration*, 705 F. Supp. 3d 1190, 1203 (D.N. Mar. I. 2021); *Lesnik v. Eisenmann*

25   *SE*, 374 F. Supp. 3d 923, 953 (N.D. Cal. 2019); *see also Fleites v. Mindgeek*, No.

26   2:21-cv-04920, 2025 WL 2902301, at *12 (C.D. Cal. Sept. 26, 2025) (construing

     alleged violation of § 1591(a)(2) as a § 1595 beneficiary claim and applying "knew

27   or should have known" standard); *Nuñag-Tanedo v. East Baton Rouge Parish Sch.*

     *Bd.*, No. 8:10-cv-01172, 2011 WL 13153190, at *10-12 (C.D. Cal. May 12, 2011)

28   (referencing *mens rea* only in passing in discussing the meaning of "perpetrator").

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
LOS ANGELES

- 4 -
REPLY BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION OR CERTIFICATION
Case No. 3:25-cv-00583-BAS-DEB

requirement of negligence in § 1595(a), the analysis of direct beneficiary liability under § 1589(b) would functionally be the same as the analysis of direct beneficiary liability under § 1589(a)." *Rojas*, 2026 WL 18617, at *12. That makes no sense. *See Marx v. General Revenue Corp.*, 568 U.S. 371, 386 (2013) ("the canon against surplusage is strongest when an interpretation would render superfluous another part of the same statutory scheme"). Bumble Bee's reading, by contrast, gives effect to § 1589 *and* § 1595 by keying the required knowledge to the precise theory of liability.

> ### 2.   *Plaintiffs have not pled conduct akin to criminal recklessness.*

Plaintiffs' fallback argument that they "ple[d] and me[t] the standard for 'reckless disregard' " fails. Opp. 8. Plaintiffs say it is immaterial whether the Court applied the wrong standard because *civil* recklessness does not "meaningfully differ[]" from "negligence." *Id.* Section 1589(b) is a criminal statute, so the more stringent *criminal* recklessness standard applies, requiring conscious disregard of a known risk. Br. 12; *see Farmer v. Brennan*, 511 U.S. 825, 836 (1994); *United States v. Groce*, 891 F.3d 260, 268-269 (7th Cir. 2018). Plaintiffs never pled or briefed that test; when they invoked "recklessness," they referred only to the civil standard. ECF No. 23 at 5 n.1. So Plaintiffs forfeited any argument under the higher standard. *See Jenkins v. County of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005).

Regardless, Plaintiffs cannot clear that bar. To plead criminal recklessness, Plaintiffs must allege Bumble Bee was "aware of the venture's actual [TVPRA] violations"—forced labor on the *Rongcheng* vessels where Plaintiffs worked—and did "nothing." *Rojas*, 2026 WL 18617, at *16. "Constructive knowledge" does not suffice. *Id.*; *accord F.C.*, 790 F. Supp. 3d at 1194. For example, in *Ricchio*, the defendants consciously disregarded the known risk the plaintiff was being sex-trafficked at their hotel. 853 F.3d at 556. Although the defendants did not witness the trafficking, they saw the plaintiff's injuries, heard her "plea[s] for help," and even "high-five[d]" her abuser for "getting this thing going again." *Id.* at 555. That amounted to "reckless disregard" of the sex-trafficking TVPRA violation. *Id.* at 556.

The allegations here are nowhere close. Plaintiffs' knowledge allegations largely stem from public reports that say nothing about forced labor "on the specific vessels on which Plaintiffs" worked. ECF No. 29 at 18. To close that gap under the "should have known" test, the Court looked to the allegation that Bumble Bee participated in FCF's "Social Responsibility Program," *id.* at 18-19, which the Complaint alleges "purports to set crew recruitment, wage and benefits, and health and safety policies and procedures," ECF No. 1 ¶ 192. The Court also noted the allegation that Bumble Bee works with fleets that supply it via FCF "to review their operations and assist with capacity building, including on issues of crew health, safety, and livelihood." ECF No. 29 at 18-19 (quoting ECF No. 1 ¶ 193). Notably absent, however, is any allegation that the *Rongcheng* vessels participated in FCF's program, or that Bumble Bee "review[ed]" the *Rongcheng* vessels' operations. The Complaint also does not allege or explain how participating in another company's program for setting "policies and procedures" would put Bumble Bee on notice of the forced labor violations on the *Rongcheng* vessels, or what this supposed "review" entailed and how it would have alerted Bumble Bee to the same. The lack of such allegations is fatal to Plaintiffs' attempt to show criminal recklessness.

