Agnieszka M. Fryszman [DC Bar No. 459208]
*pro hac vice*
Nicholas J. Jacques [DC Bar No. 1673121]
*pro hac vice*
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Ave. NW, Suite 800
Washington, DC 20005
202-408-4600

Paul L. Hoffman [CA Bar No. 071244]
**SCHONBRUN SEPLOW HARRIS HOFFMAN & ZELDES, LLP**
200 Pier Ave., Suite 226
Hermosa Beach, CA 90254
424-297-0114

*Attorneys for Plaintiffs*

*[Additional Counsel Continued on Next Page]*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Akhmad; Angga; Muhammad Sahrudin; and Muhammad Syafi'i,<br><br>Plaintiff,<br><br>v.<br><br>BUMBLE BEE FOODS, LLC<br>280 10th Avenue,<br>San Diego, CA 92101<br><br>Defendant. | Case No.: 3:25-cv-00583-BAS-DEB<br><br>**PLAINTIFFS' EX PARTE MOTION FOR LEAVE TO SUBMIT NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF PLAINITFFS' OPPOSITION TO DEFENDANT BUMBLE BEE'S MOTION FOR RECONSIDERATION OR INTERLOCUTORY REVIEW**<br><br>*[NO ORAL ARGUMENT UNLESS ORDERED BY THE COURT]*<br><br>Judge: The Honorable Cynthia Bashant<br><br>Action Filed: March 12, 2025 |

*[Additional Counsel Cont. from previous page]*

Helen I. Zeldes [CA Bar No. 220051]
**SCHONBRUN SEPLOW HARRIS HOFFMAN & ZELDES, LLP**
501 W. Broadway, Suite 800
San Diego, CA 92101
619-400-4990

Marco Simons [CA Bar No. 237314
Asia Arminio |DC Bar No. 996077|
*pro hac vice*
**GREENPEACE, INC.**
1300 Eye Street NW, Suite 1100
Washington, DC 20005
202-462-1177

Plaintiffs respectfully move pursuant to Paragraph 4.F of this Court's procedures for leave to submit the Ninth Circuit's *en banc* decision in *Ratha v. Rubicon Resources (Ratha III)*, No. 23-55299, as supplemental authority in support of their Opposition to Defendant's Motion to Reconsider this Court's Order or For Certification for Interlocutory Appeal or Interlocutory Review (ECF 41). *Ratha III* was decided by the *en banc* Ninth Circuit on Friday, February 20, 2026. Plaintiffs seek leave because *Ratha III* is not a "change in binding intervening law," Standing Order for Civil Cases ¶ 4.F; rather, it merely confirms that the law in the Ninth Circuit is exactly as the Court interpreted it in denying Bumble Bee's motion to dismiss. Because *Ratha III* clearly and authoritatively demonstrates that this Court's opinion (ECF 29) was correct and moots Bumble Bee's request for interlocutory review, Plaintiffs seek leave to bring it to the Court's attention to aid the Court in ruling upon Bumble Bee's motion (ECF 36).

Bumble Bee raised two issues in its Motion for Reconsideration or Interlocutory Review: extraterritoriality and *mens rea*. The *en banc* decision makes clear that this Court's opinion on both issues was correct. Because *Ratha III* demonstrates this Court did not commit "clear error," as Plaintiffs argued on pages 3-7 of their Opposition, reconsideration is not warranted. And because the *en banc* Court resolved the two issues raised by Bumble Bee, the opinion moots Bumble Bee's request for interlocutory review.

As to extraterritoriality, *Ratha III* confirms that this Court correctly interpreted the Ninth Circuit's prior *Ratha I* opinion. Bumble Bee argues that this Court misunderstood *Ratha I* and that the TVPRA civil remedy does not apply extraterritorially. Mem., ECF 36-1, at 5-7. *Ratha*, as does this case, involves a U.S. defendant who is alleged to have benefitted (or attempted to benefit) from goods produced overseas by forced labor. Neither the majority nor the dissent in *Ratha III* advocated that the case should be dismissed on extraterritoriality grounds. Indeed, no judge advocated that result. To the contrary, the *en banc* Court held that "Congress intended <u>every</u> criminal act to have a civil-remedy counterpart." Slip. Op. at 22 (emphasis in original). Because it is undisputed

1

that TVPRA Section 1589(b) applies to extraterritorial conduct, *see* 18 U.S.C. § 1596, the *en banc* Court's holding confirms that a civil remedy is available here. This holding is consistent, as Plaintiffs pointed out in their Opposition brief, with the reasoning and holding of the other Circuits that have considered this issue. Opposition, ECF 41, at 3 (citing *Roe v. Howard*, 917 F.3d 229, 241-242 (4th Cir. 2019) and *Adhikari v. Kellogg Brown & Root, Inc.*, 845 F.3d 184, 204 (5th Cir. 2017) ("[B]y conferring 'extraterritorial jurisdiction over any offense … under' the TVPRA, § 1596 permits private parties to pursue a civil remedy under the TVPRA for extraterritorial violations").

As to *mens rea*, the *en banc* Court utilized the same standard that this Court applied: knew or should have known. *Ratha III*, Slip Op. at 35-36. The *en banc* Court applied that standard to a case, like this case, involving a U.S. defendant who is alleged to have benefited (or, in that case, attempted to benefit) from forced labor overseas.[1] The *en banc* Court held that a reasonable jury could have found that the defendant "knew or should have known" about the Thai factory's alleged human trafficking and that the district court "erred in holding that the record does not contain evidence that Rubicon knew or should have known about Phatthana's human trafficking." *Id*. This holding moots Bumble Bee's request for reconsideration or interlocutory review.

If the Court grants Plaintiffs' motion for leave, Plaintiffs will submit a copy of the supplemental authority.

Dated: February 23, 2026

Respectfully submitted,

---

[1] Bumble Bee argued that *Ratha* was brought solely under § 1595(a). Reply, ECF 43, at 3. That is incorrect. *Ratha III* specified that the *Ratha* plaintiffs "contend[ed] that Defendant perpetrated a violation of § 1589" and nonetheless applied the "knew or should have known" civil standard. *Ratha III*, Slip Op. at 25. But even if Bumble Bee were correct, then *Ratha III* would demonstrate that § 1595(a)'s benefitting clause applies to extraterritorial conduct.

2

PLS.' EX PARTE MOT. FOR LEAVE TO SUBMIT NOTICE OF SUPPL. AUTHORITY IN SUPPORT OF OPP'N TO DEF. BUMBLE BEE's MOT. FOR RECONSIDERATION OR INTERLOCUTORY REVIEW
Case No.: 3:25-cv-00583-BAS-DEB

COHEN MILSTEIN SELLERS & TOLL PLLC

By: */s/ Agnieszka M. Fryszman*
Agnieszka M. Fryszman

*Counsel for Plaintiffs*

3

PLS.' EX PARTE MOT. FOR LEAVE TO SUBMIT NOTICE OF SUPPL. AUTHORITY IN SUPPORT OF OPP'N TO DEF. BUMBLE BEE's MOT. FOR RECONSIDERATION OR INTERLOCUTORY REVIEW
Case No.: 3:25-cv-00583-BAS-DEB