**HOGAN LOVELLS US LLP**
VASSI ILIADIS (Bar No. 296382)
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 785-4640
Facsimile: (310) 785-4601
vassi.iliadis@hoganlovells.com

CRAIG A. HOOVER (Bar No. 113965)
DAVID M. FOSTER (admitted pro hac vice) (D.C. Bar No. 497981)
DANIELLE DESAULNIERS STEMPEL (admitted pro hac vice)
    (D.C. Bar No. 1658137)
DANA A. RAPHAEL (admitted pro hac vice) (D.C. Bar No. 1741559)
555 Thirteenth Street, N.W.
Washington, D.C. 20004
Telephone: (202) 637-5694
Facsimile: (202) 637-5910
craig.hoover@hoganlovells.com
david.foster@hoganlovells.com
danielle.stempel@hoganlovells.com
dana.raphael@hoganlovells.com

*Counsel for Defendant*
Bumble Bee Foods, LLC

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AKHMAD; ANGGA; MUHAMMAD SAHRUDIN; and MUHAMMAD SYAFI'I, <br><br> Plaintiffs, <br><br> v. <br><br> BUMBLE BEE FOODS, LLC, <br><br> Defendant. | Case No. 3:25-cv-00583-BAS-DEB <br><br> Action Filed: March 12, 2025 <br><br> The Honorable Cynthia Bashant <br><br> **OPPOSITION TO PLAINTIFFS' EX PARTE MOTION FOR LEAVE TO SUBMIT NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT BUMBLE BEE'S MOTION FOR RECONSIDERATION OR INTERLOCUTORY REVIEW** <br><br> NO ORAL ARGUMENT UNLESS ORDERED BY THE COURT <br><br> Date: February 25, 2026 |

HOGAN LOVELLS US LLP
ATTORNEYS AT LAW
LOS ANGELES

1    Plaintiffs seek leave to file *Ratha v. Rubicon Resources (Ratha III)*, No. 23-
2    55299 (9th Cir. Feb. 20, 2026), as supplemental authority, arguing that *Ratha III*
3    "moots" Bumble Bee's motion for certification or reconsideration.  ECF No. 44 at 1.
4    *Ratha III* does nothing of the sort.  This Court should therefore deny Plaintiffs'
5    request.  But even if it takes notice of *Ratha III*, that decision deserves little-to-no
6    substantive weight in the Court's analysis of Bumble Bee's motion.

7    *Ratha III* does not address whether § 1595(a) applies extraterritorially.
8    Plaintiffs say otherwise based on a single stray sentence:  "Congress intended <u>every</u>
9    criminal act to have a civil-remedy counterpart."  *Ratha III*, slip op. at 22; *see* ECF
10   No. 44 at 1.  That says nothing about extraterritoriality, and neither does the rest of
11   *Ratha III*.  Indeed, the word "extraterritoriality" is entirely absent from *Ratha III*.  For
12   good reason:  None of the Rule 60(b) briefing or decisions leading up to *Ratha III*
13   raised or considered the issue of extraterritoriality.  *See Ratha v. Phatthana Seafood*
14   *Co.*, No. 2:16-cv-04271, 2023 WL 2762044 (C.D. Cal. Mar. 3, 2023); *Ratha v.*
15   *Rubicon Res., LLC*, 111 F.4th 946 (9th Cir. 2024); *Ratha III*, slip op.  Plaintiffs'
16   attempt to wrench that sentence out of context and treat it as a holding on
17   extraterritoriality should be rejected.  And more to the point, that a "criminal act" has
18   "a civil-remedy counterpart" does not mean the geographical scope of that
19   "counterpart" is identical.

20   Plaintiffs' *mens rea* argument fails for the same reason.  They assert that
21   because *Ratha III* "utilized" the "knew or should have known" standard, this Court's
22   *mens rea* analysis must be correct.  ECF No. 44 at 2.  Again, that ignores the context
23   of *Ratha III*.  As with extraterritoriality, the question of whether to apply the civil
24   negligence standard or criminal recklessness standard was not before the *Ratha III*
25   Court.  The plaintiffs in *Ratha* pleaded a § 1595(a) beneficiary claim, not a § 1589(b)
26   perpetrator claim, so the lower "knew or should have known" *mens rea* standard
27   applied.  *See Ratha v. Phatthana Seafood Co.*, 35 F.4th 1159, 1175 (9th Cir. 2022)
28   (*Ratha I*); Complaint, *Ratha v. Phatthana Seafood Co.*, 2:16-cv-04271 (C.D. Cal.

June 15, 2016), ECF No. 1 ¶¶ 123-125.[1]  *Ratha III* thus had no occasion to analyze the interplay between § 1595(a) beneficiary claims and § 1589(b) perpetrator claims, or their respective knowledge requirements.   And as Bumble Bee has already explained, the courts that *have* addressed that interplay hold that the two provisions require different *mens rea*.  ECF No. 43 at 3-4 (collecting cases).

Because *Ratha III* did not reach either question presented in Bumble Bee's motion, the Court should deny Plaintiffs' motion or, at a minimum, afford *Ratha III* the minimal substantive weight it warrants.  ECF No. 44 at 1-2.  If anything, the fact that the Ninth Circuit has previously granted rehearing *en banc* to resolve important issues concerning the TVPRA's scope simply confirms that certification is warranted as to the important, unresolved extraterritoriality and *mens rea* issues identified in Bumble Bee's motion.

Respectfully submitted,

Dated:  February 25, 2026

HOGAN LOVELLS US LLP

By:    */s/ Vassi Iliadis*
       Vassi Iliadis

       *Counsel for Defendant*
       Bumble Bee Foods, LLC

---

[1] Plaintiffs say otherwise based on *Ratha III*'s statement that the plaintiffs there "contend[ed] that Defendant perpetrated a violation of § 1589."  ECF No. 44 at 2 n.1 (quoting *Ratha III*, slip op. at 25).  That passing remark cannot be reconciled with *Ratha I*—the Ninth Circuit's decision that analyzed the *Ratha* plaintiffs' claims, which explained that "[n]either [of the defendants] are alleged to have perpetrated any TVPRA violations against Plaintiffs."  *Ratha I*, 35 F.4th at 1175.  In any event, *Ratha III* does not address the *mens rea* issue presented here.  It is therefore just another drive-by ruling of the sort that Bumble Bee has already distinguished.  *See* ECF No. 43 at 3-4.

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
LOS ANGELES