Agnieszka M. Fryszman [DC Bar No. 459208]
*pro hac vice*
Nicholas J. Jacques [DC Bar No. 1673121]
*pro hac vice*
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Ave. NW, Suite 800
Washington, DC 20005
202-408-4600

Paul L. Hoffman [CA Bar No. 071244]
**SCHONBRUN SEPLOW HARRIS HOFFMAN & ZELDES, LLP**
200 Pier Ave., Suite 226
Hermosa Beach, CA 90254
424-297-0114

*Attorneys for Plaintiffs*

*[Additional Counsel Continued on Next Page]*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Akhmad; Angga; Muhammad Sahrudin; and Muhammad Syafi'i,<br><br>Plaintiff,<br><br>v.<br><br>BUMBLE BEE FOODS, LLC<br>280 10th Avenue,<br>San Diego, CA 92101<br><br>Defendant. | Case No.: 3:25-cv-00583-BAS-DEB<br><br>**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF THEIR OPPOSITION TO DEFENDANT BUMBLE BEE'S MOTION FOR RECONSIDERATION OR INTERLOCUTORY REVIEW**<br><br>*[NO ORAL ARGUMENT UNLESS ORDERED BY THE COURT]*<br><br>Judge: The Honorable Cynthia Bashant<br><br>Action Filed: March 12, 2025 |

*[Additional Counsel Cont. from previous page]*

Helen I. Zeldes [CA Bar No. 220051]
**SCHONBRUN SEPLOW HARRIS HOFFMAN & ZELDES, LLP**
501 W. Broadway, Suite 800
San Diego, CA 92101
619-400-4990

Marco Simons [CA Bar No. 237314
Asia Arminio [DC Bar No. 996077]
*pro hac vice*
**GREENPEACE, INC.**
1300 Eye Street NW, Suite 1100
Washington, DC 20005
202-462-1177

Pursuant to this Court's Order granting Plainitffs' ex parte request to submit the Ninth Circuit's *en banc* decision in *Ratha v. Rubicon Resources (Ratha III),* No. 23-55299 (9th Cir. Feb. 20, 2026), ECF No. 47, Plaintiffs respectfully attach hereto a copy of the decision as Exhibit A.

Plaintiffs draw the Court's attention to the following sections of the *en banc* opinion, which they would have cited in their Opposition to Defendants' Motion to Reconsider this Courts Order or for Certification for Interlocutory Appeal, ECF No. 41, had the opinion been issued prior to the close of briefing.

- On pages 8-9, the *en banc* Court discussed the facts alleging forced labor at Thai shrimp factories. Plaintiffs would have cited this discussion on page 4 of their brief.

- On page 22, the *en banc* Court held that "Congress intended every criminal act to have a civil-remedy counterpart." (emphasis in original). Plaintiffs would have cited this discussion on page 3 of their brief, in the section on extraterritoriality, along with the citations to *Roe v. Howard*, 917 F.3d 229, 241-242 (4th Cir. 2019) and *Adhikari v. Kellogg Brown & Root, Inc.*, 845 F.3d 184, 204 (5th Cir. 2017).

- On pages 35-36, the *en banc* Court applied the "knew or should have known" mens rea to the *Ratha* plaintiffs' 18 U.S.C. 1589(b) claims. On page 25, the *en banc* Court confirmed that the *Ratha* plaintiffs had alleged a § 1589 beneficiary claim (citing the Complaint filed in that case). Plaintiffs would have cited these discussions on page 5 of their brief, in the section discussing the mens rea applicable to Plaintiffs' claims.

1

PLS' NOTICE OF SUPPL. AUTHORITY IN SUPPORT OF THEIR OPP'N TO DEF. BUMBLE BEE's MOT. FOR RECONSIDERATION OR INTERLOCUTORY REVIEW
Case No.: 3:25-cv-00583-BAS-DEB

Dated: March 9, 2026

                     Respectfully submitted,

                     COHEN MILSTEIN SELLERS & TOLL PLLC

By: */s/ Agnieszka M. Fryszman*
Agnieszka M. Fryszman

*Counsel for Plaintiffs*

2