UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

AKHMAD, *et al.*,

                                    Plaintiffs,

        v.

BUMBLE BEE FOODS, LLC,

                                    Defendant.

Case No. 25-cv-00583-BAS-DEB

**ORDER GRANTING WITHOUT PREJUDICE DEFENDANT'S MOTION TO DISMISS (ECF No. 39)**

For the reasons discussed herein, pursuant to Federal Rule of Civil Procedure 12(b)(1), the Court **GRANTS WITH PREJUDICE** Defendant Bumble Bee Foods, LLC's ("Bumble Bee Foods") motion to dismiss.  (ECF No. 39.)

## I.    BACKGROUND

Plaintiffs Akhmad, Muhammad Sahrudin, Muhammad Syafi'I, and Angga ("Plaintiffs") initiated this action against Bumble Bee Foods on March 12, 2025.  (ECF No. 1.)  Bumble Bee Foods moved to dismiss Plaintiffs' complaint.  (ECF No. 22.)  The Court granted in part and denied in part Bumble Bee Foods' motion to dismiss, including granting Bumble Bee Foods' motion to dismiss Plaintiffs' request for injunctive relief.  (ECF No. 29.)  Plaintiffs amended their complaint.  (ECF No. 33.)

In the operative complaint, Plaintiffs allege that Bumble Bee Foods had sourced its albacore tuna, for resale to grocery stores in the United States, from fishing vessels that

25cv583

Bumble Bee Foods knew relied upon Plaintiffs' forced labor. (*Id.* ¶ 4.) Plaintiffs allege the following causes of action: (1) Violations of the Trafficking Victims Protection Reauthorization Act ("TVPRA") 18 U.S.C. §§ 1589, 1595 (Count 1) (ECF No. 33 ¶¶ 262–272); (2) Negligence, Calif. Civ. Code § 1714 (Count 2) (ECF No. 33 ¶¶ 273–280).

Plaintiffs requested injunctive relief—including the following:

1. Ensure Bumble Bee Foods' venture partners do not utilize manning agencies that charge fishers any fees, including recruitment fees, guarantee fees or other penalties for terminating a contract, or hold collateral;

2. Ensure all workers are paid in full at least monthly;

3. Provide a mechanism for past worker-paid fees and unpaid wages to be remediated;

4. Ensure Bumble Bee Foods' venture partners do not engage in transshipment-at-sea;

5. Ensure Bumble Bee Foods' venture partners provide that vessels return to port every three months (or less, if required by national law) and allow fishers at least 10 days of paid shore leave and unfettered access to port services every three months;

6. Ensure fishing vessels carry appropriate medical equipment and supplies, have at least one fisher on board qualified and trained to render first aid, and permit timely medical treatment on shore when necessary;

7. Ensure Bumble Bee Foods' venture partners provide fishers ten minimum rest hours in any 24-hour period and 77 minimum rest hours in any seven-day period, as required by International Labour Organization ("ILO") Convention No. 188 Art. 14(1)(b), except in limited emergency circumstances as allowed by ILO Convention No. 188 Art. 14(4);

8. Ensure Bumble Bee Foods' venture partners equip each vessel with free, accessible, and secure WiFi to allow fishers to access grievance mechanisms, authorities, or other sources of assistance; and

9. Enjoin Bumble Bee Foods from benefitting from tuna harvested without such protections in place.

25cv583

(ECF No. 33 ¶ 288.)  Plaintiffs also allege that "Bumble Bee's size and influence in the tuna market means that its policies and practices, including the standards it requires of its suppliers have widespread impact on East Asia's longliner fleets." (*Id.* ¶ 256.)

Plaintiffs allege that they desire "the opportunity to earn a good wage working in the distant-water fishing industry under safe and fair working conditions, without the risk of being subjected to forced labor at sea," and that they have "foregone employment as a result of [Defendant's] conduct." (*Id.* ¶¶ 257–258.)  Moreover, "[e]ach Plaintiff would seek to take advantage of these opportunities again but each one fears that if he signed up to work in commercial fishing again he would suffer the same injuries and be trapped in forced labor." (*Id.* ¶ 254.)

