Agnieszka M. Fryszman [DC Bar No. 459208]
*pro hac vice*
Nicholas J. Jacques [DC Bar No. 1673121]
*pro hac vice*
Jordan Murov-Goodman [Wash. Bar No. 59074]
*pro hac vice*
**COHEN MILSTEIN SELLERS & TOLL LLP**
1100 New York Ave. NW, Suite 800
Washington, DC 20005
202-408-4600

*Attorneys for Plaintiffs*


**HOGAN LOVELLS CADWALADER US LLP**
VASSI ILIADIS (Bar No. 296382)
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone:  (310) 785-4640
Facsimile:  (310) 785-4601
vassi.iliadis@hlc.com

*Counsel for Defendant*
Bumble Bee Foods, LLC

 *[Additional Counsel listed on following page]*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA
## SAN DIEGO DIVISION

| | |
|---|---|
| Akhmad; Angga; Muhammad Sahrudin; and Muhammad Syafi'i,<br><br>Plaintiff,<br><br>v.<br><br>BUMBLE BEE FOODS, LLC<br><br>Defendant. | Case No.: 3:25-cv-00583-BAS-DEB<br>*Assigned to:* Hon. Cynthia Bashant<br><br>**JOINT DISCOVERY PLAN [F.R.C.P. 26(f)]**<br><br>Date: August 4, 2026<br>Time: 9:00 a.m. PDT<br>Location: Telephonic Conference<br><br>Complaint Filed:  March 12, 2025<br>Trial Date:        Not Set |

Paul L. Hoffman [CA Bar No. 071244]
**SCHONBRUN SEPLOW HARRIS HOFFMAN & ZELDES, LLP**
200 Pier Ave., Suite 226
Hermosa Beach, CA 90254
424-297-0114

Helen I. Zeldes [CA Bar No. 220051]
**SCHONBRUN SEPLOW HARRIS HOFFMAN & ZELDES, LLP**
501 W. Broadway, Suite 800
San Diego, CA 92101
619-400-4990

Marco Simons [CA Bar No. 237314
Asia Arminio |DC Bar No. 996077|
*pro hac vice*
**GREENPEACE, INC.**
1300 Eye Street NW, Suite 1100
Washington, DC 20005
202-462-1177

*Attorneys for Plaintiffs*

**HOGAN LOVELLS CADWALADER US LLP**
DAVID M. FOSTER (admitted pro hac vice) (D.C. Bar No. 497981)
DANIELLE DESAULNIERS STEMPEL (admitted pro hac vice)
(D.C. Bar No. 1658137)
CHRISTINE A. SIFFERMAN (admitted pro hac vice) (D.C. Bar No. 1613936)
555 Thirteenth Street, N.W.
Washington, D.C. 20004
Telephone:  (202) 637-5694
Facsimile:  (202) 637-5910
david.foster@hlc.com
danielle.stempel@hlc.com
christine.sifferman@hlc.com

*Counsel for Defendant*
Bumble Bee Foods, LLC

Pursuant to Federal Rule of Civil Procedure 26(f) and this Court's June 12, 2026, Notice and Order Setting Early Neutral Evaluation Conference; Rule 26 Compliance; and Case Management Conference (Dkt. 59), Plaintiffs Akhmad, Angga, Muhammad Sahrudin, and Muhammad Syafi'i and Defendant Bumble Bee Foods, LLC, by and through their respective counsel of record, respectfully submit the following joint discovery plan. The Parties' counsel met by Zoom video conference on June 30, 2026, and held the required conference of parties. F.R.C.P Rule 26(f)(1)-(2).

The Parties have attempted to reach agreement on how to best manage this case and hereby set forth matters on which they agree and express their respective views where they differ.

### F.R.C.P. 26(f) CONFERENCE AND CMC ORDER TOPICS

## I.   CLAIMS AND DEFENSES

### *Plaintiffs' Position*

Plaintiffs, four men from rural Indonesia, bring claims against Defendant Bumble Bee Foods, LLC, for violations of the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. §§ 1589 and 1595, and for common-law negligence. Plaintiffs allege that they sought work in the commercial fishing industry, where they were promised good jobs at wages adequate to support their families. Instead, they were subjected to forced labor and abusive conditions. Am. Compl., Dkt. 33, ¶4.

