UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AKHMAD, et al., | Case No.:  25-cv-00583-BAS-DEB |
| Plaintiffs, | |
| v. | **SCHEDULING ORDER REGULATING DISCOVERY AND OTHER PRE-TRIAL PROCEEDINGS** |
| BUMBLE BEE FOODS, LLC, | |
| Defendant. | |

Pursuant to Rule 16.1(d) of the Local Rules, a Case Management Conference was held on **August 4, 2026**.  After consulting with the attorneys of record for the parties and being advised of the status of the case, and good cause appearing, **IT IS HEREBY ORDERED**:

1.     Counsel shall refer to the Standing Order for Civil Cases for the Honorable Cynthia Bashant, which is accessible via the Court's website at www.casd.uscourts.gov.

2.     A telephonic Status Conference will be held on **November 13, 2026 at 9:30 a.m**. The Court will email audio-only Zoom connection information to counsel of record in advance of the conference.

3.     Any motion to join other parties, to amend the pleadings, or to file additional pleadings shall be filed by **October 2, 2026**.

25-cv-583-BAS-DEB

4.      Plaintiff(s) (or the party(ies) having the burden of proof on any claim) shall serve on all parties a list of experts whom that party expects to call at trial on or before **January 8, 2027**. Defendant(s) (or the party(ies) defending any claim, counterclaim, crossclaim, or third party claim) shall serve on all parties a list of experts whom that party expects to call at trial on or before **January 8, 2027**. On or before **January 22, 2027**, any party may supplement its designation in response to any other party's designation, so long as that party has not previously retained an expert to testify on that subject. Expert designations shall include the name, address, and telephone number of each expert, and a reasonable summary of the testimony the expert is expected to provide. The list shall also include the normal rates the expert charges for deposition and trial testimony.

The parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence. This requirement is not limited to retained experts.

**Please be advised that failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.**

5.      All expert disclosures required by Fed. R. Civ. P. 26(a)(2) shall be served on all parties on or before **February 19, 2027**. Any contradictory or rebuttal information shall be disclosed on or before **March 19, 2027**. In addition, Fed. R. Civ. P. 26(e)(1) imposes a duty on the parties to supplement the expert disclosures made pursuant to Fed. R. Civ. P. 26(a)(2)(B) by the time that pretrial disclosures are due under Fed. R. Civ. P. 26(a)(3) (discussed below). This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony.

**Please be advised that failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in**

25-cv-583-BAS-DEB

**evidence.**

6.      All fact discovery shall be completed by all parties by **January 8, 2027**. All expert discovery shall be completed by all parties by **May 14, 2027**. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure. **Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a).** The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process.   If the parties reach an impasse on any discovery issue, counsel shall file an appropriate motion within the time limit and procedures outlined in the undersigned magistrate judge's chambers rules. **A failure to comply in this regard will result in a waiver of a party's discovery issue.  Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court.**

7.      All motions, other than motions to amend or join parties, or motions *in limine*, shall be filed on or before **June 11, 2027**. For any motion that will be heard by the Magistrate Judge, the motion will not be heard or calendared unless counsel for the moving party has obtained a motion hearing date from the judge's law clerk. For any motion heard by Judge Bashant, the motion must have an appropriate hearing date pursuant to Judge Bashant's Standing Order for Civil Cases.  Further, please be advised that Judge Bashant requires the parties to meet and confer at least seven days before most types of motions are filed.  Please plan accordingly.  Failure of counsel to timely request a motion date or comply with Judge Bashant's Standing Order may result in the motion not being heard.

Any *Daubert* motions shall be filed along with motions for summary judgment unless no motions for summary judgment will be filed, in which case the parties may file *Daubert* motions along with motions *in limine*.

Briefs or memoranda in support of or in opposition to any pending motion shall not

exceed twenty-five (25) pages in length without leave of the judge who will hear the motion.  No reply memorandum shall exceed ten (10) pages without such leave of court.

8.     Pursuant to Local Rule 7.1.f.3.c, **if an opposing party fails to file opposition papers in the time and manner required by Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the Court.**  Accordingly, all parties are ordered to abide by the terms of Local Rule 7.1.e.2 or otherwise face the prospect of any pretrial motion being granted as an unopposed motion pursuant to Local Rule 7.1.f.3.c.

