# EXHIBIT A

Agnieszka M. Fryszman [DC Bar No. 459208]
*pro hac vice*
Nicholas J. Jacques [DC Bar No. 1673121]
*pro hac vice*
Jordan Murov-Goodman [Wash. Bar No. 59074]
*pro hac vice*
**COHEN MILSTEIN SELLERS & TOLL LLP**
1100 New York Ave. NW, Suite 800
Washington, DC 20005
202-408-4600

*Attorneys for Plaintiffs*

**HOGAN LOVELLS CADWALADER US LLP**
VASSI ILIADIS (Bar No. 296382)
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 785-4640
Facsimile: (310) 785-4601
vassi.iliadis@hlc.com

*Counsel for Defendant*
Bumble Bee Foods, LLC

*[Additional Counsel listed on following page]*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

AKHMAD; ANGGA; MUHAMMAD SAHRUDIN; and MUHAMMAD SYAFI'I,

Plaintiffs,

v.

BUMBLE BEE FOODS, LLC,

Defendant.

Case No. 3:25-cv-00583-BAS-DEB

Action Filed: March 12, 2025

The Honorable Cynthia Bashant

**STIPULATED PROTECTIVE ORDER**

Paul L. Hoffman [CA Bar No. 071244]
**SCHONBRUN SEPLOW HARRIS HOFFMAN & ZELDES, LLP**
200 Pier Ave., Suite 226
Hermosa Beach, CA 90254
424-297-0114

Helen I. Zeldes [CA Bar No. 220051]
**SCHONBRUN SEPLOW HARRIS HOFFMAN & ZELDES, LLP**
501 W. Broadway, Suite 800
San Diego, CA 92101
619-400-4990

Marco Simons [CA Bar No. 237314
Asia Arminio |DC Bar No. 996077|
*pro hac vice*
**GREENPEACE, INC.**
1300 Eye Street NW, Suite 1100
Washington, DC 20005
202-462-1177

*Attorneys for Plaintiffs*

**HOGAN LOVELLS CADWALADER US LLP**
DAVID M. FOSTER (admitted pro hac vice) (D.C. Bar No. 497981)
DANIELLE DESAULNIERS STEMPEL (admitted pro hac vice) (D.C. Bar No. 1658137)
CHRISTINE A. SIFFERMAN (admitted pro hac vice) (D.C. Bar No. 1613936)
555 Thirteenth Street, N.W.
Washington, D.C. 20004
Telephone: (202) 637-5694
Facsimile: (202) 637-5910
david.foster@hlc.com
danielle.stempel@hlc.com
christine.sifferman@hlc.com

*Counsel for Defendant*
Bumble Bee Foods, LLC

The Court recognizes that at least some of the documents and information ("materials") being sought through discovery in the above-captioned action should, for good cause, be kept confidential. The parties have agreed to be bound by the terms of this Protective Order ("Order") in this action.

The materials to be exchanged throughout the course of the litigation between the parties may confidential information, the public disclosure of which could harm a party or third-party. The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation. THEREFORE:

## DEFINITIONS

1. The term "confidential information" will mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed in good faith to be confidential information by any party to which it belongs.

2. The term "materials" will include, but is not limited to: the documents, Electronically Stored Information ("ESI") and tangible things defined in Federal Rule of Civil Procedure 34; correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other material that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; audio and/or visual recordings; photographs; videos; papers; books; records; emails; text messages (including text messages sent through WhatsApp, Telegram, Slack, and other electronic messaging applications); slides; communications; affidavits; summaries; opinions; studies; analyses; notices; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes (including

laboratory notebooks and records); reports; instructions; disclosures; other writings; models and prototypes and other physical objects; all records kept by electronic, photographic, or mechanical means; any notes or drafts relating to the foregoing; and all things similar to any of the foregoing. "Materials" also means all copies of documents and other materials by whatever means made, including any non-identical copy (whether different from the original because of handwritten notes, underlining on the copies, blind carbon copy, or otherwise) and drafts of documents and other materials.

3. The term "counsel" will mean outside counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed in the law firms identified below:

a. Plaintiffs: Cohen Milstein Sellers & Toll PLLC; Schonbrun Seplow Harris Hoffman & Zeldes, LLP.

b. Defendant: Hogan Lovells Cadwalader US LLP

c. "Counsel" also includes outside counsel of record employed at Greenpeace, Inc. and other attorneys or paralegals employed at Greenpeace, Inc. whose access to confidential information is necessary to assist in this litigation.

d. "Counsel" also includes Jill Irvin, in-house attorney for Defendant Bumble Bee Foods, LLC, so long as such in-house attorney has signed the acknowledgement to be bound to these terms that is attached hereto as Exhibit A.

GENERAL RULES

4. Each party to this litigation that produces or discloses any materials, answers to interrogatories, responses to requests for admission or production, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that is subject to this Protective Order may designate the same as "CONFIDENTIAL."

a. Designation as "CONFIDENTIAL": Any party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such party and its counsel, it satisfied the definition of "confidential information" set forth in Paragraph 1.

