Agnieszka M. Fryszman [DC Bar No. 459208]
*pro hac vice*
Nicholas J. Jacques [DC Bar No. 1673121]
*pro hac vice*
Jordan Murov-Goodman [WA Bar No. 59074]
*pro hac vice*
**COHEN MILSTEIN SELLERS & TOLL LLP**
1100 New York Ave. NW, Suite 800
Washington, DC 20005
202-408-4600

Paul L. Hoffman [CA Bar No. 071244]
**SCHONBRUN SEPLOW HARRIS**
**HOFFMAN & ZELDES, LLP**
200 Pier Ave., Suite 226
Hermosa Beach, CA 90254
424-297-0114

*Attorneys for Plaintiffs*

*[Additional Counsel Continued on Next Page]*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Akhmad; Angga; Muhammad Sahrudin; and Muhammad Syafi'i,<br><br>Plaintiff,<br><br>v.<br><br>BUMBLE BEE FOODS, LLC<br>280 10th Avenue,<br>San Diego, CA 92101<br><br>Defendant. | Case No.: 3:25-cv-00583-BAS-DEB<br><br>**PLAINTIFFS' UNOPPOSED MOTION TO ISSUE LETTERS ROGATORY FOR INTERNATIONAL JUDICIAL ASSISTANCE FROM THE APPROPRIATE JUDICIAL AUTHORITY OF TAIWAN TO DIRECT FCF CO., LTD. AND TWO PUBLIC AGENCIES TO PROVIDE DOCUMENTARY EVIDENCE**<br><br>Judge: The Honorable Cynthia Bashant<br>Courtroom: 12B<br><br>Action Filed: March 12, 2025 |

*[Additional Counsel Cont. from previous page]*

Helen I. Zeldes [CA Bar No. 220051]
**SCHONBRUN SEPLOW HARRIS HOFFMAN & ZELDES, LLP**
501 W. Broadway, Suite 800
San Diego, CA 92101
619-400-4990

Marco Simons [CA Bar No. 237314]
Asia Arminio |DC Bar No. 996077|
*pro hac vice*
**GREENPEACE, INC.**
1300 Eye Street NW, Suite 1100
Washington, DC 20005
202-462-1177

Plaintiffs hereby move this Court to issue the attached Letters Rogatory to the Appropriate Judicial Authority of Taiwan seeking discovery from non-parties FCF Co., Ltd.; the Taiwan Department of Investment Review, Ministry of Economic Affairs; and the Taiwan Fisheries Agency, Ministry of Agriculture. The proposed Letters Rogatory and a certified Mandarin translation are attached as Exhibit A. The parties have met and conferred, and Defendant Bumble Bee takes no position on this motion.

Federal courts have inherent and statutory authority to issue Letters Rogatory. *See, e.g.*, *United States v. Staples*, 256 F.2d 290, 292 (9th Cir. 1958) ("This Court, like all courts of the United States, has inherent power to issue Letters Rogatory."); *United States v. Reagan*, 453 F.2d 165, 172 (6th Cir. 1971); 28 U.S.C. § 1781. A Letter Rogatory is a request from a domestic court to a foreign court to obtain evidence for use in a judicial proceeding. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 n.1 (2004); 22 C.F.R. § 92.54 (2026). Courts in the United States routinely issue Letters Rogatory in accordance with the liberal "discovery principles set out in Rule 26." *Masimo Corp. v. Sotera Wireless*, 2020 WL 6822823, at *1 (S.D. Cal. Nov. 19, 2020).

Only a party with "a cognizable interest in the documents at issue" may oppose the issuance of the Letters Rogatory. *See People Center, Inc. v. Deel*, 2026 WL 2606976, at *3 (N.D. Cal. Sept. 2, 2026). Any party opposing their issuance carries the burden to show why discovery should not be allowed. *See id.*

Plaintiffs here seek relevant, discoverable evidence and have propounded a limited set of requests narrowly tailored to their claims. For example, under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. §§ 1589 and 1595, Plaintiffs must prove that Defendant Bumble Bee Foods, LLC participated in a venture that engaged in forced labor practices. Plaintiffs allege that Bumble Bee participated in such a venture, including through the Fisheries Improvement Projects or FIPs, with its parent company, FCF Co., Ltd, and Rongcheng Ocean and Rongcheng City, the owners and operators of the fishing vessels on which Plaintiffs worked. Am. Compl., ECF No. 33, at ¶ 263; *see also* Order, ECF No. 29, at 13-15 (finding Plaintiffs sufficiently alleged Bumble Bee's participation in a venture with FCF, Rongcheng City, and Rongcheng Ocean); Order, ECF No. 58, at 11 (upholding same on reconsideration). The documents sought from FCF are

