# Exhibit A

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

Akhmad; Angga; Muhammad Sahrudin; and Muhammad Syafi'i,

Plaintiff,

v.

BUMBLE BEE FOODS, LLC
280 10th Avenue,
San Diego, CA 92101

Defendant.

Case No.: 3:25-cv-00583-BAS-DEB

**LETTER ROGATORY TO THE COMPETENT JUDICIAL AUTHORITY OF TAIWAN**

TO THE COMPETENT JUDICIAL AUTHORITY OF TAIWAN:

The United States District Court for the Southern District of California presents its compliments to the Competent Judicial Authority of Taiwan and respectfully requests international judicial assistance in obtaining documentary evidence from FCF Co., Ltd. (豐群水產股份有限公司) ("FCF"), a corporation organized under the laws of Taiwan with its principal office at No. 8, Minquan 2nd Road, 28th Floor, Kaohsiung City 806616, Taiwan and two competent public agencies stated below in Section III (b) and (c), for use in a civil proceeding pending before this Court.

This request for judicial assistance is transmitted through the American Institute in Taiwan (AIT) and the Taipei Economic and Cultural Representative Office (TECRO), or such other reciprocal channel as may be appropriate for the transmission of letters rogatory between the United States and Taiwan. This Court respectfully requests that the Appropriate Judicial Authority of Taiwan—including, as applicable, the Taiwan Kaohsiung District Court (臺灣高雄地方法院), given FCF's principal office location—receive and execute this request in accordance with Taiwan's Code of Civil Procedure and applicable mutual legal assistance practice.

## I. IDENTITY AND AUTHORITY OF THE REQUESTING COURT

This request is issued by the United States District Court for the Southern District of California, a court of general federal jurisdiction established under Article III of the Constitution of the United States of America, sitting in San Diego, California. This Court has subject-matter jurisdiction over the underlying civil action pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1332 (diversity of citizenship), and 28 U.S.C. § 1367 (supplemental jurisdiction).

This Court issues these Letters Rogatory pursuant to 28 U.S.C. § 1781, which authorizes the Department of State (and, pursuant to 22 U.S.C. § 3306(b), the American Institute in Taiwan acting in its stead) to transmit letters rogatory issued by tribunals in the United States, and pursuant to this Court's inherent authority to request international judicial assistance for the purpose of obtaining evidence located abroad for use in

proceedings before it. *See, e.g.*, *United States v. Reagan*, 453 F.2d 165, 172 (9th Cir. 1971) (recognizing "inherent authority" of United States' courts to issue letters rogatory).

This request is made on behalf of the Plaintiffs in the above-captioned civil action, namely Akhmad, Angga, Muhammad Sahrudin, and Muhammad Syafi'i, through their counsel of record.

## II. NATURE AND PURPOSE OF THE UNDERLYING PROCEEDING

The underlying proceeding is a civil action entitled *Akhmad; Angga; Muhammad Sahrudin; and Muhammad Syafi'i v. Bumble Bee Foods, LLC*, Case No. 3:25-cv-00583-BAS-DEB, pending in the United States District Court for the Southern District of California. Plaintiffs are four Indonesian men who allege that they were subjected to forced labor, physical abuse, and debt bondage while working aboard distant-water longline tuna fishing vessels owned by Rongcheng City Rongyuan Fishery Co., Ltd. (荣成市荣远渔业有限公司) ("Rongcheng City") and Rongcheng Ocean Fishery Co., Ltd. (荣成市远洋渔业有限公司) ("Rongcheng Ocean"), and which supplied tuna to the Defendant, Bumble Bee Foods, LLC ("Bumble Bee"). ECF No. 33, First Amended Complaint, at ¶¶ 96-146, 199-208. Plaintiffs allege that FCF Co., Ltd. ("FCF") is Bumble Bee's parent company, its primary supplier of albacore tuna, and the direct purchaser of the tuna Plaintiffs allege to have caught with their forced labor. *Id.* ¶¶ 14, 151, 202-03.

Plaintiffs assert claims under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. §§ 1589 and 1595, and for negligence under California Civil Code § 1714 against Defendant Bumble Bee. *Id.* ¶¶ 262-80. The Court has denied in large part Bumble Bee's motion to dismiss and, ECF No. 29, on June 11, 2026, denied Bumble Bee's motion for reconsideration, ECF No. 58. The case is now in the discovery phase.

Bumble Bee has admitted that it has been wholly owned by FCF since November 2019; that FCF is an integrated supply-chain service provider for marine products; and that FCF supplies tuna to Bumble Bee. ECF No. 57 at ¶¶ 148, 151-52. The documents sought from FCF are necessary and relevant to Plaintiffs' claims because Plaintiffs allege that Bumble Bee participated in a venture with FCF, Rongcheng City, and Rongcheng Ocean

to produce tuna products for the U.S. market and that FCF managed Bumble Bee's supply chain. Moreover, Plaintiffs allege that FCF maintains relationships with Rongcheng City and Rongcheng Ocean as part of its "trusted network" of tuna suppliers. ECF No. 33 at ¶ 98. Plaintiffs allege that FCF provided vessel owners "turn-key" services including financing, licenses, crew, fuel, bait, provisions, and transshipment arrangement. *Id.* at ¶¶ 174-76.

Documents in FCF's possession pertaining to these and related subjects will aid Plaintiffs in showing that Bumble Bee and FCF participated together in a venture with Rongcheng City and Rongcheng Ocean, which is an element of their claims under the TVPRA. Documents in FCF's possession are also likely to reveal the extent of FCF's knowledge of the risk that Rongcheng City and Rongcheng Ocean were engaged in forced labor, which is relevant to Plaintiffs' claims against Bumble Bee because of Bumble Bee's collaboration with FCF on matters such as crew recruitment, wage and benefits, and health and safety policies and procedures. *See* ECF No. 33 at ¶ 192.

