Agnieszka M. Fryszman [DC Bar No. 459208]
*pro hac vice*
Nicholas J. Jacques [DC Bar No. 1673121]
*pro hac vice*
Jordan Murov-Goodman [Wash. Bar No. 59074]
*pro hac vice*
**COHEN MILSTEIN SELLERS & TOLL LLP**
1100 New York Ave. NW, Suite 800
Washington, DC 20005
202-408-4600

*Attorneys for Plaintiffs*

**HOGAN LOVELLS CADWALADER US LLP**
VASSI ILIADIS (Bar No. 296382)
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 785-4640
Facsimile: (310) 785-4601
vassi.iliadis@hlc.com

*Counsel for Defendant*
Bumble Bee Foods, LLC

*[Additional Counsel listed on following page]*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**
**SAN DIEGO DIVISION**

| | |
|---|---|
| Akhmad; Angga; Muhammad Sahrudin; and Muhammad Syafi'i,<br>Plaintiffs,<br>v.<br>BUMBLE BEE FOODS, LLC<br>Defendant. | Case No.: 3:25-cv-00583-BAS-DEB<br>*Assigned to:* Hon. Cynthia Bashant<br><br>**JOINT MOTION FOR CONTINUANCE**<br><br>Courtroom: 2B |

Paul L. Hoffman [CA Bar No. 071244]
**SCHONBRUN SEPLOW HARRIS HOFFMAN & ZELDES, LLP**
200 Pier Ave., Suite 226
Hermosa Beach, CA 90254
424-297-0114

Helen I. Zeldes [CA Bar No. 220051]
**SCHONBRUN SEPLOW HARRIS HOFFMAN & ZELDES, LLP**
501 W. Broadway, Suite 800
San Diego, CA 92101
619-400-4990

Marco Simons [CA Bar No. 237314]
Asia Arminio [DC Bar No. 996077]
*pro hac vice*
**GREENPEACE, INC.**
1300 Eye Street NW, Suite 1100
Washington, DC 20005
202-462-1177

*Attorneys for Plaintiffs*

**HOGAN LOVELLS CADWALADER US LLP**
DAVID M. FOSTER (admitted pro hac vice) (D.C. Bar No. 497981)
DANIELLE DESAULNIERS STEMPEL (admitted pro hac vice) (D.C. Bar No. 1658137)
CHRISTINE A. SIFFERMAN (admitted pro hac vice) (D.C. Bar No. 1613936)
555 Thirteenth Street, N.W.
Washington, D.C. 20004
Telephone: (202) 637-5694
Facsimile: (202) 637-5910
david.foster@hlc.com
danielle.stempel@hlc.com
christine.sifferman@hlc.com

*Counsel for Defendant*
Bumble Bee Foods, LLC

The Parties jointly move to continue the remaining Scheduling Order dates pursuant to Federal Rule of Civil Procedure 16(b)(4), Local Civil Rule 16.1(d)(3)(c) and Magistrate Judge Butcher's Civil Chambers Rule VI(C). This is the Parties' first request for a continuance.

Continuances may be granted upon a showing of good cause and diligence. *Hoyt v. Valdovinos*, 2021 WL 2550080, at *5 (S.D. Cal. 2021). "'Good cause' is a non-rigorous standard" to meet. *Id.* (quoting *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010)).

The Parties have worked diligently and expeditiously to move the case forward. The Parties exchanged their initial disclosures on July 28, 2026, prior to the Court's entry of its Scheduling Order. Plaintiffs served their first set of interrogatories on August 4, 2026, the *same day* the Court entered its Scheduling Order. *See* ECF No. 68. Plaintiffs served their first set of requests for production on August 7, 2026, just three days after entry of the Scheduling Order. Defendant served its first set of document requests and interrogatories on September 17, 2026.

The Parties have engaged in numerous conferences aimed at resolving their discovery disputes without burdening the Court by, for example, narrowing dozens of disputes over Defendant's responses and objections to Plaintiffs' requests for production to only two narrow disputes, which the Parties subsequently resolved after an informal discovery conference.

Despite the Parties' assiduous efforts, extensive discovery remains to be completed. Both Parties are in the process of negotiating proposed search terms to employ in response to the RFPs. The Parties expect to make further productions once they have settled on satisfactory search terms and will need time to review those productions and incorporate them into further discovery, including depositions. Because document discovery is in early stages, no depositions have been scheduled or taken.