*F.C.* does not say otherwise. Plaintiffs say *F.C.* holds criminal recklessness "can be alleged generally" based on public reports about the industry. Opp. 10. But *F.C.* required allegations that the defendants consciously disregarded a known risk of forced labor at *specific* Qatari World Cup venues. 790 F. Supp. 3d at 1193. *F.C.* noted that reports showing "general labor abuses in" "the Qatari construction industry" could "inform[] the knowledge analysis." *Id.* But several reports had put the defendants on notice of forced labor at the specific venues in question—venues for which the defendants were personally "obligat[ed] 'to monitor, direct, and control the labor supply chain.' " *Id.* at 1193-94. Plaintiffs alleged nothing like that here.

**C.    Reconsideration Is Warranted As To Supplemental Jurisdiction.**

Bumble Bee's motion to dismiss explained that, if the Court dismissed the

TVPRA claim, it should decline supplemental jurisdiction over Plaintiffs' state-law claim. MTD 23. Plaintiffs did not argue otherwise, then or now, forfeiting any contrary claim. ECF No. 23; *see* MTD Reply 9 (collecting cases finding same).

Plaintiffs say for the first time (at 11) that the Court has diversity jurisdiction. Arguments in favor of jurisdiction are subject to forfeiture. *See, e.g.*, *American Vantage Cos., Inc. v. Table Mountain Rancheria*, 292 F.3d 1091, 1101 (9th Cir. 2002) (party forfeited federal-question jurisdiction by failing to raise it in response to subject-matter jurisdiction challenge); *NetworkIP, LLC v. FCC*, 548 F.3d 116, 120 (D.C. Cir. 2008) ("[A]rguments in favor of subject matter jurisdiction can be waived by inattention or deliberate choice"). Diversity jurisdiction is no exception.[4] By failing to raise diversity jurisdiction in opposition to Bumble Bee's motion to dismiss, Plaintiffs abandoned that argument. *See, e.g.*, *Jenkins*, 398 F.3d at 1095 n.4. If the Court dismisses the TVPRA claim, it should dismiss the negligence claim, too.

## II.     The Court Should Certify The Extraterritoriality And Knowledge Issues For Interlocutory Review.

The Court's extraterritoriality and knowledge rulings satisfy § 1292(b)'s criteria for certification: Each (1) "involves a controlling question of law," (2) on "which there is substantial ground for difference of opinion," and (3) "an immediate appeal from the order may materially advance the" litigation's "termination."

*First*, resolution of either question "could materially affect the outcome of

---

[4] *See, e.g.*, *D'Amico v. Compass Grp., USA, Inc.*, 52 F. App'x 524, 526-527 (1st Cir. 2002) ("appellant waived any right to advance a cause of action based on diversity jurisdiction" where it "set forth" the theory "in pleadings" but subsequently failed to raise it); *Hunte v. Safeguard Props. Mgmt., LLC*, No. 1:16-cv-11198, 2017 WL 5891060, at *6 (N.D. Ill. Nov. 27, 2017) (failure to raise diversity jurisdiction in response to motion to dismiss forfeits argument); *Smolko v. Capital One, N.A.*, No. 3:16-cv-00278, 2016 WL 737446, at *1-2 (S.D. Cal. Feb. 25, 2016) (same, where party bore burden to prove jurisdiction on removal); *Gearheart v. ClickSpeed Mktg., Inc.*, No. 2:13-cv-02160, 2013 WL 4482972, at *2 (D. Kan. Aug. 20, 2013) (same, where plaintiff invoked "diversity jurisdiction" in response to motion to dismiss but "ma[de] no argument in support").