Bumble Bee Foods filed a motion to dismiss on December 22, 2025, targeting Plaintiffs' request for injunctive relief.  (ECF No. 39.)  In its memorandum in support of its motion to dismiss, Bumble Bee Foods countered that: (1) Plaintiffs have not alleged damages would be insufficient to compensate them (ECF No. 39-1 at 4:11–5:17); and (2) Plaintiffs lack standing to seek injunctive relief (ECF No. 39-1 at 4:18–15:22).  Plaintiffs filed a response in opposition to Bumble Bee Foods' motion to dismiss.  (ECF No. 40.)  Bumble Bee Foods filed a reply.  (ECF No. 42.)

The Court finds the matter appropriate to rule on the papers and without oral argument.  *See* CivLR 7.1.d.1.

## II.   LEGAL STANDARD

Rule 12(b)(1) allows a party to move to dismiss based on the court's lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  "[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." *City of L.A. v. Lyons*, 461 U.S. 95, 101 (1983).  Article III requires that: "(1) at least one named plaintiff suffered an injury in fact; (2) the injury is fairly traceable to the challenged conduct; and (3) the injury is likely to be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992) (quotation marks and citation omitted).  Plaintiff has the burden of

- 3 -

establishing that the court has subject matter jurisdiction over an action. *Ass'n of Med. Colls. v. U.S.*, 217 F.3d 770, 778–79 (9th Cir. 2000).

"For purposes of ruling on a motion to dismiss for want of standing, both the trial judge and reviewing courts must accept as true all material allegations of the complaint and must construe the complaint in favor of the complaining party." *Maya v. Centex Corp.*, 658 F.3d 1060, 1068 (9th Cir. 2011) (quoting *Warth v. Seldin*, 422 U.S. 490, 501 (1975)). "At the pleadings stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss, [courts] presume that general allegations embrace those specific facts that are necessary to support the claim." *Id.* As such, the inquiry does not touch directly on the merits of the Plaintiffs' case. *See Maya*, 658 F.3d at 1068 (contrasting with consideration of a Rule 12(b)(6) motion which "necessarily assesses the merits of the Plaintiffs' case").

## III.   DISCUSSION

### A.   Whether Plaintiffs Have Sufficiently Alleged That Damages or Alternative Remedies Are Insufficient for Compensating Them

To seek injunctive relief, Plaintiffs must show that there is no adequate remedy at law. *Continental Airlines v. Intra Brokers, Inc.*, 24 F.3d 1099, 1102 (9th Cir. 1994). "For this reason, courts generally require plaintiffs seeking equitable relief to allege some facts suggesting that damages are insufficient to make them whole." *Rodriguez v. FCA US LLC*, No. 8:22-cv-01445-FWS-JDE, 2023 WL 3150075, at *3 (C.D. Cal. Mar. 21, 2023); *see also Ibarra v. Pharmagenics LLC*, 660 F. Supp. 3d 914, 922 (C.D. Cal. 2023) ("In order to assert a claim for equitable relief, the complaint must allege that the plaintiff lacks an adequate legal remedy"). Moreover, if there is the possibility of future wrongful conduct, a legal remedy is inadequate. *Orantes–Hernandez v. Thornburgh*, 919 F.2d 549, 564 (9th Cir. 1990).

Here, Bumble Bee Foods challenges Plaintiffs' request for injunctive relief on grounds that Plaintiffs simultaneously seek monetary relief, and that Plaintiffs do not allege that monetary relief alone would be inadequate. (ECF No. 39-1 at 4:28–5:17.)   First,

- 4 -

25cv583

"Plaintiffs' rights to monetary damages and injunctive relief are not mutually exclusive." *JIPC Mgmt., Inc. v. Incredible Pizza Co.*, No. CV084310CBMPLAX, 2010 WL 11519146, at *6 (C.D. Cal. Aug. 26, 2010). Second, the Court finds that since Plaintiffs allege Bumble Bee Foods' conduct is likely to continue in the future, Plaintiffs have adequately alleged that a legal remedy alone could be inadequate. *See Orantes–Hernandez*, 919 F.2d at 564; *see also Macias v. Lange*, No. 14CV2763-GPC(JMA), 2017 WL 2445516, at *9 (S.D. Cal. June 6, 2017) (awarding injunctive relief "[s]ince civil rights statutes protect not only the litigant but also the public at large, there is a possibility that Defendant may engage in sexual harassment of his tenants.").