The district court denied Defendants' motion to dismiss, finding that Plaintiffs sufficiently pled their TVPRA claims including that Bumble Bee participated in a venture with Rongcheng Ocean and Rongcheng City, the owners and operators of the vessels on which Plaintiffs worked, and with FCF, its parent company (Dkt. 29 at 11-15); knowingly benefitted from the venture (Dkt. 29 at 11); and "knew or should have known" about the forced labor practices on the vessels from which it sourced tuna (Dkt. 29 at 19). The district court also denied Bumble Bee's motion to dismiss Plaintiffs' negligence claim. Dkt. 29 at 19-24.  Upon Defendants' motion to reconsider, the district

court reiterated and reaffirmed its holdings denying Defendants' motion to dismiss. Dkt. 58.

### *Defendant's Position*

Plaintiffs allege that they were subjected to physical harm and forced labor at the hands of vessel captains and crew on distant-water fishing vessels owned by two Chinese companies (Rongcheng City and Rongcheng Ocean), operating in international waters, that supplied albacore tuna to FCF Co. Ltd. ("FCF"), which in turn supplied the tuna to Bumble Bee.

Bumble Bee is not liable under the TVPRA. Bumble Bee did not participate in a "venture" with FCF, Rongcheng City, and Rongcheng Ocean, and Bumble Bee lacked knowledge of the alleged forced labor that Plaintiffs say they were subjected to on these vessels. Further, Plaintiffs' claim is impermissibly extraterritorial—all of the relevant conduct occurred overseas, and Plaintiffs may not bring a claim against Bumble Bee under the civil remedy portion of the TVPRA.

Bumble Bee is likewise not liable under California negligence law. Bumble Bee unequivocally condemns forced labor and takes allegations of forced labor in its supply chain seriously, but it did not owe a duty to Plaintiffs, with whom it had no relationship, and California law cannot properly apply to Plaintiffs' claims, which arose on the other side of the world and resulted from the conduct of third parties with whom Bumble Bee has no relationship. Bumble Bee did not have a duty to control these third parties' conduct, or to warn those allegedly endangered by it. Bumble Bee was also not the proximate cause of any harm to Plaintiffs. Any harm that Plaintiffs may have suffered was caused by vessel captains and recruitment agencies, not Bumble Bee.

Finally, although Bumble Bee's motion to dismiss was denied in part, Dkt. 29, the Court dismissed Plaintiffs' injunctive relief claim with prejudice. Dkt. 53.

## II.    F.R.C.P. 26(f)(3) TOPICS

**A. What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.**

The Parties agreed to make their initial disclosures under F.R.C.P. 26(a)(1) on the date set by the Court, July 28, 2026. E-mail from Law Clerk to Magistrate Judge Daniel Butcher to Counsel for Plaintiffs and Defendant (July 10, 2026, 5:21 PM EDT) (on file with counsel).

The Parties do not request any changes to the F.R.C.P. 26(a) disclosure requirements.

**B. The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

**The subjects on which discovery may be needed:**

*Plaintiffs' Discovery*

Plaintiffs stated they would need discovery on, but not limited to, the following subjects:

(a) that Bumble Bee knew or should have known that its venture partners obtained labor by means of force, threats of force, physical restraint or threats of physical restraint, by means of serious harm or threats of serious harm, by means of the abuse or threatened abuse of law or legal process and/or by means of a scheme, plan, or pattern.  This includes discovery of Bumble Bee's knowledge of debt bondage, physical abuses, working and living conditions on the vessels that supply Bumble Bee, vessels owned and operated by Rongcheng Ocean or Rongcheng City, vessels in the Fishery Improvement Projects and vessels that supply or are supplied by FCF; Bumble Bee's audits or self-evaluations relating to forced labor, debt bondage and living or working conditions on board the relevant vessels; and Bumble Bee and FCF internal and external communications regarding reports