9.     A Mandatory Settlement Conference shall be conducted on **December 14, 2026** at **2:00 p.m.** before **Magistrate Judge Daniel E. Butcher**. Counsel or any party representing himself or herself shall lodge confidential settlement briefs directly to chambers by **December 7, 2026**.  All parties are ordered to read and to fully comply with the Chamber Rules of the assigned magistrate judge.

10.     The purpose of the MSC is to permit an informal discussion between the attorneys, parties, and the Magistrate Judge of every aspect of the lawsuit in an effort to achieve an early resolution of the case. Counsel attending the MSC are expected to have a command of the facts and applicable law. Counsel and the parties must be prepared to engage in a detailed discussion of the merits of their respective cases and engage in good faith settlement discussions. ***All discussions during the MSC are informal, off the record, privileged and confidential.*** Counsel for any non-English speaking party is responsible for arranging for the appearance of an interpreter at the conference.

11.     Pursuant to Local Rule 16.3.b., all parties, party representatives, including claims adjusters for insured parties, and the principal attorney(s) responsible for the litigation must participate in the MSC.[1] This appearance must be made with full and

---

[1] The attendance requirement includes parties that are indemnified by others. Any deviation from this Order requires prior Court approval.

25-cv-583-BAS-DEB

unlimited authority to negotiate and enter into a binding settlement.[2] In the case of a corporate entity, an authorized representative of the corporation who is not retained outside counsel must be present and must have discretionary authority to commit the company to pay an amount up to the amount of the plaintiff's prayer (excluding punitive damage prayers). The purpose of this requirement is to have representatives present who can settle the case during the course of the conference without consulting a superior.

Counsel for a government entity may be excused from this requirement so long as the government attorney who participates in the MSC (1) has primary responsibility for handling the case; and (2) may negotiate settlement offers that the attorney is willing to recommend to the government official having ultimate settlement authority.

---

[2] Full authority to settle means that the individuals at the MSC are authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485-486 (D. Ariz. 2003). One of the purposes of requiring a person with unlimited settlement authority to attend the conference is that the person's view of the case may be altered during the face-to-face conference. *Pitman*, 216 F.R.D. at 486. Limited or sum certain authority is not adequate. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 595-597 (8th Cir. 2001).

25-cv-583-BAS-DEB

The Court will use its Zoom[3] video conferencing account to hold the MSC. [4] Prior to the start of the MSC, the Court will email counsel an invitation with the Zoom meeting hyperlink and password to participate in the MSC.[5]

Each participant should plan to join the Zoom video conference **at least five minutes before** the start of the MSC to ensure that the conference begins on time. Zoom's functionalities will allow the Court to conduct the MSC as it ordinarily would conduct an in-person one. The Court will divide participants into separate, confidential sessions, which Zoom calls Breakout Rooms.[6] In a Breakout Room, the Court will be able to confidentially and individually communicate with participants. Breakout Rooms will also allow parties and counsel to communicate confidentially outside the presence of the Court.

Counsel are responsible for ensuring their clients are able to participate in the MSC. All participants must display the same level of professionalism and attention during the MSC as if they were attending in person (e.g., professional attire, not driving while

---

[3] If you are unfamiliar with Zoom: Zoom is available on computers through a download on the Zoom website (https://zoom.us/meetings) or on mobile devices through the installation of a free app. Joining a Zoom conference does not require creating a Zoom account, but it does require downloading the .exe file (if using a computer) or the app (if using a mobile device). Participants are encouraged to create an account, install Zoom and familiarize themselves with Zoom in advance of the MSC. There is a cost-free option for creating a Zoom account. For help getting started with Zoom, visit: https://support.zoom.us/hc/en-us/categories/200101697-Getting-Started.

[4] Counsel may request the MSC be converted to an in-person appearance informally through a joint call or email to the Court's chambers (efile_butcher@casd.uscourts.gov). Counsel must meet and confer prior to making such a request.

[5] Participants who do not have Zoom already installed on their device when they click on the Zoom meeting hyperlink will be prompted to download and install Zoom before proceeding.

[6] For more information on what to expect when participating in a Zoom Breakout Room, visit: https://support.zoom.us/hc/en-us/articles/115005769646.