5. In the event the producing party elects to produce materials for inspection, no marking need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all materials produced will be considered as "CONFIDENTIAL" and must be treated as such pursuant to the terms of this Order. Thereafter, upon selection of specified materials for copying by the inspecting party, the producing party must, within a reasonable time prior to producing those materials to the inspecting party, mark the copies of those materials that contain confidential information with the appropriate confidentiality marking.

6. Whenever a deposition taken on behalf of any party involves a disclosure of confidential information of any party:

a. the deposition or portions of the deposition must be designated as containing confidential information subject to the provisions of this Order; such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing confidential information after transcription of the proceedings. A party will have until fourteen (14) days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript to be designated "CONFIDENTIAL."

b. the disclosing party will have the right to exclude from attendance at the deposition, during such time as the confidential information is to be disclosed, any person other than a party who is a natural person, the deponent, counsel (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to paragraph 8 below; and

c. the originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL," and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

7. All confidential information designated as "CONFIDENTIAL" must not be disclosed by the receiving party to anyone other than those persons designated within this order and must be handled in the manner set forth below and, in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

8. Materials designated "confidential" must be viewed only by the individuals listed below:

a. Counsel (as defined in paragraph 3) of the receiving party;

b. Executives of the Defendant (and their stenographic or clerical employees) who are required to participate in policy decisions with reference to this action, so long as the executive (and their stenographic or clerical employee) has signed the acknowledgement to be bound to these terms that is attached hereto as Exhibit A;

c. The Plaintiffs, if disclosure is reasonably necessary for this Action and who have signed the Agreement to be Bound (Exhibit A);

d. Experts, investigators, consultants, contractors, translators, or interpreters retained by the receiving party's outside counsel of record to whom disclosure is reasonably necessary for this Action, and who have signed the Agreement to Be Bound (Exhibit A);

e. The Court and its personnel;

f. Outside court reporters and their staff, deposition videographers, professional jury or trial consultants, and professional vendors

(including third-party contractors engaged by counsel to provide document-management and trial-preparation services for this litigation) to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A);

g. During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the Agreement to Be Bound (Exhibit A), or during preparation for depositions to the extent the parties have agreed following a good faith meet and confer process, where the party seeking use of the materials during deposition preparation may seek permission of the Court if the parties cannot agree; and

h. The author or recipient of a document containing the material, or a custodian or other person who otherwise possessed or knew the information.

9. The names, addresses, images, and other personal identifying information of any plaintiff, any third-party fisher witness, or any family member of any plaintiff or third-party witness may not be shared with any manning agency, recruiter, or vessel captain or senior crew member doing business in the commercial fishing industry.

10. With respect to material designated "CONFIDENTIAL," any person indicated on the face of the document to be its originator, author or a recipient of a copy of the document, may be shown the same.

11. Before any materials which are designated as "CONFIDENTIAL" are filed with the Court for any purpose, the party seeking to file such material must seek permission of the Court to file the material provisionally under seal. The party or non-party that originally produced or designated the Confidential Information must thereafter file a motion seeking the Court's leave to maintain the sealed filing of the materials within 14 (fourteen) days after the original filing, or such other time as the

parties agree or the Court orders. This subsequent motion will indicate if the other parties consent to or oppose the sealed filing of these materials. If no party or non-party files a motion seeking leave to maintain the sealed filing, the materials will be unsealed by order of the Court.

12. Procedure for Filing Under Seal: No party may file any document under seal, except pursuant to a court order that authorizes the filing of the document, or portion of the document, under seal. A sealing order will issue only upon a showing that the information is privileged or protectable under the law. The party seeking to file under seal must limit its sealing request to the specific portion of the document that contains the confidential or privileged material. If any party or third party fails to file confidential material under seal, the entity responsible for the inadvertent public filing must (upon noticing or being made aware of the inadvertent public filing) request in writing to the Court that the Court place the filing under seal and it shall be immediately sealed and any electronic versions will be removed until an appropriately redacted version is submitted.

13. At any stage of the proceedings, any party may object to a designation of materials as confidential information. The objecting party must notify the designating party, in writing, of the materials objected to and the ground(s) for the objection. Thereafter, lead counsel (or attorneys with full authority to make decisions and bind the client without later seeking approval from a supervising attorney) must promptly meet and confer, pursuant to Local Rule 26.1.a. If the dispute is not resolved within seven (7) days of receipt of the objections, and after counsel have thoroughly and completely met and conferred, the parties must place a joint call to the assigned magistrate judge's chambers to explain the dispute and the parties' respective positions. The materials at issue must be treated as confidential until the Court has ruled on the objection or the matter has been otherwise resolved.