relevant to proving the elements of the venture, including its duration, shared profits and risk, and the nature and extent of the venture. Plaintiffs have requested contracts or other agreements between FCF and Rongcheng City or Rongcheng Ocean that relate to their distant water fishing enterprise, including contracts that provide for vessel financing, transshipment, and crew-related matters such as recruitment, transportation, and immigration compliance. *See* Exhibit A at Sec. IV.B.1. In its Answer to the Complaint, "Bumble Bee admits that it previously purchased albacore tuna . . . that originally came from [Rongcheng Ocean vessels], and that this albacore tuna was then used to make Bumble Bee products." Answer to Am. Compl., ECF No. 57, at ¶ 208. But in its responses to Plaintiffs' Interrogatories, Bumble Bee has stated that it does not have any agreements or contracts with either Rongcheng City or Rongcheng Ocean. Def. Bumble Bee Foods, LLC's Resp.'s and Objections to Plaintiff Akhmad's First Set of Interrogatories, at 29 (on file with counsel) [hereinafter "Def.'s First Resp."]. Thus, Plaintiffs must obtain these documents from FCF.

In response to Plaintiffs' Interrogatory seeking information about steps Bumble Bee has taken to prevent human trafficking and forced labor on board the vessels in its supply chain, Bumble Bee cited its support of FCF's "worker voice program." Def.'s First Resp. at 20. Plaintiffs' Letters Rogatory therefore requests the worker complaints submitted to FCF's Worker's Voice program, as well as other specific FCF audits and reports. Plaintiffs also requested the "Self-Evaluation of Risk Criteria" submitted by FCF in connection with FIP 11122 or FIP 12226. This document was cited in the Amended Complaint as evidence that Bumble Bee should have known of forced labor on its vessels. ECF No. 33 at ¶ 250. Documents responsive to these narrowly tailored requests are relevant to Plaintiffs' TVPRA and negligence claims.

These requests to FCF are without prejudice to Plaintiffs' position that Bumble Bee has constructive possession and/or *de facto* control over FCF's documents. *See, e.g., In re Soc. Media Adolescent Addiction/Personal Inj. Prods. Liab. Litig.*, 2024 WL 4125618, at *32 (N.D. Cal. Sep. 6, 2024) (noting that "courts have found 'control' for purposes of discovery where a party is clearly not in managerial control over the third-party, such as a subsidiary having control over the documents of a parent corporation"). However, given that Bumble Bee has previously stated its position that it will not produce documents from FCF, the amount of time that it typically takes for Letters Rogatory to

be processed and returned, and the limited discovery window, Plaintiffs do not believe that it is prudent to wait until all discovery disputes have been litigated to promulgate these requests.

In addition to the requests to FCF, Plaintiffs have promulgated narrowly tailored requests to the Taiwan Department of Investment Review, Ministry of Economic Affairs and the Fisheries Agency, Ministry of Agriculture. FCF is likely to have made filings with those agencies describing the extent and nature of its relationship with Rongcheng City and Rongcheng Ocean. The information sought from the Department of Investment Review will shed light on the shared ownership of FCF, Rongcheng City, and Rongcheng Ocean, which is relevant to Plaintiffs' venture and knowledge allegations. The purchase, sale and inventory data sought from the Fisheries Agency is relevant to both the "venture" and "benefit" elements Plaintiffs must prove under the TVPRA.

The requested discovery is narrowly tailored and falls well within the scope of Federal Rule of Civil Procedure 26(b)(1). The evidence sought is directly relevant to the issues in dispute and its likely benefit substantially outweighs any burden associated with obtaining it through the Letters Rogatory process. Accordingly, Plaintiffs respectfully request this Court issue the attached Letters Rogatory to facilitate the collection of evidence through the appropriate foreign judicial authorities.

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request this Court sign and issue the attached Letters Rogatory.

Dated: September 15, 2026

Respectfully submitted,

COHEN MILSTEIN SELLERS & TOLL LLP

By: *<u>/s/ Agnieszka M. Fryszman</u>*
Agnieszka M. Fryszman

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 15, 2026, I caused a true and correct copy of the foregoing *PLAINTIFFS' UNOPPOSED MOTION TO ISSUE LETTERS ROGATORY FOR INTERNATIONAL JUDICIAL ASSISTANCE FROM THE APPROPRIATE JUDICIAL AUTHORITY OF TAIWAN TO DIRECT FCF CO., LTD. AND TWO PUBLIC AGENCIES TO PROVIDE DOCUMENTARY EVIDENCE* to be delivered via electronic mail pursuant to Fed. R. Civ. P. 5 to all counsel of record.

Dated: September 15, 2026

*/s/ Agnieszka M. Fryszman*

Agnieszka M. Fryszman