Likewise, FCF is likely to have made filings with the Department of Investment Review, Ministry of Economic Affairs and the Fisheries Agency, Ministry of Agriculture evincing the extent and nature of its relationship with Rongcheng City and Rongcheng Ocean. Accordingly, these entities are also likely to have documents relevant to Plaintiffs' claims.

FCF, the Department of Investment Review, Ministry of Economic Affairs, and the Fisheries Agency, Ministry of Agriculture are not named defendants in the U.S. action and are located outside the subpoena power of this Court; accordingly, these Letters Rogatory are necessary to obtain documentary evidence in FCF's possession.

## III. IDENTIFICATION OF THE ENTITY FROM WHOM EVIDENCE IS SOUGHT

The entity from whom documentary evidence is sought is:

### A. FCF Co., Ltd.

Mandarin name: 豐群水產股份有限公司

Principal Office: No. 8, Minquan 2nd Road, 28th Floor
Kaohsiung City 806616, Taiwan

**B. Department of Investment Review, Ministry of Economic Affairs**
Mandarin name: 經濟部投資審議司
Principal Office: No. 7, Sec. 1, Roosevelt Rd., 8th Floor,
Taipei City 100, Taiwan

**C. Fisheries Agency, Ministry of Agriculture**
Mandarin name: 農業部漁業署
Principal Office: No. 1, Yugang N. 1st Rd.,
Kaohsiung City 80672, Taiwan

## IV. SCHEDULE OF DOCUMENTS SOUGHT

### A. Definitions

For the purposes of the Schedule of Documents Sought in this request for judicial assistance, the following definitions apply:

1. **"Communication"** means all oral, written, or other exchanges or transmissions of information whether in person, by telephone, by electronic means or otherwise. The term "communication" or "communications" also includes, without limitation, all "documents" (as defined herein) and all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, notices, requests, responses, demands, complaints, and/or press, publicity or announcements.
2. **"Distant Water Fishing"** means the practice of commercial fishing in which the fishing vessel travels to the international high seas or to the exclusive economic zone other than the country from which the vessel departed to engage in fishing. For avoidance of doubt, "Distant Water Fishing" includes but is not limited to all

longline vessels that catch or have caught albacore tuna that is or has been directly or indirectly purchased by Bumble Bee Foods, LLC.

3. **"Document" or "Documents"** shall be construed in the broadest sense and includes all writings, recordings, electronically stored information, and tangible things, regardless of the medium on which they are stored, including but not limited to emails, text messages, instant messages, chat communications, memoranda, letters, reports, presentations, spreadsheets, databases, calendars, notes, and metadata.

4. **"FCF"** refers to FCF Co., Ltd. (豐群水產股份有限公司) and includes the company itself and all of its current and former officers, directors, executives, managers, supervisors, employees, agents, representatives, consultants, contractors, subsidiaries, and affiliates, and any other person acting or purporting to act on its behalf, specifically including but not limited to F.C.S. Trading & Fishery (PTE) Ltd, a company incorporated in Singapore and based at 133 New Bridge Road #10-10 Chinatown Point, Singapore.

5. **"Bumble Bee"** refers to Bumble Bee Foods, LLC, and includes the company itself and all of its current and former officers, directors, executives, managers, supervisors, employees, agents, representatives, consultants, contractors, subsidiaries, and affiliates, and any other person acting or purporting to act on its behalf, as well as Bumble Bee Foods, LLC's predecessor entities, specifically including but not limited to the entities currently known as Old BBP, Inc., Old BBF, LLC, Old BBH, LLC, and Old AF, LLC.

6. **"Rongcheng City"** refers to Rongcheng City Rongyuan Fishery Co., Ltd. (荣成市荣远渔业有限公司) and includes the company itself and all of its current and former officers, directors, executives, managers, supervisors, captains, employees, agents, representatives, consultants, contractors, subsidiaries, and affiliates, and any other person acting or purporting to act on its behalf, including

but not limited to Shandong Shawodao Ocean Fishery Co., Ltd. (山东沙窝岛远洋渔业股份有限公司).

7. **"Rongcheng Ocean"** refers to Rongcheng Ocean Fishery Co., Ltd. (荣成市远洋渔业有限公司) and includes the company itself and all of its current and former officers, directors, executives, managers, supervisors, captains, employees, agents, representatives, consultants, contractors, subsidiaries, and affiliates, and any other person acting or purporting to act on its behalf, including but not limited to Rongcheng Yandunjiao Aquatic Products Co., Ltd. (荣成烟墩角水产有限公司).

8. **"Rongcheng Entity" or "Rongcheng Entities"** refers collectively to Rongcheng City and Rongcheng Ocean, as defined herein.

9. **"FIP 11122"** refers to the South Pacific Albacore and Western and Central Pacific Yellowfin Tuna Longline Fishery Improvement Project.

10. **"FIP 12226"** refers to the Indian Ocean Albacore Tuna Longline Fishery Improvement Project.

11. **“FisheryProgress”** refers to FisheryProgress.org, an online platform that tracks and publicly reports on the progress of global fishery improvement projects and which is developed and managed by FishChoice, Inc. “Fishery Progress” includes FisheryProgress.org and FishChoice, Inc., and each of their respective current and former officers, directors, executives, managers, supervisors, employees, agents, representatives, consultants, contractors, committee members (including members of the Advisory Committee and Technical Committee), subsidiaries, and affiliates, and any other person acting or purporting to act on their behalf.

12. **"Transshipment"** means the transfer of catch, cargo, fuel, supplies, crew, or any other goods or persons between vessels at sea or in port, including transfers to or from refrigerated cargo vessels, supply vessels, or other carrier vessels.