Many of the relevant parties are located overseas. Plaintiffs require time beyond the current fact discovery cutoff to complete discovery of the alleged venture partners in Taiwan and China. Plaintiffs have transmitted the Letters Rogatory signed by this Court to the U.S. Department of State, which estimates that execution of Letters Rogatory in Taiwan may take a year or more. *Preparation of Letters Rogatory*, U.S. Dep't of State, https://travel.state.gov/content/travel/en/legal/travel-legal-considerations/internl-judicial-asst/obtaining-evidence/Preparation-Letters-Rogatory.html (last visited Nov. 19, 2026) ("Execution of letters rogatory may take a year or more. Letters rogatory are customarily transmitted via diplomatic channels, a time-consuming means of transmission."); *Criminal Resource Manual, Section 275: Letters Rogatory*, U.S. Dep't of Justice, https://www.justice.gov/archives/jm/criminal-resource-manual-275-letters-rogatory (last visited Nov. 19, 2026) (noting that letters rogatory are a "time-consuming means" of contact and parties "should assume that the process will take a year or more"); *International Process Service Via Letters Rogatory*, DGR Legal, https://www.dgrlegal.com/process-service-letters-rogatory/ (last visited Nov. 19, 2026) (major process server explaining letters rogatory are among "the most lengthy methods for international process service" that can take "upward of a year"). On that timeline, Plaintiffs will not have received any response to their Letters Rogatory before the end of the discovery period. Even the Parties' requested five-month extension likely will not be enough time for Plaintiffs to receive a response, but it will maximize Plaintiffs' odds of receiving discovery from Taiwan and, at the least, could give the Parties a better sense of the status of the request by the close of fact discovery.

The Parties will also need time to schedule and take depositions of witnesses located overseas. In addition to the venture partners located abroad, Plaintiffs themselves reside in Indonesia. Over the next several months, there are both domestic and foreign holidays that will make scheduling depositions difficult. The Chinese New

Year will be on February 6, 2027. Ramadan begins the next evening, on February 7, 2027, and the month-long observance will impact the Parties' ability to schedule depositions during that time.

Despite their diligent efforts, given the scope of the case, the complexity of the issues involved and the need for discovery of parties and non-party witnesses located overseas, the Parties agree that more time to complete discovery is needed. Additional time to complete discovery is necessary for just resolution of this case based on the full evidentiary record. On the current schedule, despite their efforts, both Parties would likely need to forgo crucial discovery.

Given all these factors, there is good cause to grant the Parties' first request for a continuance. The Parties respectfully request amending the Scheduling Order by extending the first deadline by five months and triggering each subsequent deadline on the same timeline as the current schedule, while accounting for weekends and holidays.

The proposed schedule outlines the Parties' request in more detail:

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Mandatory Settlement Conference | Dec. 14, 2026, 2:00 p.m. | May 14, 2027 |
| Fact discovery cut-off | Jan. 8, 2027 | June 10, 2027 |
| Expert designations | Jan. 8, 2027 | June 10, 2027 |
| Supplemental expert designations | Jan. 22, 2027 | June 24, 2027 |
| Rule 26(a)(2) expert disclosures | Feb. 19, 2027 | July 22, 2027 |
| Rebuttal expert designations and disclosure | Mar. 19, 2027 | Aug. 19, 2027 |

| | | |
|---|---|---|
| Expert discovery closes | May 14, 2027 | Oct. 14, 2027 |
| Deadline to file all motions; *Daubert* motions filed with summary judgment motions | June 11, 2027 | Nov. 12, 2027 |
| Rule 26(a)(3) pretrial disclosures | Sept. 6, 2027 | Feb. 4, 2028 |
| Counsel conference (L.R. 16.1.f.4.a) | Sept. 20, 2027 | Feb. 18, 2028 |
| Plaintiffs' counsel provides proposed pretrial order to opposing counsel (L.R. 16.1.f.6.a) | Sept. 20, 2027 | Feb. 18, 2028 |
| Lodge proposed pretrial order with Judge Bashant's chambers | Sept. 27, 2027 | Feb. 25, 2028 |
| Final Pretrial Conference before Judge Bashant | Oct. 11, 2027, 11:00 a.m. | Mar. 10, 2028 |
| Motions in limine | Nov. 1, 2027 | Mar. 31, 2028 |
| Responses to motions in limine | Nov. 8, 2027 | Apr. 7, 2028 |
| Joint proposed jury instructions, proposed verdict form, voir dire questions, statement of the case, and exhibits (digital format) | Nov. 15, 2027 | Apr. 14, 2028 |
| Parties exchange final exhibit and witness lists | Nov. 15, 2027 | Apr. 14, 2028 |
| Hearing on motions in limine | Nov. 29, 2027, 10:30 a.m. | Apr. 28, 2028 |

| | | |
|---|---|---|
| Trial date | Dec. 7, 2027, 9:00 a.m. | May 8, 2028 |

Dated: November 19, 2026

**Respectfully submitted,**

By: *<u>/s/ Nicholas J. Jacques</u>*
Agnieszka M. Fryszman [DC Bar No. 459208]
*pro hac vice*
Nicholas J. Jacques [DC Bar No. 1673121]
*pro hac vice*
Jordan Murov-Goodman [Wash. Bar No. 59074]
*pro hac vice*
COHEN MILSTEIN SELLERS & TOLL LLP
1100 New York Ave. NW, Suite 800
Washington, DC 20005
202-408-4600
*Attorneys for Plaintiffs*

**HOGAN LOVELLS CADWALADER US LLP**
VASSI ILIADIS (Bar No. 296382)
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 785-4640
Facsimile: (310) 785-4601
vassi.iliadis@hlc.com

*Counsel for Defendant*
Bumble Bee Foods, LLC