1    litigation." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981).  Start

2    with the extraterritoriality question, which has two parts, corresponding to the

3    inquiry's two steps:  Whether § 1595 creates a private cause of action for conduct

4    that occurred abroad and what is the focus of a § 1589(b) violation.  Br. 13.

5         Plaintiffs contend this question is not "controlling" because the Court did not

6    reach the focus issue, which could provide an independent basis to rule in their favor.

7    Opp. 15-16.  That is precisely why the question, as presented, is controlling:  It asks

8    the Ninth Circuit to resolve both steps of the test, rendering a final, dispositive answer

9    on extraterritoriality.  To be clear, because § 1595 does not contain the requisite clear

10   statement necessary to apply abroad, the Court should reconsider its contrary ruling

11   and thus must also reach the focus test.  *See* MTD 16-21; MTD Reply 5-7; *supra*

12   pp. 1-2.  Contrary to Plaintiffs' arguments (at 15-16), Bumble Bee has already

13   explained why the focus of a § 1589(b) violation is where the forced labor occurred,

14   and why *Rodriguez v. Pan American Health Organization*, 29 F.4th 706 (D.C. Cir.

15   2022), a non-binding decision involving a different inquiry under a different statute,

16   does not show otherwise.  MTD Reply 7-8.  Regardless, the Ninth Circuit reviews

17   extraterritoriality issues de novo.  *United States v. Hussain*, 972 F.3d 1138, 1142 (9th

18   Cir. 2020).  In the interest of judicial economy and the orderly resolution of this

19   important issue, the Court should certify the question as a whole.

20        The same goes for knowledge.  Plaintiffs say otherwise based on their view

21   that they can satisfy the criminal recklessness test.  Opp. 16-17.  That is wrong, *supra*

22   pp. 5-6, so this question is, in fact, controlling.

23        *Second*, there are substantial grounds for disagreement on both questions.

24   "One of the best indications that there are substantial grounds for disagreement on a

25   question of law is that other courts have, in fact, disagreed."  *Rollins v. Dignity

26   Health*, No. 3:13-cv-01450, 2014 WL 6693891, at *3 (N.D. Cal. Nov. 26, 2014).

27   Despite this, Plaintiffs urge this Court to apply a strict litmus test requiring, at

28   minimum, a defined circuit split or contrary ruling by a "district court within this

Hogan Lovells US
LLP
ATTORNEYS AT LAW
LOS ANGELES

- 8 -
REPLY BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION OR CERTIFICATION
Case No. 3:25-cv-00583-BAS-DEB

Circuit." Opp. 13. The Ninth Circuit has rejected such "rigid," "formalistic requirement[s]," which "could lead to unnecessary, protracted litigation and a considerable waste of judicial resources." *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 & n.5 (9th Cir. 2011) ("Our interlocutory appellate jurisdiction does not turn on a prior court's having reached a conclusion adverse to that from which appellants seek relief."); *see also* 16 Wright & Miller, Fed. Prac. & Proc. § 3930 (3d ed.) (explaining that, "[i]f proceedings that threaten to endure for several years depend on an initial question of jurisdiction . . . or the like, certification may be justified at a relatively low threshold of doubt" about the degree of disagreement). Although a dispute between the circuits can satisfy this requirement, one is not required. *See Couch v. Telescope, Inc.*, 611 F.3d 629, 633 (9th Cir. 2010) (explaining courts "traditionally will find that a substantial ground for difference of opinion exists where the circuits are in dispute," not that this is the only qualifying situation). Indeed, the Ninth Circuit has accepted interlocutory appeals in which the "substantial disagreement" stemmed from just a handful of district court cases.[5]

The two questions Bumble Bee identified for certification clear that bar. As to extraterritoriality, several courts correctly conclude that § 1595 lacks the clear, affirmative indication required for a civil cause of action to apply to conduct abroad. *Lun v. Milwaukee Elec. Tool Corp.*, No. 2:24-cv-00803, 2025 WL 3443536, at *10-14 (E.D. Wis. Dec. 1, 2025); *Mia v. Kimberly-Clark Corp.*, No. 1:22-cv-02353, 2025 WL 752564, at *6-8 (D.D.C. Mar. 10, 2025), *appeal pending*, No. 25-7046 (D.C. Cir. argued Jan. 20, 2026); *Doe I v. Apple Inc.*, No. 1:19-cv-03737, 2021 WL