In sum, construing any ambiguities in law in favor of Plaintiffs, the Court does not find the fact that Plaintiffs seek both injunctive and monetary relief to preclude Plaintiffs' request for injunctive relief. The Court also finds that Plaintiffs' allegations that Bumble Bee Foods will continue its practices to be sufficient for Plaintiffs to allege that damages alone are inadequate. However, in addition to alleging damages alone are inadequate, Plaintiffs must fulfill the elements of Article III standing in federal court to proceed on their claims for injunctive relief. The Court discusses Article III standing further in the next section.

### B.    Whether Plaintiffs Have Sufficiently Alleged Standing for Injunctive Relief

In order to have standing and to satisfy Article III's case or controversy requirement, a plaintiff must show he has suffered an injury in fact, that the injury is traceable to the challenged action of the defendant and that the injury can be redressed by a favorable decision. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.,* 528 U.S. 167, 180–81 (2000); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). A plaintiff must demonstrate standing for each form of relief he seeks. *Friends of the Earth,* 528 U.S. at 191–92.

To allege injury-in-fact for injunctive relief, plaintiffs must claim "either 'continuing, present adverse effects' due to ... [d]efendant['s] past illegal conduct ... or 'a sufficient likelihood that [they] will again be wronged in a similar way.' " *Villa v.*

25cv583

*Maricopa Cnty.*, 865 F.3d 1224, 1229 (9th Cir. 2017) (first quoting *O'Shea v. Littleton*, 414 U.S. 488, 495–96 (1974); then quoting *Lyons*, 461 U.S. at 111). Regarding "continuing, present adverse effects," Plaintiffs must demonstrate injury at the time that they filed their amended complaint. *See Haro v. Sebelius*, 747 F.3d 1099, 1109 (9th Cir. 2014).

Here, Plaintiffs claim they experience ongoing harm in the form of ongoing loss of economic opportunity (*i.e.*, employment in the commercial fishing industry) for fear of harm. (ECF No. 40 at 8:22–10:20.) More specifically, Plaintiffs (who are Indonesian) claim that commercial fishing is a lucrative sector of the Indonesian economy and provides opportunities for men with less than a high school education. (ECF No. 33 ¶ 253.) Additionally, Plaintiffs claim that "[Defendant]'s size and influence in the tuna market means that its policies and practices, including the standards it requires of its suppliers have widespread impact on East Asia's longliner fleets." (*Id*. ¶ 256.) Furthermore, Plaintiffs claim that the likelihood they will suffer the same physical abuse and forced labor they previously experienced while working on Bumble Bee Foods' vessels prevents them from seeking employment in the fishing industry. (*Id*. ¶ 257.)

Bumble Bee Foods contests that Plaintiffs' allegations of forgoing employment opportunities due to risk of continued forced labor are "too speculative" to establish injury-in-fact for Article III standing. (ECF No. 39-1 at 6:18–23.) Bumble Bee Foods points out that rather than "concrete, actual plans" to avoid future harms, "Plaintiffs instead allege that they will seek out work in this industry only if the Court first grants the requested relief." (*Id*. at 6:18–23.)