3

by governments, NGOs, and the media of forced labor and other abuses on long line fishing vessels. This also includes discovery of Bumble Bee's travel to relevant locations, communications with venture participants, monitoring of vessels, relationship with manning agencies or vessel owners and crew, third party risk assessment services, and/or any reports or complaints received, including by third party hotlines;

(b) that Bumble Bee participated in a venture, including but not limited to Bumble Bee's communications and contacts with Rongcheng Ocean or Rongcheng City; the duration of Bumble Bee's relationship with Rongcheng Ocean, Rongcheng City and FCF; shared services among Rongcheng Ocean, Rongcheng City and FCF (including transshipment, fueling, and sales); Bumble Bee's and FCF's participation and role in Fishery Improvement Projects and/or MSC certification, including any risk, costs, or profits related to the FIP or MSC certification; any direct, tailored ongoing support by Bumble Bee to the vessels or to Rongcheng Ocean or Rongcheng City, including any Bumble Bee policies, practices, rules, instructions or guidance to the relevant vessels; and/or the profits or losses derived from the alleged venture;

(c) Bumble Bee's twenty-two affirmative defenses;

(d) evidence of industry standards pertaining to supply chain management and prevention of forced labor and trafficking; and evidence of Bumble Bee's policies and requirements for fishing vessels in its supply chain, including policies related to conduct towards migrant fishers.

***Defendant's Discovery***

Defendant plans to take discovery of Plaintiffs' employment history, recruitment to work in the fishing industry, employment contracts, alleged injuries (including past medical care and purported future medical care), alleged forced labor, and the other facts asserted in the Complaint, including Greenpeace's interactions with Bumble Bee

and the circumstances surrounding such interactions.  Defendant reserves the right to take additional discovery, including of third parties, as the case progresses.

**When discovery should be completed:**

*Plaintiffs' Position*

Plaintiffs propose that fact discovery should be completed by January 24, 2028. Sufficient time is needed for Plaintiffs to complete discovery of the alleged venture partners in Taiwan and China, which will likely require utilization of letters rogatory and other international discovery procedures. The U.S. Department of State estimates that execution of Letters Rogatory in Taiwan may take a year or more. *Preparation of Letters Rogatory*, U.S. Dep't of State, https://travel.state.gov/content/travel/en/legal/travel-legal-considerations/internl-judicial-asst/obtaining-evidence/Preparation-Letters-Rogatory.html (last visited July 21, 2026) ("Execution of letters rogatory may take a year or more. Letters rogatory are customarily transmitted via diplomatic channels, a time-consuming means of transmission."); *Criminal Resource Manual, Section 275: Letters Rogatory*, U.S. Dep't of Justice, https://www.justice.gov/archives/jm/criminal-resource-manual-275-letters-rogatory (last visited July 24, 2026) (noting that letters rogatory are a "time-consuming means" of contact and parties "should assume that the process will take a year or more"); *International Process Service Via Letters Rogatory*, DGR Legal, https://www.dgrlegal.com/process-service-letters-rogatory/ (last visited July 24, 2026) (major process server explaining letters rogatory are among "the most lengthy methods for international process service" that can take "upward of a year"). The Parties will also need time to schedule and take depositions of witnesses located overseas.

*Defendant's Position*

Defendant proposes that fact discovery should be completed by August 6, 2027 (12 months after the Case Management Conference).  While Defendant acknowledges the challenges that Plaintiffs may face in seeking discovery of entities overseas, Defendant does not believe that nearly 18 months of discovery is appropriate.  Bumble

JOINT DISCOVERY PLAN

Bee should not be subjected to such a lengthy period of fact discovery.  In any event, the Court should not presume at this time that fact discovery will take 18 months before Plaintiffs have even attempted to take discovery.  If Plaintiffs are unable to complete discovery in a timely manner because of difficulties in connection with international discovery, Plaintiffs could seek an extension based on a showing of diligence and need at an appropriate time.

**Whether discovery should be conducted in phases or be limited to or focused on particular issues:** The Parties agree that discovery should not be conducted in phases or limited to particular issues (although the discovery must be relevant and proportional to the needs of the litigation).