25-cv-583-BAS-DEB

speaking to the Court, nor otherwise distracted). Participants are encouraged to use laptops or desktop computers for the video conference, if possible, as mobile devices often offer inferior performance. Because Zoom may quickly deplete the battery of a participant's device, each participant should ensure that their device is plugged in or that a charging cable is readily available during the video conference.

No later than **December 7, 2026**, counsel for each party must send an e-mail to the Court at efile_butcher@casd.uscourts.gov containing the following:

a.    The *name and title(s)/position(s) of each participant*, including counsel, all parties and party representatives, and claims adjusters;

b.    An *e-mail address for each attorney participant* to receive the Zoom video conference invitation;

c.    A *telephone number where each attorney participant* may be reached so that, if technical difficulties arise, the Court will be in a position to proceed telephonically instead of by video conference; and

d.    A *Confidential MSC Conference Statement*.[7] All confidential MSC Statements must confirm with Chambers Rule IV and include:

i.    the party's position on liability and damages supported by relevant facts, a discussion of the significant facts established during discovery, and legal analysis with citations to controlling legal authority. The parties are also encouraged to attach a chronology setting forth a timeline of the events at issue.  If submitted, the chronology should be in a chart or column format with the column headings "DATE" and "EVENT." The chronology is not counted against the page limits;

ii.    **for plaintiff(s)**, a specific and current settlement demand addressing all relief sought and an itemization of the damages sought, and, **for defendant(s)**, a specific and current offer and the bases for that offer. (Note: a general statement that a party will "negotiate in good faith,"

---

[7] The Court does not require MSC Statements to be served on other parties; however, the parties may elect to share statements at their discretion. *These statements are not to be filed on the CM/ECF system.*

25-cv-583-BAS-DEB

"offer a nominal cash sum," or "be prepared to make a demand or offer at the conference" is not a specific demand or offer. If a specific offer or demand cannot be made at the MSC, state the reasons why and explain what additional information is required to make a settlement demand or offer.);

   iii.  a brief description of any previous settlement negotiations or mediations; and

   iv.  the names of attorney(s) and non-attorney(s) who will attend the conference, including the name(s) and title(s)/position(s) of the party/party representative(s).

12. The parties must comply with the pretrial disclosure requirements of Fed. R. Civ. P. 26(a)(3) no later than **September 6, 2027**. **Please be advised that failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.**

13. In jury trial cases before the Honorable Cynthia Bashant, neither party is required to file Memoranda of Contentions of Fact and Law pursuant to Civil Local Rule 16.1.f.2.

14. Counsel shall confer and take the action required by Local Rule 16.1.f.4.a on or before **September 20, 2027**.

15. Counsel for the Plaintiff(s) must provide opposing counsel with the proposed pretrial order for review and approval and take any other action required by Local Rule 16.1.f.6.a on or before **September 20, 2027**.

16. The proposed pretrial order shall be lodged with the district judge's chambers on or before **September 27, 2027**, and shall be in the form prescribed in Local Rule 16.1.f.6.

17. The final Pretrial Conference is scheduled on the calendar of the **Honorable Cynthia Bashant** for Friday, **October 11, 2027** at **11:00 a.m**.

18. All motions *in limine* are due no later than **November 1, 2027**.

19.     All responses to the motions *in limine* are due no later than **November 8, 2027**.

20.     The parties shall submit the following no later than **November 15, 2027**: (1) joint proposed jury instructions; (2) proposed verdict form; (3) *voir dire* questions; (4) statement of the case; and (5) exhibits (in digital format in lieu of physical binders).

21.     The parties shall exchange final exhibit and witness lists no later than **November 15, 2027**.

22.     A hearing for motions *in limine* is scheduled for Friday, **November 29, 2027** at **10:30 a.m**.

23.     The trial in this matter shall commence on Tuesday, **December 7, 2027** at **9:00 a.m**.

24.     The dates and times set forth herein will not be modified except for good cause shown.

25.     Plaintiff's counsel shall serve a copy of this order on all parties that enter this case hereafter.

**IT IS SO ORDERED.**

Dated:  August 4, 2026

_____
Daniel E. Butcher
United States Magistrate Judge

25-cv-583-BAS-DEB