14. All confidential information must be held in confidence by those inspecting or receiving it, and must be used only for purposes of this action. Counsel

for each party, and each person receiving confidential information, must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If confidential information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

15. No party will be responsible to another party for disclosure of confidential information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

16. The provisions of this Order do not govern the manner in which a party uses its own confidential information. For example, the provisions do not apply to Plaintiffs' Counsel's conversations with their clients regarding their own Confidential Information or to Defendant's Counsel's conversations with Defendant's officers or employees regarding their Confidential Information.

17. <u>Inadvertent Failure to Make Designation:</u> If a party, through inadvertence, produces any confidential information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed confidential information, and that the document or thing produced should be treated as such in accordance with that designation under this Order. The receiving party must treat the materials as confidential, once the designating party so notifies the receiving party. If the receiving party has disclosed the materials before receiving the designation to any person who would not be authorized to view the materials had they been correctly designated, the receiving party must take reasonable steps to claw back the materials and to inform the persons to whom the material was disclosed of its confidential nature, and must notify the designating party in writing of each such

disclosure without revealing Counsel's work product. Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL."

18. Inadvertent Production of Privileged Information: If, at any time, a party discovers that it produced information that it reasonably believes is subject to protection under the attorney/client, work-product, or trial-preparation privileges, then it must promptly notify each receiving party of the claim for protection, the basis for it, amend its privilege log accordingly, and comply with Fed. R. Civ. P. 26(b)(5). Whenever possible, the producing party must produce substitute information that redacts the information subject to the claimed protection. Within five business days thereafter, the receiving party must notify the designating party that: (a) it has returned or destroyed the specified information and any copies that it has (provided, however, that if the receiving party intends to raise the privilege issue with the court, it may retain and use one sequestered copy of the information solely for this purpose, which must be returned or destroyed in the event that the Court upholds the claim of privilege); (b) it has taken reasonable steps to retrieve any specified information that already has been disclosed, including without limitation consenting to a motion to seal court files containing the information if so requested; and (c) it will not use or disclose the information and/or other materials for any purpose, pending further Order of the Court regarding the privileged nature of the documents and/or other materials that are the subject of the written notice. By providing this notification, the receiving party does not waive any right it has to challenge the assertion of privilege and to move for an order of the court denying such privilege. In asserting such a challenge, the receiving party may not rely solely on the fact of the inadvertent disclosure, but it may argue that the producing party has not met its burden to establish that the requirements of Fed. R. Evid. 502(b) have been satisfied, among other reasons the asserted privilege may not apply. The receiving party must move to

file the document(s) at issue and any description of its contents under seal or present them *in camera* if it chooses to present the document(s) to the court.

19. Nothing within this order will prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

20. This Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of confidential information. The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure. Nothing within this order will be construed to prevent disclosure of confidential information if such disclosure is required by law or by order of the Court.

a. If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

    i. Promptly notify the designator in writing.

    ii. Cooperate with all reasonable procedures sought by the designator whose material may be affected.

b. If the designator timely seeks a protective order, the party served with the subpoena or court order shall not produce any information designated in this action as CONFIDENTIAL before a determination by the court where the subpoena or order issued, unless the party has obtained the designator's permission. The designator shall bear the burden and expense of seeking protection of its confidential material in that court.

21. Upon final termination of this action, including any and all appeals, counsel for each party must, upon request of the producing party, return all confidential information to the party that produced the information, including any

copies, excerpts, and summaries of that information, or must destroy same at the option of the receiving party, and must purge all such information from all machine-readable media on which it resides. Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate confidential information, and will continue to be bound by this Order with respect to all such retained information. Further, attorney work product materials that contain confidential information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

22. The restrictions and obligations set forth within this order will not apply to any information that: the parties agree should not be designated confidential information.

23. The restrictions and obligations within this order will not be deemed to prohibit discussions of any confidential information with anyone if that person already has or obtains legitimate possession of that information.

24. Transmission by email or some other currently utilized method of transmission is acceptable for all notification purposes within this Order.

25. This Order may be modified by agreement of the parties, subject to approval by the Court.

26. The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. The parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AKHMAD; ANGGA; MUHAMMAD SAHRUDIN; and MUHAMMAD SYAFI'I,<br><br>Plaintiffs,<br><br>v.<br><br>BUMBLE BEE FOODS, LLC,<br><br>Defendant. | Case No. 3:25-cv-00583-BAS-DEB<br><br>Action Filed: March 12, 2025<br><br>The Honorable Cynthia Bashant<br><br>**EXHIBIT A: AGREEMENT TO BE BOUND BY PROTECTIVE ORDER** |

The undersigned acknowledges having been provided with and having read the Protective Order in this matter. The undersigned further agrees he/she (i) is bound under the Protective Order, (ii) will comply with all of its provisions, and (iii) is subject to the jurisdiction of the Court for all purposes arising under the Protective Order, including enforcement of its terms.

Date: ________________ Name: ___________________________________________

Signature: ________________________________________

IT IS SO ORDERED this _____ day of ________, ______

______________________________
Judge, United States District Court