**B. Requests for Production**

1. This Court respectfully requests that the competent judicial authority of Taiwan direct FCF Co., Ltd., to produce the following specifically identified documents. The requested documents are sought for the purpose of establishing the existence and/or nature of the business or professional relationship between FCF and Rongcheng City or Rongcheng Ocean to demonstrate that Bumble Bee, FCF and Rongcheng City and/or Rongcheng Ocean jointly participated in a commercial venture for the production of tuna products for the U.S. market:

   (a) Documents sufficient to identify the nature of any business, partnership, joint venture, agency, consulting, contractor, employment, referral, or other relationship between FCF and Rongcheng City or Rongcheng Ocean and the duration of such relationship.

   (b) The written contract(s), purchase agreements, amendments, renewals, extensions, memoranda of understanding, letters of intent, addenda, supply/vessel-services agreement(s) or other arrangements, or purchase orders, whether formal or informal, between FCF and any Rongcheng Entity in effect at any time between January 1, 2015 and December 31, 2023, relating to Distant Water Fishing and/or the production or supply of albacore tuna (including pre-purchase for future delivery).

   (c) The written contracts, purchase agreements, amendments, renewals, extensions, memoranda of understanding, letters of intent, addenda, supply/vessel-services agreement(s) or other arrangements, whether formal or informal, between FCF and any Rongcheng Entity in effect at any time between January 1, 2015 and December 31, 2023, (and all communications between FCF and any Rongcheng Entity negotiating such arrangement) agreeing to the provision of services provided or arranged by FCF for:

      i. Financing, including financing for vessel construction or purchase;

ii. Providing or transporting provisions to vessels;

iii. Bunkering;

iv. Marketing;

v. Vessel repairs and/or maintenance;

vi. Transshipment;

vii. International, regional, or national regulatory compliance;

viii. Crew related matters, including recruitment, transportation, and/or immigration compliance;

ix. The provision of medical services and/or equipment; and/or

x. Work with vessels to review their operations and assist with capacity building, including on issues of environmental compliance, crew health, safety and livelihood.

(d) All documents reflecting communications between FCF and any Rongcheng Entity.

(e) All audits or reports conducted of longline vessels or longline vessel owners under FCF's "Social Responsibility Program," as referenced in FCF's Company Update Volume 1 (April 24, 2020), for each year 2015 to 2023, including any drafts and the underlying data or other information used to compile the audits or reports.

(f) All "FCF Social Audits" of the type referenced in FCF's Company Update Volume 2 (Oct. 28, 2020) for each year 2015 to 2023, including any drafts and the underlying data or other information used to compile the audits.

(g) All "Self-Evaluation of Risk Criteria" submitted by FCF to FisheryProgress in connection with FIP 11122 or FIP 12226 and all drafts and underlying documents and data relied upon to complete the self-evaluation.

(h) All reports, assessments, interview records, investigation results, and other documents, data, or information – including those provided to FCF by the

Indonesian Fisherman Association (INFISA) or any other third party – that is referenced in FCF's December 2023 publication entitled "Improving Practices in Recruitment Agencies through the FCF Responsible Recruitment Program" or that otherwise contributed to the publication.

(i) FCF's personnel or engagement records identifying the role, title, compensation, and dates of service of Raymond Clarke at FCF. *See* ECF No. 33 at ¶¶ 157, 191.

(j) FCF Vessel Service and Governance team audit, due diligence, or compliance records specific to any vessel owned or operated by Rongcheng City or Rongcheng Ocean. *See* ECF No. 33 at ¶ 186.

(k) Documents sufficient to show, for calendar years 2018 through 2023, the percentage of albacore tuna FCF sourced, directly or indirectly, from Rongcheng City and Rongcheng Ocean, respectively.

(l) Invoices, billing records, or financial and/or accounting statements reflecting payments between FCF, on the one hand, and any Rongcheng Entity on the other hand.

(m) Minutes of any meeting of FCF's Board of Directors, or of any committee thereof, held between January 1, 2015 and December 31, 2023, where any of the following topics were discussed:

i. forced labor; human trafficking; debt bondage; recruitment of migrant workers; physical violence, abuse or injury on board fishing vessels; living or working conditions for fishers on board fishing vessels; fishers unable to leave a fishing vessel or quit their employment; contract termination penalties or other wage or contract disputes involving fishers; or human rights violations;

ii. the Rongcheng entities; or

iii. the *Da Wang*, the *Lien Yi Hsing No. 12*, the *Yu Long No. 2*, Dalian Ocean Fishing Co., Ltd. or any other Withhold Release Orders or

any other vessel or companies subject to a Withhold Release Order issued by United States Customs and Border Protection pursuant to 19 U.S.C. § 1307.

(n) Documents sufficient to identify FCF's budget for its Social Responsibility Program and any other programs concerning labor rights and/or human rights in FCF's supply chain.

(o) Documents sufficient to identify any recruitment agencies or manning agencies in which FCF has a beneficial interest and/or has recommended to any Rongcheng Entity for use in recruiting workers for any vessel engaged in Distant Water Fishing.

(p) All complaints, grievances, or other communications submitted by any Distant Water Fishing crew member to FCF's Worker's Voice Project from its inception through December 31, 2023.

(q) Documents related to any investigation or inquiry regarding human trafficking; forced labor; debt bondage; recruitment practices related to migrant workers; living or working conditions for fishers on board fishing vessels; physical violence, abuse or injury on board fishing vessels; fishers unable to leave a fishing vessel or quit their employment; contract termination penalties or other wage or contract disputes involving fishers; or human rights violations; including but not limited to investigations by the United States Government (including US customs and Border Protection), the Government of Taiwan, or any international entity or non-governmental organization.