---

[5] *See, e.g.*, *Rollins*, 2014 WL 6693891, at *3 (four-two split), *certification accepted*, 830 F.3d 900 (9th Cir. 2016); *Ray v. California Dep't of Soc. Servs.*, No. 2:17-cv-04239, 2017 WL 10436061, at *7 & n.4 (C.D. Cal. Sept. 28, 2017) (one-two split, with others adopting reasoning without analysis), *certifying appeal*, 2017 WL 10436062, at *3 (C.D. Cal. Nov. 30, 2017), *certification accepted*, 935 F.3d 703 (9th Cir. 2019); *Parker v. County of Riverside*, No. 5:21-cv-01280, 2022 WL 2204146, at *3 (C.D. Cal. May 5, 2022) (six-one split), *certification accepted*, 78 F.4th 1109 (9th Cir. 2023).

5774224, at *14-16 (D.D.C. Nov. 2, 2021), *aff'd on other grounds*, 96 F.4th 403 (D.C. Cir. 2024). Several others (wrongly) reject that argument. *Roe v. Howard*, 917 F.3d 229, 240-243 (4th Cir. 2019); *U.S. ex rel. Hawkins v. ManTech Int'l Corp.*, 752 F. Supp. 3d 118, 131-135 (D.D.C. 2024).[6] That shows a substantial disagreement.

So too for knowledge. Plaintiffs point to many cases which they say "hold . . . the 'should have known' standard" applies to § 1589(b) claims or their equivalent under § 1591(a)(2). Opp. 14. Bumble Bee has identified many cases that reject that argument and instead apply the heightened *mens rea* standard. *Supra* p. 4. And even if Plaintiffs were correct about the relevant standard, there are Circuit and intra-circuit district court decisions in both camps. *Supra* pp. 3-4.

*Third*, certifying either question would advance the litigation by "avoid[ing] protracted and expensive litigation." *Appel v. Concierge Auctions, LLC*, No. 3:17-cv-02263, 2018 WL 4700472, at *4 (S.D. Cal. Oct. 1, 2018) (Bashant, J.) (quotation marks omitted). Plaintiffs do not dispute that a ruling dismissing this case would pretermit otherwise unnecessary, costly discovery and litigation. Br. 16. Plaintiffs' contrary argument instead rests entirely on the idea that this Court can exercise diversity jurisdiction over their California negligence claim. Opp. 12-13. Plaintiffs forfeited that argument, along with any claim of supplemental jurisdiction. *Supra* pp. 6-7. Because dismissing the TVPRA claim will resolve this case, certifying either question satisfies § 1292(b)'s final requirement.

## CONCLUSION

Bumble Bee's motion should be granted.

---

[6] *See Abernathy v. Carlyle Grp., Inc.*, No. 1:22-cv-03603, 2024 WL 5331993, at *1, 10-14 (D.D.C. Sept. 27, 2024) ("parallel case" to *Hawkins*, decided by the same court, on the same grounds, at the same time); *see also Adhikari v. Kellogg Brown & Root, Inc.*, 845 F.3d 184, 200 (5th Cir. 2017) (parties did "not dispute that" § 1595 applies abroad); *Abafita v. Aldukhan*, No. 1:16-cv-06072, 2019 WL 6735148, at *5 (S.D.N.Y. Apr. 4, 2019) (report and recommendation) (relying only on parties' undisputed position); MTD 19 & n.7.

1                              Respectfully submitted,

2  Dated:  February 6, 2026

3                              HOGAN LOVELLS US LLP

4                     By:    */s/ Vassi Iliadis*

5                              Vassi Iliadis

6                              *Counsel for Defendant*

7                              Bumble Bee Foods, LLC

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Hogan Lovells US
LLP
Attorneys At Law
Los Angeles

- 11 -
REPLY BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION OR CERTIFICATION
Case No. 3:25-cv-00583-BAS-DEB