The Court agrees with Bumble Bee Foods that Plaintiffs have not sufficiently alleged ongoing harm to demonstrate injury-in-fact for ongoing harm. Though the Court is sympathetic to challenges Plaintiffs may face in seeking employment, Plaintiffs have not alleged deprivation of a financial benefit for which they are certainly owed. *See*, *e.g.*, *Haro*, 747 F.3d at 1109 (finding ongoing injury where harm, *i.e.*, being deprived of Medicare reimbursements amounting to $103.87 for one month, was ongoing at the time of filing the

25cv583

complaint). Additionally, the fact that Plaintiffs have previously experienced forced labor on vessels supplying tuna to Bumble Bee Foods does not mean that Plaintiffs continue to experience that harm now that they no longer work on those vessels. *See Mayfield v. United States*, 599 F.3d 964, 970 (9th Cir. 2010) ("Past exposure to harmful or illegal conduct does not necessarily confer standing to seek injunctive relief if the plaintiff does not continue to suffer adverse effects . . . 'subjective apprehension' about future harm is insufficient.").

In opposing Bumble Bee Foods' motion to dismiss, Plaintiffs cite a Ninth Circuit decision finding that alleging an "Ordinance's *indirect* forced closing of Clark's business by allegedly rendering it unprofitable is also sufficient to give Clark standing to request an injunction." *Clark v. City of Lakewood*, 259 F.3d 996, 1008 (9th Cir. 2001), *as amended* (Aug. 15, 2001). The Ninth Circuit further reasoned that "[Plaintiffs'] prospect of reopening was realistic and credible" since "[h]e continued to hold all of the licenses he needed to operate an adult business under the old regime . . . and he unequivocally stated he would go back into business if the Ordinance were enjoined." *Id.* at 1008.

The present case can be distinguished from *Clark*, 259 F.3d at 1008, because rather than immediately being able to work again as fishermen, Plaintiffs would need to take additional steps to apply for and to obtain jobs as fishermen. *See Dolls, Inc. v. City of Coralville, Iowa*, 425 F. Supp. 2d 958, 977 (S.D. Iowa 2006) ("[E]ven if Coralville was enjoined from enforcing section 165.32(6)(A), Grell must still apply for, and be granted conditional use and zoning permits, which is a speculative endeavor."). Thus, Plaintiffs' conclusory allegations that they would again be employed as fishermen if the Court were to grant injunctive relief are insufficient to allege standing.

In addition, Plaintiffs also cite the Ninth Circuit's decision in *Davis*, in which the Ninth Circuit enjoined government regulations that directly prevented plaintiffs from engaging in fur trapping and, thus, from their livelihood. *See Nat'l Audubon Soc'y, Inc. v. Davis*, 307 F.3d 835, 856 (9th Cir.), *opinion amended on denial of reh'g,* 312 F.3d 416 (9th Cir. 2002). *Davis* can also be distinguished from the present action. In *Davis*, plaintiffs

- 7 -

25cv583

allege that government defendants *directly* prevented them from engaging in certain activities. *Davis*, 307 F.3d at 845. As Bumble Bee Foods points out in its Reply to distinguish the present action from Plaintiffs' cited cases, "[Defendant] is not the government and there is no 'proscriptive statute' here that prevents Plaintiffs from seeking employment as commercial fishers." (ECF No. 42 at 4:18–20 (quoting *Montana Shooting Sports Ass'n v. Holder*, 727 F.3d 975, 979 (9th Cir. 2013) & discussing Plaintiffs' treatment of *Davis*, 307 F.3d 835 and *Clark*, 259 F.3d 996).)

In sum, since Plaintiffs do not allege that they are currently working as fishermen, that Bumble Bee Foods' allegedly violative practices have directly prevented Plaintiffs from working as fishermen and/or earning a livelihood, or that Plaintiffs would secure immediate employment as fishermen if the Court were to grant Plaintiffs' requested injunctive relief, the Court finds that Plaintiffs have not sufficiently demonstrated injury-in-fact to obtain injunctive relief. Since Plaintiffs have failed to allege injury-in-fact, the Court does not address whether Plaintiffs have adequately alleged traceability or redressability. *Friends of the Earth, Inc.*, 528 U.S. at 180–81.

## IV.    CONCLUSION

For the foregoing reasons, pursuant to Rule 12(b)(1), the Court **GRANTS WITH PREJUDICE** Bumble Bee Foods' motion to dismiss Plaintiffs' claims for injunctive relief in its amended complaint. (ECF No. 39.)

**IT IS SO ORDERED.**

**DATED: May 27, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

25cv583