**C. Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

Counsel for the parties have reviewed the Checklist for Rule 26(f) Meet and Confer Regarding Electronically Stored Information ("ESI").  The Parties are continuing to confer and intend to prepare a protocol for production of ESI.

The Parties agreed that each side will propose search terms for their own ESI after receiving the other side's initial Requests for Production and the Parties will thereafter negotiate and attempt to agree on appropriate search terms. The Parties agreed to provide ESI hit reports and that the process will be an iterative process.

*Plaintiffs' Position on remaining issues:*

Plaintiffs stated that they conducted a forensic collection through a third party vendor of their clients' ESI in August 2025. That data has been preserved and is accessible. One client, Muhammad Sahrudin, had a phone between 2018 to 2020, but sold it six years ago, in 2020 or 2021. The data was wiped when the phone was sold and is no longer accessible.

*Defendant's Position on remaining issues:*

JOINT DISCOVERY PLAN

Defendant's litigation hold dates back to 2015, which is 10 years from the date the lawsuit was filed and lines up with the TVPRA's limitations period. The litigation hold covers more than 30 current or former Bumble Bee employees. Defendant will meet and confer with Plaintiffs regarding relevant custodians and their roles once Plaintiffs have served their first Requests for Production of Documents.

The litigation hold preserves all ESI and hard copy documents from these current and former Bumble Bee employees that may be relevant to the litigation. Defendant also maintains non-custodian-based files in a cloud resource, which are likewise being preserved, and will be searched as appropriate after Plaintiffs serve document requests. Defendant is not aware of sources of potentially relevant ESI in its possession, custody, and control that is not readily accessible.

**D. Any issues about claims of privilege or of protection as trial-preparation materials, including the timing and method for complying with Rule 26(b)(5)(A) and—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.**

The Parties have agreed to confer on a proposed protective order, which the Parties will submit for the Court's approval. The Parties will include in their proposed protective order a provision governing the inadvertent production of privileged or otherwise protected material pursuant to Federal Rule of Evidence.

The Parties have agreed to exclude from privilege logs the following documents: (1) attorney-client communications related to this litigation; (2) work product related to this litigation; and (3) trial preparation materials related to this litigation. The Parties will include in the privilege log communications related to this litigation that involve third parties and which the asserting Party contends to be subject to the attorney-client privilege by operation of the common interest doctrine.

The Parties agree that a privilege log will be produced no later than 1) 30 days after a party's production is substantially complete or 2) 90 days before the close of

7

JOINT DISCOVERY PLAN

fact discovery, whichever is sooner, except that if discovery requests are served within 5 months of the close of fact discovery, the Parties will meet and confer about the timing for a privilege log.

**E. What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

*Plaintiffs' Position*:

Plaintiffs request that each side be allocated twenty depositions. Plaintiffs anticipate that they will need to take a number of trial depositions of witnesses outside the United States, including of eyewitnesses and damages witnesses, in addition to the usual discovery depositions of Defendant's corporate officers.  Many of these foreign witnesses do not have passports and cannot obtain visas to testify at trial and must therefore necessarily be presented at trial by deposition. As a result, an expansion of the ten deposition limit is reasonable and necessary for Plaintiffs to prove their claims. Plaintiffs further request that, if necessary to authenticate documents, a deposition of a corporate custodian of records be permitted after the close of fact discovery and not be counted towards the twenty deposition limit.

Plaintiffs request an order pursuant to Fed. R. Civ. P 30(b)(4) permitting depositions of Plaintiffs and other witnesses located overseas "be taken by telephone or other remote means," including by videoconference. Such an order would not prevent a party from, at its election, attending the deposition in person but will reduce costs and save time, as obtaining visas to enter the United States for depositions, even for witnesses with passports, can be a several months long process without guaranteed success. Plaintiffs further request an order under Fed. R. Civ. P. 29 permitting the oath to be administered remotely by a certified court reporter attending the deposition by remote means. The Parties have agreed to confer on a proposed protocol for remote depositions, including a provision for administering the oath, which the Parties will submit for the Court's approval.