(r) Documents sufficient to identify any changes to FCF's policies, procedures, or practices concerning the recruitment, employment, or treatment of migrant fishermen that FCF has implemented in response to any new or amended Taiwanese laws or regulations concerning migrant fishermen, including but not limited to any policy or procedural

documents, internal memoranda, training materials, or communications reflecting such changes, for the period January 1, 2015 through December 31, 2023.

(s) Organizational charts of FCF's corporate structure, including overseas companies, subsidiaries, branches and/or affiliates.

(t) Records identifying the shareholder(s) of record of FCF and any accountant(s), accounting firm(s), or bookkeeping and tax filing agent(s) retained or engaged by FCF.

(u) All documents, records, data, information, and communications, in whatever form maintained, for the period from January 1, 2015 through December 31, 2023, that directly or indirectly relate to, concern, reflect, record, or evidence any transaction, importation, exportation, customs clearance, shipment, transportation, delivery, receipt, transfer, or movement of goods (i) from Rongcheng City or Rongcheng Ocean to FCF and/or (ii) from FCF to Bumble Bee, including, without limitation, all customs declarations and filings, import/export records, customs clearance records, customs data and information, delivery orders, bills of lading, manifests, shipping and booking records, packing lists, certificates of origin, delivery records and proofs of delivery, and all related attachments, supporting documents, correspondence, amendments, corrections, supplements, and electronic records.

2. This Court respectfully requests that the competent judicial authority of Taiwan directs the Department of Investment Review, Ministry of Economic Affairs (經濟部投資審議司) to provide the following information and/or data:

(a) Provision Items: Information regarding whether any of the ZHAO GUAN INVESTMENT CO., LTD. (昭冠投資有限公司), HOLMSGREEN HOLDINGS CO., LTD. (豐群投資控股股份有限公司), Hong Ying Investment Co., Ltd. (泓瀛投資股份有限公司), Kuang Chou Investment

Co., Ltd. (光洲投資股份有限公司), You Yu Investment Co., Ltd. (有魚投資有限公司), SunBright Investment Co., Ltd. (弘光投資股份有限公司), TrustWin Co., Ltd. (信勝投資股份有限公司), Seaworth holding Co., Ltd. (海沃控股股份有限公司) and F.T.F.TRADING CO., LTD. (豐達產業股份有限公司) (the "Investment Companies") or FCF has filed for or obtained approval to invest in Rongcheng City and/or Rongcheng Ocean from the date of its establishment to the present, and, if so, to provide the corresponding approval records, including the identity of the investing company, the investment amount, the shareholding percentage, and the date of approval for each such investment.

(b) Explanation: according to information available on the business registration search system maintained by the Ministry of Economic Affairs of Taiwan, the shareholders of FCF include above Investment Companies, each of which is an investment company. The Investment Companies may have simultaneously invested in FCF, Rongcheng City and Rongcheng Ocean. Such overlapping investment, if confirmed, would be probative of the existence of a business or professional relationship between FCF and Rongcheng City or Rongcheng Ocean, including, without limitation, any partnership, joint venture, agency, consulting, independent contractor, employment, referral, or other similar relationships.

3. This Court respectfully requests that the competent judicial authority of Taiwan directs the Fisheries Agency, Ministry of Agriculture (農業部漁業署) to provide the following information and/or data:

(a) Provision Item: Information regarding the purchase, sale, and storage data declared by FCF pursuant to Article 8 of the Regulations for the Approval and Management of the Exporters of Catches or Fisheries Products of Distant Water Fisheries (遠洋漁業漁獲物或漁產品出口業者核准及管理辦法) during the

period from January 1, 2015, through December 31, 2023, to the extent such data identifies Rongcheng City or Rongcheng Ocean as a counterparty, including the transaction date, species and quantity, and any other particulars of each such transaction as recorded in FCF's declarations.

(b) Explanation: According to Article 8 of the Regulations for the Approval and Management of the Exporters of Catches or Fisheries Products of Distant Water Fisheries (遠洋漁業漁獲物或漁產品出口業者核准及管理辦法), FCF is required to declare to the competent authority, the Fisheries Agency, Ministry of Agriculture, its quarterly purchase, sale, and inventory data for catches or fishery products. It is believed that FCF purchased catches or fishery products from Rongcheng City and Rongcheng Ocean. The information and/or data requested above would be probative of the existence and nature of the supply relationship between FCF and Rongcheng City or Rongcheng Ocean.

## V. RECIPROCITY, COSTS, AND CLOSING

This Court assures the competent judicial authority of Taiwan that the courts of the United States will provide reciprocal judicial assistance to the courts of Taiwan in similar matters upon request, in accordance with applicable law and practice.

This Court also assures the competent judicial authority of Taiwan that the requested evidence listed above for investigation does not contravene the laws, public policy, or customs of Taiwan.

This Court respectfully requests that the documents produced by FCF Co., Ltd. in response to this request be transmitted back to this Court through the same channel by which this request is transmitted—that is, through the Taipei Economic and Cultural Representative Office (TECRO) and the American Institute in Taiwan (AIT), or such other appropriate reciprocal channel as the competent judicial authority of Taiwan may

determine.

This Court offers to reimburse any reasonable costs incurred by the competent judicial authority of Taiwan or by FCF Co., Ltd. in connection with the execution of this request, upon presentation of an itemized statement of such costs.

This Court expresses its respect and gratitude to the competent judicial authority of Taiwan for its consideration of this request for international judicial assistance, and its confidence in the bonds of comity and mutual respect between the judicial systems of the United States and Taiwan.

Dated: September _____, 2026

______________________________

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

TRANSPERFECT

City of New York, State of New York, County of New York

I, Jacqueline Yorke, hereby certify that the document "**2026.09.15 Final FCF Letter Rog** " is, to the best of my knowledge and belief, a true and accurate translation from English into Chinese (TW).