*Defendant's Position:*

Defendant believes that the Parties should be limited to ten depositions per side. If Plaintiffs need additional depositions as the case continues, they should have to make a particularized showing of the need for additional depositions at an appropriate time.

Defendant disputes that a deposition for a corporate custodian of records is necessary and states that the Parties can meet and confer concerning the authentication of documents at the appropriate time.

**F. Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).**

The Parties intend to negotiate and submit for the Court's approval a proposed Protective Order, a proposed ESI Protocol, and a proposed Remote Deposition Protocol.

**III.  CMC ORDER TOPICS**

**A. Service**

No additional parties remain to be served at this time.

**B. Amendment of Pleadings**

Plaintiff does not presently anticipate amending the operative First Amended Complaint.

**C. Protective Order**

The Parties have agreed to confer on a proposed protective order, which the Parties will submit for the Court's approval no later than August 18, 2026. The Parties will include in their proposed protective order a provision governing the inadvertent production of privileged or otherwise protected material pursuant to Federal Rule of Evidence 502(d). At this time, the Parties do not believe that a separate, additional order under Federal Rule of Evidence 502 is needed.

**D. Electronic Discovery**

The Parties have reviewed the Checklist for Rule 26(f) Meet and Confer Regarding Electronically Stored Information ("ESI"). The Parties are continuing to

confer and intend to prepare a protocol for the proper scope and production of ESI, which will address methodologies for locating and producing electronically stored information and the production of metadata.

**E. Discovery**

The Parties made initial disclosures under Fed. R. Civ. P. 26(a) on July 28, 2026.

**F. Related Cases**

The Parties are not aware of any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

**G. Scheduling**

The Parties propose the following schedule:

| EVENT | PLAINTIFFS' PROPOSED DATES | DEFENDANT'S PROPOSED DATES |
|---|---|---|
| Mandatory Settlement Conference | January 19, 2028 | July 5, 2027, or such time as the Court orders |
| Fact discovery cut-off | January 24, 2028 | Aug. 6, 2027 |
| Expert designations and disclosures | Reports (30 days after close of discovery): February 24, 2028<br><br>Response reports (60 days): April 24, 2028<br><br>Rebuttal Reports (45 days): June 8, 2028 | Reports (30 days after close of discovery): Sept. 7, 2027<br><br>Response reports (60 days): Nov. 8, 2027<br><br>Rebuttal reports (45 days): Dec. 23, 2027 |
| Expert discovery cut-off | June 30, 2028 | Jan. 13, 2028 |
| Dispositive motion filing cut-off | June 30, 2028<br><br>Responses (60 days): Aug. 29, 2028<br><br>Replies (30 days): Sept 29, 2028 | Dispositive & *Daubert* motions due:  Feb. 11, 2028<br><br>Responses (6 weeks): Mar. 24, 2028<br><br>Replies (3 weeks):  Apr. 14, 2028 |

10

JOINT DISCOVERY PLAN

| Pretrial Conference/ Pretrial Hearing | October 30, 2028 | Aug. 14, 2028 |
|---|---|---|
| Trial | November 30, 2028 | Sept. 14, 2028 |

## H. Trial

The parties anticipate a two-week jury trial.

## I. Professional Conduct

All attorneys who will be listed in the pleadings or motions for any party have reviewed Local Rule 2.1 and agree to abide by the Court's Code of Conduct.

Dated:  July 28, 2026

**COHEN MILSTEIN SELLERS & TOLL LLP**

By: */s/ Agnieszka M. Fryszman*
Agnieszka M. Fryszman [DC Bar No. 459208]
*pro hac vice*
Nicholas J. Jacques [DC Bar No. 1673121]
*pro hac vice*
Jordan Murov-Goodman [WSBA No. 59074]
*pro hac vice*
1100 New York Ave. NW, Suite 800
Washington, DC 20005
202-408-4600
*Attorneys for Plaintiffs*

**HOGAN LOVELLS CADWALADER US LLP**
VASSI ILIADIS (Bar No. 296382)
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone:  (310) 785-4640
Facsimile:  (310) 785-4601
vassi.iliadis@hlc.com

*Counsel for Defendant*
Bumble Bee Foods, LLC

11