Jacqueline Yorke

Sworn to before me this
September 15, 2026

Signature, Notary Public

WENDY POON
Notary Public - State of New York
No. 01PO0000184
Qualified in Queens County
My Commission Expires February 02, 2027

Stamp, Notary Public

**美國聯邦地方法院**
**加利福尼亞州南區聯邦地方法院**

| | |
|---|---|
| Akhmad；Angga；Muhammad Sahrudin；及 Muhammad Syafi’i,<br>原告<br>訴<br>BUMBLE BEE FOODS, LLC<br>280 10th Avenue,<br>San Diego, CA 92101<br>被告 | 案號：3:25-cv-00583-BAS-DEB<br><br>**致臺灣司法機關之調查委託書** |

致臺灣司法機關:

美國加利福尼亞州南區聯邦地方法院謹向臺灣司法機關致意，並懇請貴機關提供國際司法協助，以向豐群水產股份有限公司（FCF Co., Ltd.，下稱「豐群」）調取書面證據，豐群是一家依臺灣法律設立之公司，其主要辦事處位於 806616 臺灣高雄市民權二路 8 號 28 樓，並懇請貴機關向下述第三節 (b) 及 (c) 所載之兩個主管公共機關調取書面證據，以供繫屬於本法院的民事訴訟程序使用。

本司法協助請求係透過美國在台協會 (American Institute in Taiwan, AIT) 及駐美國臺北經濟文化代表處 (Taipei Economic and Cultural Representative Office, TECRO) 轉交，或透過美國與臺灣之間為傳遞調查委託書 (letters rogatory) 而適用之其他互惠管道轉交。鑑於豐群主要辦事處所在地，本法院懇請臺灣適當之司法機關，，包含臺灣高雄地方法院，依據《臺灣民事訴訟法》及相關的司法互助實務，受理並執行本請求。

## I. 請求法院之身分與權限

本請求係由美國加利福尼亞州南區聯邦地方法院發出。該法院係依《美利堅合眾國憲法》第三條設立之一般聯邦管轄法院，院址位於加利福尼亞州聖地亞哥。本法院依據《美國法典》第 28 編第 1331 條（聯邦問題管轄權）、第 1332 條（公民身分多樣性管轄權）及第 1367 條（補充管轄權），對本案民事訴訟具有事物管轄權。

本法院依據《美國法典》第 28 編第 1781 條（該條授權國務院，並依據《美國法典》第 22 編第 3306 條第 (b) 款授權代其行事的美國在台協會，轉交美國境內法院所發出之調查委託書），以及本法院請求國際司法互助之固有權限，發出調查委託書，以利取得位於境外之證據供繫屬本院之訴訟程序使用。*參見，例如，* United States v. Reagan, 453 F.2d 165, 172（第 9 巡迴上訴法院，1971 年)（承認美國法院發出調查委託書之「固有權限」）。

本請求係代表上述案由所載民事訴訟之原告，即 Akhmad、Angga、Muhammad Sahrudin 及 Muhammad Syafi'i，透過其受任訴訟代理人提出。

## II. 本案訴訟之性質及目的

本案訴訟為一宗民事案件，案名為 *Akhmad; Angga; Muhammad Sahrudin; 及 Muhammad Syafi'i 訴 Bumble Bee Foods, LLC*，案號 3:25-cv-00583-BAS-DEB，現繫屬於美國加利福尼亞州南區聯邦地方法院。原告為四名印尼籍男子，主張其於榮成市榮遠漁業有限公司（Rongcheng City Rongyuan Fishery Co., Ltd.，下稱「榮成市」）及榮成市遠洋漁業有限公司（Rongcheng Ocean Fishery Co., Ltd.，下稱「榮成遠洋」）所有之遠洋漁業鮪魚延繩釣漁船上之工作期間，遭受強迫勞動、身體虐待及債務奴役，而該漁船供應鮪魚予被告 Bumble Bee Foods, LLC（下稱「Bumble Bee」）。（案件電子檔案編號 (ECF) 第 33 號，第一次修正之起訴狀，第 96 至 146 段、第 199 至 208 段）原告主張豐群豐群為 Bumble Bee 之母公司，是其長鰭鮪魚之主要供應商，也是原告主張其遭強迫勞動所捕撈之鮪魚的直接買受人。（*同前註*，第 14 段、第 151 段、第 202 至 203 段）

原告依據《人口販運被害人保護再授權法》（Trafficking Victims Protection Reauthorization Act，下稱「TVPRA」），即《美國法典》第 18 編第 1589 條及第 1595 條，以及《加州民法》第 1714 條之過失責任規定，對被告 Bumble Bee 主張請求權。（*同前註*，第 262 至 280 段） 本法院已實質駁回 Bumble Bee 之駁回起訴聲請（案件電子檔案編號第 29 號），並於 2026 年 6 月 11 日駁回 Bumble Bee 重新審查之聲請（案件電子檔案編號第 58 號）。本案現處於證據開示階段。

Bumble Bee 已自認其自 2019 年 11 月起由豐群全資持有；豐群為水產品整合供應鏈服務提供者；且豐群供應鮪魚予 Bumble Bee（案件電子檔案編號第 57 號，第 148 段、第 151 至 152 段）。 本法院向豐群調取之文件對原告之請求權主張具有必要性及關聯性，因原告主張 Bumble Bee 與豐群、榮成市及榮成遠洋共同參與一項為美國市場生產鮪魚產品的合資事業，且豐群負責管理 Bumble Bee 之供應鏈。此外，原告主張豐群與榮成市及榮成遠洋維持合作關係，作為其鮪魚「信任供應商網絡」之一環。（案件電子檔案編號第 33 號，第 98 段） 原告主

張豐群向船東提供「統包」服務，包括融資、證照、船員、燃料、餌料、補給品及轉載安排。（*同前註*，第 174 至 176 段）

豐群所持有之與上述及相關事項有關之文件，將有助於原告證明 Bumble Bee 及豐群與榮成市及榮成遠洋共同參與一項合資事業，此為其依據《人口販運被害人保護再授權法》提出主張之構成要件。豐群所持有之文件亦可能揭露豐群對榮成市及榮成遠洋涉及強迫勞動風險之知情程度，此與原告對 Bumble Bee 之請求權主張具有關聯性，因 Bumble Bee 與豐群在船員招募、工資與福利、健康與安全政策及程序等事項上有合作關係。（*參見*案件電子檔案編號第 33 號，第 192 段）

同樣地，豐群可能曾向經濟部投資審議司及農業部漁業署提交申報文件，足以證明其與榮成市及榮成遠洋合作關係之程度及性質。因此，這類機關很有可能持有與原告主張相關之文件。

豐群、經濟部投資審議司及農業部漁業署並非美國訴訟中之具名被告，且位於本法院傳票管轄權範圍之外；因此，本調查委託書是取得豐群所持有之書面證據所必要之調查方法。

## III. 所請求提供證據之實體的身分

被請求提供書面證據之實體包括：

### A. FCF Co., Ltd.

中文名稱：豐群水產股份有限公司

主要辦事處：806616 臺灣高雄市民權二路 8 號 28 樓

### B. Department of Investment Review, Ministry of Economic Affairs

中文名稱：經濟部投資審議司

主要辦事處：100 臺灣臺北市羅斯福路一段 7 號 8 樓

### C. Fisheries Agency, Ministry of Agriculture

中文名稱：農業部漁業署

主要辦事處：80672 臺灣高雄市漁港北一路 1 號

## IV. 請求調取之文件清單

### A. 定義

就本司法協助請求中「請求調取之文件清單」而言，適用下列定義：

1. **「通訊」**是指一切口頭、書面或其他形式之資訊交換或傳送，無論是以當面、電話、電子方式或其他方式進行。「通訊」一詞亦包括但不限於一切「文件」（如本文件所定義）及一切詢問、討論、對話、協商、契約、理解、會議、通知、請求、回應、要求、申訴及 / 或新聞、公開報導或公告。
2. **「遠洋漁業」**(Distant Water Fishing) 係指漁船航行至國際公海或船籍國以外國家之專屬經濟區從事捕撈之商業捕魚行為。為免疑義，「遠洋漁業」包括但不限於所有捕撈或曾捕撈由 Bumble Bee Foods, LLC 直接或間接購買之長鰭鮪魚的延繩釣漁船。
3. **「文件」**應作最廣義之解釋，包括所有書面資料、錄音或錄影資料、電子儲存資訊及有形物品，無論其儲存媒介為何，包括但不限於電子郵件、簡訊、即時訊息、聊天通訊、備忘錄、信函、報告、簡報、試算表、資料庫、行事曆、筆記及中繼資料。
4. **「豐群」**係指豐群水產股份有限公司 (FCF Co., Ltd.)，包括該公司本身及其一切現任及前任高階主管、董事、主管、經理、督導人員、員工、代理人、代表人、顧問、承包商、子公司及關係企業，以及任何其他代表其行事或聲稱代表其行事之人，具體包括但不限於 F.C.S. Trading & Fishery (PTE) Ltd，該公司係於新加坡註冊成立，地址為 133 New Bridge Road #10-10 Chinatown Point, Singapore。

5. **「Bumble Bee」**係指 Bumble Bee Foods, LLC，包括該公司本身及其一切現任及前任高階主管、董事、主管、經理、督導人員、員工、代理人、代表人、顧問、承包商、子公司及關係企業，以及任何其他代表其行事或聲稱代表其行事之人，也包括 Bumble Bee Foods, LLC 之前身實體，具體包括但不限於現稱為 Old BBP, Inc.、Old BBF, LLC、Old BBH, LLC 及 Old AF, LLC 之實體。
6. **「榮成市」**係指榮成市榮遠漁業有限公司 (Rongcheng City Rongyuan Fishery Co., Ltd.)，包括該公司本身及其一切現任及前任高階主管、董事、主管、經理、督導人員、船長、員工、代理人、代表人、顧問、承包商、子公司及關係企業，以及任何其他代表其行事或聲稱代表其行事之人，包括但不限於山東沙窩島遠洋漁業股份有限公司 (Shandong Shawodao Ocean Fishery Co., Ltd.)。
7. **「榮成遠洋」**係指榮成市遠洋漁業有限公司 (Rongcheng Ocean Fishery Co., Ltd.)，包括該公司本身及其一切現任及前任高階主管、董事、主管、經理、督導人員、船長、員工、代理人、代表人、顧問、承包商、子公司及關係企業，以及任何其他代表其行事或聲稱代表其行事之人，包括但不限於榮成煙墩角水產有限公司 (Rongcheng Yandunjiao Aquatic Products Co., Ltd.)。
8. **「榮成實體」**係指榮成市及榮成遠洋之合稱，依本文件所定義。
9. **「FIP 11122」**係指南太平洋長鰭鮪魚及中西太平洋黃鰭鮪魚延繩釣漁業改善計畫 (South Pacific Albacore and Western and Central Pacific Yellowfin Tuna Longline Fishery Improvement Project)。
10. **「FIP 12226」**係指印度洋長鰭鮪魚延繩釣漁業改善計畫 (Indian Ocean Albacore Tuna Longline Fishery Improvement Project)。
11. **「FisheryProgress」**係指 FisheryProgress.org，一個追蹤並公開報告全球漁業改善計畫執行進度之線上平台，由 FishChoice, Inc. 開發及管理。「FisheryProgress」包括 FisheryProgress.org 及 FishChoice, Inc.，以

及其各自現任及前任高階主管、董事、主管、經理、督導人員、員工、代理人、代表人、顧問、承包商、委員會成員（包括諮詢委員會及技術委員會成員）、子公司及關係企業，以及任何其他代表其行事或聲稱代表其行事之人。

12. **「轉載」**係指在海上或港口內於船舶之間移轉漁獲、貨物、燃料、補給品、船員或任何其他物品或人員之行為，並包括與冷凍貨船、補給船或其他運輸船相互間的轉載作業。

**B. 提出文件之請求**

1. 本法院懇請臺灣司法機關命令豐群水產股份有限公司提出下列明確指明之文件。所請求之文件係為證明豐群與榮成市或榮成遠洋之間商業或專業業務關係之存在及 / 或其性質，以證明 Bumble Bee、豐群與榮成市及 / 或榮成遠洋共同參與一項為美國市場生產鮪魚產品之商業合資事業：

   (a) 足以查明豐群與榮成市或榮成遠洋之間任何商業、合夥、合資、代理、顧問、承包、僱傭、轉介或其他關係之性質及該關係存續期間之文件。

   (b) 豐群與任何榮成實體之間於 2015 年 1 月 1 日至 2023 年 12 月 31 日期間任何時點有效之書面契約、採購協議、修正條款、續約協助、展期協議、備忘錄、意向書、補充協議、補給 / 船舶服務協議或其他安排，或採購訂單，無論採正式或非正式之形式，且與遠洋漁業及 / 或長鰭鮪魚之生產或供應（包括對日後交貨之預購約定）有關者。

   (c) 豐群與任何榮成實體之間於 2015 年 1 月 1 日至 2023 年 12 月 31 日期間任何時點有效之書面契約、採購協議、修正條款、續約協議、展期協議、備忘錄、意向書、補充協議、補給 / 船舶服務協議或其他安排，無論採正式或非正式之形式（包含豐群與任何榮成實體間

協商前開文件之所有通訊），約定由豐群提供或安排下列各項服務者：

i. 融資，包括船舶建造或購買之融資；
ii. 向船舶提供或運送補給物資；
iii. 燃油補給；
iv. 行銷；
v. 船舶修理及 / 或維護；
vi. 轉載；
vii. 遵循國際、區域或國內法規；
viii. 船員相關事務，包括招募、載運及 / 或移民法規遵循；
ix. 提供醫療服務及 / 或設備；及 / 或
x. 協同船舶檢視其作業流程並協助提升能力，包括遵循環境法規、船員健康、安全及生計等議題。

(d) 反映豐群與任何榮成實體之間通訊之所有文件。

(e) 依據豐群的「社會責任計畫」(Social Responsibility Program) 於 2015 至 2023 年每年針對延繩釣漁船或延繩釣漁船船東進行之所有稽核或報告（如豐群《公司最新動態》第 1 卷（2020 年 4 月 24 日）所提及者），包括任何草稿及用於編製該等稽核或報告所依據之基礎資料或其他資訊。

(f) 豐群《公司最新動態》第 2 卷（2020 年 10 月 28 日）所提及之類型，於 2015 年至 2023 年各年度所做的「豐群社會稽核」(FCF Social Audits)，包括任何草稿及編製該等稽核所依據之基礎資料或其他資訊。

(g) 豐群就 FIP 11122 或 FIP 12226 向 FisheryProgress 提交之所有「風險標準自我評估」(Self-Evaluation of Risk Criteria)，以及完成該自我評估所依據之所有草稿、基礎文件和資料。

(h) 所有報告、評估、訪談紀錄、調查結果及其他文件、資料或資訊，包括由印尼漁民協會 (Indonesian Fisherman Association, INFISA) 或任何其他第三方提供予豐群者，於豐群 2023 年 12 月出版之「透過豐群負責任招募計畫改善招募機構實務」 (Improving Practices in Recruitment Agencies through the FCF Responsible Recruitment Program) 中所引用者，或以其他方式對該出版物有所貢獻者。

(i) 豐群之人事或聘僱紀錄，載明 Raymond Clarke 於豐群之職位、職稱、薪酬及任職期間者。(*參見*案件電子檔案編號第 33 號，第 157 段、第 191 段)

(j) 豐群船舶服務與治理團隊針對榮成市或榮成遠洋所持有或營運之任何船舶所進行的稽核、盡職調查或法規遵循記錄。 (*參見*案件電子檔案編號第 33 號，第 186 段)

(k) 顯示 2018 至 2023 年曆年期間豐群分別直接或間接向榮成市及榮成遠洋採購長鰭鮪魚之百分比的文件。

(l) 反映豐群與任何榮成實體之間付款之發票、帳單記錄或財務及 / 或會計報表。

(m) 豐群董事會或其任何委員會於 2015 年 1 月 1 日至 2023 年 12 月 31 日期間召開之任何會議的會議記錄，其中討論下列任何主題者：

i. 強迫勞動；人口販運；債務奴役；移工招募；漁船上之身體暴力、虐待或傷害；漁船上漁工之生活或工作條件；漁工無法離開漁船或辭職；契約終止罰款或其他涉及漁工之工資或契約爭議；或人權侵害；

ii. 榮成實體；或

iii. *大旺號 (Da Wang)*、連億興 12 號 (*Lien Yi Hsing No. 12)*、漁隆 2 號 (*Yu Long No. 2)*、大連遠洋漁業金槍魚釣有限公司

(Dalian Ocean Fishing Co., Ltd.) 或任何其他暫扣令，或受美國海關暨邊境保護局依據《美國法典》第 19 編第 1307 條所發布暫扣令規範之任何其他船舶或公司。

(n) 足以查明豐群對其社會責任計畫及其供應鏈中有關勞工權利及／或人權之任何其他計畫之預算資料的文件。

(o) 足以查明豐群享有實質權益之任何招募仲介公司或船員仲介公司，或豐群曾向任何榮成實體推薦任何招募仲介公司或船員仲介公司，以為從事遠洋漁業之任何船舶招募勞工的文件。

(p) 自豐群「勞工之聲計畫」(Worker's Voice Project) 啟動之日起至 2023 年 12 月 31 日止，由任何遠洋漁業船員提交的所有投訴、申訴或其他通訊。

(q) 與任何有關人口販運、強迫勞動、債務奴役、移工招募實務、漁船上漁工之生活或工作條件、漁船上之身體暴力、虐待或傷害、漁工無法離開漁船或辭職、契約終止罰款或其他涉及漁工之工資或契約爭議、或人權侵害之調查或查詢有關之文件；包括但不限於美國政府（包括美國海關暨邊境保護局）、臺灣政府或任何國際實體或非政府組織所進行之調查。

(r) 豐群於 2015 年 1 月 1 日至 2023 年 12 月 31 日期間，為因應任何新訂或修正之臺灣漁民移工相關法律或法規，而就其漁民移工之招募、僱用或待遇所實施之政策、程序或實務變更之文件，包括但不限於反映該等變更之任何政策或程序文件、內部備忘錄、訓練教材或通訊。

(s) 豐群公司架構之組織圖，包括海外公司、子公司、分公司及／或關係企業。

(t) 載明豐群登記股東之名冊及豐群所聘用或委任之任何會計師、會計師事務所或記帳及報稅代理人之紀錄。

(u) 2015 年 1 月 1 日至 2023 年 12 月 31 日期間，以任何形式保存之所有文件、記錄、資料、資訊及通訊，其直接或間接涉及、關於、反映、記錄或證明 (i) 從榮成市或榮成遠洋交予豐群及 / 或 (ii) 從豐群交予 Bumble Bee 之任何貨物的交易、進口、出口、通關、裝運、運輸、交付、收受、移轉或搬運者，包括但不限於所有報關單及申報文件、進出口記錄、通關記錄、海關資料及資訊、提貨單、提單、艙單、裝運及訂艙記錄、裝箱單、原產地證明書、交貨記錄及交貨證明，以及所有相關附件、佐證文件、往來通訊、修正文件、更正文件、補充資料及電子記錄。

2. 本法院懇請臺灣司法機關命令經濟部投資審議司提供下列資訊及 / 或資料：

(a) 提供項目：關於昭冠投資有限公司 (ZHAO GUAN INVESTMENT CO., LTD.)、豐群投資控股股份有限公司 (HOLMSGREEN HOLDINGS CO., LTD.)、泓瀛投資股份有限公司 (Hong Ying Investment Co., Ltd.)、光洲投資股份有限公司 (Kuang Chou Investment Co., Ltd.)、有魚投資有限公司 (You Yu Investment Co., Ltd.)、弘光投資股份有限公司 (SunBright Investment Co., Ltd.)、信勝投資股份有限公司 (TrustWin Co., Ltd.)、海沃控股股份有限公司 (Seaworth Holding Co., Ltd.) 及豐達產業股份有限公司 (F.T.F.TRADING CO., LTD.)（下合稱「投資公司」）或豐群，自設立之日起至今是否曾申請或取得對榮成市及 / 或榮成遠洋之投資核准之資訊，如有，請提供相應之核准記錄，包括各該投資之投資公司身分、投資金額、持股比例及核准日期。

(b) 說明：依臺灣經濟部商工登記公示資料查詢系統所載資訊，豐群之股東包括上述投資公司，各該公司均為投資公司。該等投資公司可能同時投資於豐群、榮成市及榮成遠洋。該等重疊投資如經證實，將可證明豐群與榮成市或榮成遠洋之間商業或專業業務關係之存在，包括但

不限於任何合夥、合資、代理、顧問、獨立承包商、僱傭、轉介或其他類似關係。

3. 本法院謹懇請臺灣司法機關命農業部漁業署提供下列資訊及／或資料：

(a) 提供項目：關於豐群依《遠洋漁業漁獲物或漁產品出口業者核准及管理辦法》第 8 條規定，於 2015 年 1 月 1 日至 2023 年 12 月 31 日期間申報之收購、販售及儲存資料，以該等資料載明榮成市或榮成遠洋為交易相對人者為限，包括各該交易之交易日期、魚種及數量，以及豐群申報中所記錄之各該交易之任何其他明細。

(b) 說明：依《遠洋漁業漁獲物或漁產品出口業者核准及管理辦法》第 8 條規定，豐群應向主管機關農業部漁業署申報其漁獲物或漁產品之每季收購、販售及庫存資料。據信豐群曾向榮成市及榮成遠洋收購漁獲物或漁產品。上述所請求之資訊及／或資料將可證明豐群與榮成市或榮成遠洋之間供應關係之存在及／或性質。

## V. 互惠原則、費用負擔及結語

本法院謹向臺灣司法機關保證，美國法院將依相關法律及實務，於類似案件中向臺灣法院提供互惠之司法協助。

本法院亦向臺灣司法機關保證，上述請求調查之證據並未違反臺灣之法律、公共政策或善良風俗。

本法院懇請將豐群水產股份有限公司依本請求所提出之文件，透過本請求傳遞之相同管道，即透過駐美國臺北經濟文化代表處 (TECRO) 及美國在台協會 (AIT)，或臺灣司法機關所決定之其他適當互惠管道，轉交本法院。

本法院願意於收到逐項列明之費用明細後，償付臺灣司法機關或豐群水產股份有限公司因執行本請求所生之任何合理費用。

本法院謹向臺灣司法機關審酌本國際司法協助請求表達敬意與感謝，並深信本於司法禮讓與相互尊重之原則，美國與臺灣司法制度間必須維持深厚情誼。

日期：2026 年 9 月 ________ 日

**首席法官 Cynthia Bashant** 閣下
**美國聯邦地方法院**